# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JIMMIE DALE MILLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 20-cv-446-NJR** |
| | ) | |
| | ) | |
| **WEXFORD HEALTH SOURCES, INC.,** | ) | |
| **DIRECTOR CENTRAL** | ) | |
| **MANAGEMENT SERVICES, LAURA** | ) | |
| **PITTMAN, DINA PAUL, LORIE** | ) | |
| **CUNNINGHAM, MR. WELLS, JANE** | ) | |
| **DOE #1, JANE DOE #3, JANE DOE #4,** | ) | |
| **JANE DOE #5, NURSE DEWEESE,** | ) | |
| **NURSE FUSON, NURSE WARD, NURSE** | ) | |
| **YANCY, NURSE SWINSON, NURSE** | ) | |
| **FOSTER, C/O WILSON, ROB** | ) | |
| **JEFFRIES, STEVE MEEKS, DR.** | ) | |
| **JULIANA CHAN, and UNIVERSITY OF** | ) | |
| **ILLINOIS CHICAGO,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Jimmie Dale Miller, a former inmate of the Illinois Department of Corrections ("IDOC") who has since been released, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his Complaint (Doc. 1), Plaintiff alleges Defendants were deliberately indifferent in treating his Hepatitis C and diabetes in violation of the Eighth Amendment. Plaintiff seeks declaratory judgment and monetary damages.[1]

---

[1] Although Plaintiff also seeks injunctive relief, he has since been released from prison. Thus, any request for injunctive relief is now moot. *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996); *Koger v. Bryan*, 523 F.3d 789, 804 (7th Cir. 2008).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1):  In February 2019, Plaintiff transferred to Lawrence Correctional Center ("Lawrence") and met with Laura Pittman about his Hepatitis C and diabetes (Doc. 1, pp. 9-11). She referred him to Dr. Dina Paul and ordered Plaintiff a therapeutic diet and low gallery/low bunk permit (*Id*. at p. 12). Plaintiff never received the therapeutic diet.

In August 2019, Plaintiff met with Dr. Paul and Nurse DeWeese (*Id*. at p. 12). Dr. Paul ordered Plaintiff to be vaccinated for Hepatitis A and B and ordered a Fibro Scan (*Id*. at pp. 12-13). Dr. Paul and DeWeese refused to order Plaintiff a therapeutic diet and failed to provide him with any treatment for his diabetes and Hepatitis C (*Id*. at pp. 13-14). He later received a Fibro scan in a room with a soiled white sheet and later received an EKG from Nurse Fuson in the same room on the same soiled sheet (*Id*. at p. 14). As to his vaccinations, his first scheduled vaccination was rescheduled by Jane Doe #3 because she had to consult with the doctor about his Hepatitis A vaccination (*Id*. at p. 15). At his second scheduled vaccination, Jane Doe #4 informed him that the facility was out of Hepatitis A vaccines, but he received his Hepatitis B vaccine (*Id*.). When he went for his second dose of Hepatitis B vaccine, he again asked Nurse Ward about the Hepatitis A

vaccine. She said she would get back with him and never did (*Id*. at p. 21). He also asked her about a therapeutic diet, but she said he was only there for his vaccine (*Id*.).

On December 9, 2019, he again saw Dr. Paul and learned that his Fibro scan revealed that his fibrosis was at a Stage 3 but that he was not eligible for treatment because his A1C was unmanageable (*Id*. at p. 16). Although he was informed that he would have to reduce his A1C to be eligible for treatment, Dr. Paul failed to provide him with any instructions for reducing his A1C nor did she prescribe him a therapeutic diet (*Id*.). He asked Nurse Yancy and Nurse Ward to place him on a therapeutic diabetic diet, but they informed him there was no such diet at the prison and he would have to watch his own food intake. When he informed them that Dr. Pittman had previously placed him on a therapeutic diet, they informed him that she was not supposed to do that (*Id*. at pp. 16-17). He also asked Lorie Cunningham for a therapeutic diet, but she also informed him that no diet existed for diabetes or Hepatitis C (*Id*. at p. 19). He also learned from Cunningham that it was the University of Illinois - Chicago Liver Clinic and Dr. Juliana Chan who denied his treatment for fibrosis because of his A1C (*Id*.). He also asked Food Supervisor Walls and the Director of IDOC's Central Management Services for a therapeutic diet for his chronic illnesses, but they refused. He also complained to them about their handling of food which prevented him from receiving nutritious food to combat his medical condition (*Id*. at p. 19).

On December 20, 2019, during an insulin check he presented a sealed letter to Nurse Swinson to submit to Dr. Pittman, which informed her of the results of his fibro scan and asked for treatment for his A1C. C/O Wilson reviewed the letter because it was against policy to seal it, and gave it to Nurse Swinson to give to Dr. Pittman (*Id*. at pp. 17-18). Although Nurse Swinson informed Plaintiff that she gave the letter to Dr. Pittman, she never received it (*Id*. at pp. 18 and 22).

He also alleges that on two occasions, he received insulin shots from Nurse Jane Doe #5 and Nurse Foster that were removed from the packaging outside of Plaintiff's presence (*Id.* at pp. 22-24). He believes that this put him at risk of infection (*Id.*).

### Preliminary Dismissals

Plaintiff identifies Rob Jeffries, the acting director of IDOC, Steve Meeks, the IDOC medical director, and Jane Doe #1 as defendants but fails to include any allegations against them in his statement of claims. To the extent he alleges that Jeffries and Meeks were supervisors responsible for the medical staff, *respondeat superior*, or supervisory, liability is not recognized under Section 1983. *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014) (*citing Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)). Accordingly, Rob Jeffries, Steve Meeks, and Jane Doe #1 are **DISMISSED without prejudice**.

