IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JIMMIE DALE MILLER,** | |
| **Plaintiff,** | |
| v. | Case No. 20-cv-446-NJR |
| **DIRECTOR CENTRAL MANAGEMENT SERVICES,** *et al.*, | |
| **Defendants.** | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on a motion to set aside Clerk's entry of default (Doc. 52) by Dina Paul, Pam Ward, and Staci DeWeese.[1] They seek to vacate the entry of default entered against them on September 22, 2020 (Docs. 43 and 47).

Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." "In order to vacate an entry of default the moving party must show: (1) good cause for default, (2) quick action to correct it, and (3) [a] meritorious defense to plaintiff's complaint." *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994); *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009). The standard for setting aside an entry of default is the same as that for setting aside a default judgment but is applied more liberally. *Cracco*, 559 F.3d at 631.

All three meet the standard for vacating the entry of default. As to Dina Paul, she notes that she was not in default. Instead, an error in the docketing system labeled her

---

[1] Nurse Ward and Nurse DeWess have now identified themselves by their proper names. The Clerk of Court is DIRECTED to CORRECT the docket to reflect Defendants' proper names.

Answer as being due September 14, 2020. But based on the date she received and returned her waiver of summons, her Answer was actually due October 13, 2020. Because Paul was not in default, the Court **DIRECTS** that the entry of default be **VACATED**. Her Answer deadline remains October 13, 2020.

As to Ward and DeWeese, they note that they returned their waiver of summons but due to confusion between their employer and insurance carrier, counsel was not immediately assigned. Counsel sought to remedy the issue as soon as the entry of default was entered and the pending motion to vacate was filed the day after the entry of default. Thus, Defendants acted quickly to resolve the issue. They also have a meritorious defense.

Given that defaults are disfavored and the standard for vacating an entry of default is liberally applied, the Court finds that Ward and DeWeese have met the requirements of Rule 55(c). The entry of default against Ward and DeWeese is **VACATED** (Doc. 47). Their motion for extension of time to file an Answer is also **GRANTED** and their Answer is due October 13, 2020.

**IT IS SO ORDERED.**

**DATED:  September 23, 2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**