IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JIMMIE DALE MILLER<br><br>Plaintiff,<br><br>v.<br><br>DICTATOR OF CENTRAL MANAGEMENT SERVICES, et al<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 20-CV-446NJR |

**MOTION FOR RELIEF OF ASSIGNMENT**

Now comes Michael S Shinsky, and for his Motion for Relief of Assignment pursuant to Local Rule 83.11 of the United States District Court, Southern District of Illinois, states as follows:

1. On September 23, 2020, I received notification via email from the Court recruiting me to represent Plaintiff in the above-captioned case.

2. United States District Court Southern District of Illinois Rule 83.11(a)(3) provides grounds for a relief of representation when "the party's claims for relief are not warranted under existing law".

3. In Plaintiff's Complaint he made various allegations of civil rights violations generally for failure to provide adequate medical treatment and medical care of his hepatitis C and diabetes condition. *See Plaintiff's Complaint at Law marked Exhibit A.*

4. Plaintiff has three cases pending in the Northern District of Illinois, Southern District of Illinois, and Central District of Illinois all arising out of civil rights violations generally for failure to provide adequate treatment for his diabetes and hepatitis C conditions.

5. Plaintiff is part of a class action lawsuit in the Central District of Illinois against Defendants in this matter Illinois Department of Corrections, Louis Shicker, MD, Wexford Corp. and

Steve Meeks, MD that involve the failure to treat hepatitis C. *See Complaint in the Central District of Illinois marked Exhibit B.*

6. Plaintiff also maintains a lawsuit in the Northern District of Illinois naming Wexford Health Sources, INC. *See Complaint in the Central District of Illinois marked Exhibit C.*

7. Plaintiff also has a claim in the Southern District of Illinois alleging a failure to provde adequate medical treatment in which he is represented by Patrick E. Foppe and Rodney D. Fourez , II of Lashly & Baer, P.C. *See Complaint in the Southern District of Illinois marked Exhibit D.*

8. "As a general rule, a federal suit may be dismissed for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in another federal court. Giles v. Week TV, No. 16-cv-1030, 2016 U.S. Dist. LEXIS 52650, at *11 (C.D. Ill. Apr. 20, 2016). A suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time. *See* Giles v. Week TV, No. 16-cv-1030, 2016 U.S. Dist. LEXIS 52650, at *6 (C.D. Ill. Apr. 20, 2016)

9. The present case maintains an action against Wexford and several nurses who are employed by Wexford for failure to provide adequate treatment for his diabetes and Hepatitis C conditions. *See Exhibit A*. All three previous lawsuits and the present lawsuit name Wexford as a Defendant. Furthermore, the damages associated with the claims in in the present case for failure to provide adequate treatment for his diabetes and Hepatitis C conditions are inseparable from the present lawsuit.

10. Because the Plaintiff maintains three other lawsuits for inadequate medical care during his incarceration that share a common Defendant, Wexford the present claim is not warranted under

existing law.

11. Additionally, Plaintiff was discharged on June 22, 2020. *See Illinois Department of Corrections Internet Inmate Status marked Exhibit E.*

12. I was appointed Counsel on September 23, 2020. *See September 23, 2020 Order marked Exhibit F.*

13. For three months prior to my appointment, Plaintiff was not incarcerated and had the opportunity to seek a lawyer to work on a contingency fee.

14. Additionally, Plaintiff has been appointed two previous attorneys, one by the Northern District of Illinois and one by the Southern District of Illinois who are competent to handle a claim for failure to adequately treat the Plaintiff's condition, so further assistance of counsel is unnecessary and duplicative.

Wherefore, Michael S Shinksy, respectfully requests that this Honorable Court enter an order pursuant to Local Rule 83.11 of the United States District Court, Southern District of Illinois, for Relief of Assignment in the case at bar or for any other relief deemed appropriate by the Court.

By: /s/ Michael S Shinsky
Attorneys for Plaintiff, Jimmie Dale Miller
ARDC#. 6275914
KRALOVEC, JAMBOIS & SCHWARTZ
60 West Randolph Street, 4th Floor
Chicago, Illinois 60601
Tel: 312.782.2525
mshinsky@kjs-law.com

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ILLINOIS

Jimmie Dale Miller #K79113
Plaintiff

- VS -

• WEXFORD Health Source, INC,
• CENTRAL MANAGEMENT SERVICES, DIR.;
• DR. LAURA Pittman,
• DR. DINA PAUL,
• Health Care Administrator LORIE Cunningham,
• Chief Dietary Supervisor Mr. Walls,
• Nurse JANE DOE #1, #3, and #4-#5
• Nurse DEWEESE
• Nurse FUSON (JANE DOE #2),
• Nurse WARD,
• Nurse YANCY,
• Nurse SWINSON,
• Nurse FOSTER,
• C/O Wilson,

("THEY"):

EXHIBIT
tabbies
A

• U.I.C., UNIVERSITY OF Illinois - Chicago;
• IDOC ACTING DIR. MR. Rob Jefferies,

20-446-NJR

CASE #: ______

______
JUDGE

- IDOC MEDICAl DIR. DR. MEEKS |
- DR. JuliANA ChAN, et al, |

DEFENDANTS |

CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983 FEDERAL VIOLATIONS

## JURISDICTION

1. This Courts Jurisdiction is INVOKED PURSUANT TO 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 2201 and 2202. The Substantive claims IN THIS ACTION ARISE UNDER 42 U.S.C. § 1983 AND The Fifth, EIGHT, NINTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

## VENUE

2. VENUE IS PROPER IN THIS COURT UNDER 28 U.S.C. § 1391(b) because a Substantial PART of THE EVENTS that Give RiSE TO Plaintiff's claims Took place within The Southern DIstrict of Illinois

3. This COURT has Authority pursuant To 42 U.S.C. § 1983 TO AWARD Appropriate ACTUAL, NOMINAL, CONSEQUENTIAL, Compensatory, Punitive DAMAGES, Temporary RESTRAINING ORDERS, INJUNCTIVE RELIEF AND has Authority UNDER 42 U.S.C. § 1988 TO AWARD ATTORNEY FEES AND COSTS TO SUCCESSFUL CIVIL Rights plaintiffs.

## PARTIES

4. Plaintiff is A CITIZEN of THE UNITED STATES AND A RESIDENT of SUMNER, ILLINOIS. AT All TIMES PERTINENT TO THIS ACTION PLAINTIFF HAS AND IS INCARCERATED AT THE LAWRENCE CORRECTIONAL CENTER within the custody AND CONTROL of the DEFENDANTS, their Employees AND Their Contractors.

5. DEFENDANT WEXFORD HEALTH SOURCES, INC IS A PENNSYLVANIA CORPORATION AND IS Always has BEEN, at all Times PERTINENT To this ACTION, IS A THIRD-PARTY Contractor RETAINED by IDOC TO PROVIDE MEDICAL AND HEALTH SERVICES TO THE STATE

CORRECTIONS INSTITUTIONS AND FACILITIES Within THE STATE OF ILLINOIS, INCLUDING THE LAWRENCE CORRECTIONAL CENTER. DEFENDANT WEXFORD Health SOURCES, INC. Employs The DOCTORS, NURSES, AND OTHER MEDICAL PERSONNEL Who Provide MEDICAL AND Health SERVICES AT The LAWRENCE CORRECTIONAL CENTER

6. DEFENDANT CENTRAL MANAGEMENT SERVICES, DIR UPON INFORMATION AND Belief IS Responsible FOR OVER all FUNDING AND CONSTRUCTION of STATE Established Facilities including PRISONS DEFENDANT also Employs Individuals Through TESTING AND PLACEMENT of STATE Job in The Capacities of The Followings: CORRECTIONAL Officers, Counselors, Accounts, Dietician, and Food supervisors etc, etc. Defendant is Responsible For assuring that all Employees hired For ANY STATE Positions ARE Qualified TO Fill The Positions inwhich One applies For

7) DEFENDANT(S): DR. Laura Pittman, DR. DInaPaul,

Health Care Administrator Lori Cunningham, Nurse Jane Doe #1, Nurse Deweese, Jane Doe #3 & #4 - #5, Nurse Fuson (Jane Doe #2), Nurse Ward, Nurse Yancy, Nurse Swinson, Nurse Foster, IDOC Medical Dir. Dr. Meeks, And Dr. Juliana Chan Upon Information And Beleif are Residents of the State of Illinois and Are Employed by Defendant Wexford Health Sources, Inc or the Illinois Department of Correction the Defendants are All being Sued in thier official and individual capacities

8. Defendant Chief Dietary Supervisor Mr. Wall is a Resident of the State of Illinois Defendant is Employed by Central management Service / the Illinois Department of Correction And was, at all Times Pertinent to this Action the Chief Dietary Supervisor at the Lawrence Corr. Cntr. Defendant is Sued individually and in his official capacity

9. Defendant C/O Wilson is a resident of Illinois and is and always has been at all Times pertinent To this action, a Correctional officer at lawrence Corr Cntr. Defendant is sued in his individual and official Capacity

10. Defendants "They" U.I.C., University, IDOC Acting Dir. Mr. Rob Jefferies, IDOC Medical Dir Mr. Meeks, and Dr. Juliana Chan are Residents and a Established entitity in the State of Illinois. IDOC has an Interagency agreement with the University of Illinois - Chicago (UIC) To direct Treatment of hepatitis C patients via an Elaborate Telemedicine System Equipped For remote Examinations and Collaboration with the UIC hepatitis C physician and pharmacist Specialist. The Primary Care physicians at the IDOC Sites are responsible For Appropriate Screening and initial work-ups For all hepatitis C positive patients To Determine Eligibility For Treatment. IDOC Medical

DR. STEVE MEEKS Director FOR IDOC and is, at all times pertinent to this Action the MEDICAL Director FOR IDOC DEFENDANT(S) are all Responsible For the administration, operation and supervision of medical Services provided within the State Corrections institutions and Facilities within the State of Illinois including Lawrence Corr. CNTR., AND For the Promulgation and Enforcement of Rules, Regulations, Policies, And Practices Relevant To the medical TREATMENT provided To Such Institutions DEFENDANTS "They" is being Sued in their individual/OFFICIAL Capacities

## PREVIOUS LAWSUITS

#1) Miller -V- WEXFORD Health Sources
Southern District # 17-cv-859
- PENDING -

#2) Miller - V - WEXFORD Health Sources
Northern District # 17-cv-5609
- PENDING -

#3) Miller - Glover, et al -V- IDOC # 18-cv-2270
Central District PENDING / Filed motion

To SEVER FROM class Action

#4) Miller - V - Campanella
Southern District # 3:11-cv-0046
- SETTLED -

#5) There were about 5 more cases I Filed Though I don't Remember the case #, 2 cases have been Dismissed and 3 Remaining Cases have all been settled.

* All Cases Pretains To Civil Rights Violation (42 USC 1983)

GRIEVANCE PROCEDURE

17) This Complaint Solemly Relates to an Emergency Grievance I Filed on December 29, 2019 (EGRV# 1-20-91) On February 20, 2020 This Grievance has been administratively Exhausted (SEE ATTACHED GRIEVANCE)

* The Plaintiff Further CONTENDS That the Following Grievances that Co Relates To This Complaint have BEEN Filed and are

CURRENTLY PENDING PER REVIEW AND EXHAUSTION THE GRIEVANCES ARE AS FOLLOWS: PLEASE REVIEW ATTACHED Exhibits 1-8

* Filed - January 16, 2020 (EGRV #1-20-666)

* Filed - February 3, 2020 (EGRV# 2-20-62)

* Filed - APRIL 10, 2020 (EGRV# 4-20-259)

* Filed - APRIL 26, 2020 (EGRV# 4-20-397)

IT is the Plaintiff Goal, once said Pending Grievances have been Exhausted, To amend said Complaint To ADD Additional Defendants and Claims.

STATEMENT OF CLAIM
(FACTS)

18. IN February/2019 I was transfered To Lawrence Corr CNTR from Pinckney-ville Corr CNTR. at some point in February/2019 I was called out to see

Dr. Pittman. I Explained To Dr. Pittman my long Battle in receiving Some Type of TREATMENT For my HEP C, Diabeties, And other medical issues I Complained to her about

19. I have been incarcerated Since June 13, 2016 in which I am Serving a 8 YEAR Sentence. Durring my medical Intake SCREENING at STATEVille CORR. CNTR I informed all whom I was Examined by the Need to be treated For my Hep C & Diabeties, as well as other medical Issue's Complained OF, my Complaints were ignored

20. On September 1, 2016 I was transfered to Pinckneyville CORR CNTR., there I Continued To Seek medical attention For my Hep C, Diabeties, And other medical issues I Complained of. I was refused all means of Treatment For my Hep C As well as refused all request For Therapeutic Diets that would make me healthier

Case 3:20-cv-00446-NJR Document 1 Filed 05/14/20 Page 11 of 108 Page ID #11



21. FOR the 32 months that I was at Pinckneyville CORR CNTR, my Hep C Condition had gotten WORSE, my Diabetes Dangerously high I was Experiencing TERRible Pain in my left side kidney area which has progressed to my Right Side kidney area. Due to the Poor Diet I RECEIVED, BEING Denied Special Therapeutic Diets, and my poor Eating habits my Diabetic Condition WORSEN where I would Experience Pain in my muscles, CRAMP, Constant urination, thirst and WEIGHT Gain as an Result to the unmanageability of my Diabetes I would have these FREquent Episodes where I would CRASH From the insulin intake...

