**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JIMMIE DALE MILLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 20-cv-446-NJR** |
| | ) | |
| | ) | |
| **WEXFORD HEALTH SOURCES, INC.,** | ) | |
| ***et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# INITIAL SCHEDULING AND DISCOVERY ORDER

**ROSENSTENGEL, Chief Judge:**

This case is now past the threshold review of the complaint under 28 U.S.C. § 1915A, and Defendants have answered. The following deadlines and procedures will apply to this case.

## I. Filing Fee

Plaintiff was assessed an initial partial filing fee of $11.89. (Doc. 7). The Court notes that Plaintiff paid the initial partial filing fee in full.

## II. Initial Disclosures and Pretrial Filings

**A.** Plaintiff shall have until **February 19, 2021,** to produce to Defendants the following information related to Plaintiff's allegations:

1. Names of persons with knowledge of the incidents and a short description of the subject of their knowledge;
2. A statement of the injuries Plaintiff has suffered and the relief he seeks; and
3. A signed release for medical records.

**B.** Defendants shall have until **March 8, 2021,** to produce to Plaintiff copies of the following documents and information related to Plaintiff's allegations:

1. Incident reports;

2. Grievances, along with any responses or other related materials, such as grievance logs and counselor's notes;

3. Disciplinary tickets, along with any documents related to the resolution of the tickets;

4. Plaintiff's cumulative counseling summary or other log of interactions with staff during the relevant time;

5. Reports and/or statements of persons with knowledge of the incidents;

6. Names of persons with knowledge of the incidents and a short description of the subject of their knowledge, to the extent this information is not included in the documents produced to Plaintiff; and

7. Copies of relevant medical records.

**Defendants may object to the production of the above for specific security or other concerns.**

## III. Unknown/John Doe Defendant – Director of Central Management Services

Defendants shall promptly provide Plaintiff with information identifying the Director of Central Management Services. Plaintiff shall have until **March 19, 2021,** to file a motion to substitute a specific Defendant for the Defendant currently identified on the docket as the Director of Central Management Services. **Failure to file a motion to substitute by this date will result in the dismissal of this Defendant without prejudice.**

## IV. Amendments to the Complaint

Plaintiff shall have until **April 21, 2021,** to file a motion for leave to amend the complaint to include any additional claims or parties. **Failure to file a motion for leave to amend by this date will likely bar further amendment of the complaint, except for good cause shown.**

## V. Exhaustion of Administrative Remedies

Under Federal law, a prisoner must exhaust available administrative remedies *before* filing a lawsuit that challenges prison conditions. 42 U.S.C. § 1997e(a). Here, there appears to be an issue about whether Plaintiff has met his statutory exhaustion requirement.

**A.** Defendants shall have until **May 19, 2021,** to file a motion for summary judgment on the issue of exhaustion of administrative remedies. Along with the motion, Defendants shall serve upon Plaintiff copies of all relevant grievances; all responses to those grievances, including grievance counselor responses and determinations by the Administrative Review Board; any relevant grievance counselor logs; and/or any other relevant documents in their possession concerning exhaustion of the pending claims in this case. **If Defendants decide prior to the deadline that they will not pursue an affirmative defense on this issue, they shall promptly file a motion to withdraw the affirmative defense.**

**B.** In responding to the motion, Plaintiff shall serve upon Defendants copies of all documents in his possession relevant to the issue of exhaustion. Plaintiff also should include a description of any additional steps he took to exhaust administrative remedies not reflected in the materials produced to the Court. This description should include the dates additional steps were taken, the name of any individual involved in the process, and whether any response was provided. **Plaintiff is WARNED that the failure to respond to the motion for summary judgment may result in an Order granting the motion.**

**C.** The Court will await the filing of a motion for summary judgment on exhaustion before determining whether a hearing is necessary on the exhaustion issue.

**VI. Late Appearing Parties**

For any party entering an appearance after the date of this Order:

**A.** Plaintiff shall make the initial disclosures required by Section II(A) of this Order within 30 days from the new party's appearance;

**B.** The new party shall make the initial disclosures required by Section II(B) of this Order within 45 days from its appearance in this case;

**C.** The new party shall have 60 days from the date of its Answer to file a motion for summary judgment for failure to exhaust administrative remedies.

## VII. Discovery

Aside from the initial disclosures required by this Order, discovery on the merits of Plaintiff's claims is **STAYED** until the Court resolves the question of whether he has exhausted his administrative remedies within the meaning of the Prison Litigation Reform Act.

This stay applies to every Defendant regardless of whether that Defendant has moved for summary judgment on the issue of exhaustion. To be clear, **absolutely no discovery on the merits** of any of Plaintiff's claims will take place until after the Court determines whether Plaintiff has exhausted his administrative remedies. Any motions filed regarding discovery on the merits will be summarily denied, with leave to refile after the stay has been lifted.

Once the Court resolves the issue of exhaustion of administrative remedies, or if Defendants decide not to file a motion for summary judgment on the issue of exhaustion, the stay on discovery will be lifted. A second scheduling order will then be entered setting deadlines for discovery, dispositive motions, and trial.

**IT IS SO ORDERED.**

**DATED: 1/19/2021**

**s/ *Nancy J. Rosenstengel***
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**