**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JIMMIE DALE MILLER,<br><br>Plaintiff,<br><br>vs.<br><br>WEXFORD HEALTH SOURCE, INC., et al.,<br><br>Defendants. | ) | No. 3:20-cv-00446-NJR |

**PLAINTIFF'S STATUS REPORT**

Plaintiff Jimmie Dale Miller, by his attorneys, Sean M. Sullivan and Daley Mohan Groble, P.C., submits this status report concerning: (1) plaintiff's present ability to substitute a known individual as defendant "Director of Central Management Services;" (2) the parties' exchange of initial disclosures; (3) plaintiff's expectation of timely filing a motion for leave to file an amended complaint; and (4) plaintiff's request for settlement conference and the defendants' response.

1. Plaintiff filed his *pro se* complaint in this matter on May 14, 2020. (ECF No. 1). The Court assigned undersigned counsel to represent plaintiff on November 17, 2020. (ECF No. 88). The Court entered an Initial Scheduling and Discovery Order (ECF No. 96) (the "Scheduling Order") on January 19, 2021.

***Substitution of Party***

2. In the Scheduling Order the Court directed that plaintiff "shall have until March 19, 2021, to file a motion to substitute a specific Defendant for the Defendant currently identified

on the docket as the Director of Central Management Services" and that "[f]ailure to file a motion to substitute by this date will result in the dismissal of this Defendant without prejudice."

3. In their initial disclosures, state defendants Lorie Cunningham and Rob Jeffreys stated that "there is no position entitled Director of Central Management Services within the Illinois Department of Corrections" and that the "Illinois Department of Central Management Services . . . is an entirely separate state agency."

4. Plaintiff states that at present he is not aware of the name of an individual occupying the role of "Director of Central Management Services" or otherwise serving in a capacity exercising those generally described duties for the Illinois Department of Corrections or the Lawrence Correctional Facility. Plaintiff therefore is not filing a motion for leave to substitute that party at present but reserves the right to move to amend in the event that subsequent investigation and discovery disclose an individual serving in that capacity and facts warranting asserting a claim against that individual.

***Exchange of Initial Disclosures***

5. As directed in the Scheduling Order, plaintiff served his initial disclosures on February 23, 2021 and state defendants Lorie Cunningham and Rob Jeffreys served their initial disclosures on March 5, 2021. The other defendants did not serve initial disclosures and plaintiff presumes that is because they do not possess any of the materials or information required of defendants in the Scheduling Order.

***Expected Motion for Leave to File Amended Complaint***

6. In the Scheduling Order the Court directed that plaintiff "shall have until April 21, 2021, to file a motion for leave to amend the complaint to include any additional claims or

parties. Failure to file a motion for leave to amend by this date will likely bar further amendment of the complaint, except for good cause shown."

7. At present plaintiff anticipates filing a motion for leave to amend the complaint by the required date of April 21, 2021, which will include such new or revised causes of action and/or such additional parties as plaintiff is able to discern based on information presently known either through plaintiff's own knowledge and records or through the limited information and documentation provided by defendants in the initial disclosures required under the Scheduling Order.

8. Plaintiff further notes that, other than the materials and information required in the initial disclosures, the Court has stayed discovery "on the merits of any of Plaintiff's claims" "until after the Court determines whether Plaintiff has exhausted his administrative remedies." Plaintiff anticipates that he will or may seek leave to file further amendments to the complaint after he is allowed to conduct additional discovery.

***Plaintiff's Request for Settlement Conference***

9. At the status conference on January 19, 2021, plaintiff acknowledged his willingness to engage in meaningful global settlement discussions regarding this case two others currently pending and arising out of similar fact patterns related to his medical treatment while in the custody of the Illinois Department of Corrections; and plaintiff further requested a settlement conference with a Magistrate Judge.

10. Plaintiff has made a written global settlement demand to defendants, together with a request that defendants consent to a settlement conference with a Magistrate Judge. The defendants responded that they do not consent to a settlement conference and they did not make

any settlement offer in response to plaintiff's demand.

11. Plaintiff thereafter made another lesser settlement demand without the request for a settlement conference. Defendants have not responded to that subsequent lesser settlement demand.

Respectfully submitted,

JIMMIE DALE MILLER

By: /s/ Sean M. Sullivan
Sean M. Sullivan

Sean M. Sullivan
DALEY MOHAN GROBLE, P.C.
55 West Monroe Street
Suite 1600
Chicago, IL 60603
Phone: (312) 422-9999
Fax: (312) 422-537
ssullivan@daleymohan.com

**CERTIFICATE OF SERVICE**

I, Sean M. Sullivan, an attorney, certify that I caused a true copy of the foregoing **Plaintiff's Status Report** to be served upon the attorneys of record via the Court's ECF filing system on March 19, 2021.

/s/ Sean M. Sullivan
Sean M. Sullivan