To the extent that Plaintiff identifies Wexford Health Source, Inc. and University of Illinois-Chicago as defendants, they can only be held liable under Section 1983 if they operated under the color of state law when treating Plaintiff and "the injury alleged is the result of a policy or practice". *Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816, 822 (7th Cir. 2009) (quoting *Johnson v. Dossey,* 515 F.3d 778, 782 (7th Cir. 2008)). Although Plaintiff does allege a contractual relationship between IDOC and University of Illinois-Chicago, which might suggest that the hospital is a state actor, he fails to properly cite to a policy or practice of Wexford or University of Illinois – Chicago that violated his constitutional rights. He only alleges in conclusory fashion that they had and/or lacked policies which is not enough (Doc. 1, pp. 25-26, 27). Accordingly, Wexford and University of Illinois-Chicago are also **DISMISSED without prejudice**.

Plaintiff also fails to state a claim against Laura Pittman, Jane Doe #3, Jane Doe #4, Jane Doe #5, Nurse Fuson, Nurse Swinson, Nurse Foster, and C/O Wilson. As to Dr. Pittman, he fails

to allege that she acted with deliberate indifference. Instead, he alleges that she provided him with care, including prescribing a therapeutic diet and a referral to Dr. Paul, but that other individuals stopped everything she tried to do (Doc. 1, p. 12). There are no allegations which suggest that she acted with deliberate indifference.

As to C/O Wilson, Plaintiff alleges that Wilson opened a letter to Dr. Pittman for screening purposes before allowing Plaintiff to give her the letter. He alleges that Nurse Swinson gave Dr. Pittman the letter, but Dr. Pittman later said she never received it. Further, he alleges that Jane Doe #3, Jane Doe #4, and Nurse Ward informed him that Hepatitis A shots were not available at the time he went for his vaccinations and that they would check on the status of the vaccine. He also alleges that Nurse Fuson took his EKG in a room with a dirty sheet. But none of these single encounters indicates deliberate indifference. At best their actions amount to carelessness or negligence which does not amount to deliberate indifference. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Walker v. Peters,* 233 F.3d 494, 499 (7th Cir.2000) ("A doctor might be careless ..., and this carelessness may constitute malpractice. But malpractice alone is not enough to meet the constitutional standard.").

Finally, he alleges that Jane Doe #5 and Nurse Foster gave him insulin shots on single occasions with needles that were removed from the packaging outside of his presence. At most this conduct might amount to negligence but does not indicate deliberate indifference.

Accordingly, Laura Pittman, Jane Doe #3, Jane Doe #4, Jane Doe #5, Nurse Fuson, Nurse Swinson, Nurse Foster, and C/O Wilson are also **DISMISSED without prejudice**.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following two counts:

| Count 1: | Dina Paul, Director of IDOC's Central Management Services, Lorie Cunningham, Mr. Wells, Nurse DeWeese, Nurse Ward, and Nurse Yancy were deliberately indifferent under the Eighth Amendment to Plaintiff's serious medical needs when they denied him a therapeutic diet. |
|---|---|
| Count 2: | Dina Paul, Nurse DeWeese, and Juliana Chan were deliberately indifferent under the Eighth Amendment to Plaintiff's serious medical needs when they denied him care for his Hepatitis C and diabetes. |

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

At this stage, Plaintiff states viable claims for deliberate indifference in Counts 1 and 2. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment). To the extent Plaintiff sues the unknown director of IDOC's Central Management Services, Rob Jeffries (official capacity only) will remain in the case for the purposes of responding to discovery to identify this individual. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). Once the name of the unknown defendant is discovered, Plaintiff must file a motion to substitute the newly identified defendant in place of the generic designation in the case caption and throughout the Complaint. All other official capacity claims are **DISMISSED without prejudice**.

---

[2] This includes his claims under the Fifth, Ninth, and Fourteenth Amendments. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Pending Motions**

As to Plaintiff's motion for counsel (Doc. 3), Plaintiff states that he has written a number of attorneys who have declined to take his case. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[3] Further, counsel is not needed at this time because the defendants have not yet been served and a discovery schedule has not been entered. Thus, Plaintiff's motion for counsel (Doc. 3) is **DENIED** without prejudice. Plaintiff may renew his request for the recruitment of counsel at a later date.

**Disposition**

For the reasons stated above, Count 1 shall proceed against Dina Paul, Director of IDOC's Central Management Services, Lorie Cunningham, Mr. Wells, Nurse DeWeese, Nurse Ward, and Nurse Yancy. Count 2 shall proceed against Dina Paul, Nurse DeWeese, and Dr. Juliana Chan. Wexford, Laura Pittman, Jane Doe #1, Jane Doe #3, Jane Doe #4, Jane Doe #5, Nurse Fuson, Nurse Swinson, Nurse Foster, C/O Wilson, Rob Jeffries (individual capacity), Steve Meeks, and University of Illinois-Chicago are **DISMISSED without prejudice** for failure to state a claim. Rob Jeffries (official capacity only) will remain in the case for purposes of identifying the unknown director.

The Clerk of Court shall prepare for Defendants Dina Paul, Lorie Cunningham, Mr. Wells, Nurse DeWeese, Nurse Ward, Nurse Yancy, Dr. Juliana Chan, and Rob Jeffries (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form

---

[3] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**. Because Rob Jeffries is only in the case for purposes of identifying the unknown director, he does not need to file an Answer. Further instructions on identifying the unknown director will be provided by separate order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

8

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  7/15/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**