22. When I told DR. Pittman this She had vowed to help me and had Recommended that I be SEEN by DEFENDANT Dina Paul

23. DR. Pittman had wrote out an EXTENSIVE listing as to the Foods that Im Am to EAT and Not to EAT, Due to my Poor Sugar

level Not being Controlled (which in the Past Caused me injury - Breaking my Right Ankle when I collasped "CRASHED" From my Sugar Dropping) She gave me a Permit For a low Gallery/low Bunk, She ordered me a Theraputic Diet to receive a low sugar low Cholesteral Diet and a P.M. Snack Bag To have after I take my P.M. Insulin Shot

24. I Never Received my Theraputic Diet I only Received my P.M. Snack Bag which Consist of 2 Crackers 2 peanut Butter and 1 small Juice

25. She ordered me Vitimins C + D which was abruptly Discontinued when I inquired to Dr. Pittman as to my Diet and Vitimins in which I was Not Receiving She Said "These People are Stopping Everything that Im Doing For you Guys!"

26. In August/2019 I was called befor Defendants Nurse Deweese and Dr. Dina Paul (Telemedicine), I Relayed To Dr. Paul

What I informed Dr. Pittman. Dr Paul inquired as to me Everbeen Vaccinated For HEP A + B while incarcerated. I Told her No For I have been trying to get vaccinated. Nurse Deweese who had my medical Files Reviewed my Charts and Confirmed that I had Not been Vaccinated For Hep A + B, Nor Have I had a Fibro Scan. Dr. Paul ORDERED a Fibro Scan, and that I was to be Vaccinated For Hep A + B which is Required For All Hep C positive Patients

27. I was only Vaccinated For Hep B and Not A

28. Dr. Paul NEVER ORDERED me a Theraputic Diet, Nor Nurse Deweese

29. Dr. Paul NEVER instructed me on Any Requirement as in Regards to me being Elgible For Any Form of TREAtment For hep C, Nor Nurse Deweese

30. Dr. Paul Never Discussed with me any means of any Existing Treatment Protocol or Directive Nor Nurse Deweese

31. Shortly after Seeing Dr. Paul I was called to the health care and led into a Small Room that had a Black gourney I was Told By a white male that he was Conducting my Fibro SCAN and instructed me to lie on the gourney which had a SOILED white linen Sheet wanting to Start the Hep C treatment I took off my clothes as instructed and layed on the Soil Sheet to Submitt to the Fibro Scan

32. Some Time later after complaining of Terrible chest Pain an EKG was ordered when I was called For the EKG Defendant Nurse Fuson (Jane Doe #2) had Directed me to the very Room where my Fibro Scan was Conducted and instructed To Take off my clothing and lie on the very Gourney that had the Same Soiled linen

Case 3:20-cv-00446-NJR Document 1 Filed 05/14/20 Page 15 of 108 Page ID #15



33. I was initially called For my First Hep A & B Vaccination By Jane Doe #3 in which She instructed me that She would be administering my First Hep B Vaccination I inquired to her as to the Hep A Vaccination She Said She only had me Down For Hep B Vaccination I Told her that Dr. Paul Specifically Ordered that I be Vaccinated For Hep A & B Vaccination, She Said She would Consult the Doctor And Reschedule me

34. I was again called out to helth care For lab, Nurse Jane Doe #4 instructed me that She would be administering my Hep B Vaccination. I asked her what the Dr. Say about me Receiving the Hep A Vaccination this Defendant Stated "The Facility Ran out of Hep A Vaccination ... if you want to Refuse it its up to you?!" Not Knowing what to do Not Wanting to Refuse any Means of Treatment I accepted the Hep B Vaccination

35. in August/2019 When I initially SAW Dr. Paul my A1C was 13%

36. ON Dec 09, 2019 when I saw Dr. Paul She Revealed To me that my Fibro Scan Count was at STAGE 3 She then Told ME that I am Elgible For treatment but "They" will Not approve ME for treatment so long as my A1C is UNMANAgable You have to Reduce it by 7% in order For "them" to approve you For tREAtment She never instructed me how to Reduce my A1C, She NEVER ORDERED an Theraputic DiET For my Dietbeties OR Hep C all She Told me was that I had to Reduce it in order to be Elgible FOR TREAtment

37. Shortly after Seeing Dr. Paul and learning my Fibrosis Status I PERSONALLY Spoke with Defendants Nurse Yancy and Nurse ward I asked them about being put on a DiAbetic DiET So that I can lower my A1C count The bothe of then Said there is No such DiET you'll have to EAT what they Serve Every body else when I told then that Dr. Pittman Placed me on a Theraputic DiET but I NEVER Received it the Defendant said "ShE WASN't

suppose to do that!

38. I have Developed chest pain, the pain in the left side Kidney area is now Constant and persistant I have picked up weight and it Feels like my STOMACH AND ABDOBEMAL area is always Bloated which is painful and very uncomfortable. The Regular Diet was Causing me psyical HARM

39. ON DEC 20 2019 while at P.M. Insulin as I was getting my Accu-check By Defendant Nurse SWINSON I TOLD her I had a letter FOR DR. Pittman which WAS SEAled AND marked Medical EMERGENCY DR. Pittman Was in a adjoining Room with a Patient, I called her to grab her attention she looked up and I Showed her the letter I had For her she acknowledged and DEFENDANT c/o Wilson (JOHN DOE) Told me that I could Not Give her the letter and that it was against Regulations To SEAL it and its Not Policy to Give letters with out Following Proper Sick call procedures. I TOLD the Defendant

it was an medical Emergency he instructed me to open the letter I Did, he inspected it, Gave it back to me and I asked Nurse Swinson Could she give it to Dr. Pittman She said She would

40. the letter To Dr. Pittman was A complaint as well as me Telling her the Result of my Fibro Scan, the urgent need to speak with her about implementing aggressive TREATMENT Plan to lower my A1C, So that I Could be Elgible For Hep C Treatment ; Also Requesting that She again try to Put me on a Theraputic Diet For my Hep C And Diabetes

41. On December 21, 2019 I Saw Nurse Swinson She Confirmed that She gave the letter to Dr Pittman

42. On or about The 16th of December 2019 The Plaintiff had Spoken to Defendant Lori Cunningham the Health Care administrator and Told her

THE NEED FOR A THERAPUTIC DIET FOR MY HEP C AND DIABETIES. I ALSO COMPLAINED TO HER OF MY CONCERNS AS TO THE UNSANITARY PRACTICES, PROCEDURES AND CONDITIONS IN WHICH HER MEDICAL STAFF ARE CREATING SHE NEVER ADDRESSED ANY OF THESE ISSUES. SHE TOLD ME THERE IS NO THERAPUTIC DIETS FOR DIABETIES AND HEP C YOU'LL JUST HAVE TO EAT WHAT IS GOOD FOR YOU AND PICK OUT WHAT ISN'T. I ALSO WROTE HER A LETTER OF COMPLAINT REGARDING THESE CONCERNS IT WAS A 5 PG. LETTER AND WAS PERSONALLY GIVEN TO HER ON JAN 08, 2020 SHE RESPONDED NOT ADDRESSING NONE OF MY MEDICAL CONCERN BUT SENT ME A COPY OF THE IDOC OFFENDER OUTPATIENT PROGRESS NOTES IN WHICH I LEARNED THE DEFENDANTS "THEY" WERE: IDOC/OHS HCV GUIDELINES, UIC LIVER CLINIC, AND DEFENDANT DR JULIANA CHAN WHO ALL MADE THE ULTIMATE DECISION NOT TO TREATMENT ME DUE TO GUIDELINES THAT WAS NEVER PRIVELEGED TO ME.

43. CENTRAL MANAGEMENT SERVICES ARE KNOWINGLY ~~[illegible]~~ PLACING CORRECTIONAL ~~[illegible]~~ OFFICER IN POSITIONS OF FOOD SUPERVISOR, INDIVIDUAL WHO ARE NOT QUALIFIED TO SERVE AND PREPARE FOOD. I HAVE WRITTEN TO DEFENDANTS CENTRAL MANAGEMENT SERVICES AND DEFENDANT FOOD SUPERVISOR WALLS AS IT REGARDS TO THE PREPARATION OF MEDICAL THERAPUTIC DIETS FOR MY CHRONIC ILLNESSES, I FURTHER CHALLENGED THEM TO SHOW FORTH THE CRITERIA AS TO THE QUALIFICATIONS AND CREDENTIAL OF ALL FOOD SUPERVISOR POSITION FILLED IN LAWRENCE CORR CNTR THAT CORRECTIONAL STAFF HAVE BEEN APPOINTED TO,

And Clearly Explained that Officers are unskilled in Food handling and are serving Food that are harmful to me as well as other Prisoners with Medical and Chronic illness Foods that I Am Not to Eat Are being served Daily. Prisoners who are also unskilled are being ~~Requi~~ Recruited to work in the Prisoners mess hall To Serve the General Population the Mess hall is Rat/Mice infested and unsanitary Practices are prevelent No one Encluding Food supervisor are properly trained to prepare and Serve Whole some and Nutricious Foods To Those who has Chronic and medical illnesses as an Result of these Practices Because of the Food that are served to the General Population Food inwhich are Restricted For Diabetic and Hep C positive patients To EAT that is Not Considered Medically Therapeutic I Am Growing Sicker by the Day when I initially arrived to IDOC my Fibrosis Status was STAGE 2 Now it has worsen to a Stage 3

When I Return back to IDOC June 13, 2016 I was Not insulin Dependant Now I am insulin Dependant in which I Receive insulin 2x aday I am prescribed Metformin 850 mg in which I Take 2x aday, I'm also prescribed AMLODIPINE 10 mg in which I Take 1 aday

44. On Dec 23, 2019 I was Called To Health Care For my 2nd Dose of Hep B Vaccination By Defendant Nurse Ward I Explained to her about my Hep A vaccination She said she would look into the matter and Get Back with me, I Again Inquired as to the therapeutic Diet For my hep C and Diabetes She Responded "you're not here For that!" She Never got back with me about the Hep A vaccination Nor Received a therapeutic Diet

45. Later on in the Evening of Dec 23, 2019 I went to the health care unit For my P.M. insulin Shot Defendant Nurse Yancy

DiD my accu-check I saw Dr. Pittman and yelled to her. Nurse yancy ORDERED ME Not to Talk To her She Further Scolded me as to Proper Sick call Procedure Ignoring her I asked her if She Received my letter From Nurse Swinson Regarding my STAGE 3 hep C Status? She Said NO

46. 12/27/19 while at my P.M. insulin Nurse Swinson who did my Accu check I Told her that I Spoke with Dr. Pittman Who Said that She did Not Receive the letter I wrote her Nurse Swinson yelled At me "I placed the letter on her Desk!" I Reminded her that the other Day She assured me that She PERSONALLY handed the letter to her Nurse Swinson Stated "well I don't know... I don't know what To TEll you!" When I went to go to RECEIVE my insulin DEFENDANT JANE DOE #5 had a pile of Syringes that was PRE-opened She ATTEMPTED to withdraw the Insulin using the PRE-opened SYRINGE I Told her that

I would like a Fresh Syring that has been opened in Front of me
IT is a Common Practice here at Lawrence Corr Cntr For all Nurse To Pre-open the Syringes From its Packet outside the Presence of the Patient. I Am Terribly afraid that I may be injected with an infected or Contaminated Syringe.

I Truely Need my insulins Shots Now that my Hep C Stage has Progressed and the Fact that I can Not be treated until my A1C percentage is below 7% I must Take these Shots inorder to become Elgible For Hep C Treatment

47. Dr. Paul had also ordered that an ultra sound be Done on my Stomach inreference To the Pain I have been Experiencing on the left side of my kidney AREA I was NEVER Followed as to the Result And still Experience Pain to this Date of Filing this Complaint. Pain in my left side Kidney area.

48. December 29 2019 For my PM Insulin Nurse Foster had strewned all over the Table Pre-opened Syringes I Told her that I would like a Fresh Needle She stated "I Just opened them!" She then Grabbed a Pre opened Syringe And Attempted to Withdraw Insulin I again told her that I would like a Fresh Syringe She ignored my Request So I Refused to be injected with that Syringe

COUNT I - FAILURE TO PROVIDE ADEQUATE MEDICAL TREATMENT (ALLEGED AGAINST ALL DEFENDANTS)

49. Defendants, with Knowledge of Plaintiff's medical needs, and/or with Deliberate indifference, and/or with Interference to Adequate Treatment and medical Needs, have acted or Failed to act in such manner as to prevent Plaintiff From obtaining needed medical Treatment and care and/or to prevent needed medical Treatment and care From Reaching Plaintiff thus endangering Plaintiff's health and well-being. Such acts and ommissions of the

Defendants violates Rights Secured To the Plaintiff under the Fifth, Eighth, Ninth, and Fourteenth Amendments To the united States Constitution

50. Defendants, with Knowledge of Plaintiff's medical needs have a duty under the Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution To provide needed medical care to Prisoners at Lawrence Correctional Center In Conformity with the Standard For Delivery of such medical care in the State of Illinois as a whole

51. Defendants, knowing of the medical needs of Plaintiff, and with deliberate indifference to the inadequacies and deficencies, unsanitary conditions and practices in the medical Facilities, Staffing and Procedures at Lawrence Correctional Center, have Failed and Neglected To Establish and implement policies, practices, protocols, Guidelines, and Procedures designed To Assure that plaintiff was made Fully Aware of all policies, practices, protocols, Guidelines, and Procedures making him Fully aware of all his medical Rights as to Receiving any and all adequate medical Treatments and care at the Standards in Illinois as a whole,

or have adopted policies, practices, protocols, guidelines, and procedures which Defendants knew, or reasonably should have known, would be ineffective in delivering medical treatment and care at such standards, thus endangering Plaintiff's health and wellbeing in violation of rights secured to Plaintiff by the Fifth, Eight, Ninth, and Fourteenth Amendments to the United States Constitution

52. Defendants, knowing of the medical needs of Plaintiff have a Duty under the Fifth, Eighth, Ninth, and Fourteenth Amendments of the Constitution of the United States to Instruct, supervise, and Train their Employees and agents to assure the delivery of medical care to Plaintiff which is consistent with the standard of medical care in the state of Illinois as a whole

53. Defendants, knowing of the medical needs of Plaintiff or with Deliberate indifference to such needs, have failed to Instruct, supervise, and Train their Employees and Agents, and contractors in such a manner as to assure the delivery of medical care to Plaintiff which is consistent with the standards

of medical care in the State of Illinois as a whole Thus Endangering Plaintiffs health and well-being in violation of rights secured to Plaintiff by the Fifth, Eighth, Ninth, and Fourteenth Amendment to the United States Constitution.

54. The Defendants' Above-mentioned Actions and/or ommissions were committed under color of law and/or pursuant to policies, practices, protocols, guidelines, ~~and~~ Procedures customs, rules, regulations, ordinances, statutes and/or usages of the State of Illinois, the IDOC/DHS, Wexford Health Sources, Inc, Central Management Services, and University of Illinois – Chicago

55. The Defendants' Above-mentioned Action and/or ommissions were Negligent and/or Reckless and/or intentional

56. Plaintiff has no Adequate and Sufficient Remedy at law with which to address the wrongs alleged in this complaint and will continue to suffer irreparable injury from the conduct of Defendants unless the Plaintiff is granted Equitable Relief prayed for.

57. As A Direct AND PROXIMATE RESULT of the Above Described actions and ommissions of Defendants, Plaintiff has SUFFERED General Damages in Amounts in EXCESS of $150,000.00 Exclusive of interest And Costs, the Exact Amounts of which will be proven at Trial

WHEREFORE, Plaintiff PRAYS FOR RELIEF AS Follows:

1. That this Honorable court DETERMINE AND ENTER Judgment declaring that the acts AND OMMISSIONS of The Defendants, AS SET Forth Above, violate Rights SECURED TO PLAINTIFF by THE FIFTH, Eighth, NINTH, AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

2. THAT UPON HEARING, this Honorable Court issue A Preliminary AND PERMANENT Injunction:

(A) Enjoining the DEFENDANTS, Their Employees, AGENTS, Contractors, And SUCCESSORS in Office From providing medical Care And Treatment To Plaintiff that is inconsistent with The STANDARDS of MEDICAL CARE AND TREATMENT In the STATE of Illinois AS a whole;

(B) ENJOINING THE DEFENDANTS, THEIR EMPLOYEES, AGENTS, CONTRACTORS, AND SUCCESSORS IN OFFICE FROM REFUSING TO PROVIDE AND/OR DELAYING PROVISION OF NECESSARY MEDICAL TREATMENT AND CARE TO PLAINTIFF INCLUDING SPECIAL DIABETIC CREAM AND LOTION, SPECIAL MEDICAL THERAPUTIC DIET FOR DIABETIES AND HEP C, EITHER AT SUITABLE AND ADEQUATE FACILITIES WITHIN THE LAWRENCE CORRECTIONAL CENTER OR ELSEWHERE;

(C) ENJOINING THE DEFENDANTS AND THEIR SUCCESSOR IN OFFICE FROM FAILING TO INSTRUCT, SUPERVISE, ADOPT AND TRAIN THEIR EMPLOYEES AND AGENTS IN SUCH A MANNER AS TO THE ADOPTION OF SANITARY MEDICAL PROCEDURES AND PRACTIEES, AS TO ASSURE THE DELIVERY OF MEDICAL TREATMENT AND CARE TO PLAINTIFF WHICH IS CONSISTENT WITH THE STANDARDS OF MEDICAL CARE IN THE STATE OF ILLINOIS AS A WHOLE;

(D) COMPELLING DEFENDANTS, THEIR EMPLOYEES, AGENTS, CONTRACTORS, AND SUCCESSORS IN OFFICE TO IMMEDIATELY TREAT PLAINTIFF FOR HEPATITIS C, AND FOR THE PAIN IN HIS LEFT SIDE KIDNEY AREA, AND TO REFRAIN FOR ALL UNSANITARY PRACTICES (I.E. ADMINISTERING INSULINE WITH PRE-OPENED SYRINGES THAT HAS BEEN OPENED OUT-SIDE THE PRESENCE OF THE PLAINTIFF, REFRAIN FROM USING "SOILED" SHEETS ON GOURNEY OR EXAMINATION

Tables when Examining Plaintiff);
(E) GRANTING the Plaintiff Complaint To Proceed or To GRANT The Plaintiffs Complaint A STAY PENDING the Exhaustion of the Following ATTACHED GRIEVANCES which are Currently PENDING PLEASE REVIEW Exhibits 1 thru 8 All GRIEVANCE are relevant and Pertinent to this Complaint in which The Plaintiff intend to Amend Said Complaint to ADD Additional DEFENDANTS AND Claims Against DEFENDANTS, its Employees, AGENTS AND SUCCESSORS Claims AND DEFENDANTS that are Relevant, Consistance, And that Directly Relates to Said claim;

3. That this Honorable Court award general Damages To Plaintiff;

4. That this Honorable Court Award punitive Damages To Plaintiffs

5. THAT THE DEFENDANTS BE REQUIRED TO PAY THE legal costs AND EXPENSES IN This Action, including RESONABLE PROVISION FOR Plaintiffs ATTORNEY'S FEES; AND

6. THAT This Honorable COURT GRANT Such Further

AND Additional RELIEF that is DEEM JUST, PROPER, AND Appropriate .. Plantiff DEMANDS A TRIAL BY JURY

RESPECTFully Submitted
Jimmie Dale Miller
Jimmie Dale Miller
#K79113
10930 Lawrence Rd
Sumner, IL 62466

May 08, 2020

* In Support of Said Complaint PLEASE FIND ATTACHED

A) DECEMBER 29, 2019 (17 pg.) Filed GRIEVANCE (Exhausted)
B) Exhibit 1 thru 8 (62 pg.) Filed GRIEVANCES (PENDING)

E-FILED
Thursday, 18 October, 2018 12:08:03 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL GLOVER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| -vs- | ) | No. 18- 2270 |
| | ) | |
| ILLINOIS DEPARTMENT OF CORRECTIONS, LOUIS SHICKER, M.D., WEXFORD CORP. and STEVE MEEKS, M.D., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

### COUNT I
### JURISDICTIONAL STATEMENT

Plaintiffs are all inmates or former inmates of the Illinois Department of Corrections. Plaintiffs' civil rights were violated in contravention of 42 U.S.C. §1983 because the Defendants were deliberately indifferent to Plaintiffs' medical condition in that inmates did not receive needed medical treatment for Hepatitis C. As further set forth in this Complaint, Plaintiffs have exhausted all administrative remedies.

This action arises under the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. Jurisdiction is invoked pursuant to 28 U.S.C.§§ 1331 and 1343(a). This Court has jurisdiction over the Plaintiff's request for declaratory and injunctive relief pursuant to 28 U.S.C.§§ 2201-2202.

### PARTIES

1. The Plaintiffs are or were inmates at various Correctional Centers, prisons maintained



EXHIBIT
B

by the Illinois Department of Corrections (hereinafter "IDOC") in Illinois who are eligible to file:

| Inmate # | Client Name | Our File # |
|---|---|---|
| N93316 | Michael Glover | 20939 |
| K03959 | Donald E. Mason | 20938 |
| B03020 | Jimmy Diaz | 20902 |
| A82300 | Kenneth Gholston | 20903 |
| B02087 | Alberto Rodriguez | 20904 |
| S16602 | Joshua Williams | 20905 |
| B90022 | John A. Berlin | 20907 |
| S15963 | Samuel Burney | 20908 |
| Y11888 | Brian C. Downs | 20909 |
| K98402 | Kenneth Stephens | 20910 |
| M20080 | Timothy Tobin | 20911 |
| B86716 | Brandon Ebmeyer | 20918 |
| B89862 | Shannon Hood | 20919 |
| M52806 | Jason Hubbard | 20920 |
| K97421 | Jason Madison | 20921 |
| B89357 | Charles Tindall | 20922 |
| B27458 | James Williams | 20923 |
| B03327 | Michael Beair | 20930 |
| B88364 | Terry R. Wilson | 20931 |
| M49231 | Dalton L. Bowman | 20940 |
| K66722 | Brian Mitchell | 20941 |
| B68353 | George White | 20942 |
| B64281 | Omarr Peterson | 20943 |
| B82081 | Christopher Westberry | 20944 |
| Y12707 | Brent Kielar | 20945 |
| S16457 | Robert J. Kirchner | 20946 |
| B14492 | Norvill Fields | 20947 |
| A72057 | Jerry Davis | 20950 |
| N76237 | Randall Higgins | 20951 |
| M51923 | Vincent Marsala | 20952 |
| M52387 | Scott Maydew | 20953 |
| Y12946 | Barry E. Mayo, Jr. | 20954 |
| A08240 | Charles Nelson | 20955 |
| B90054 | Benjamin Pigg | 20956 |
| Y12966 | John Quillinan | 20957 |
| K95685 | Samuel M. Roach, Jr. | 20958 |
| B02452 | Jeffrey Elders | 20959 |
| N33658 | Mitchell L. Barnett | 20960 |

| | | | |
|---|---|---|---|
| B18308 | Brian Ferguson | | 20961 |
| Y10842 | Rodney K. Griffin, Jr. | | 20962 |
| R66938 | Terrance Hatter | | 20963 |
| B12737 | Oscar Marmolejo | | 20964 |
| R52368 | Anthony D. Moody | | 20965 |
| R62374 | Christopher Newsome | | 20966 |
| N84919 | Nathan Redmond | | 20969 |
| Y12206 | Nathan Hickman | | 20970 |
| A61897 | Calvin Purnell | | 20971 |
| M02064 | Rudy Dozal | | 20972 |
| R34468 | Johnnie Tuck | | 20973 |
| B17505 | Willie Hunter | 20974 | |
| Y12217 | Bobby Johnson | 20975 | |
| Y13441 | Kory L. Lukancic | 20976 | |
| A92605 | Arlie E. Hensley | | 20977 |
| R58438 | Michael Berkey | | 20978 |
| R84575 | Lisa Liccardi | | 20983 |
| Y10700 | Quinn D. Sales | 20987 | |
| R15240 | Reginald Pendleton | | 20991 |
| B15257 | Joseph Redmond | 20992 | |
| K77400 | Michael Harris | | 20998 |
| R52455 | Timothy Bjork | | 20999 |
| S16836 | Brian Jockisch | | 21000 |
| R22985 | Shane A. Butzen | | 21001 |
| N95942 | Marshall R. Nathan | 21004 | |
| R76123 | Stephanie Kuhl | | 21014 |
| S16726 | Shane Carlton | | 21017 |
| N98164 | Orlando Washington | 21018 | |
| N01953 | James Robinson | | 21019 |
| N21616 | James Stewart | | 21020 |
| Y13380 | James Ray | 21021 | |
| R43662 | Salvatore Buscemi | | 21025 |
| K70132 | Anthony Milbratz | | 21026 |
| B86626 | Anthony A. Granfeldt | 21027 | |
| N81468 | Marcus Ford | | 21028 |
| B37169 | Wesley Peppers | | 21029 |
| B81563 | Joseph L. Draffen | | 21030 |
| K95964 | James C. Anderson | | 21031 |
| N18428 | James D. Bain | | 21032 |
| R30174 | Deandrea Ross | | 21033 |
| N77749 | Gary E. Turvey | | 21039 |
| B45427 | Brial T. Cleer | 21040 | |
| S05492 | Charles Stewart | | 21041 |
| B81372 | Chad Taft | | 21042 |

| | | | |
|---|---|---|---|
| S06109 | Anthony Wingerter | 21043 | |
| K79113 | Jimmie Miller | | 21044 |
| B87420 | Charles E. Newman | | 21045 |
| B15542 | James Daniels | | 21046 |
| A97801 | Gregory A. Houston | 21052 | |
| K88546 | Darryl P. Atwood | | 21053 |
| Y14520 | Daniel J. Lomprez | | 21054 |
| M34899 | Travis Whitmore | 21059 | |
| B71246 | Mario Farmer | 21060 | |
| B77669 | Maurice Macon | 21061 | |
| B51765 | Alanido Coleman | | 21062 |
| R22533 | Antrelle Clayborn | 21063 | |
| A77947 | David Damon | | 21064 |
| R15389 | Thomas Grace | | 21065 |
| N23311 | James Hoskins | | 21066 |
| M46618 | Martez Byrd | | 21067 |
| R05381 | Jerald M. Digby | | 21068 |
| R28651 | Demetrius Jernagin | | 21069 |
| N70501 | Anthony Cosey | | 21070 |
| N85041 | Jesse James, Jr. | | 21073 |
| B89751 | Michael D. Christian | | 21074 |
| R01283 | Roosevelt Jackson | 21075 | |
| K81751 | Marco Lee | 21076 | |
| R31000 | Robert Gipson | 21077 | |
| M03034 | Andre Banks | | 21078 |
| R20664 | Ryan Montgomery | | 21080 |
| A81716 | Michael I. Vassar | | 21081 |
| B65254 | William Peyton | | 21082 |
| S07066 | Jeffrey E. Lankford | | 21088 |
| Y12448 | Tyrel D. Collins | | 21089 |
| K56553 | Christopher D. Raney | 21090 | |
| B15543 | Norman B. Allen | | 21093 |
| S11359 | Matthew T. Hall | | 21103 |
| R41652 | Curtis A. Clark | | 21104 |
| S16178 | Billy McCallister | | 21105 |
| K64425 | Reggie Henley | | 21106 |
| A93524 | Calvin Galloway | | 21107 |
| N84147 | Maurice Coleman | | 21108 |
| N36369 | Alan W. Belcher | | 21109 |
| R73817 | DeJuan Wilkins | | 21110 |
| M44768 | Justin Burnell | 21111 | |
| R21657 | Stephen S. Wolfgram | | 21112 |
| Y13465 | Jaconiah A. Newberry | | 21113 |
| M47704 | Ronald Carey | 21114 | |

| | | | |
|---|---|---|---|
| K95290 | Sean R. VanMeter | 21117 | |
| C71613 | Danny Lillard | 21128 | |
| K03105 | Fredrick Tremain | | 21133 |
| B46019 | Chris Caudill | | 21137 |
| R71349 | Malcolm Conley | | 21138 |
| B43919 | David Berkshire | | 21139 |
| M18238 | James H. Durkee | | 21140 |
| M14243 | Jacob Garcia | | 21141 |
| K72700 | Scott A. Williams | | 21142 |
| R27657 | Lindsey George | 21144 | |
| B84778 | Bryan Jones | 21145 | |
| S13486 | Coleman Barnes | | 21147 |
| M19110 | Richard Malone | | 21148 |
| A01237 | William Williams | | 16849 |
| S17009 | Richard Graham | | 21159 |
| N70043 | Brian Butt | | 21165 |
| S01773 | Enrique Sanchez | | 21183 |
| N90604 | Raheem Shakur | | 21184 |
| B63838 | Harold Groel | | 21185 |
| A10008 | James Sanders | | 21190 |
| B16107 | Romalice Shavers | | 21207 |
| B85264 | Roy E. Baker | | 21208 |
| K50621 | Gregory Miller | | 21222 |
| B71679 | Jason Evans | | 21223 |
| A15583 | Napolean Hughes | 21224 | |
| M19605 | Deandre Caldwell | | 21225 |
| R59589 | Zachary B. Burns | | 21226 |
| N60835 | Jackie Gary | 21227 | |
| Y15000 | William D. Wellbourne | 21228 | |
| A91262 | Armond Clark | 21231 | |
| B03533 | Lawrence Lee | | 21232 |
| N40378 | Donzell Harris | 21237 | |
| S11420 | Aaron Murphy | | 21238 |
| B57710 | Marvin Thomas | | 21239 |
| K91845 | Duane E. Holliday | 21240 | |
| M53920 | Anthony Ulgiati | 21241 | |
| K54055 | Richard Tindall | 21242 | |
| B82343 | Frankie W. Hook | | 21243 |
| N12397 | Jerome Holder | | 21244 |
| S10826 | Matthew S. Widel-Keller | | 21245 |
| S04888 | Freddie L. Payne, Sr. | | 21246 |
| R58477 | Thomas Ulve | 21247 | |
| K69233 | James A. Haskell | | 21248 |
| B84771 | David Edmundson | 21249 | |

| | | | |
|---|---|---|---|
| Y11744 | Tina Miller | | 21250 |
| M55491 | Leroy Hazelwood | | 21251 |
| Y14706 | Timothy J. Carbray | | 21254 |
| N40314 | Marvin Parker | 21255 | |
| N63372 | Elbert Robinson | | 21263 |
| K98926 | Kevin P. Henry | 21264 | |
| S07077 | Calen M. Ballard | 21265 | |
| K53325 | Edward Colon | | 21266 |
| N00907 | Israel Santiago | | 21268 |
| A57708 | Stephen Johnson | | 21269 |
| S15942 | Stephen Rockwood | | 21270 |
| S02442 | Jeremy Richie | 21273 | |
| R14983 | Christopher Walwer | 21275 | |
| S10906 | Randall F. Turner | | 21276 |
| A71197 | Danny Lewis | | 21279 |
| M43109 | Joseph Engle | | 21290 |
| K91422 | Brandon E. Kamalii | | 21308 |
| B28626 | Zebulin Bowman | 21319 | |
| S15057 | Kyle Lehman | | 21325 |
| S17193 | Stephen Yurco | | 21327 |
| S11686 | Christopher Stufflebean | | 21334 |
| Y14071 | Jessie Dillon | 21339 | |
| B84056 | Laurence Clevenger | | 21347 |
| B26460 | Mark S. Keller, II | 21348 | |
| B29648 | Seth Lambert | 21349 | |
| K70475 | Michael Wolff | | 21350 |
| S05015 | Denzil W. Ridenour, Jr. | | 21354 |
| Y12794 | Kellen Bean | 21357 | |
| S13338 | Jerry Powell | 21363 | |
| B89888 | George Weingartner | | 21364 |
| N16283 | Jessie Ratcliff | 21372 | |
| M40569 | Albert Holmes | | 21384 |
| B13836 | Nolan Mitchell | 21387 | |
| R48249 | Travis Fisher | 21389 | |
| S16541 | Charles Armour | 21394 | |
| Y13671 | Richard Brown | 21399 | |
| S01117 | Jesse Harris | 21408 | |
| M12290 | James Ermschler | | 21409 |
| A92662 | Robert Hudson | | 21412 |
| R69604 | Anthony Muniz | 21413 | |
| Y17655 | Zachary Hill | 21416 | |
| M54208 | Eric Williams | | 21417 |
| M14376 | Rocky Daniels | 21418 | |
| K80719 | Jeffery Weir | 21421 | |

| | | |
|---|---|---|
| Y15421 | Anthony Cress | 21427 |
| Y16843 | Shawn Brautigam | 21429 |
| N67639 | Kenneth Bates | 21437 |
| K79195 | Joshua Lee | 21438 |
| S02782 | Jeremy Stephens | 21445 |
| S02621 | Chad Carrow | 21447 |
| N52247 | Julio Medina | 21448 |
| K88079 | Jeff LeMatty | 21458 |
| B15173 | Michael Stewart | 21466 |
| S02752 | Eddy W. Hays | 21471 |
| M48458 | Blair G. Lavoy | 21478 |
| N40343 | Alfred Fly | 21479 |
| R44465 | Michael Shan | 21480 |
| R52587 | Andrew Hancock | 21482 |
| B85645 | Charles F. Vasquez | 21483 |
| B90102 | Dwayne L. Willis | 21484 |
| Y16462 | Joseph A. Cook | 21486 |
| Y14117 | Austin Hulett | 21487 |
| B58984 | James L. Banks | 21490 |
| S01725 | Larry P. Korunka | 21491 |
| K62512 | Kenneth D. Simmons | 21492 |
| B89838 | Sonny R. Pilgrim | 21498 |
| A81692 | Raymond Scott | 21499 |
| S09192 | David Mowery | 21501 |
| S11301 | Billy Herndon | 21510 |
| M06229 | Cody Ward | 21520 |
| B44029 | Tyrone Daniel | 21530 |
| B86220 | Kyle C. Prince | 21531 |
| N94266 | William Ransom | 21532 |
| S06551 | Tyler Newlin | 21533 |
| M09390 | Kenneth Shuell | 21534 |
| M48106 | Kenneth G. Howard | 21557 |
| B51614 | Wesley Smallwood | 21560 |
| B24338 | Mark A. Evans | 21561 |
| N10365 | Israel Ramos | 21562 |
| N70498 | Roosevelt Carr | 21563 |
| R13399 | Russell M. Carpenter | 21564 |
| S06562 | William Jeffers | 21565 |
| R18161 | James L. Block | 21566 |
| B87591 | Justin Heflin | 21567 |
| N61595 | Darrion Foote | 21570 |
| A71709 | Karl Fenner | 21574 |
| K82228 | Terry Klauzer | 21591 |
| S13860 | Kyle Bird | 21596 |

| | | |
|---|---|---|
| N04417 | Tuhran A. Lear | 21597 |
| N42721 | Kevin White | 21598 |
| M25639 | David Sidener | 21600 |
| R26210 | Randall S. Gross | 21601 |
| S00347 | Kevin M. Slaten | 21602 |
| S15709 | Justin Babbitt | 21603 |
| R01992 | Nicholas Panoski | 21609 |
| Y11917 | Cornelius J. Hanneman | 21610 |
| N67713 | James Miller | 21612 |
| Y19588 | Jacob W. Hall | 21613 |
| Y12975 | Jeremy R. Lannen | 21620 |
| Y17047 | Richard A. Rodgers | 21622 |
| N94738 | Clifford R. Bellars | 21629 |
| N32611 | Willie McClain | 21632 |
| N24337 | Larry Gibson | 21633 |
| K53440 | Glen G. Davis, III | 21638 |
| N32432 | Anthony Dixon | 21640 |
| S16240 | William M. Mundy | 21641 |
| A61492 | Charles Bivens | 21647 |
| Y18963 | Sean M. Huckaby | 21648 |
| Y20169 | Larry Linton | 21649 |
| S16878 | Jonathan D. Graham | 21651 |
| Y22873 | Dustin Loveless | 21652 |
| B80265 | Larry Stowers | 21653 |
| S10268 | Michael Garrison | 21662 |
| S13194 | Brandon Hagopian | 21663 |
| Y16334 | Joshua Magnuson | 21664 |
| S16124 | Dustin Wallis | 21665 |
| M53174 | Paul Tinch | 21677 |
| M07996 | Geoffrey P. Seymore | 21680 |
| B61148 | Dwayne T. Jackson | 21687 |
| Y19012 | Gary Smith | 21688 |
| K88895 | Ronald C. Crist | 21689 |
| B87699 | Nathan A. Johnson | 21690 |
| N46020 | Antoine Shipp | 21693 |
| M19376 | Lionel DeBouse | 21698 |
| A80360 | Charles Freeman | 21699 |
| N20128 | David Hernandez | 21700 |
| B20807 | Robert A. Roe | 21706 |
| N96359 | Charles N. Wenzel | 21707 |
| R02381 | Stefan Crisabasan | 21710 |
| R46217 | Christopher K. Cunico | 21713 |
| M49574 | Darin A. Duitsman | 21725 |
| Y10535 | Bradley J. Farrell | 21726 |

| | | | |
|---|---|---|---|
| B27102 | Theodore Holmes | | 21727 |
| B34329 | Terry Beverly | | 21729 |
| R43233 | Gregory Vik | | 21731 |
| B87894 | Dustin W. Cobb | 21732 | |
| N67514 | John P. Moore | | 21733 |
| S05638 | Larry R. Maher | | 21734 |
| S04539 | Jason Puckett | | 21735 |
| R50634 | Joseph M. Faris | 21738 | |
| B03459 | Kevin C. Allen | | 21739 |
| R56815 | Alonzo Pratt | | 21744 |
| Y21992 | Gregory L. Brooks | 21745 | |
| Y18102 | Jacob K. White | 21747 | |
| A62838 | Donald Jones | 21749 | |
| A60185 | John Lombardi | 21750 | |
| B19663 | Douglas W. Shull | | 21751 |
| B29020 | Joseph A. Garcia | | 21765 |
| Y24498 | Timothy J. Rudzinski | | 21768 |
| B23470 | Jesse C. Garmon | | 21777 |
| B88824 | Brandon Robles | | 21778 |
| A73756 | Anthony W. Diamond | | 21782 |
| R91679 | Tabitha D. Carwile | | 21783 |
| Y21475 | Ryan Whary | | 21787 |
| K02447 | Terry D. Becker | | 21788 |
| Y11710 | Joseph E. Hicks | | 21789 |
| R18479 | Jose Pacheco | | 21791 |
| M28172 | Geoffrey M. Hardy | 21792 | |
| S09875 | Kent A. Cripe | | 21797 |
| S08033 | Kirk E. Johnston | 21798 | |
| R14946 | Carlton Watkins | 21799 | |
| A80212 | Masada Rasheem | 21802 | |
| S10963 | Christopher Oatsvall | | 21803 |
| Y22425 | James Hyder | | 21807 |
| B81195 | Jesus A. Taborn | | 21814 |
| R00298 | Frank Ray | | 21815 |
| A70453 | Clyde Bradley | | 21816 |
| Y23358 | Bradley A. Walker | | 21829 |
| Y26749 | Joshua M. Hewlett | 21832 | |
| Y23938 | Blake Howell | 21833 | |
| R12829 | Antonio Camacho | | 21845 |
| S16647 | Jonathan Graves | 21846 | |
| S06267 | Charles W. Hatton | | 21847 |
| B29766 | William Holtz | | 21848 |
| N98906 | Daniel O'Shea | | 21849 |
| N01730 | Derek Proctor | | 21852 |

| | | | |
|---|---|---|---|
| N06334 | John Reynolds | 21858 | |
| N50816 | Luis Gaston | | 21861 |
| S13971 | Nathan W. Ellison | | 21863 |
| Y25369 | David J. Hayes | | 21864 |
| R142645 | Ephriam Marks | | 21868 |
| N98945 | Shannon Crane | | 21871 |
| S13193 | Bradley Loy | 21877 | |
| M42598 | Sylvester Boston | | 21886 |
| C70122 | Robert Gorham | | 21890 |
| Y21078 | Jeffrey Barden | | 21893 |
| M47767 | Thomas A. Brown | 21894 | |
| Y24355 | Tristan Holloway | | 21895 |
| Y12080 | Ryan Nance | | 21899 |
| M08151 | Darin McDaniels | | 21903 |
| A90478 | James H. Thomas | 21909 | |
| N61174 | Kenneth Daugherty | | 21910 |
| N94884 | Terry A. Tinder | | 21911 |
| S14125 | Jerry L. Jett | 21912 | |
| R20913 | Gregory A. Smith | | 21913 |
| R14166 | David Lewis | 21914 | |
| Y25766 | Daniel Brackney | | 21915 |
| Y24911 | Joseph Frazier | 21916 | |
| N00900 | Charles Russell | | 21917 |
| K91160 | Earl Scott Roark | | 21918 |
| B85445 | Christopher N. Hornback | 21919 | |
| K98924 | Jerry L. Osmon | | 21920 |
| Y26207 | Taylor J. Robinson | | 21921 |
| K96066 | Wayne L. Tucker | | 21922 |
| B86905 | Joshua Clark | | 21924 |
| R27702 | Matthew West | | 21929 |
| A72159 | Floyd Richardson | 21935 | |
| S15104 | Zachary Schuette | 21936 | |
| A82768 | Dennis Emerson | | 21937 |
| Y15391 | Matthew Woods | | 21938 |
| N43140 | Jerry L. Pitte | 21942 | |
| R01928 | Jeremy Shadle | 21945 | |
| K96768 | Virgil W. Riley | | 21950 |
| B14711 | Robert Webb | | 21964 |
| Y25666 | Harley J. Logan | | 21972 |
| N10584 | Melvin DeVost, Sr. | 21979 | |
| Y20405 | James A. Pritchard | 21980 | |
| M07773 | Michael Neidig | | 21981 |
| S14043 | Austin J. Fanning | | 21983 |
| N80583 | Darren Griggs | | 21985 |

| | | |
|---|---|---|
| Y23216 | Steve M. Madden | 21986 |
| S06020 | David A. Rothe | 21987 |
| Y20689 | Robert J. Terry | 21988 |
| Y22725 | Nicole Bryant | 21994 |
| S14076 | Cody J. Dallas | 21995 |
| R31847 | Erik Follis | 21996 |
| S14067 | Aaron C. Berta | 21999 |
| K71658 | Anthony Zayas | 22000 |
| S15320 | Christopher M. Cherry | 22016 |
| N81518 | Richard Makowski | 22025 |
| N94994 | David Altman | 22030 |
| Y12482 | Michael Tatera | 22031 |
| Y22198 | Judson Connaway | 22033 |
| Y20656 | Joshua Cowden | 22034 |
| R03493 | Brent E. Durflinger | 22035 |
| S11426 | Michael Schumm | 22036 |
| Y29878 | Brandon Townsend | 22039 |
| Y23066 | Carrie A. Graham | 22059 |
| S14295 | Lonnie S. Williamson, Jr. | 22062 |
| Y24965 | Tyler Sams | 22068 |
| R18138 | Ivan Buchanan | 22078 |

2. The Plaintiffs have all been diagnosed through blood work as carrying the Hepatitis C virus.

3. That Dr. Shicker succeeded Dr. Puisis as medical director. Dr. Meeks succeeded Dr. Shicker. They adopted and maintain a policy which provides no treatment until a person with Hepatitis C has 2 years left on his sentence and has at least stage III fibrosis. That policy has been amended at times but still excludes prisoners who can be treated within their term either based on length of stay or fibrosis level.

4. Defendant IDOC is the state agency charged with running the prison system and are joined so as to allow complete injunctive relief.

5. Wexford currently administers most of the medical care within IDOC. They are joined so that any injunctive relief which would be granted could be enforced against the actual

medical providers. In addition, the Plaintiffs' claim that this Defendant by and through its agents committed medical negligence.

6. Plaintiffs in custocy have exhausted all administrative remedies available to them. Further, Defendants have adopted a policy that all grievances in this matter are to be denied without consideration making further administrative efforts futile.

FACTUAL CLAIMS

7. Hepatitis C is a potentially fatal disease which if left untreated may cause cirrhosis, or destruction of the liver, may lead to liver cancer and causes other symptoms to those it afflicts thus it poses a substantial risk of serious harm to Plaintiffs.

8. Defendants know that Hepatitis C poses a substantial risk of serious harm to the Plaintiffs.

9. A highly effective chemical treatment consisting of FDA approved direct acting antiviral drugs for Hepatitis C is available, which has been shown to reduce the cure of Hepatitis C and have increased "cure" rates to 95%.

10. Before initiating this chemical treatment, however, the usual clinical step is to refer the patient to a specialist to determine a geno-type of the virus and fibrosis level.

11. None of the Plaintiffs have received proper medical care for his or her Hepatitis C.

12. IDOC, through Defendants, claims to follow the federal guidelines for treatment of Hepatitis C, and the guidelines of the AASLD, they set artificial barriers to treatment and take whatever steps they can to avoid treating Plaintiffs. They refuse to treat Plaintiffs who have fibrosis levels below F3 even though such treatment is the current standard of care and is a "medical necessity." The AASLD recommends treatment of all infected patients and that is the current

standard of care. New studies have shown that failure to treat at early stages is actually more costly and the failure to treat causes a decrease in mortality.

13. Treatment for Hepatitis C is more effective when it is begun early in the course of the disease. However, if treatment is postponed, adverse effects of the disease and the necessity of a liver transplant become much more likely. Liver transplants are painful, difficult to obtain, and result in a lower recovery rate than the chemical treatment available for the early stages of Hepatitis C infection. In addition, chronically infected Hepatitis patients have a 2.3 - 3.7 times higher incident of other maladies as a result of the untreated infection.

14. Defendants refuse to administer the Hepatitis C chemical treatment to Plaintiffs.

15. By refusing to treat Plaintiffs for Hepatitis C, Defendants are deliberately indifferent to the substantial risk of serious harm faced by the Plaintiffs. Many Plaintiffs have suffered and have died since the suit was filed and similar suits, Plaintiffs will die before this case is over unless the Defendants are ordered to begin treatment.

16. Defendants' refusal to treat Plaintiffs for Hepatitis C is a willful and intentional deprivation meriting a punitive damage award against Defendants.

17. Defendant' refusal to treat Plaintiffs for Hepatitis C is causing and continues to cause irreparable harm to Plaintiffs.

18. Defendants' refusal to treat Plaintiffs for Hepatitis C is causing the Plaintiffs compensable pain and suffering.

WHEREFORE, Plaintiffs pray this court for injunctive relief in the form of an order to administer Hepatitis C treatment, follow federal guidelines in treating Hepatitis C including referral to a specialist and performing liver biopsies as soon as possible. Plaintiffs also pray for a

declaration that Defendants are violating the rights of Plaintiffs under the 8th and 14th Amendments to the United States Constitution. Plaintiffs also pray for their attorney's fees pursuant to 42 U.S.C.§ 1988. Finally, Plaintiffs pray for damages from the Defendants in the sum of One Million Dollars ($1,000,000.00) each for the pain and suffering they have had to endure as a result of Defendants' constitutional violations and the cost of treatment and One Million Dollars ($1,000,000.00) each in punitive damages together with their costs of this action.

## COUNT II

NOW COME the Plaintiffs, by their attorneys, HELLER, HOLMES & ASSOCIATES, P.C., and for Complaint against WEXFORD CORP. and the ILLINOIS DEPARTMENT OF CORRECTIONS, say:

1. That Wexford is a contract provider of medical care for inmates imprisoned in the Illinois Department of Corrections.

2. That Dr. Mahesh C. Patel and Dr. Jeremy Young are physicians licensed in the state of Illinois and are providing care to Hepatitis C patients through and agreement with the Illinois Department of Corrections.

3. That the agents and employees of Wexford who provide medical care do so within the scope and course of their employment or agency with Wexford and Wexford is vicariously liable for the conduct of said employees.

4. That on and after February 16, 2016, the pronouncements of the American Association for the Study of Liver Disease and the pronouncements of the Infectious Disease Society of American formed the standard of care for the treatment of Hepatitis C in the United States and internationally.

5. That the Defendants had a duty to provide medical care within the standard of care to the Plaintiffs.

6. That the Defendants negligently and carelessly failed and omitted to use that degree of skill and care required of doctors practicing medicine in the United States and in the State of Illinois in providing care to the Plaintiffs in that they failed and refused to prescribe Harvoni or similar medications for the treatment of patients infected with Hepatitis C without regard to fibrosis level.

7. That as a direct and proximate result of the negligence of the Defendants aforesaid, the Plaintiffs were injured. Said injury included pain and suffering, future pain and suffering, ongoing damage to their liver, complications from exposure to Hepatitis C and emotional distress incurred in knowing that they had a potentially fatal disease which could be treated but was not.

8. That a letter of merit from Dr. Martin Prosky is attached hereto as EXHIBIT A pursuant to § 622 of the Illinois Code of Civil Procedure.

WHEREFORE, Plaintiffs pray judgment against the Defendants for a sum in excess of SEVENTY -FIVE THOUSAND DOLLARS ($75,000.00) together with costs of this action.

COUNT III

1. That Wexford is a contract provider of medical care for inmates imprisoned in the Illinois Department of Corrections.

2. That the agents and employees of Wexford who provide medical care do so within the scope and course of their employment or agency with Wexford and Wexford is vicariously liable for the conduct of said employees.

3. That on and after February 16, 2016, the pronouncements of the American Association

for the Study of Liver Disease and the pronouncements of the Infectious Disease Society of American formed the standard of care for the treatment of Hepatitis C in the United States and internationally.

4. That the Defendants had a duty to provide medical care within the standard of care to the Plaintiffs.

5. That the Defendants committed deliberate indifference in that they negligently and carelessly failed and omitted to use that degree of skill and care required of doctors practicing medicine in the United States and in the State of Illinois in providing care to the Plaintiffs in that they failed and refused to prescribe Harvoni or similar medications for the treatment of patients infected with Hepatitis C.

6. That as a direct and proximate result of the deliberate indifference of the Defendants aforesaid, the Plaintiffs were injured. Said injury included pain and suffering, future pain and suffering, ongoing damage to their liver, complications from exposure to Hepatitis C and emotional distress incurred in knowing that they had a potentially fatal disease which could be treated but was not.

7. That pursuant to the contract between Wexford and the Illinois Department of Corrections, Wexford is liable for a penalty for each day in which they are found to be deliberately indifferent to the care of Plaintiffs.

8. That pursuant to the provisions of the contract the Plaintiffs are entitled to penalties in a sum in excess of $10,000,000.00.

WHEREFORE, Plaintiffs pray judgment against the Defendants for a sum in excess of TEN MILLION DOLLARS ($10,000,000.00) together with costs of this action.

MICHAEL GLOVER, et al, Plaintiffs

By /s/ H. Kent Heller
Of Heller, Holmes & Associates, P.C.
Their Attorneys

**JURY DEMAND**

Plaintiffs hereby demand trial by jury.

MICHAEL GLOVER, et al., Plaintiffs

By / s/ H. Kent Heller

H. KENT HELLER
HELLER,HOLMES & ASSOCIATES, P.C.
1101 Broadway Avenue, P.O. Box 889
Mattoon, IL 61938
TEL: 217-235-2700
FAX: 217-235-0743
E-Mail: kent@hhlawoff.com
ARDC No. 1181009

glover 20939 10.09.18 complaint

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JIMMIE DALE MILLER (#K-79113)
Plaintiff

vs.

EVARISTO AGUINALDO,M.D., LAWANDA FRAZIER, MARIAM ABRAHAM, WEXFORD HEALTH SOURCES, INC.,
Defendants

Civil No. 17-cv- 5609

**FOURTH AMENDED COMPLAINT**

Plaintiff Jimmie dale Miller ( "Plaintiff"), for his Second Amended Complaint, states as follows:

**JURISDICTION**

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. Sec.s 1331, 1343(a)(3) and (4), 2201 and 2202. The substantive claims in this action arise under 42 U.S.C. Sec. 1983 and the Fifth, Eighth, ninth, and Fourteenth Amendments to the United States Constitution.

2. Venue is proper in this Court under 28 U.S.C. Sec. 1391(b) because a substantial part of the events that give rise to plaintiff's claims took place within the Northern District of Illinois.

3. This court has authority pursuant to 42 U.S.C. Sec. 1983 to award appropriate actual, consequential, compensatory and punitive damages, and has authority under 42 U.S.C. Sec. 1988 to award attorney fees and costs to successful civil rights plaintiffs.

tabbies
EXHIBIT
C

**PARTIES**

4. Plaintiff is a citizen of the United States and presently resident of Lawrence Correctional Center, Sumner, Illinois. At all times pertinent to this action Plaintiff was incarcerated at the Stateville Correctional Center within the custody and control of the Illinois Department of Corrections and its agents or employees.

5. John Baldwin is a resident of the state of Illinois and is and always has been, at all times pertinent to this action, the Director of the Illinois Department of Corrections (referred to herein as "IDOC"). John Baldwin is responsible for the administration, operation and supervision of state corrections institutions and facilities within the state of Illinois, including Stateville Correctional Center, and for the promulgation and enforcement of rules, regulations, policies and practices relevant to such institutions.

6. Dr. Louis Shicker is a resident of the state of Illinois and is and always has been, at all times pertinent to this action, the Medical Director for IDOC. Dr. Louis Shicker is or was responsible for the administration, operation and supervision of the medical services provided within the state corrections institutions and facilities within the state of Illinois, including Stateville Correctional Center, and for the promulgation and enforcement of rules, regulations, policies and practices relevant to the medical services provided at such institutions.

7. Sherry Benton is a resident of the state of Illinois and is and always has been, at all times pertinent to this action, was a chairperson or a member of the Administrative Review Board for IDOC. Sherry Benton is responsible for the administration, operation and supervision of inmate issues within the state of Illinois, including Stateville Correctional Center, and for the promulgation and enforcement of rules, regulations, policies and practices relevant to the inmate issues, including medical services, provided at such institutions.

8. Defendant Dr. Evaristo Aguinaldo, is a resident of the state of Illinois and is and always has been, at all times pertinent to this action, an employee of IDOC or of Wexford Health Sources, Inc.. Defendant Aguinaldo is responsible for medical examination and treatment of inmates at Stateville Correctional Center for the IDOC. Dr. Augustino is sued in his individual capacity.

9. Randy Pfister is a resident of the state of Illinois and was, at some times pertinent to this action, the Warden for the Stateville Correctional Center. Randy Pfister was responsible for the administration, operation and supervision of Stateville Correctional Center staff and facilities, the custody and control of Stateville Correctional Center inmates and for the enforcement of rules, regulations, policies and practices relevant to them.

10. Defendant Wexford Health Sources, Inc. is a Pennsylvania corporation and is and always has been, at all times pertinent to this action, a third party contractor retained by IDOC to provide medical and health services to the state corrections institutions and facilities within the state of Illinois, including the Stateville Correctional center. Defendant Wexford Health Sources, Inc. employs doctors, nurses and other medical personnel who provide or who are supposed to medical and health services to inmates at the Statesville Correctional Center. Defendant Wexford Health Services is sued in its individual capacity.

11. Defendant LaWanda Frazier, f/k/a LaWanda Frazier-Banks, is a resident of the state of Illinois. Defendant Frazier is or was employed by the IDOC. Defendant Frazier was, at all times pertinent to this action, a Nurse Practitioner or med-tech employee of the IDOC at the Statesville Correctional Center. Defendant Frazier is sued in her individually capacity.

12. Defendant Mariam Abraham a nurse or a med-tech, is a resident of the state of Illinois. Defendant Abraham is or was employed by the IDOC. Defendant Abraham is and

always was, at all times pertinent to this action, a Nurse Practitioner or med-tech at the Statesville Correctional Center. Defendant Abraham is sued in her individually capacity.

## FACTS

13. Plaintiff arrived at the Stateville Correctional Center for incarceration on about June 16, 2016.

14. Plaintiff was transferred from the Stateville Correctional Center to the Pinckneyville Correctional Center on or about September 1, 2016.

15. Plaintiff was transferred back to Stateville Correctional Center for several days in October 2016 and then transferred back to Pinckneyville Correctional Center, where Plaintiff is presently incarcerated.

16. On or about June 16, 2016 Plaintiff arrived at Stateville Correctional Center. Plaintiff had and was suffering from the following medical conditions: a)Type 2 diabetes, b) Hepatitis C, c) dental problems, d) eye and vision problems, e) mental health problems including bi-polar disorder, acute depression, anxiety and insomnia, f) kidney pain and g) wrist injuries. I had been advised that the Hepatitis C condition require prompt treatment because of its contagious nature.

17. On intake to Stateville Correctional Center not one of Plaintiff's medical issues was addressed or scheduled for any medical evaluation or treatment. Rather Plaintiff was told by the attending intake person that any and all medical concerns should be addressed to "the doctor". Each of the Plaintiff's medical conditions required specialized medical treatment and care to monitor his symptoms and to alleviate his discomfort.

18. Some time after intake Plaintiff was allowed to see a doctor, Defendant Dr. E. Aguinaldo. At said time Plaintiff told Defendant Aguinaldo of all the medical conditions described in paragraph 16 hereinabove.

19. Defendant Aguinaldo refused and failed to address any of the Plaintiff's medical conditions so described except for being issued some medicated shampoo, and prescribed Resperdol for anxiety. Defendant Aguinaldo provided no further treatment but rather advised Plaintiff to "put in for sick call" for the remaining medical issues presented.

20. Thereafter, Plaintiff promptly "put in for sick call" but was not called for a sick call appointment until on or about June 27, 2016. At said sick call appointment Plaintiff was examined by Defendant Frazier.

21. Defendant Frazier refused and failed to address all but one of the Plaintiff's medical conditions, telling the Plaintiff that he had too many conditions and had to pick one only. On the basis of that instruction Plaintiff asked for attention to the most immediate problem, the problem with his wrists. Defendant Frazier sent for the Plaintiff's medical chart but Defendant Frazier, among other Stateville Correctional Center staff, could or would not find Plaintiff's chart and thus would not treat Plaintiff. The only "concession" Defendant Frazier made to Plaintiff's conditions was to advise Plaintiff that he would not be charged a $5.00 sick call co-payment because of non-service. Plaintiff was told by Defendant Frazier that he must sign a "medical refusal" not because he refused service that was not going to be provided to him by reason of the missing chart, but rather in order not to be charged the $5.00 fee. Defendant Frazier advised Plaintiff at that time that Plaintiff would be re-called for prompt service and treatment once his medical chart was located. Plaintiff was never re-called by Defendant Frazier or any other Stateville personnel. None of Plaintiff's medical conditions, not even the most pressing wrist problem, was addressed or treated.

22. Having not been re-called for medical evaluation and treatment, Plaintiff prepared and filed as of July 1, 2016 an emergency grievance #2864 regarding lack of any medical treatment. A copy of that medical grievance is attached hereto as Exhibit 1. Plaintiff's emergency grievance, Exhibit 1, was sent to the Stateville warden, Randy Pfister. Randy Pfister did not act on the emergency grievance until July 26, 2018 On July 26, 2016, denied the emergency grievance, having decided on no known basis that Plaintiff's conditions constituted no basis for emergency action. As a result Plaintiff received no medical care. Plaintiff was informed later, after September 26, 2016, and after Plaintiff was transferred to Pickneyville Correctional Center that Plaintiff "should be able to receive proper medical treatment" at that facility. Plaintiff received no proper medical treatment at Stateville from June 16, 2018 or thereafter.

23. On July 26, 2016 Plaintiff, having just received Defendant Pfister's rejection of the emergency grievance, a copy of which is attached hereto as Exhibit 1, and not having received any medical treatment, filed a second grievance, a copy of which is attached hereto as Exhibit 2. This grievance was not answered until September 26, 2016, at the time on answering the first grievance on a non-emergency basis, citing the grievance as a "duplicate" of the first grievance. Plaintiff received no proper medical treatment at Stateville from June 16, 2018 or thereafter.

24. On or about August 6, 2016 Plaintiff again put in for sick call. Plaintiff was not called out for examination nor was Plaintiff given any medical treatment.

25. On August 13, 2016 Plaintiff wrote and sent a letter to Dr. Louis Shicker and to Defendant Wexford Health Sources, Inc., among others, reporting on and complaining of the failure of anyone at Stateville Correctional Center to address or treat any of Plaintiff's medical conditions. A copy of the letter is attached as Exhibit 3. Neither Shicker, nor Defendant Wexford

Health Sources, Inc. responded to the letter. Plaintiff thereafter continued to receive no medical attention or treatment.

26. On or about August 13, 2016 Plaintiff again put in for sick call. Plaintiff was not called out for examination nor was Plaintiff given any medical treatment.

27. On or about October 6, 2016, upon being transferred back to Stateville from Pinckneyville, Plaintiff sought medical attention at Stateville. On October 8, 2016, after having signed up for sick call, Plaintiff was given an appointment with Defendant Abraham. Defendant Abraham was initially not conducting a private confidential inspection but rather conducting public inquiries in the prison gallery. At the request of the Plaintiff, Defendant Abraham allowed Plaintiff a private audience to discuss medical conditions, including primarily the contagious Hepatitis C condition which could not be safely discussed in the public gallery where the initial audience with Defendant Abraham was being conducted. Plaintiff was instructed by Defendant Abraham first to sign a $5.00 co-pay form to be examined, which Plaintiff signed. Plaintiff then related to Defendant Abraham all the conditions set forth in paragraph 16 hereinabove. Plaintiff specifically described to Defendant Abraham the persisting kidney pain condition, advice given to Plaintiff about lack of certain drugs being prescribed due to the Hepatitis C condition and interactions and that Plaintiff was instructed not to take any medications without a doctor's approval. Defendant Abraham sought no doctor approval to treat any of the Plaintiff's medical conditions. Rather, Defendant Abraham issued Plaintiff a blister pack of Tylenol as a "protocol" for back pain, not one of the conditions of which Plaintiff was suffering. Plaintiff urged Defendant Abraham to arrange for an appointment with a doctor. Defendant Abraham refused such doctor referral. Upon Plaintiff not promptly taking the Tylenol without doctor approval Defendant Abraham advised Plaintiff that she would report that Plaintiff was refusing medical treatment.

28. On October 8, 2016 Plaintiff filed another grievance, a copy of which is attached as Exhibit 4, a copy of which is attached hereto citing the failure of Plaintiff to received medical care. The grievance was not even looked at by the IDOC until after Plaintiff was reassigned to Pinckneyville Correctional Center.

29. On or about October 19, 2016 Plaintiff was transferred back to Pinckneyville Correctional Center. Plaintiff was informed on or about October 24, 2016 that Plaintiff's grievance, a copy of which is attached as Exhibit 4, was returned without action as Plaintiff had been transferred to Pinckneyville. A copy of that refusal to review grievance is attached as Exhibit 5.

31. Defendants took virtually no actions to address Plaintiff's serious medical conditions and/or that any such actions have been so delayed as to aggravate Plaintiff's medical problems.

32. On December 17, 2016 Plaintiff issued a grievance letter to Benton, a copy of which is attached as Exhibit 6. On April 3, 2017, the Plaintiff's grievance was denied, as indicated on Exhibit 7, a copy of which is attached hereto.

33. As of April 3, 2017 all of Plaintiff's administrative remedies had been exhausted.

## COUNT 1 - FAILURE TO PROVIDE ADEQUATE MEDICAL TREATMENT

34. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 29 as if fully restated herein.

35. Defendants, with knowledge of the Plaintiff's medical needs, and/or with deliberate indifference to such medical needs, have acted or failed to act in such a manner as to prevent Plaintiff from obtaining needed medical treatment and care and /or to prevent needed

medical treatment and care from reaching Plaintiff, thus endangering Plaintiff's health and well-being. Such acts and omissions of the Defendants violate rights secured to the Plaintiff under the Fifth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution.

36. Defendants, with knowledge of Plaintiff's medical needs have and had a duty under the Fifth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution to provide needed medical care to inmates of the Stateville Correctional Center in conformity with the standards of delivery of such medical care in the state of Illinois as a whole.

37. Defendants, with knowledge of the Plaintiff's medical needs, and/or with deliberate indifference to such medical needs, have acted or failed to act in such a manner as to provide medical care to Plaintiff in conformity with the standard for delivery of such medical care in the state of Illinois as a whole and have in fact provided medical care which does not meet such standards, thus having endangered Plaintiff's health and well-being in violation of rights secured to the Plaintiff under the Fifth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution.

38. Defendants, knowing of the medical needs of Plaintiff, and knowing also of the inadequacies and deficiencies in the medical facilities staffing and procedures at Stateville Correctional Center, have a duty under the Fifth, Eighth, Ninth and Fourteenth Amendments to establish and implement policies, practices and procedures designed to assure that Plaintiff received medical care and treatment in conformity with the standards for delivery of such medical care and treatment in the state of Illinois as a whole.

39. Defendants, knowing of the medical needs of Plaintiff, and with deliberate indifference to the inadequacies and deficiencies in the medical facilities, staffing and procedures at Stateville Correctional Center, have failed and neglected to establish and implement policies, practices, and procedures designed to assure that Plaintiff receive medical treatment and care at

the standards in Illinois as a whole, or have adopted policies, practices and procedures which Defendants knew, or reasonably should have known, would be ineffective in delivering medical treatment and care at such standards, thus endangering Plaintiff's health and well-being in violation of rights secured to the Plaintiff under the Fifth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution.

40. Defendants, knowing of the medical needs of the p Plaintiff have a duty under the Fifth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution to instruct, supervise and train their employees and agents to have assured the delivery of medical care to Plaintiff which was consistent with the standards of medical care in the state of Illinois as a whole.

41.. Defendants, knowing of the medical needs of Plaintiff, and with deliberate indifference to such needs, have failed to instruct, supervise and train their employees and agents in such a manner as to assure the delivery of medical care to plaintiff which is consistent with the standards of medical care in the state of Illinois as a whole, thus having endangered Plaintiff's health and well-being in violation of rights secured to the Plaintiff under the Fifth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution.

42. The Defendants' above mentioned actions and/or omissions were negligent and/or reckless and/or intentional.

43. Defendants' above mentioned actions and/or omissions were committed under color of law and/or pursuant to policies, customs, practices, rules, regulations, ordinances, statutes and/or usages in the state of Illinois, the IDOC, Defendant Wexford Health Sources, Inc. and/or the Stateville Correctional Center.

44. As a direct and proximate result of the above and described actions and omissions of the Defendants, plaintiff has suffered general damages in amounts in excess of $75,000.00 exclusive of interest and costs, the exact amounts of which will be proven at trial.

WHEREFORE, Plaintiff prays for relief as follows:

1. That the court award general damages to Plaintiff;

2. That the court award punitive damages to Plaintiff;

3. That Defendants be required to pay legal costs and expenses in this action, including reasonable provision for Plaintiff's attorney fees; and

4. That the court grant such further and additional relief that is appropriate.

Plaintiff demands trial by Jury.

JIMMIE DALE MILLER

BY: /s/ Orin S. Rotman

Orin S. Rotman
Stein & Rotman
77 W. Washington St. #1105
Chicago, IL 60602
(312) 236-5375 Tel.
(312) 236-4353 Fax
orotman@steinrotman.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing pleading was served via the court's electronic filing system on all counsel of record on the 16 th day of April, 2019.

/s/ Orin S. Rotman

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| JIMMIE DALE MILLER, K-79113<br><br>Plaintiff,<br><br>vs.<br><br>JOHN BALDWIN, DR. LOUIS SHICKER, DR. STEVE MEEKS, JACQUELINE LASHBROOK, KAREN JAIMET, LARUE LOVE, CHRISTOPHER SCOTT THOMPSON, DEREK FLATT, RHONDA MCWILLIAMS, ROSE LOOS, CHRISTINE BROWN, WEXFORD HEALTH SOURCES, INC., DR. MICHAEL SCOTT, DR. ALBERTO BUTALID, DR. VALLABHANENI, ANGEL RECTOR, and LIEUTENANT PIERCE ,<br><br>Defendants. | ) | CIVIL NO. 17-cv-859-NJR-DGW |

**NINTH AMENDED COMPLAINT**

Plaintiff Jimmie Dale Miller ("Plaintiff"), for his Ninth Amended Complaint, states as follows:[1]

**JURISDICTION**

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 2201 and 2202. The substantive claims in this action arise under 42 U.S.C. § 1983 and the Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events that give rise to Plaintiff's claims took place within the Southern District of Illinois.

[1] Plaintiff is filing this Ninth Amended Complaint as his Eighth Amended Complaint inadvertently included Christopher Smith, LaDonna Long and Laura LeCrone, who were dismissed after the Court found that Plaintiff failed to exhaust administrative remedies as to those individuals. *See* Document 131.

EXHIBIT
D

3. This Court has authority pursuant to 42 U.S.C. § 1983 to award appropriate actual, consequential, compensatory and punitive damages, and has authority under 42 U.S.C. § 1988 to award attorney fees and costs to successful civil rights plaintiffs.

**PARTIES**

4. Plaintiff is a citizen of the United States and a resident of Sumner, Illinois. At all times pertinent to this action Plaintiff was and has been incarcerated at the Pinckneyville Correctional Center within the custody and control of the Defendants and their employees.

5. Defendant John Baldwin is a resident of the state of Illinois and is and always has been, at all times pertinent to this action, the Director of the Illinois Department of Corrections (referred to herein as IDOC). Defendant John Baldwin is responsible for the administration, operation and supervision of state corrections institutions and facilities within the state of Illinois, including the Pinckneyville Correctional Center, and for the promulgation and enforcement of rules, regulations, policies and practices relevant to such institutions. Defendant John Baldwin is sued individually and in his official capacity.

6. Defendant Dr. Louis Shicker is a resident of the state of Illinois and is and always has been, at all times pertinent to this action, the Medical Director for IDOC. Defendant Dr. Louis Shicker is responsible for the administration, operation and supervision of the medical services provided within the state corrections institutions and facilities within the state of Illinois, including Pinckneyville Correctional Center, and for the promulgation and enforcement of rules, regulations, policies and practices relevant to the medical provided to such institutions. Defendant Dr. Louis Shicker is sued individually and in his official capacity.

7. Defendant Dr. Steve Meeks is a resident of the state of Illinois and is and always has been, at all times pertinent to this action, the Chief of Health Services for IDOC. Defendant

Dr. Steve Meeks is responsible for overseeing and implementing health services within the state corrections institutions and facilities within the state of Illinois, including Pinckneyville Correctional Center. Defendant Dr. Steve Meeks is sued individually and in his official capacity.

8. Defendant Jacqueline Lashbrook is a resident of the state of Illinois and was, at some times pertinent to this action, the Warden for the Pinckneyville Correctional Center. Defendant Jacqueline Lashbrook was responsible for the administration, operation and supervision of Pinckneyville Correctional Center staff and facilities, the custody and control of Pinckneyville Correctional Center inmates and for the enforcement of rules, regulations, policies and practices relevant to them. Defendant Jacqueline Lashbrook is sued individually and in her official capacity.

9. Defendant Karen Jaimet is a resident of the state of Illinois and is the current Warden for the Pinckneyville Correctional Center. Defendant Karen Jaimet is responsible for the administration, operation and supervision of Pinckneyville Correctional Center staff and facilities, the custody and control of Pinckneyville Correctional Center inmates and for the enforcement of rules, regulations, policies and practices relevant to them. Defendant Karen Jaimet is sued individually and in her official capacity.

10. Defendant Larue Love is a resident of the state of Illinois and is and always has been, at all times pertinent to this action, the Assistant Warden for the Pinckneyville Correctional Center. Defendant Larue Love is responsible for the administration, operation and supervision of Pinckneyville Correctional Center staff and facilities, the custody and control of Pinckneyville Correctional Center inmates and for the enforcement of rules, regulations, policies and practices relevant to them. Defendant Larue Love is sued individually and in his or her official capacity.

11. Defendant Christopher Scott Thompson is a resident of the state of Illinois and is and always has been, at all times pertinent to this action, the Assistant Warden for the Pinckneyville Correctional Center. Defendant Christopher Scott Thompson is responsible for the administration, operation and supervision of Pinckneyville Correctional Center staff and facilities, the custody and control of Pinckneyville Correctional Center inmates and for the enforcement of rules, regulations, policies and practices relevant to them. Defendant Christopher Scott Thompson is sued individually and in his official capacity.

12. Defendant Derek Flatt is a resident of Illinois and is and always has been, at all times pertinent to this action, the Grievance Officer for the Pinckneyville Correctional Center. Defendant Derek Flatt is responsible for reviewing grievances filed by the inmates and making a recommendation to his supervisors as to how to resolve each grievance. Defendant Derek Flatt is sued individually and in his official capacity.

13. Defendant Rhonda McWilliams is a resident of Illinois and is and always has been, at all times pertinent to this action, a Counselor for the Pinckneyville Correctional Center. Defendant Rhonda McWilliams is sued individually and in her official capacity.

14. Defendant Rose Loos is a resident of Illinois and is and always has been, at all times pertinent to this action, a Counselor for the Pinckneyville Correctional Center. Defendant Rose Loos is sued individually and in her official capacity.

15. Defendant Christine Brown is a resident of Illinois and is and always has been, at all times pertinent to this action, the Healthcare Administrator for the Pinckneyville Correctional Center. Defendant Christine Brown is sued individually and in her official capacity.

16. Defendant Wexford Health Sources, Inc. is a Pennsylvania corporation and is and always has been, at all times pertinent to this action, is a third-party contractor retained by IDOC

to provide medical and health services to the state corrections institutions and facilities within the state of Illinois, including the Pinckneyville Correctional Center. Defendant Wexford Health Sources, Inc. employs the doctors, nurses and other medical personnel who provide medical and health services at the Pinckneyville Correctional Center.

17. Defendant Dr. Michael Scott is a resident of the state of Illinois and a licensed physician. Defendant Dr. Michael Scott is or was employed by Defendant Wexford Health Sources, Inc. and was, at some time pertinent to this action, the Medical Director at the Pinckneyville Correctional Center. Defendant Dr. Michael Scott is sued individually and in his official capacity.

18. Defendant Dr. Alberto Butalid is a resident of the state of Illinois and a licensed physician. Defendant Dr. Butalid is employed by Defendant Wexford Health Sources, Inc. and is the Medical Director at the Pinckneyville Correctional Center. Defendant Dr. Alberto Butalid is sued individually and in his official capacity.

19. Defendant Dr. Vallabhaneni is a resident of the state of Illinois and a licensed physician. Upon information and belief, Defendant Dr. Vallabhaneni used the alias, Dr. Rao, while working at the Pinckneyville Correctional Center. Defendant Dr. Vallabhaneni is or was employed by Defendant Wexford Health Sources, Inc. and was, at some time pertinent to this action, the psychiatrist at the Pinckneyville Correctional Center. Defendant Dr. Vallabhaneni is sued individually and in his official capacity.

20. Defendant Angel Rector is a resident of the state of Illinois and a licensed Nurse Practitioner. Defendant Angel Rector is employed by Defendant Wexford Health Sources, Inc. and is and always has been, at all times pertinent to this action, a Nurse Practitioner at the

Pinckneyville Correctional Center. Defendant Angel Rector is sued individually and in her official capacity.

21. Defendant Lieutenant Pierce is a resident of Illinois and is and always has been, at all times pertinent to this action, a Correctional Officer at the Pinckneyville Correctional Center. Defendant Lieutenant Pierce is sued individually and in his official capacity.

## FACTS

22. On August 13, 2016, while incarcerated at Stateville Correctional Center in Crest Hill, Illinois, Plaintiff sent written correspondence to Defendant Dr. Louis Shicker and Defendant Wexford Health Sources, Inc. regarding his medical conditions and the inadequate medical care he was receiving at Stateville Correctional Center.

23. Commencing on or about September 1, 2016, Plaintiff was transferred to the Pinckneyville Correctional Center in Pinckneyville, Illinois from the Stateville Correctional Center.

24. As of September 1, 2016, Plaintiff was suffering from the effects of Type II Diabetes, Hepatitis C, Bi Polar Disorder, Acute Depression and Insomnia. Plaintiff was also having issues with his vision and his prescribed eyeglasses.

25. As of September 1, 2016, Plaintiff was in need of specialized medical treatment and care to monitor his symptoms and alleviate the discomfort he was experiencing, including pain in his kidney area and left eye.

26. Plaintiff initially was seen by Defendant Dr. Michael Scott, who ordered that Plaintiff undergo an x-ray of his left side and some blood work. According to Defendant Dr. Michael Scott, the x-ray and blood work were normal.

27. Despite the findings of Defendant Dr. Michael Scott, Plaintiff continued to suffer pain in his kidney area and left eye. Defendant Dr. Michael Scott refused to appropriately treat Plaintiff for his diabetes and/or Hepatitis C.

28. On October 31, 2016, Plaintiff was taken to segregation after being involved in an altercation with his cell mate. His prescription eyeglasses were left behind in his cell.

29. Plaintiff requested that Defendant Jacqueline Lashbrook and LaDonna Long, a licensed practical nurse at Pinckneyville Correctional Center, help retrieve his eyeglasses. Defendant Jacqueline Lashbrook and LaDonna Long assured Plaintiff that his eyeglasses would be retrieved from his cell. Defendant Jacqueline Lashbrook and LaDonna Long never retrieved Plaintiff's eyeglasses. Plaintiff went without eyeglasses for over a year because the facility did not have an optometrist, and Plaintiff had to be taken to an outside facility to replace his eyeglasses.

30. Similarly, in September or October 2016, Plaintiff saw Defendant Dr. Vallabhaneni, who was the psychiatrist at Pinckneyville Correctional Center. Defendant Dr. Vallabhaneni informed Plaintiff that he did not need any prescription medications for his psychological issues. Since being removed from his prescription medications, Plaintiff has been suffering from fits of anger, severe mood swings and insomnia.

31. Plaintiff approached Defendant Rose Loos and Christopher Smith, a Mental Health Specialist at Pinckneyville Correctional Center, about seeing a physician so that he could be put back on his prescription medications and obtain treatment for his Hepatitis C. Defendant Rose Loos and Christopher Smith assured him that he would be able to see an optometrist. Both Defendant Rose Loos and Christopher Smith never made arrangements for Plaintiff to see a

physician. Plaintiff was not put back on his prescription medication until April 2017 after several months in solitary confinement for fits of anger and aggressiveness.

32. On January 23, 2017, Plaintiff sent a correspondence to Defendants John Baldwin, Defendant Wexford Health Sources, Inc., Defendant Karen Jaimet and Defendant Larue Love regarding the insufficient medical care he was receiving at Pinckneyville Correctional Center. *See* Document 1-01. The correspondence was ignored by the Defendants.

33. On January 19, 2017, Plaintiff sent a correspondence to Defendant Rhonda McWilliams regarding the fact that Defendants, including Defendant Derek Flatt, were intentionally losing or misplacing or wrongfully denying his legitimate grievances. The correspondence was ignored by the Defendant Rhonda McWilliams.

34. On June 4, 2017, Plaintiff submitted two emergency sick call requests to the Health Care Unit.

35. On June 13, 2017, Plaintiff was finally escorted to sick call by Defendant Lieutenant Piece and saw a female nurse. *See* Document 117-2. During that sick call visit, Defendant Lieutenant Pierce failed to leave the examination room in an attempt to harass Plaintiff and prevent him from receiving necessary medical attention. *Id.* The female nurse failed to appropriately treat Plaintiff for his medical conditions despite knowing that he was suffering from kidney issues. *Id.* The female nurse also informed Plaintiff that Pinckneyville Correctional Center did not have an eye doctor for him to see. *Id.*

36. On June 24, 2017, Plaintiff sent a correspondence to Defendants Karen Jaimet, Defendant Larue Love, Defendant Christopher Scott Thompson, Defendant Dr. Steve Meeks, Laura LeCrone, a registered nurse at Pinckneyville Correctional Center, and Defendant Christine

Brown regarding the insufficient medical care he was receiving at Pinckneyville Correctional Center. See Document 1-01. The correspondence was ignored by the Defendants.

37. Plaintiff notified Defendant Angel Rector that he was seeking treatment for his Hepatitis C and a vaccination for Hepatitis A and B. After several months, Plaintiff saw Defendant Dr. Alberto Butalid, who told him that ".8" was his current fibrosis level. Defendant Dr. Alberto Butalid failed to explain the significance of Plaintiff's fibrosis level and refused to properly treat him for Diabetes and/or Hepatitis C.

38. Despite Plaintiff's serious medical conditions, he has not seen a physician for his Type II Diabetes and Hepatitis C since seeing Defendant Dr. Alberto Butalid in February 2017. Plaintiff has specifically requested medical treatment from each Defendant listed above and all requests were ignored.

39. Plaintiff is informed and believes, upon such information and belief alleges, that the Defendants have taken virtually no actions to address his serious medical conditions and/or that any such actions have been and will be so delayed as to aggravate Plaintiff's medical problems.

40. Plaintiff has exhausted all administrative remedies by initiating and/or filing numerous grievances arising from the above, all of which have been denied and/or ignored by the Defendants. See Documents 1-01 and 1-02.

41. Specifically, Plaintiff was told by Mr. Hoch that the Pinckneyville Correctional Center does not respond to inmates grievances, including grievances regarding medical treatment. Defendant Rhonda McWilliams refused to accept Plaintiff's legitimate grievances pertaining to his serious health conditions. Defendant Jacqueline Lashbook, Defendant Karen Jaimet, Defendant Larue Love, Defendant Christopher Scott Thompson, Defendant Rose Loos

and Defendant Derek Flatt all ignored, intentionally lost and/or wrongfully denied Plaintiff's legitimate grievances regarding his serious health conditions.

42. Defendant Dr. Alberto Butalid has refused and/or failed to treat Plaintiff for Hepatitis C. *See* Document 124-1.

43. Plaintiff has informed LaDonna Long that he needs to be treated for Hepatitis C. LaDonna Long assured Plaintiff that she would review Plaintiff's medical charts. On multiple occasions, LaDonna Long has informed Plaintiff that his medical charts indicate that he has received treatment for Hepatitis C every six months for the past two years. Plaintiffs has stressed to LaDonna Long that his medical charts are incorrect as he has not seen a physician for Hepatitis C treatment.

**COUNT I – FAILURE TO PROVIDE ADEQUATE MEDICAL TREATMENT**

(Alleged against all Defendants)

44. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 43 as if fully restated here.

45. Defendants, with knowledge of Plaintiff's medical needs, and/or with deliberate indifference to such medical needs, have acted or failed to act in such manner as to prevent Plaintiff from obtaining needed medical treatment and care and/or to prevent needed medical treatment and care from reaching Plaintiff thus endangering Plaintiff's health and well-being. Such acts and omissions of the Defendants violate rights secured to the Plaintiff under the Fifth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution.

46. Defendants, with knowledge of Plaintiff's medical needs have a duty under the Fifth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution to provide

needed medical care to inmates of the Pinckneyville Correctional Center in conformity with the standards for delivery of such medical care in the state of Illinois as a whole.

47. Defendants, with knowledge of Plaintiff's medical needs, or with deliberate indifference to such medical needs, acted or failed to act in such a way as to provide medical care to Plaintiff in conformity with the standard for delivery of such medical care in the state of Illinois as a whole and have in fact provided medical care which does not meet such standards thus endangering Plaintiff's health and well-being in violation of rights secured to Plaintiff by the Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution.

48. Defendants, knowing of the medical needs of Plaintiff, and knowing also of the inadequacies and deficiencies in the medical facilities staffing and procedures at Pinckneyville Correctional Center, have a duty under the Fifth, Eighth, Ninth, and Fourteenth Amendments to establish and implement policies, practices and procedures designed to assure that Plaintiff receive medical care and treatment in conformity with the standards for delivery of such medical care and treatment in the state of Illinois as a whole.

49. Defendants, knowing of the medical needs of Plaintiff, and with deliberate indifference to the inadequacies and deficiencies in the medical facilities, staffing and procedures at Pinckneyville Correctional Center, have failed and neglected to establish and implement policies, practices, and procedures designed to assure that plaintiff receive medical treatment and care at the standards in Illinois as a whole, or have adopted policies, practices and procedures which Defendants knew, or reasonably should have known, would be ineffective in delivering medical treatment and care at such standards, thus endangering Plaintiff's health and wellbeing in violation of rights secured to Plaintiff by the Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution.

50. Defendants, knowing of the medical needs of Plaintiff have a duty under the Fifth, Eighth, Ninth, and Fourteenth Amendments of the Constitution of the United States to instruct, supervise and train their employees and agents to assure the delivery of medical care to Plaintiff which is consistent with the standards of medical care in the state of Illinois as a whole.

51. Defendants, knowing of the medical needs of Plaintiff or with deliberate indifference to such needs, have failed to instruct, supervise, and train their employees and agents in such a manner as to assure the delivery of medical care to Plaintiff which is consistent with the standards of medical care in the state of Illinois as a whole thus endangering Plaintiff's health and well-being in violation of rights secured to Plaintiff by the Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution.

52. The Defendants' above-mentioned actions and/or omissions were negligent and/or reckless and/or intentional.

53. The Defendants' above-mentioned actions and/or omissions were committed under color of law and/or pursuant to policies, customs, practices, rules, regulations, ordinances, statutes and/or usages of the state of Illinois, the IDOC, Defendant Wexford Health Sources, Inc. and/or the Pinckneyville Correctional Center.

54. Plaintiff has no adequate and sufficient remedy at law with which to address the wrongs alleged in this complaint and will continue to suffer irreparable injury from the conduct of Defendants unless they are granted the equitable relief prayed for.

55. As a direct and proximate result of the above described actions and omissions of Defendants, Plaintiff has suffered general damages in amounts in excess of $75,000.00 exclusive of interest and costs, the exact amounts of which will be proven at trial.

WHEREFORE, Plaintiff prays for relief as follows:

1. That the Court determine and enter judgment declaring that the acts and omissions of the Defendants, as set forth above, violate rights secured to Plaintiff by the Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution.

2. That upon hearing, the Court issue a preliminary and permanent injunction:

A. Enjoining the Defendants, their employees, agents, and successors in office from providing medical care and treatment to Plaintiff that is inconsistent with the standards of medical care and treatment in the state of as a whole;

B. Enjoining the Defendants, their employees, agents, and successors in office from refusing to provide and/or delaying provision of necessary medical treatment and care to Plaintiff, including special diabetic creams and lotions, special diabetic diet, diabetic shoes and an Accu Check device to monitor his blood sugar, either at suitable and adequate facilities within the Pinckneyville Correctional Center or elsewhere;

C. Enjoining the Defendants and their successors in office from failing to instruct, supervise, and train their employees and agents in such a manner as to assure the delivery of medical treatment and care to Plaintiff which is consistent with the standards of medical care in the state of Illinois as a whole;

D. Compelling Defendants, their employees, agents, and successors in office to immediately treat Plaintiff for Hepatitis C and for the pain in his left kidney;

3. That the Court award general damages to Plaintiff;

4. That the Court award punitive damages to Plaintiff;

5. That the Defendants be required to pay the legal costs and expenses in this action, including reasonable provision for Plaintiff's attorney's fees; and

6. That the Court grant such further and additional relief that is appropriate.

*/s/ Patrick E. Foppe*
Patrick E. Foppe #6282882
LASHLY & BAER, P.C.
714 Locust Street
St. Louis, MO 63101
(314) 621-2939 – Telephone
(314) 621-6844 – Facsimile

20 East Main Street
Belleville, IL 62220-1602
(618) 233-5587 – Telephone
pfoppe@lashlybaer.com

*Attorneys for Plaintiff Jimmie Dale Miller*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing pleading was served via the Court's electronic filing system on all counsel of record on the 22nd day of August, 2019.

*/s/ Patrick E. Foppe*

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**INTERNET INMATE STATUS**
AS OF: Tuesday, October 6, 2020

K79113 - MILLER, JIMMIE

| | |
|---|---|
| **Parent Institution:** | LAWRENCE CORRECTIONAL CENTER |
| **Offender Status:** | PAROLE |
| **Location:** | PAROLE DISTRICT 1 |

## PHYSICAL PROFILE

| | |
|---|---|
| **Date of Birth:** | 06/25/1968 |
| **Weight:** | 198 lbs. |
| **Hair:** | Black |
| **Sex:** | Male |
| **Height:** | 5 ft. 09 in. |
| **Race:** | Black |
| **Eyes:** | Brown |

## MARKS, SCARS, & TATTOOS

SCAR, FINGER(S), LEFT HAND -
TATTOO, ARM, LEFT UPPER - TRIBAL
SCAR, HAND, RIGHT -

## ADMISSION / RELEASE / DISCHARGE INFO

| | |
|---|---|
| **Admission Date:** | 06/16/2016 |
| **Parole Date:** | 06/22/2020 |
| **Projected Discharge Date:** | 06/22/2023 |

## SENTENCING INFORMATION

| | |
|---|---|
| MITTIMUS: | 16CR0826302 |
| CLASS: | 2 |
| COUNT: | 1 |
| OFFENSE: | BURGLARY |
| CUSTODY DATE: | 05/14/2016 |
| SENTENCE: | 8 Years 0 Months 0 Days |
| COUNTY: | COOK |
| SENTENCE DISCHARGED?: | NO |
| | |
| MITTIMUS: | 15CR1050201 |
| CLASS: | 2 |
| COUNT: | 1 |
| OFFENSE: | BURGLARY |
| CUSTODY DATE: | 06/11/2016 |
| SENTENCE: | 6 Years 0 Months 0 Days |
| COUNTY: | COOK |
| SENTENCE DISCHARGED?: | NO |
| | |
| MITTIMUS: | 08CR1300001 |
| CLASS: | 2 |
| COUNT: | 1 |
| OFFENSE: | BURGLARY |
| CUSTODY DATE: | 04/25/2007 |
| SENTENCE: | 13 Years 0 Months 0 Days |
| COUNTY: | COOK |
| SENTENCE DISCHARGED?: | YES |
| | |
| MITTIMUS: | 07CR1917701 |
| CLASS: | 2 |
| COUNT: | 1 |
| OFFENSE: | BURGLARY |
| CUSTODY DATE: | 04/25/2007 |
| SENTENCE: | 13 Years 0 Months 0 Days |
| COUNTY: | COOK |
| SENTENCE DISCHARGED?: | YES |
| | |
| MITTIMUS: | 07CR1449901 |
| CLASS: | 2 |
| COUNT: | 1 |
| OFFENSE: | BURGLARY |
| CUSTODY DATE: | 04/25/2007 |
| SENTENCE: | 13 Years 0 Months 0 Days |
| COUNTY: | COOK |
| SENTENCE DISCHARGED?: | YES |
| | |
| MITTIMUS: | 07CR1449801 |
| CLASS: | 2 |
| COUNT: | 1 |
| OFFENSE: | BURGLARY |
| CUSTODY DATE: | 04/25/2007 |
| SENTENCE: | 13 Years 0 Months 0 Days |
| COUNTY: | COOK |
| SENTENCE DISCHARGED?: | YES |
| | |
| MITTIMUS: | 07CR1449701 |
| CLASS: | 2 |
| COUNT: | 1 |
| OFFENSE: | BURGLARY |
| CUSTODY DATE: | 04/25/2007 |
| SENTENCE: | 13 Years 0 Months 0 Days |
| COUNTY: | COOK |
| SENTENCE DISCHARGED?: | YES |
| | |
| MITTIMUS: | 06CF344 |
| CLASS: | 4 |
| COUNT: | 1 |
| OFFENSE: | RECK CONDUCT/GREAT BODILY HARM |
| CUSTODY DATE: | 07/12/2006 |
| SENTENCE: | 1 Years 0 Months 0 Days |
| COUNTY: | JEFFERSON |
| SENTENCE DISCHARGED?: | YES |
| | |
| MITTIMUS: | 03CR0924101 |
| CLASS: | 2 |
| COUNT: | 1 |
| OFFENSE: | BURGLARY |
| CUSTODY DATE: | 04/12/2003 |
| SENTENCE: | 5 Years 0 Months 0 Days |

tabbies EXHIBIT E

| | |
|---|---|
| COUNTY: | COOK |
| SENTENCE DISCHARGED?: | YES |
| | |
| MITTIMUS: | 99CR1558201 |
| CLASS: | 3 |
| COUNT: | 1 |
| OFFENSE: | AGG BATTERY/GREAT BODILY HARM |
| CUSTODY DATE: | 06/21/1999 |
| SENTENCE: | 6 Years 0 Months 0 Days |
| COUNTY: | COOK |
| SENTENCE DISCHARGED?: | YES |
| | |

The information made available on this database service is for the general public and law enforcement to promote the interest of public safety. The best effort has been made to ensure that information published is true and complete, however the information can quickly change. Accordingly, before making any assumption that said information is factual and complete, please send written correspondence to the Illinois Department of Corrections- Public Information Office, 1301 Concordia Court, P.O. Box 19277, Springfield, IL 62794-9277. Please see the Illinois Department of Corrections full disclaimer page for important information.

**conduct another search**
return to the IDOC homepage

Illinois Department of Corrections
1301 Concordia Court, PO Box 19277
Springfield, Illinois, 62794-9277
217-558-2200 | 800-546-0844 TDD

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JIMMIE DALE MILLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 20-cv-446-NJR** |
| | ) | |
| **DIRCTOR OF CENTRAL MANAGEMENT SERVICES, *et al.*,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court to assign new counsel to Plaintiff. For the reasons previously stated, and in accordance with 28 U.S.C. § 1915(e)(1) and Local Rule(s) 83.1(i) and 83.9(b), attorney **Michael S. Shinsky** of Kralovec, Jambois & Schwartz, is **ASSIGNED** to represent Plaintiff in this civil rights case. On or before **October 6, 2020**, assigned counsel shall enter his appearance in this case. Attorney Shinsky is free to share responsibilities with an associate who is also admitted to practice in this district court. Assigned counsel, however, must enter the case and shall make first contact with Plaintiff, explaining that an associate may also be working on the case. Plaintiff should wait for his attorney to contact him in order to allow counsel an opportunity to review the court file.

The Clerk of Court is **DIRECTED** to transmit this Order and a copy of the docket sheet to attorney Shinsky. The electronic case file is available through the Case Management/Electronic Case Filing ("CM/ECF") system.

Now that counsel has been assigned, Plaintiff shall not personally file anything in this case, except a pleading that asks that he be allowed to have counsel withdraw from representation.



EXHIBIT
F

If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will appoint other counsel to represent Plaintiff.

All pending motions filed by Plaintiff *pro se* are **DENIED without prejudice** so that assigned counsel can evaluate how to proceed. Once counsel has entered and reviewed Plaintiff's case, counsel may re-file any motion he deems necessary.

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures.

Plaintiff and his counsel are **ADVISED** that, because Plaintiff is proceeding *in forma pauperis*, if there is a monetary recovery in this case (either by verdict or settlement), any unpaid out-of-pocket costs must be paid from the proceeds. *See* SDIL-LR 3.1(c)(1). If there is no recovery in the case (or the costs exceed any recovery), the Court has the discretion to reimburse expenses.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses, as funds are available. The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement. Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived. *See* SDIL-LR 83.13. The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. The Court has no authority to pay attorney's fees in this case. No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed. Assigned counsel may move for an exemption from PACER fees for this case.

The district court has entered into an agreement with attorney James P. Chapman and the

Illinois Institute for Community Law to consult with lawyers on issues in these cases, including substantive and procedural questions (both legal and practical) and dealing with the client. Mr. Chapman can be reached by phone at (312) 593-6998 or email at JamesPChapman@aol.com. His services are available to you free of charge, as long as you are representing a prisoner *pro bono* on a case in the district. You are also encouraged to view online lectures presented by Mr. Chapman at www.illinoislegaladvocate.org (under "Legal Resources" then "Prisoners' Rights"). In addition, the Court's website, www.ilsd.uscourts.gov, includes a Prison Litigation handbook which is available to you as a resource. It is listed under "Forms" as "Attorney Information - Guide for Attorneys Recruited to Represent Plaintiffs in Section 1983 Cases." The Court encourages you to consult it and Mr. Chapman as needed.

As of this date, Plaintiff's contact information is:

**Jimmie Dale Miller**
**8055 South Houston Ave.**
**Chicago, IL 60617**

**IT IS SO ORDERED.**

**DATED: September 23, 2020**

s/ *Nancy J. Rosenstengel*
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**