**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JIMMIE DALE MILLER,<br><br>Plaintiff,<br><br>vs.<br><br>WEXFORD HEALTH SOURCE, INC., et al.,<br><br>Defendants. | ) | No. 3:20-cv-00446-NJR |

**<u>DEFENDANT CUNNINGHAM'S ANSWER TO PLAINTIFF'S INTERROGATORIES</u>**

NOW COMES Defendant, LORIE CUNNINGHAM, by Kwame Raoul, Attorney General for the State of Illinois, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, and for her Answer to Plaintiff's Interrogatories, state:

**<u>INTERROGATORIES</u>**

1. State the name, employer and job title of the person or persons answering these interrogatories on behalf of Wexford Health Source, Inc. ("Wexford"), and each defendant identify all persons and sources of information consulted or reviewed by that defendant in the course of answering these interrogatories.

**<u>ANSWER</u>: Defendant states that she prepared these answers with counsel.**

2. State the names, employers, job titles and dates of service for all members of the Wexford Medical Advisory Committee (or similarly titled body) for the period from 2015 to 2020.

**<u>ANSWER</u>: Defendant is not employed by Wexford Health Source, Inc. ("Wexford") and therefore does not have adequate knowledge to respond to this interrogatory.**

EXHIBIT

A

exhibitsticker.com

3. Describe the functions, responsibilities and authority of the Wexford Medical Advisory Committee (or similarly titled body) and identify any and all written policies, procedures or materials that establish such functions, responsibilities and authority.

**ANSWER: Defendant is not employed by Wexford and therefore does not have adequate knowledge to respond to this interrogatory.**

4. State the names, employers, job titles and dates of service for all members of the Wexford Utilization Management Committee (or similarly titled body) for the period from 2015 to 2020.

**ANSWER: Defendant is not employed by Wexford and therefore does not have adequate knowledge to respond to this interrogatory.**

5. Describe the functions, responsibilities and authority of the Wexford Utilization Management Committee (or similarly titled body) and identify any and all written policies, procedures or materials that establish such functions, responsibilities and authority.

**ANSWER: Defendant is not employed by Wexford and therefore does not have adequate knowledge to respond to this interrogatory.**

6. Identify all committees, officers, employees or other bodies at Wexford that are responsible in whole or in part for establishing policies and procedures for the provision of medical care to IDOC inmates, and state the name, job title and dates of service of the members of each such committee or body for the period from 2015 to 2020.

**ANSWER: Defendant is not employed by Wexford and therefore does not have adequate knowledge to respond to this interrogatory.**

7. Identify all committees, officers, employees or other bodies at IDOC that are responsible in whole or in part for establishing guidelines, policies and procedures for the provision of medical care to IDOC inmates (including but not limited to the guidelines for care and treatment of Hepatitis C (the "HCV Guidelines")), and state the name, job title and dates of service of the members of each such committee or body for the period from 2015 to 2020.

**ANSWER: Defendant directs Plaintiff to Defendants' Objections to Plaintiff's Interrogatories. Subject to and without waiver of said objections, Defendant states that the Office of Health Services of IDOC, along with vendor staff, have roles in the promulgation of guidelines, policies, and procedures for the provision of medical care to IDOC offenders. Defendant further states that promulgation of guidelines, policies, and procedures for the provision of medical care to offenders is also prepared in consultation with the *Lippert* monitors and the University of Illinois Chicago.**

8. State the name and job title of the person or persons at Wexford responsible for determining and ensuring that the procedures and standards Wexford implements for medical care provided to IDOC inmates, including but not limited to procedures and standards set forth in IDOC guidelines, are consistent with current accepted medical standards and best practices.

**ANSWER: Defendant is not employed by Wexford and therefore does not have adequate knowledge to respond to this interrogatory.**

9. State the name and job title of the person or persons at IDOC responsible for determining and ensuring that the procedures and standards implemented by IDOC or its contract providers for medical care provided to IDOC inmates, including but not limited to procedures and standards set forth in IDOC guidelines, are consistent with current accepted medical standards and best practices.

**ANSWER: Defendant directs Plaintiff to Defendants' Objections to Plaintiff's Interrogatories. Subject to and without waiver of said objections, Defendant states that the Office of Health Services of IDOC, along with vendor staff, have roles in the promulgation of guidelines, policies, and procedures for the provision of medical care to IDOC offenders. Defendant further states that promulgation of guidelines,**

**policies, and procedures for the provision of medical care to offenders is also prepared in consultation with the *Lippert* monitors and the University of Illinois Chicago.**

10. Identify any and all policies or procedures at Wexford covering or addressing any scenario where a Wexford medical professional believes that IDOC guidelines or Wexford procedures involving medical care to IDOC inmates conflict with his or her best medical judgment.

**ANSWER: Defendant is not employed by Wexford and therefore does not have adequate knowledge to respond to this interrogatory.**

11. Identify any and all policies or procedures at IDOC covering or addressing any scenario where an IDOC or contractor medical professional believes that IDOC guidelines involving medical care to IDOC inmates conflict with his or her best medical judgment.

**ANSWER: Defendant denies that any such policy exists.**

13. State the name, job title and employer of the person who determines whether a particular IDOC inmate is eligible for Hepatitis- C treatment.

**ANSWER: Defendant states that an individual medical provider determines whether an offender is in need of Hepatitis C treatment, in accordance with the guidelines, policies, and procedures promulgated by the IDOC Office of Health Services, vendor staff, and the University of Illinois Chicago.**

14. Is there a process for a Wexford medical professional, based on his or her medical judgment, to appeal or override the HCV Guidelines or otherwise to provide Hepatitis C treatment to an IDOC inmate that is deemed to be ineligible for treatment under the HCV Guidelines.

**ANSWER: Defendant is not employed by Wexford and therefore does not have adequate knowledge to respond to this interrogatory.**

15. If the answer to Interrogatory No. 14 is "yes," describe the process, including the persons (or job functions) authorized to appeal or override such guidelines, and the persons (or job functions) that must approve such appeals

**ANSWER:** **Defendant is not employed by Wexford and therefore does not have adequate knowledge to respond to this interrogatory.**

Respectfully submitted,

LORIE CUNNINGHAM,

Defendant,

KWAME RAOUL, Attorney General,
State of Illinois,

Attorney for Defendant,

Tara M. Barnett, #6327008
Assistant Attorney General
201 West Pointe Dr. Suite 7
Swansea, IL 62226
(618) 236-8781
tara.barnett@ilag.gov

BY: s/ Tara M. Barnett
Tara M. Barnett, #6327008
Assistant Attorney General

**STATE OF ILLINOIS**

**COUNTY OF** Lawrence

## ATTESTATION

I, Lorie Cunningham, state that I have read the foregoing Answers to Plaintiff's Interrogatories and that the responses contained therein are true and correct to the best of my information, knowledge, and belief.

Lorie Cunningham

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| JIMMIE DALE MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 20-cv-446-NJR |
| | ) | |
| WEXFORD HEALTH SOURCES, INC, et.al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on, December 16, 2021 the foregoing document, **Defendant Cunningham's Answer to Plaintiff's Interrogatories**, was served via electronic mail to the following:

| | |
|---|---|
| Sean Malone Sullivan | ssullivan@daleymohan.com |
| Joy C. Syrcle | jsyrcle@cassiday.com |
| Joseph N. Rupcich | jrupcich@cassiday.com |
| Keith B. Hill | khill@heylroyster.com |
| Martha Elizabeth Ravenhill | mravenhill@heylroyster.com |

and I hereby certify that on the same date, I caused a copy of the document to be mailed by United States Postal Service to the following:

NONE

s/Tara M. Barnett
Tara M. Barnett, #6327008
Assistant Attorney General
Metro East Office
201 West Pointe Dr., Ste. 7
Belleville, Illinois 62226
(618) 236-8781 Phone
(618) 236-8620 Fax
Email: tara.barnett@ilag.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JIMMIE DALE MILLER, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:20-cv-00446-NJR |
| WEXFORD HEALTH SOURCE, INC., et al., | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

NOW COME Defendants, LORIE CUNNINGHAM, ROB JEFFRIES and THOMAS WELSH, by Kwame Raoul, Attorney General for the State of Illinois, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, respond to Plaintiff's Request for Production of Documents, as follows:

**REQUESTS**

1. The contract between Wexford Health Source, Inc. ("Wexford") and the Illinois Department of Corrections ("IDOC") for Wexford's provision of health care providers or services at IDOC facilities or related to IDOC inmates.

**RESPONSE:** **Defendants defer to the Wexford Health Source, Inc. co-defendants to produce the contract between Wexford Health Source, Inc. and the Illinois Department of Corrections, as Defendants are aware they received the same request for production.**

2. All documents relating to any requests for proposal, contracts, bids or other agreements concerning the provision of medical services to IDOC.

**RESPONSE:** **Defendants object to this request as overbroad in time and scope, vague, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is for "any requests for proposal, contracts, bids, or other agreements concerning the provision of medical services to IDOC" is entirely overbroad and not**



EXHIBIT B

**narrowly tailored to the issues in this case.**

3. A complete copy of the Wexford Medical Policies and Procedures Manualapplicable in the State of Illinois.

**<u>RESPONSE:</u>** **Defendants object to this request as overbroad in time and scope, vague, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. Defendants further object to this request as none of them are employed by Wexford Health Sources, Inc. and, as such, do not have access to the Wexford Medical Policies and Procedures Manual.**

4. A complete copy of the Wexford Utilization Management Policies and Procedures Manual applicable in the State of Illinois.

**<u>RESPONSE:</u>** **Defendants object to this request as overbroad in time and scope, vague, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. Defendants further object to this request as none of them are employed by Wexford Health Sources, Inc. and, as such, do not have access to the Wexford Utilization Management Policies and Procedures Manual.**

5. A complete copy of the IDOC guidelines for the diagnosis and treatment of inmates with Hepatitis C and/or diabetes.

**<u>RESPONSE:</u>** **Defendants object to this request as overbroad in time and scope, vague, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is overbroad and not limited to a specific, relevant time frame. Subject to and without wavier of said objections, Defendants direct Plaintiff to Administrative Directive 04.03.105, Chronic Illnesses, Bates stamped 000792 to 000794 and Hepatitis C Protocol, Bates stamped 000795 to 000807.**

6. All policies, procedures, or protocols regarding Wexford's provision of medical treatment to IDOC inmates, including but not limited to guidelines for referral to specialty clinics or services.

**<u>RESPONSE:</u>** **Defendants object to this request as overbroad in time and scope, vague, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is overbroad and not limited to a specific, relevant time frame. Subject to and without wavier of said objections, Defendants direct Plaintiff to Lawrence Institutional Directive 04.03.103, Offender Health Care Services, Bates stamped 000780 to 000786 and**

**Administrative Directive 04.03.103, Offender Health Care Services, Bates stamped 000787 to 000791.**

7. The IDOC institutional Directives and administrative Directives regarding the provision of medical care to inmates.

**RESPONSE:** **Defendants object to this request as overbroad in time and scope, vague, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is overbroad and not limited to a specific, relevant time frame. Subject to and without wavier of said objections, Defendants direct Plaintiff to Lawrence Institutional Directive 04.03.103, Offender Health Care Services, Bates stamped 000780 to 000786 and Administrative Directive 04.03.103, Offender Health Care Services, Bates stamped 000787 to 000791.**

8. All documents evidencing or relating to Plaintiff Jimmie Miller's medical condition, diagnosis, treatment plan or medical treatment.

**RESPONSE:** **Defendants object to this request as overbroad in time and scope, vague, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is overbroad and not limited to a specific, relevant time frame. Subject to and without waiver of said objection, Defendants direct Plaintiff to his previously produced medical records, Bates stamped 000001 to 000468.**

9. All communications between Wexford or any other defendant and IDOC regarding Plaintiff Jimmie Miller.

**RESPONSE:** **Defendants object to this request as overbroad in time and scope, vague, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is overbroad and not limited to a specific, relevant time frame. Additionally, the request is for "all communications," which is completely overbroad. Subject to and without waiver of said objection, Defendants direct Plaintiff to his previously produced medical records, Bates stamped 000001 to 000468.**

10. All communications between Wexford or any other defendant and IDOC or any outside medical providers, specialists or consultants retarding Plaintiff Jimmie Miller's medical condition, diagnosis, treatment plan, or medical treatment.

**RESPONSE:** **Defendants object to this request as overbroad in time and scope, vague, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is overbroad and not limited to a specific, relevant time frame. Additionally, the request is for "all communications," which is completely overbroad. Subject to and without waiver of said objection, Defendants direct Plaintiff to his previously produced medical records, Bates stamped 000001 to 000468.**

11. All communications between or among employees of Wexford regarding Plaintiff Jimmie Miller's medical condition, diagnosis, treatment plan or medical treatment.

**RESPONSE:** **Defendants object to this request as overbroad in time and scope, vague, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is overbroad and not limited to a specific, relevant time frame. Additionally, the request is for "all communications," which is completely overbroad. Defendants further object to this request as none of them are employed by Wexford.**

13. All documents evidencing or relating to any physician referrals for medical treatment, alternative treatment plans, testing, or consultations in connection with Plaintiff Jimmie Miller.

**RESPONSE:** **Defendants object to this request as overbroad in time and scope, vague, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is overbroad and not limited to a specific, relevant time frame. Additionally, the request is for "all documents," which is completely overbroad. Subject to and without waiver of said objection, Defendants direct Plaintiff to his previously produced medical records, Bates stamped 000001 to 000468.**

14. All documents evidencing or relating to any collegial review discussion of physician referrals for medical treatment, alternative treatment plans, testing, or consultations in connection with Plaintiff Jimmie Miller, including but not limited to collegial review reports and alternative treatment plans.

**RESPONSE:** **Defendants object to this request as overbroad in time and scope, vague, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is overbroad and not limited to a specific, relevant time frame. Additionally, the request is for "all documents," which is completely overbroad.**

**Furthermore, "collegial review" is conducted by employees of Wexford Health Sources, Inc., and none of the Defendants are employees of Wexford. Subject to and without waiver of said objection, Defendants direct Plaintiff to his previously produced medical records, Bates stamped 000001 to 000468.**

15. All documents evidencing or relating to any review conducted by the Wexford Medical Advisory Committee, Medical Director, Corporate Director for Utilization Management, Utilization Management Committee, Utilization Management department, or Corporate Physician in connection with policies, procedures or protocols for the diagnosis and treatment of inmates with Hepatitis C.

**<u>RESPONSE:</u>** **Defendants object to this request as overbroad in time and scope, vague, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is overbroad and not limited to a specific, relevant time frame. Additionally, the request is for "all documents," which is completely overbroad. Furthermore, "collegial review" is conducted by employees of Wexford Health Sources, Inc., and none of the Defendants are employees of Wexford.**

16. All documents evidencing or relating to any review conducted by the Wexford Medical Advisory Committee, Medical Director, Corporate Director for Utilization Management, Utilization Management Committee, Utilization Management department, or Corporate Physician in connection with policies, procedures or protocols for the diagnosis and treatment of inmates with Hepatitis C.

**<u>RESPONSE:</u>** **Defendants object to this request as overbroad in time and scope, vague, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is overbroad and not limited to a specific, relevant time frame. Additionally, the request is for "all documents," which is completely overbroad. Furthermore, "collegial review" is conducted by employees of Wexford Health Sources, Inc., and none of the Defendants are employees of Wexford.**

17. All communications between Wexford or any other defendant and IDOC or any outside medical providers, specialists or consultants in connection with policies, procedures or protocols for the diagnosis and treatment of inmates with Hepatitis C.

**<u>RESPONSE:</u>** **Defendants object to this request as overbroad in time and scope, vague, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is overbroad and not limited to a specific, relevant time frame. Additionally, the request is for "all communications," which is completely overbroad. Subject to and without waiver of said objections, Defendants were not involved in implantation of any policies,**

**procedures, or protocols for the diagnosis and treatment of inmates with Hepatitis C.**

18. All documents describing the duties and responsibilities of the Wexford treating physicians, Medical Advisory Committee, Medical Director, Corporate Director for Utilization Management, Utilization Management Committee, Utilization Management department, and Corporate Physician.

**RESPONSE:** **Defendants object to this request as overbroad in time and scope, vague, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is overbroad and not limited to a specific, relevant time frame. Additionally, the request is for "all documents," which is completely overbroad. Defendants further object to this request as none of them are employed by Wexford.**

19. All documents evidencing or relating to any chronic care clinic or program operated in connection with IDOC inmates, including but not limited to chronic care clinics for inmates with Hepatitis C or diabetes.

**RESPONSE:** **Defendants object to this request as overbroad in time and scope, vague, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is overbroad and not limited to a specific, relevant time frame. Additionally, the request is for "all documents," which is completely overbroad. Subject to and without wavier of said objections, Defendants direct Plaintiff to Administrative Directive 04.03.105, Chronic Illnesses, Bates stamped 000792 to 000794.**

20. All documents evidencing or relating to policies or procedures for identifying medically ill IDOC inmates for referral or enrollment in chronic care clinics, including but not limited to chronic care clinics for inmates with Hepatitis C or diabetes.

**RESPONSE:** **Defendants object to this request as overbroad in time and scope, vague, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is overbroad and not limited to a specific, relevant time frame. Additionally, the request is for "all documents," which is completely overbroad. Subject to and without wavier of said objections, Defendants direct Plaintiff to Administrative Directive 04.03.105, Chronic Illnesses, Bates stamped 000792 to 000794 and Hepatitis C Protocol, Bates stamped 000795 to 000807.**

21. All documents evidencing or relating to development by Wexford or IDOC of treatment programs for IDOC inmates with Hepatitis C and/or diabetes, including but not limited to all national guidelines for disease/condition specific organizations or prison organizations consulted or followed in developing such programs.

**RESPONSE:** **Defendants object to this request as overbroad in time and scope, vague, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is overbroad and not limited to a specific, relevant time frame. Additionally, the request is for "all documents," which is completely overbroad and is compound by asking for documents "developed by Wexford or IDOC…" Subject to and without wavier of said objections, Defendants direct Plaintiff to Administrative Directive 04.03.105, Chronic Illnesses, Bates stamped 000792 to 000794 and Hepatitis C Protocol, Bates stamped 000795 to 000807.**

22. All documents relating to any chart reviews provided for IDOC inmates enrolled in chronic care clinics for Hepatitis C or diabetes.

**RESPONSE:** **Defendants object to this request as overbroad in time and scope, vague, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is overbroad and not limited to a specific, relevant time frame. Additionally, the request is for "all documents," which is completely overbroad. Subject to and without wavier of said objections, Defendants direct Plaintiff to Administrative Directive 04.03.105, Chronic Illnesses, Bates stamped 000792 to 000794 and Hepatitis C Protocol, Bates stamped 000795 to 000807.**

23. All documents evidencing or relating to policies or procedures of Wexford or IDOC for implementing or evaluating new treatment services or protocols for chronic diseases recommended by the Center for Disease Control and Preventing or other recognized authorities in treatment protocols.

**RESPONSE:** **Defendants object to this request as overbroad in time and scope, vague, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is overbroad and not limited to a specific, relevant time frame. Additionally, the request is for "all documents," which is completely overbroad and is compound by asking for documents "relating to policies or procedures of Wexford or IDOC…" Subject to and without wavier of said objections, Defendants direct Plaintiff to Administrative Directive 04.03.105, Chronic Illnesses, Bates stamped 000792 to 000794 and Hepatitis C Protocol, Bates stamped 000795 to 000807.**

24. All documents evidencing or relating to policies or procedures of Wexford or IDOC for avoiding or eliminating barriers to the ability of IDOC inmates to receive medical care for chronic diseases.

**<u>RESPONSE:</u>** **Defendants object to this request as overbroad in time and scope, vague, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is overbroad and not limited to a specific, relevant time frame. Additionally, the request is for "all documents," which is completely overbroad and is compound by asking for documents "developed by Wexford or IDOC…" Defendants further object to this request as argumentative as it assumes there are barriers to the ability of offenders to obtain medical treatment.**

25. All documents evidencing or relating to whether Wexford treating physicians or administrators of chronic care clinics are required to follow IDOC guidelines in the diagnosis, testing or treatment of inmates.

**<u>RESPONSE:</u>** **Defendants object to this request as overbroad in time and scope, vague, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is overbroad and not limited to a specific, relevant time frame. Additionally, the request is for "all documents," which is completely overbroad. Subject to and without wavier of said objections, Defendants direct Plaintiff to Administrative Directive 04.03.105, Chronic Illnesses, Bates stamped 000792 to 000794 and Hepatitis C Protocol, Bates stamped 000795 to 000807.**

26. All documents evidencing or relating to how Wexford treating physicians or administrators of chronic care clinics should proceed in any situation where the IDOC guidelines conflict with the treating physician's or administrator's medical judgment regarding appropriate care.

**<u>RESPONSE:</u>** **Defendants object to this request as overbroad in time and scope, vague, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is overbroad and not limited to a specific, relevant time frame. Additionally, the request is for "all documents," which is completely overbroad. Subject to and without wavier of said objections, Defendants direct Plaintiff to Administrative Directive 04.03.105, Chronic Illnesses, Bates stamped 000792 to 000794 and Hepatitis C Protocol, Bates stamped 000795 to 000807.**

27. All documents evidencing or relating to any medical basis or justification for excluding inmates from treatment for Hepatitis C on the basis of diabetes or elevated A1c.

**<u>RESPONSE:</u>** **Defendants object to this request as overbroad in time and scope, vague, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is overbroad and not limited to a specific, relevant time frame. Additionally, the request is for "all documents," which is completely overbroad. Subject to and without wavier of said objections, Defendants direct Plaintiff to Administrative Directive 04.03.105, Chronic Illnesses, Bates stamped 000792 to 000794 and Hepatitis C Protocol, Bates stamped 000795 to 000807.**

28. All documents evidencing or relating to any IDOC inmate excluded from treatment for Hepatitis C on the basis of diabetes or elevated A1c.

**<u>RESPONSE:</u>** **Defendants object to this request as overbroad in time and scope, vague, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is overbroad and not limited to a specific, relevant time frame. Additionally, the request is for "all documents," which is completely overbroad. Defendants further object to this request as it would require the production of medical records of other offenders.**

Respectfully submitted,

LORIE CUNNINGHAM, ROB JEFFRIES and THOMAS WELSH,

Defendants,

KWAME RAOUL, Attorney General, State of Illinois,

Attorney for Defendants,

Tara M. Barnett, #6327008
Assistant Attorney General
201 West Pointe Dr. Suite 7
Swansea, IL 62226
(618) 236-8781
tara.barnett@ilag.gov

BY: s/ Tara M. Barnett
Tara M. Barnett, #6327008
Assistant Attorney General

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| JIMMIE DALE MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 20-cv-446-NJR |
| | ) | |
| WEXFORD HEALTH SOURCES, INC, et.al., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on, December 3, 2021 the foregoing document, **Defendants' Response to Plaintiff's Request for Production of Documents**, **with Bates stamped documents 000780 to 000807,** was served via electronic mail to the following:

| | |
|---|---|
| Sean Malone Sullivan | ssullivan@daleymohan.com |
| Joy C. Syrcle | jsyrcle@cassiday.com |
| Joseph N. Rupcich | jrupcich@cassiday.com |
| Keith B. Hill | khill@heylroyster.com |
| Martha Elizabeth Ravenhill | mravenhill@heylroyster.com |

and I hereby certify that on the same date, I caused a copy of the document to be mailed by United States Postal Service to the following:

None

s/ Tara M. Barnett
Tara M. Barnett, #6327008
Assistant Attorney General
Metro East Office
201 West Pointe Dr., Ste. 7
Belleville, Illinois 62226
(618) 236-8781 Phone
(618) 236-8620 Fax
Email: tara.barnett@ilag.gov

047272/21061/JNR/JCS

# UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

JIMMIE DALE MILLER,

Plaintiff,

v.

WEXFORD HEALTH SOURCES, INC., DIRECTOR CENTRAL MANAGEMENT SERVICES, LAURA PITTMAN, DINA PAUL, LORIE CUNNINGHAM, MR. WELLS, JANE DOE #1, JANE DOE #2, JANE DOE #3, JANE DOE #4, JANE DOE #5, NURSE DEWEESE, NURSE FUSON, NURSE WARD, NURSE YANCY, NURSE SWINSON, NURSE FOSTER, C/O WILSON, ROB JEFFRIES, STEVE MEEKS, DR. JULIANA CHAN, AND UNIVERSITY OF ILLINOIS CHICAGO,

Defendants.

No. 20-cv-446

Nancy J. Rosenstengel

## RESPONSE TO PLAINTIFF'S REQUEST TO PRODUCE

NOW COMES the Defendant, DR. DINA PAUL, DR. LAURA PITTMAN, PAM WARD, STACI (ARBUCKLE) DEWEESE, YANCI SHROYER and WEXFORD HEALTH SOURCES, INC., by and through their attorneys, CASSIDAY SCHADE LLP, and for their Response to Plaintiff, JIMMIE DALE MILLER's Request to Produce, states as follows:

**1. The contract between Wexford Health Source, Inc. ("Wexford") and the Illinois Department of Corrections ("IDOC") for Wexford's provision of health care providers or services at IDOC facilities or related to IDOC inmates.**

RESPONSE: Defendants object that this request is vague, ambiguous and overly broad as to timeframe. Subject to and without waiving these objections, a copy of the contract between Wexford and the Illinois Department of Corrections for 2011 to 2016, and the successive

EXHIBIT

C

exhibitsticker.com

renewals in one-year intervals since, is produced herewith numbered MILLER 26CV446 WEXFORD BATES 1-332.

**2. All documents relating to any requests for proposal, contracts, bids or other agreements concerning the provision of medical services to IDOC.**

RESPONSE: Defendants object that this request is vague, ambiguous and overly broad. Defendants object that this request seeks information disproportionate to the needs of discovery in this case. Defendants object that this request seeks proprietary business information irrelevant to Plaintiff's claims. Defendants further object that this request fails to describe the information sought with reasonable specificity.

**3. A complete copy of the Wexford Medical Policies and Procedures Manual applicable in the State of Illinois.**

RESPONSE: Defendants object that this request is vague, ambiguous and overly broad as to timeframe. Defendants object that this request is overly broad and seeks information disproportionate to the needs of discovery in this case. Subject to and without waiving these objections, Defendants state no "Wexford Medical Policies and Procedures Manual" exists for the relevant time. A copy of the table of contents and relevant sections from the Wexford Medical Guidelines – Region: Illinois in place the relevant time period is produced herewith at MILLER 26CV446 WEXFORD BATES 333-393. Further, Wexford Health policies, procedures, and guidelines are superseded by the Illinois Department of Corrections' administrative and institutional directives.

**4. A complete copy of the Wexford Utilization Management Policies and Procedures Manual applicable in the State of Illinois.**

RESPONSE: Defendants object that this request is vague, ambiguous and overly broad as to timeframe. Defendants object that this request is overly broad and seeks information

disproportionate to the needs of discovery in this case. Subject to and without waiving these objections, Defendants state no "Wexford Utilization Management Policies and Procedures Manual" exists for the relevant time. Subject to and without waiving these objections, a copy of Wexford Utilization Management Guidelines – Region Illinois in place the relevant time period is produced herewith at MILLER 26CV446 WEXFORD BATES 394-430.

**5. A complete copy of the IDOC guidelines for the diagnosis and treatment of inmates with Hepatitis C and/or diabetes.**

RESPONSE: Defendants object that this request is vague, ambiguous and overly broad as to timeframe. Subject to and without waiving this objection, Defendants state any IDOC guideline would be in the possession and control of IDOC. Defendants further refer to documents produced by Defendant Chan, bates labeled MILLER000435-453.

**6. All policies, procedures, or protocols regarding Wexford's provision of medical treatment to IDOC inmates, including but not limited to guidelines for referral to specialty clinics or services.**

RESPONSE: Defendants object that this request is vague, ambiguous, overly broad, unduly burdensome and not proportionate to the needs of discovery in this case as it is not limited to the relevant timeframe, facility or the medical conditions at issues in this case. Subject to and without waiving these objections, treatment decisions are made by providers on a case-by-case basis. Further, see the portions of the Wexford Medical Guidelines – Region: Illinois for the relevant time period, produced herewith at MILLER 26CV446 WEXFORD BATES 333-393. Further, Wexford Health policies, procedures, and guidelines are superseded by the Illinois Department of Corrections' administrative and institutional directives.

**7. The IDOC institutional Directives and Administrative Directives regarding the provision of medical care to inmates.**

RESPONSE: Defendants object that this request is vague, ambiguous and overly broad as to timeframe and seeks information not proportionate to the needs of discovery in this case. Subject to and without waiving this objection, Defendants state any IDOC guideline would be in the possession and control of IDOC.

**8. All documents evidencing or relating to Plaintiff Jimmie Miller's medical condition, diagnosis, treatment plan or medical treatment.**

RESPONSE: Defendants object that this request is vague, ambiguous, overly broad, unduly burdensome and not proportionate to the needs of discovery in this case as it is not limited to the relevant timeframe or the medical conditions at issues in this case. Subject to and without waiving this objection, Defendants state Plaintiff's medical records from Lawrence Correctional Center are in the possession and custody of IDOC. Defendants refer to records already produced by Plaintiff and by IDOC, bates labeled Miller v. Paul (20-446) IDOC Document Nos.: 1-468. Additionally, see documents produced herewith at MILLER 26CV446 WEXFORD BATES 445-681.

**9. All communications between Wexford or any other defendant and IDOC regarding Plaintiff Jimmie Miller.**

RESPONSE: Defendants object that this request is vague, ambiguous, overly broad, unduly burdensome and not proportionate to the needs of discovery in this case as it is not limited to the relevant timeframe or the medical conditions at issues in this case. Defendants further object that this request is vague and ambiguous as to "between Wexford and any other defendant and IDOC". Defendants refer to records already produced by Plaintiff and by IDOC. Additionally, see documents produced herewith at MILLER 26CV446 WEXFORD BATES 445-681.

**10. All communications between Wexford or any other defendant and IDOC or any outside medical providers, specialists or consultants regarding Plaintiff Jimmie Miller's medical condition, diagnosis, treatment plan, or medical treatment.**

RESPONSE: Defendants object that this request is vague, ambiguous, overly broad, unduly burdensome and not proportionate to the needs of discovery in this case as it is not limited to the relevant timeframe or the medical conditions at issues in this case. Defendants refer to records already produced by Plaintiff and by IDOC. Additionally, see documents produced herewith at MILLER 26CV446 WEXFORD BATES 445-681.

**11. All communications between or among employees of Wexford regarding Plaintiff Jimmie Miller's medical condition, diagnosis, treatment plan or medical treatment.**

RESPONSE: Defendants object that this request is vague, ambiguous, overly broad, unduly burdensome and not proportionate to the needs of discovery in this case as it is not limited to the relevant timeframe or the medical conditions at issues in this case. Defendants further object to the extent this request calls for documents protected by the attorney-client, work product or insurer-insured privilege. Defendants refer to records already produced by Plaintiff and by IDOC. Additionally, see documents produced herewith at MILLER 26CV446 WEXFORD BATES 445-681

12. Plaintiff's request contained no request No. 12.

**13. All documents evidencing or relating to any physician referrals for medical treatment, alternative treatment plans, testing, or consultations in connection with Plaintiff Jimmie Miller.**

RESPONSE: Defendants object that this request is vague, ambiguous, overly broad, unduly burdensome and not proportionate to the needs of discovery in this case as it is not limited to the relevant timeframe or the medical conditions at issues in this case. Defendants refer to records

already produced by Plaintiff and by IDOC. Additionally, see documents produced herewith at MILLER 26CV446 WEXFORD BATES 445-681.

**14. All documents evidencing or relating to any collegial review discussion of physician referrals for medical treatment, alternative treatment plans, testing, or consultations in connection with Plaintiff Jimmie Miller, including but not limited to collegial review reports and alternative treatment plans.**

RESPONSE: Defendants object that this request is vague, ambiguous, overly broad, unduly burdensome and not proportionate to the needs of discovery in this case as it is not limited to the relevant timeframe or the medical conditions at issues in this case. Defendants refer to records already produced by Plaintiff and by IDOC. Additionally, see documents produced herewith at MILLER 26CV446 WEXFORD BATES 445-681.

**15. All documents evidencing or relating to any review conducted by the Wexford Medical Advisory Committee, Medical Director, Corporate Director for Utilization Management, Utilization Management Committee, Utilization Management department, or Corporate Physician in connection with medical treatment, alternative treatment plans, testing or consultations for Plaintiff Jimmie Miller.**

RESPONSE: Defendants object that this request is vague, ambiguous, overly broad, unduly burdensome and not proportionate to the needs of discovery in this case as it is not limited to the relevant timeframe or the medical conditions at issues in this case. Defendants refer to records already produced by Plaintiff and by IDOC. Additionally, see documents produced herewith at MILLER 26CV446 WEXFORD BATES 445-681.

**16. All documents evidencing or relating to any review conducted by the Wexford Medical Advisory Committee, Medical Director, Corporate Director for Utilization Management, Utilization Management Committee, Utilization Management department, or Corporate Physician in connection with policies, procedures or protocols for the diagnosis and treatment of inmates with Hepatitis C.**

RESPONSE: Defendants object that this request is vague, ambiguous, and overly broad as to timeframe. Defendants further object to the extent this request seeks documents containing protected health information of non-party inmates pursuant to the HIPAA. Subject to and without waiving these objections, Defendants state the guideline for diagnoses and treatment of inmates with Hepatitis C was established by the IDOC.

**17. All communications between Wexford or any other defendant and IDOC or any outside medical providers, specialists or consultants in connection with policies, procedures or protocols for the diagnosis and treatment of inmates with Hepatitis C.**

RESPONSE: Defendants object that this request is vague, ambiguous, overly broad, unduly burdensome and not proportionate to the needs of discovery in this case. Defendants further object to the extent this request seeks documents containing protected health information of non-party inmates pursuant to HIPAA. Subject to and without waiving these objections, Defendants state the guideline for diagnoses and treatment of inmates with Hepatitis C was established by the IDOC.

**18. All documents describing the duties and responsibilities of the Wexford treating physicians, Medical Advisory Committee, Medical Director, Corporate Director for Utilization Management, Utilization Management Committee, Utilization Management department, and Corporate Physician.**

RESPONSE: Defendants object that this request is vague, ambiguous, overly broad, and not proportionate to the needs of discovery in this case. Subject to and without waiving these objections, Defendants state job descriptions for the Corporate Utilization Management Medical Director and Site Medical Director are produced herewith, at MILLER 26CV446 WEXFORD BATES 431-444 Additionally, the Mission Statement of the Medical Advisory Committee is produced herewith, at MILLER 26CV446 WEXFORD BATES 341-342.

**19. All documents evidencing or relating to any chronic care clinic or program operated in connection with IDOC inmates, including but not limited to chronic care clinics for inmates with Hepatitis C or diabetes.**

RESPONSE: Defendants object that this request is vague, ambiguous, overly broad, and not proportionate to the needs of discovery in this case. Defendants further object that this request is overly broad in that it is not limited to the relevant time period, IDOC facility at issue in this case, or medical conditions. Defendants further object to the extent this request seeks documents containing protected health information of non-party inmates pursuant to HIPAA. Subject to and without waiving these objections, Defendants state the Chronic Care Clinics for IDOC inmates are determined by IDOC Office of Health Services.

**20. All documents evidencing or relating to policies or procedures for identifying medically ill IDOC inmates for referral or enrollment in chronic care clinics, including but not limited to chronic care clinics for inmates with Hepatitis C or diabetes.**

RESPONSE: Defendants object that this request is vague, ambiguous, overly broad, and not proportionate to the needs of discovery in this case. Defendants further object that this request is overly broad in that it is not limited to the relevant time period, IDOC facility at issue in this case, or medical conditions. Defendants further object to the extent this request seeks documents containing protected health information of non-party inmates pursuant to HIPAA. Subject to and without waiving these objections, decisions to enroll an inmate in a Chronic Care Clinic are made on a case-by-case basis by providers.

**21. All documents evidencing or relating to development by Wexford or IDOC of treatment programs for IDOC inmates with Hepatitis C and/or diabetes, including but not limited to all national guidelines for disease/condition specific organizations or prison organizations consulted or followed in developing such programs.**

RESPONSE: Defendants object that this request is vague, ambiguous, overly broad, and not proportionate to the needs of discovery in this case. Defendants further object that this request is

overly broad in that it is not limited to the relevant time period or IDOC facility at issue in this case. Defendants further object that this request fails to describe the information sought with reasonable specificity. Subject to and without waiving these objections, Defendants state the guideline for diagnoses and treatment of inmates with Hepatitis C was established by the IDOC.

**22. All documents relating to any chart reviews provided for IDOC inmates enrolled in chronic care clinics for Hepatitis C or diabetes.**

RESPONSE: Defendants object that this request is vague, ambiguous, overly broad, unduly burdensome and not proportionate to the needs of discovery in this case. Defendants further object to the extent this request seeks documents containing protected health information of non-party inmates pursuant to HIPAA. Defendants further object that this request is overly broad in that it is not limited to the relevant time period or IDOC facility at issue in this case. Defendants further object that this request fails to describe the information sought with reasonable specificity.

**23. All documents evidencing or relating to policies or procedures of Wexford or IDOC for implementing or evaluating new treatment services or protocols for chronic diseases recommended by the Center for Disease Control and Prevention or other recognized authorities in treatment protocols.**

RESPONSE: Defendants object that this request is vague, ambiguous, overly broad, unduly burdensome and not proportionate to the needs of discovery in this case. Defendants further object that this request is not limited to the relevant medical conditions. Defendants further object that this request fails to describe the information sought with reasonable specificity.

**24. All documents evidencing or relating to policies or procedures of Wexford or IDOC for avoiding or eliminating barriers to the ability of IDOC inmates to receive medical care for chronic diseases.**

RESPONSE: Defendants object that this request is vague, ambiguous, overly broad, unduly burdensome and not proportionate to the needs of discovery in this case. Defendants further

object that this request is not limited to the relevant medical conditions. Defendants further object that this request fails to describe the information sought with reasonable specificity.

**25. All documents evidencing or relating to whether Wexford treating physicians or administrators of chronic care clinics are required to follow IDOC guidelines in the diagnosis, testing or treatment of inmates.**

RESPONSE: Defendants object that this request is vague, ambiguous, overly broad, unduly burdensome and not proportionate to the needs of discovery in this case. Defendants further object that this request is not limited to the relevant medical conditions. Defendants further object that this request fails to describe the information sought with reasonable specificity. Subject to and without waiving these objections, Defendants state the Chronic Care Clinics for IDOC inmates are determined by IDOC Office of Health Services.

**26. All documents evidencing or relating to how Wexford treating physicians or administrators of chronic care clinics should proceed in any situation where the IDOC guidelines conflict with the treating physician's or administrator's medical judgment regarding appropriate care.**

RESPONSE: Defendants object that this request is vague, ambiguous, overly broad, unduly burdensome and not proportionate to the needs of discovery in this case. Defendants further object that this request is not limited to the relevant medical conditions. Defendants further object that this request fails to describe the information sought with reasonable specificity.

**27. All documents evidencing or relating to any medical basis or justification for excluding inmates from treatment for Hepatitis C on the basis of diabetes or elevated A1c.**

RESPONSE: Defendants object that this request is vague, ambiguous, overly broad, unduly burdensome and not proportionate to the needs of discovery in this case. Defendants further object to the extent this request seeks documents containing protected health information of non-party inmates pursuant to HIPAA. Defendants further object that this request is overly broad in that it is not limited to the relevant time period or IDOC facility at issue in this case. Defendants

further object that this request fails to describe the information sought with reasonable specificity. Subject to and without waiving, see the IDOC Hepatitis C Guidelines previously produced by co-Defendants.

**28. All documents evidencing or relating to any IDOC inmate excluded from treatment for Hepatitis C on the basis of diabetes or elevated A1c.**

RESPONSE: Defendants object that this request is vague, ambiguous, overly broad, unduly burdensome and not proportionate to the needs of discovery in this case. Defendants further object to the extent this request seeks documents containing protected health information of non-party inmates pursuant to HIPAA. Defendants further object that this request is overly broad in that it is not limited to the relevant time period or IDOC facility at issue in this case. Defendants further object that this request fails to describe the information sought with reasonable specificity.

CASSIDAY SCHADE LLP

By: ______________________

Joy C. Syrcle, One of the Attorneys for Defendant, DR. DINA PAUL, DR. LAURA PITTMAN, PAM WARD, STACI (ARBUCKLE) DEWEESE, YANCI SHROYER and WEXFORD HEALTH SOURCES, INC.

Joy C. Syrcle
6302066
CASSIDAY SCHADE LLP
3100 Montvale Drive
Springfield, IL 62704
(217) 572-1714
(217) 572-1613 (Fax)
jsyrcle@cassiday.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing RESPONSE TO PLAINTIFF'S REQUEST TO PRODUCE was served via electronic mail to the following recipients on December 3, 2021. Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct:

Sean M. Sullivan
Ah Hil Kim
Daley Mohan & Groble
55 W Monroe Suite 1600
Chicago IL 60603

Keith B. Hill, Esq.
Heyl, Royster, Voelker & Allen, PC
105 West Vandalia, Suite 100
P.O. Box 467
Edwardsville, IL 62025

Tara M. Barnett
Assistant Attorney General
201 West Pointe Dr. Suite 7
Swansea IL 62226

Joy C. Syrcle

10007189 JSYRCLE:SPRESSLE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JIMMIE DALE MILLER, | ) | |
| Plaintiff, | ) | |
| v. | ) | No.: 20-cv-00446-NJR |
| DINA PAUL, et al., | ) | |
| Defendants. | ) | |

**INITIAL DISCLOSURES TO PLAINTIFF**

NOW COMES Defendant, JULIANA CHAN, by her attorneys, Keith B. Hill and Martha E. Ravenhill of HEYL, ROYSTER, VOELKER & ALLEN, P.C., and for her Responses and Objections to Plaintiff's Requests for Production, states as follows:

**Requests**

1. The contract between Wexford Health Source, Inc. ("Wexford") and the Illinois Department of Corrections ("IDOC") for Wexford's provision of health care providers or services at IDOC facilities or related to IDOC inmates.

**RESPONSE: Defendant Chan objects to this request because it seeks materials that are irrelevant and not likely to lead to the discovery of admissible evidence. Notwithstanding this objection and without waiving the same, Defendant Chan states that she has no responsive materials.**

2. All documents relating to any requests for proposal, contracts, bids or other agreements concerning the provision of medical services to IDOC.

**RESPONSE: Defendant Chan objects to this request because it is vague, ambiguous, overbroad, unduly burdensome, and does not describe the materials sought with reasonable specificity. Notwithstanding this objection and without waiving the same, Defendant Chan states that she has no responsive materials.**

3. A complete copy of the Wexford Medical Policies and Procedures Manual applicable in the State of Illinois.



EXHIBIT
D

exhibitsticker.com

**<u>RESPONSE</u>: Defendant Chan objects to this request because it seeks materials that are irrelevant and not likely to lead to the discovery of admissible evidence. Notwithstanding this objection and without waiving the same, Defendant Chan states that she has no such materials in her possession.**

4. A complete copy of the Wexford Utilization Management Policies and Procedures Manual applicable in the State of Illinois.

**<u>RESPONSE</u>: Defendant Chan objects to this request because it seeks materials that are irrelevant and not likely to lead to the discovery of admissible evidence. Notwithstanding this objection and without waiving the same, Defendant Chan states that she has no responsive materials.**

5. A complete copy of the IDOC guidelines for the diagnosis and treatment of inmates with Hepatitis C and/or diabetes.

**<u>RESPONSE</u>: Defendant Chan objects to this request because it seeks materials that are irrelevant and not likely to lead to the discovery of admissible evidence. Notwithstanding this objection and without waiving the same, Defendant Chan states that the only responsive materials in her possession are produced herewith and bates labeled MILLER000435-MILLER000453.**

6. All policies, procedures, or protocols regarding Wexford's provision of medical treatment to IDOC inmates, including but not limited to guidelines for referral to specialty clinics or services.

**<u>RESPONSE</u>: Defendant Chan objects to this request because it is vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in time or scope, and does not describe the materials sought with reasonable specificity. Defendant Chan objects to this request because it seeks materials that are irrelevant and not likely to lead to the discovery of admissible evidence. Notwithstanding this objection and without waiving the same, Defendant Chan states that she has no such materials in her possession.**

7. The IDOC institutional Directives and Administrative Directives regarding the provision of medical care to inmates.

**<u>RESPONSE</u>: Defendant Chan objects to this request because it is overbroad and seeks materials that are irrelevant and not likely to lead to the discovery of admissible evidence. Notwithstanding this objection and without waiving the same, Defendant Chan states that she has no such materials in her possession.**

8. All documents evidencing or relating to Plaintiff Jimmie Miller's medical condition, diagnosis, treatment plan or medical treatment.

**<u>RESPONSE</u>: Defendant Chan refers to the documents produced herewith and bates labeled MILLER000001-MILLER000464. Defendant Chan further refers to the medical and Department of Corrections records previously produced by the other parties in this lawsuit.**

9. All communications between Wexford or any other defendant and IDOC regarding Plaintiff Jimmie Miller.

**<u>RESPONSE</u>: Defendant Chan refers to the documents produced herewith and bates labeled MILLER000431-MILLER000464.**

10. All communications between Wexford or any other defendant and IDOC or any outside medical providers, specialists or consultants regarding Plaintiff Jimmie Miller's medical condition, diagnosis, treatment plan, or medical treatment.

**<u>RESPONSE</u>: Defendant Chan refers to the documents produced herewith and bates labeled MILLER000001-MILLER000464.**

11. All communications between or among employees of Wexford regarding Plaintiff Jimmie Miller's medical condition, diagnosis, treatment plan or medical treatment.

**<u>RESPONSE</u>: Defendant Chan has no responsive materials.**

13. All documents evidencing or relating to any physician referrals for medical treatment, alternative treatment plans, testing, or consultations in connection with Plaintiff Jimmie Miller.

**<u>RESPONSE</u>: Defendant Chan has no responsive materials.**

14. All documents evidencing or relating to any collegial review discussion of physician referrals for medical treatment, alternative treatment plans, testing, or consultations in connection with Plaintiff Jimmie Miller, including but not limited to collegial review reports and alternative treatment plans.

**<u>RESPONSE</u>: Defendant Chan has no responsive materials.**

15. All documents evidencing or relating to any review conducted by the Wexford Medical Advisory Committee, Medical Director, Corporate Director for Utilization Management, Utilization Management Committee, Utilization Management department, or Corporate Physician

in connection with medical treatment, alternative treatment plans, testing or consultations for Plaintiff Jimmie Miller.

**<u>RESPONSE</u>: Defendant Chan objects to this request because it is vague, ambiguous, overbroad, unduly burdensome, and fails to describe the information sought with reasonable specificity. Notwithstanding these objections and without waiving the same, Defendant Chan states that she has no responsive materials other than what may be contained in the produced medical records.**

16. All documents evidencing or relating to any review conducted by the Wexford Medical Advisory Committee, Medical Director, Corporate Director for Utilization Management, Utilization Management Committee, Utilization Management department, or Corporate Physician in connection with policies, procedures or protocols for the diagnosis and treatment of inmates with Hepatitis C.

**<u>RESPONSE</u>: Defendant Chan objects to this request insofar as it seeks materials subject to the attorney-client privilege, insurer-insured privilege, the work product doctrine, and/or the Health Insurance Portability and Accountability Act of 1996 (HIPAA) (Pub. L. No. 104-191, 110 Stat. 1936), 21 C.F.R. § 20.63, 215 ILCS 97/1 *et seq.*, and/or 735 ILCS 5/8-802. Defendant Chan further objects to this request because it seeks information and materials that are irrelevant and not likely to lead to the discovery of admissible evidence. Defendant Chan further objects to this request because it is over broad, unduly burdensome, and fails to describe the information sought with reasonable specificity. Notwithstanding these objections and without waiving the same, Defendant Chan states that she has no responsive materials other than what may be contained in the produced medical records.**

17. All communications between Wexford or any other defendant and IDOC or any outside medical providers, specialists or consultants in connection with policies, procedures or protocols for the diagnosis and treatment of inmates with Hepatitis C.

**<u>RESPONSE</u>: Defendant Chan objects to this request insofar as it seeks materials subject to the attorney-client privilege, insurer-insured privilege, the work product doctrine, and/or the Health Insurance Portability and Accountability Act of 1996 (HIPAA) (Pub. L. No. 104-191, 110 Stat. 1936), 21 C.F.R. § 20.63, 215 ILCS 97/1 *et seq.*, and/or 735 ILCS 5/8-802. Defendant Chan further objects to this request because it seeks information and materials that are irrelevant and not likely to lead to the discovery of admissible evidence. Defendant Chan further objects to this request because it is over broad, unduly burdensome, and fails to describe the information sought with reasonable specificity. Notwithstanding these objections and without waiving the same, Defendant refers to the documents produced herewith and bates labeled MILLER000431-MILLER000464.**

18. All documents describing the duties and responsibilities of the Wexford treating physicians, Medical Advisory Committee, Medical Director, Corporate Director for Utilization Management, Utilization Management Committee, Utilization Management department, and Corporate Physician.

**RESPONSE: Defendant Chan objects to this request because it is vague, ambiguous, overbroad, unduly burdensome, and fails to describe the information sought with reasonable specificity. Notwithstanding these objections and without waiving the same, Defendant Chan states that she has no responsive materials.**

19. All documents evidencing or relating to any chronic care clinic or program operated in connection with IDOC inmates, including but not limited to chronic care clinics for inmates with Hepatitis C or diabetes.

**RESPONSE: Defendant Chan objects to this request insofar as it seeks materials subject to the attorney-client privilege, insurer-insured privilege, the work product doctrine, and/or the Health Insurance Portability and Accountability Act of 1996 (HIPAA) (Pub. L. No. 104-191, 110 Stat. 1936), 21 C.F.R. § 20.63, 215 ILCS 97/1 *et seq.*, and/or 735 ILCS 5/8-802. Defendant Chan further objects to this request because it seeks information and materials that are irrelevant and not likely to lead to the discovery of admissible evidence. Defendant Chan further objects to this request because it is over broad, unduly burdensome, and fails to describe the information sought with reasonable specificity. Notwithstanding these objections and without waiving the same, Defendant refers to the documents produced herewith and bates labeled MILLER000431-MILLER000464.**

20. All documents evidencing or relating to policies or procedures for identifying medically ill IDOC inmates for referral or enrollment in chronic care clinics, including but not limited to chronic care clinics for inmates with Hepatitis C or diabetes.

**RESPONSE: Defendant Chan objects to this request insofar as it seeks materials subject to the attorney-client privilege, insurer-insured privilege, the work product doctrine, and/or the Health Insurance Portability and Accountability Act of 1996 (HIPAA) (Pub. L. No. 104-191, 110 Stat. 1936), 21 C.F.R. § 20.63, 215 ILCS 97/1 *et seq.*, and/or 735 ILCS 5/8-802. Defendant Chan further objects to this request because it seeks information and materials that are irrelevant and not likely to lead to the discovery of admissible evidence. Defendant Chan further objects to this request because it is over broad, unduly burdensome, and fails to describe the information sought with reasonable specificity. Notwithstanding these objections and without waiving the same, Defendant refers to the documents produced herewith and bates labeled MILLER000431-MILLER000464.**

21. All documents evidencing or relating to development by Wexford or IDOC of treatment programs for IDOC inmates with Hepatitis C and/or diabetes, including but not limited to all national guidelines for disease/condition specific organizations or prison organizations consulted or followed in developing such programs.

**RESPONSE: Defendant Chan objects to this request because it seeks materials that are irrelevant and not likely to lead to the discovery of admissible evidence. Defendant Chan further objects to this request because it is vague, ambiguous, over broad, unduly burdensome, and fails to describe the information sought with reasonable specificity.**

22. All documents relating to any chart reviews provided for IDOC inmates enrolled in chronic care clinics for Hepatitis C or diabetes.

**RESPONSE: Defendant Chan objects to this request insofar as it seeks materials subject to the attorney-client privilege, insurer-insured privilege, the work product doctrine, and/or the Health Insurance Portability and Accountability Act of 1996 (HIPAA) (Pub. L. No. 104-191, 110 Stat. 1936), 21 C.F.R. § 20.63, 215 ILCS 97/1 *et seq.*, and/or 735 ILCS 5/8-802. Defendant Chan further objects to this request because it seeks information and materials that are irrelevant and not likely to lead to the discovery of admissible evidence. Defendant Chan further objects to this request because it is over broad, unduly burdensome, and fails to describe the information sought with reasonable specificity.**

23. All documents evidencing or relating to policies or procedures of Wexford or IDOC for implementing or evaluating new treatment services or protocols for chronic diseases recommended by the Center for Disease Control and Prevention or other recognized authorities in treatment protocols.

**RESPONSE: Defendant Chan objects to this request insofar as it seeks materials subject to the attorney-client privilege, insurer-insured privilege, the work product doctrine, and/or the Health Insurance Portability and Accountability Act of 1996 (HIPAA) (Pub. L. No. 104-191, 110 Stat. 1936), 21 C.F.R. § 20.63, 215 ILCS 97/1 *et seq.*, and/or 735 ILCS 5/8-802. Defendant Chan further objects to this request because it seeks information and materials that are irrelevant and not likely to lead to the discovery of admissible evidence. Defendant Chan further objects to this request because it is over broad, unduly burdensome, and fails to describe the information sought with reasonable specificity. Notwithstanding these objections and without waiving the same, Defendant Chan states that the only responsive policies in her possession are produced herewith and bates labeled MILLER000435-MILLER000453.**

24. All documents evidencing or relating to policies or procedures of Wexford or IDOC for avoiding or eliminating barriers to the ability of IDOC inmates to receive medical care for chronic diseases.

**<u>RESPONSE</u>: Defendant Chan objects to this request insofar as it seeks materials subject to the attorney-client privilege, insurer-insured privilege, the work product doctrine, and/or the Health Insurance Portability and Accountability Act of 1996 (HIPAA) (Pub. L. No. 104-191, 110 Stat. 1936), 21 C.F.R. § 20.63, 215 ILCS 97/1 *et seq.*, and/or 735 ILCS 5/8-802. Defendant Chan further objects to this request because it seeks information and materials that are irrelevant and not likely to lead to the discovery of admissible evidence. Defendant Chan further objects to this request because it is over broad, unduly burdensome, and fails to describe the information sought with reasonable specificity. Notwithstanding these objections and without waiving the same, Defendant Chan states that the only responsive policies in her possession are produced herewith and bates labeled MILLER000435-MILLER000453.**

25. All documents evidencing or relating to whether Wexford treating physicians or administrators of chronic care clinics are required to follow IDOC guidelines in the diagnosis, testing or treatment of inmates.

**<u>RESPONSE</u>: Defendant Chan objects to this request because it is vague, ambiguous, over broad, unduly burdensome, and fails to describe the information sought with reasonable specificity. Notwithstanding these objections and without waiving the same, Defendant Chan states that she has no responsive documents.**

26. All documents evidencing or relating to how Wexford treating physicians or administrators of chronic care clinics should proceed in any situation where the IDOC guidelines conflict with the treating physician's or administrator's medical judgment regarding appropriate care.

**<u>RESPONSE</u>: Defendant Chan objects to this request because it is vague, ambiguous, over broad, unduly burdensome, and fails to describe the information sought with reasonable specificity. Notwithstanding these objections and without waiving the same, Defendant Chan states that she has no responsive documents.**

27. All documents evidencing or relating to any medical basis or justification for excluding inmates from treatment for Hepatitis C on the basis of diabetes or elevated A1c.

**<u>RESPONSE</u>: Defendant Chan objects to this request because it is vague, ambiguous, over broad, unduly burdensome, and fails to describe the information sought with reasonable specificity. Defendant Chan further objects to this request insofar as it seeks materials subject to the Health Insurance Portability and Accountability Act of 1996 (HIPAA) (Pub. L. No. 104-191, 110 Stat. 1936), 21 C.F.R. § 20.63, 215 ILCS 97/1 *et seq.*, and/or 735 ILCS 5/8-802. Notwithstanding these objections and without waiving the same, Defendant Chan states that she has no responsive documents.**

28. All documents evidencing or relating to any IDOC inmate excluded from treatment for Hepatitis C on the basis of diabetes or elevated A1c

**RESPONSE: Defendant Chan objects to this request insofar as it seeks materials subject to the attorney-client privilege, insurer-insured privilege, the work product doctrine, and/or the Health Insurance Portability and Accountability Act of 1996 (HIPAA) (Pub. L. No. 104-191, 110 Stat. 1936), 21 C.F.R. § 20.63, 215 ILCS 97/1 *et seq.*, and/or 735 ILCS 5/8-802. Defendant Chan further objects to this request because it seeks information and materials that are irrelevant and not likely to lead to the discovery of admissible evidence. Defendant Chan further objects to this request because it is vague, ambiguous, over broad, unduly burdensome, and fails to describe the information sought with reasonable specificity.**

Respectfully submitted by,

JULIANA CHAN, Defendant,

BY: */s/ Martha E. Ravenhill*

HEYL, ROYSTER, VOELKER & ALLEN, P.C.
Keith B. Hill, #6277660
Martha E. Ravenhill, ARDC #6306797

HEYL, ROYSTER, VOELKER & ALLEN, P.C.
Suite 100, Mark Twain Plaza III
105 West Vandalia
Edwardsville, Illinois 62025 0467
Telephone 618.656.4646
Facsimile 309.420.0402
khill@heylroyster.com
mravenhill@heylroyster.com
edwecf@heylroyster.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies on **November 12, 2021** I caused the foregoing to be served via email transmittal to all counsel of record listed below:

Sean M. Sullivan
Ah Hil Kim
Daley Mohan Groble, P.C.
ssullivan@daleymohan.com
bkim@daleymohan.com

Joseph N. Rupcich
Joy C. Syrcle
Cassiday Schade, LLP
jrupcich@cassiday.com
jsyrcle@cassiday.com

Tara Barnett
Office of the Attorney General – Belleville
tbarnett@atg.state.il.us
tara.barnett@illinois.gov

*/s/ Martha E. Ravenhill*

MARTHA E. RAVENHILL

HEYL, ROYSTER, VOELKER & ALLEN, P.C. • PEORIA, IL • CHAMPAIGN, IL • CHICAGO, IL • EDWARDSVILLE, IL • ROCKFORD, IL • SPRINGFIELD, IL • ST. LOUIS, MO • JACKSON, MS

February 16, 2022

Ms. Lisa Roccanova
Daley Mohan Groble
55 West Monroe, Suite 1600
Chicago, IL 60603
lroccanova@daleymohan.com

Re: Jimmie Dale Miller v. Wexford Health Sources, Inc., *et al.*
Case No. 20-cv-00446
Response to Plaintiff's February 11, 2022 Rule 37 Letter

Dear Counsel:

HEYL ROYSTER

Please allow this letter to serve as a response to your Rule 37 letter. To clarify, Defendant Chan is not now, nor has she ever been, an employee of Wexford Health Sources, Inc. ("Wexford") or the Illinois Department of Corrections ("IDOC"). Therefore, she does not have in her possession, nor does she have access to, all Wexford or IDOC policies, procedures, or manuals. Additionally, Defendant Chan is not a medical doctor or provider who may make medical treatment or care decisions, but instead she has a doctorate in pharmacy. Therefore, she does not have the information or records you requested in the requests and interrogatories listed in your Rule 37 letter.

Requests for production number 3 and 4 specifically request copies of Wexford policies, procedures, and manuals. Defendant Chan objects to these broad requests because they seek materials that are irrelevant to the claims asserted. However, notwithstanding those objections, Defendant Chan plainly states that she does not have these materials.

Request for production number 6 requests, "[a]ll policies, procedures, or protocols regarding Wexford's provision of medical treatment to IDOC inmates, including but not limited to guidelines for referral to specialty clinics or services." This request is so broad that it is unclear what exactly is being sought. Also, because of the unlimited scope of this request, this request necessarily seeks materials that are irrelevant. However, presuming this request seeks materials specific to Wexford, Defendant Chan states again that she does not have any materials that she can identify as being related to Wexford's provision of medical treatment.

Request for production number 7 seeks the IDOC Institutional Directives and Administrative Directives regarding the provision of medical care to inmates. Defendant Chan objected to this request because such a request plainly seeks materials that are irrelevant to this lawsuit. However, again, Defendant Chan stated that she has no such materials in her possession. A simple Google search shows that at least some IDOC directives are publicly available online, but it is not Defendant Chan's responsibility to search out publicly available records that she does not keep in her possession and which are equally available to Plaintiff.

EXHIBIT
E

exhibitsticker.com

Request for production number 21 states as follows, "All documents evidencing or relating to development by Wexford or IDOC of treatment programs for IDOC inmates

with Hepatitis C and/or diabetes, including but not limited to all national guidelines for disease/condition specific organizations or prison organizations consulted or followed in developing such programs." Defendant Chan objected to this request because it is entirely unclear what is being sought from Defendant Chan and there is no reasonable limit on the scope of this request.

Requests for production numbers 22, 27, and 28 request records relating to or evidencing medical care and medical decision for other inmates with hepatitis or diabetes. The requests are unlimited in scope or time and seek materials that are irrelevant to this lawsuit. More importantly, such requests are objectionable because they seek records protected from discovery under the attorney/client privilege and the Health Insurance Portability and Accountability Act of 1996 (HIPAA) (Pub. L. No. 104-191, 110 Stat. 1936), 21 C.F.R. § 20.63, 215 ILCS 97/1 et seq., and/or 735 ILCS 5/8-802. These requests provide no avenue for Defendant Chan to narrow the scope of her search, but even if she found any and all responsive materials, she cannot produce records evidencing the privileged and confidential healthcare of another person.

HEYL •••• ROYSTER

Interrogatory 13 requests Defendant Chan state the name, job title and employer of the person who determines whether a particular IDOC inmate is eligible for Hepatitis C treatment. Defendant Chan did not object and answered that she does not have any responsive information. This is a full, accurate, and complete response.

Please do not hesitate to contact me if you wish to discuss any of these requests further, clarify any of the ambiguous or overbroad requests, or propose reasonable limitations on the overly broad requests.

Sincerely,

*/s/ Martha Ravenhill*

Keith B. Hill
Martha E. Ravenhill
Heyl, Royster, Voelker, & Allen, P.C.
105 West Vandalia Street, Suite 100
Edwardsville, IL 62025
618.656.4646
khill@heylroyster.com
mravenhill@heylroyster.com
MER/mls

cc: Joseph Rupcich – jrupcich@cassiday.com, Joy Syrcle - jsyrcle@cassiday.com, Tara Barnett – tbarnett@atg.state.il.us, tara.barnett@illinois.gov

HEYL, ROYSTER, VOELKER & ALLEN, P.C. • PEORIA, IL • CHAMPAIGN, IL • CHICAGO, IL • EDWARDSVILLE, IL • ROCKFORD, IL • SPRINGFIELD, IL • ST. LOUIS, MO • JACKSON, MS

DALEY MOHAN GROBLE
a professional corporation of attorneys

Lisa Roccanova

Direct: 312-422-0785
lroccanova@daleymohan.com

February 11, 2022

**VIA Email**

Joseph N. Rupcich
Joy C. Syrcle
Cassiday Schade, LLP
jrupcich@cassiday.com
jsyrcle@cassiday.com
*Attorneys for Wexford Health Sources, Inc., Dr. Laura Pittman, Dr. Dina Paul*

Keith B. Hill
Martha E. Ravenhill
Heyl, Royster, Voelker & Allen, P.C.
khill@heylroyster.com
mravenhill@heylroyster.com
edwecf@heylroyster.com
*Attorneys for Dr. Juliana Chan*

Tara Barnett
Office of the Attorney General – Belleville
tbarnett@atg.state.il.us
tara.barnett@illinois.gov
*Attorneys for Lorie Cunningham, Michael Dempsey, Steve Meeks and Louis Shicker*

**Re: Jimmie Dale Miller v. Wexford Health Service, Inc., et al.**
**United States District Court for the Southern District of Illinois case no. 20-cv-00446**
**Rule 37 Letter**

Dear Counsel:

We are in receipt of each Defendants' respective answers to interrogatories and responses to requests to produce but were perplexed to see that each produced little probative material. The Defendants have allegedly embarked on a sophisticated, strategic plan to adequately handle inmates' chronic illnesses, with a special emphasis on detection and treatment of Hepatitis C. These efforts, particularly considering the financial scope and sophistication of the undertaking, would typically be manifested by extensive documents from within, between, and among the parties involved. Yet virtually no such documents were produced. Given that several of the Defendants are public entities, and have represented that the handling of these inmate medical concerns are adequate both in this and other litigation, we anticipated more thorough disclosures than might ordinarily be the case for solely private parties not involving such publicized concerns.

EXHIBIT
F

We do not believe the Defendants have satisfied their obligations under the applicable Federal Rules. The objective of the streamlined discovery process set forth by the Court is for the Defendants to answer the limited, highly relevant discovery robustly and fully. The Defendants' disclosures do not satisfy those goals and will cause a protracted discovery process whereby Plaintiff is forced to seek and enforce specific production from the Defendants. Accordingly, and in furtherance of the requirements of FRCP Rule 37, Plaintiff requests that the Defendants immediately supplement their responses with any and all documents that may have been withheld. This will not only expedite discovery in this matter, but also avoid the necessity of court involvement in obtaining complete discovery.

To specifically illustrate the concerns of Plaintiff, but without limiting the identification of the Defendants deficiencies, one need only look at the Responses to Request Number 3 wherein Wexford produced certain documents but answered that they were superseded by certain IDOC directives, which do not appear to have been produced. For its Response to Numbers 3 and 4, the IDOC claims to not have in its possession any of the Wexford material it is superseding. Most concerning would be the Defendants' Responses to Request 16, where Wexford and IDOC point the finger at each other for the promulgation of the standards upon which their respective defenses are premised. Responses to Request No. 22, 23, 25, 26, 27 and 28 further illustrate a failure to respond adequately given the availability of this information from prior litigation.

Dr. Chan had stated that she has neither any Wexford policies and procedures, nor any IDOC materials regarding national guidelines, including in responses 3, 4, 6 and 7, 21, 22, 27 and 28. This would mean Dr. Chan's decision to exclude Plaintiff from treatment came from her own medical judgment, if that is not the case and she was guided by documents from some larger entity, these documents would be responsive. In answer to interrogatory 13 despite the documents demonstrating that Dr. Chan was directly involved in the determination that Plaintiff would not be eligible for Hepatitis C treatment, she answers she has no information on making such a determination.

In their answers to Interrogatories 2-9 Defendants Cunningham and Chan deny having any information regarding any specific individual at Wexford and IDOC that were responsible for any policies or procedures for the provision of medical care to inmates. In their answers to interrogatories 10-11 and 14, they further deny having knowledge of anyone ensuring that the medical care rendered to inmates was consistent with accepted medical standards and best practices and further that they had any knowledge of procedures for remedying when an IDOC guideline would be in conflict with best medical judgment.

Finally, defendants have failed to produce any documents showing that Mr. Miller was allowed to take his supply of medications or received fillable prescriptions for all of his medication on release, as required to be documented under DOC Directive No. 04.03.103(II)(F)(8)(c).

Plaintiff will refine Request No. 2 to read: All documents relating to any requests for proposal, contracts, bids, or other agreements concerning the medical services to IDOC, for the IDOC

Stateville Correctional Center, IDOC Pinckneyville Correctional Center and the IDOC Lawrence Correctional Center from January 1, 2010 to June 22, 2020.

We would prefer to resolve this issue without court intervention. Therefore, please let us know your position on these issues within seven (7) days. Specifically, please advise whether Defendants will agree to produce these documents voluntarily to avoid formal resolution channels with respect to the documents requested. Thanks for your consideration of and attention to these matters.

Sincerely,

Lisa Roccanova

OFFICE OF THE ATTORNEY GENERAL
STATE OF ILLINOIS

KWAME RAOUL
ATTORNEY GENERAL

February 22, 2022

Lisa Rocconova
lroccanova@daleymohan.com

Re: Miller v. Wexford, et al.,
USDC-SD Case No. 20-446

Dear Ms. Roccanova:

I am in receipt of your Rule 37 Letter dated February 11, 2022. Please allow this letter to serve as the IDOC Defendants' response to same.

Defendants are not currently in possession of any documents that were withheld from their responses to Plaintiff's Request for Production and therefore, have no documents to supplement in that regard.

As to your concerns about specific discovery requests Defendants provide the following responses:

Requests for Production #3-#4 - these requests specifically requested a copy of the Wexford Policies and Procedure Manuals and Wexford Utilization Management Policies and Procedures Manual. These requests are clearly directed to Wexford documents and, as indicated, none of my clients are employed by Wexford and therefore are not the parties maintaining custody or control over Wexford documents.

Request for Production #16 – this request asks for any documents used by various Wexford officials for the diagnosis and treatment of offenders with Hepatitis C. Again, none of my clients are employed by Wexford and therefore do not maintain custody or control over any such documents.

Requests for Production #22, #23, #25, #26, and #27 – although Defendants lodged objections to these requests, they also provided various Administrative Directives related to



EXHIBIT
G

exhibitsticker.com

Chronic Care and the Hepatitis C Protocol. If Plaintiff believes there are documents missing that would be responsive to these requests, please provide further information related to same.

Request for Production #28 – Defendants stand on their objections that this request is overbroad, vague, irrelevant and not proportional to the needs of the case. This request is completely overbroad in that it has not been limited to any timeframe or facility and would therefore require review of every individual offender's medical records for an unlimited period of time. Defendants further stand on their objection that production of this material would require production of medical records of other offenders, in violation of their HIPAA rights.

Cunningham Responses to Interrogatories #2-#6, and #8 – each of these requests ask for names or job duties of Wexford employees. Although Defendant Cunningham was formerly employed by Wexford, she is no longer employed by Wexford and has not been for several years. She does not have adequate knowledge to respond to these interrogatories.

Cunningham Responses to Interrogatories #7 and #9 – Defendants believe that these interrogatories have been appropriately responded to. As indicated, the policies and procedures at issue are promulgated by various parties and, sometimes, at varying times. Naming every person who may have been involved in some way would not be possible.

Cunningham Interrogatory #10 and #14 – both of these requests are related to processes, policies, and procedures for Wexford professionals to follow. As previously indicated, Defendant is not employed by Wexford and therefore does not have adequate knowledge to respond to this request.

Cunningham Interrogatory #11 – Defendant clearly responded to this request with the indication that no such policy exists.

Finally, Defendants will attempt to obtain any documents related to prescriptions that were sent with Plaintiff when he was released from custody and will supplement if such documents exist.

Please feel free to contact me if you would like to discuss any of these requests further.

Sincerely,

*s/Tara M. Barnett*

Tara M. Barnett
Assistant Attorney General

CC: Joseph N. Rupcich
Joy C. Syrcle
Keith B. Hill
Martha E. Ravenhill

**From:** Lisa Roccanova
**Sent:** Thursday, March 3, 2022 10:32 AM
**To:** Syrcle, Joy C.; Barnett, Tara; Martha E. Ravenhill
**Cc:** Viero Romero; Brenda Briscoe; Sean Sullivan; Keith B. Hill; Marti L. Smith; Cherie.Starkweather@ilag.gov; spressler@cassiday.com
**Subject:** RE: Miller v. Wexford, et al. [HRVA-HRVA.FID3065245] - Rule 37 Letter and Deposition Schedule

Good morning Martha, Tara and Joy,

Thank you all for taking the time to discuss the Rule 37 issues with us this week. We wanted to set-forth the requests that we are pursuing and the clarifications and narrowing that we discussed in our respective calls. We understand that some of you have agreed to at least explore whether some of these categories of documents are in your clients' possession, but have not committed to any specific supplemental production. We are open to continuing any dialogue even once we file our motion to compel, so the matters the court has to decide are as narrow as possible.

First we would request that any defendant that does not have responsive documents for the below requests as discussed amend their responses to indicate that.

Request Number 5 seeking a "complete copy of the IDOC guidelines for the diagnosis and treatment of inmates with Hepatitis C." We have narrowed this request to eliminate the request for diabetes guidelines. As we discussed, we received IDOC Hep C guidelines for 2019 and 2021. It is our position that each iteration of this policy over it's lifetime constitutes relevant, discoverable information. Furthermore, that one defendant had a greater part in the development, use, or promulgation of the policy does not excuse any other defendant with a copy in its possession from producing it.

Request Number 17 seeking "all communication between Wexford, or any other defendant, and IDOC, or any outside medical providers, specialists or consultants in connection with policies, procedures, or protocols for the diagnosis and treatment of inmates with Hepatitis C." We anticipate this would cover any internal communication, communications between the parties, and communications between the parties and any third parties regarding treating inmates with Hepatitis C. Therefore we would request each individual defendant perform an email search, and the institutional/corporate defendants perform a firm-wide search regarding the following ESI terms: (1) "Hep C," (2) "Hepatitis C," (3) "HCV" AND Wexford, inmate, i/m, IDOC, Chan, Paul, Young, Juliana, Jeremy, Mahesh, Pittman, Deweese, Ward, Schroyer, A1C, diabetes, sugars. Meaning individually searching each of first three terms using the connector "AND" with each of the terms that follow. We also request that your clients search for any other non-communication documents or files related to the guidelines.

Request Number 20 seeking "all documents evidencing or relating to policies or procedures for identifying medically ill IDOC inmates for referral or enrollment in chronic care clinics, including but not limited to chronic care clinics for inmates with Hepatitis C or diabetes." We have narrowed this request to only Hep C care.
UIC policies involving inmates in the HCV chronic clinic. This request is for documents pertaining to the creation of the policy, the implementation, how they came to be who put them into place and how it was enforced. This would include any document that is relevant in your clients' possessions whether or not they created, enforced, or implemented the policy or whether they came to possesses it second-hand.

Request Number 21 seeking all documents related to the development of treatment programs for IDOC inmates with Hepatitis C, including but not limited to all national guidelines for disease/condition specific organizations or prison organizations consulted or followed in developing such programs. This request is narrowed to only cover Hep C treatment programs. As we discussed, it is highly relevant to the case regarding the development of these programs and any medical standard they are based on when for example, the A1C standards were changed from 7 to 10.5. This would



EXHIBIT
H

include the source materials for each year's guidelines and discussions and materials related to any revisions or review that were undertaken in formulating the guidelines or policies. Similarly, Request 23 requests how any new guidelines from recognized authorities were integrated into the protocols and which were used. Request 27 goes also to the source material and other deciding documents for a particular requirement related to A1C.

Finally, Request 28 seeks documents evidencing the treatment of other similarly-situated inmates in IDOC custody who were refused Hep C treatment based on diabetes or elevated A1C. As discussed this request is limited in time from 2016-2022. And we anticipate the 18 PHI identifiers will be redacted for HIPAA compliance.

Request Number 24, 25 and 26 as they pertain to IDOC and Wexford should be responded to, as we were told in discovery that Wexford guidelines "are superseded by the IDOC administrative and institutional directives." Yet neither disclosed the basis for this policy.

Request Number 16 for Wexford, is absolutely relevant for the reasons stated on our call, namely, that Mr. Miller's claim is that he was subject to illegal withholding of treatment premised on a condition lacking any medical basis. Therefore, Wexford's internal policies, discussions, documents and other materials related to its investigation and handling of the Hep C guidelines is highly relevant to our claim.

One other note, we have cancelled Dempsey's deposition next week until we can resolve these issues.

Please feel free to contact us should you need further clarification on any of these points.

Thank you,
Lisa

Lisa M. Roccanova | **Daley Mohan Groble P.C.**
**P** 312.422.0785 | **E** lroccanova@daleymohan.com
55 West Monroe St., Ste. 1600, Chicago, IL 60603
www.daleymohan.com

*Confidentiality Information*
*This e-mail contains information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, or confidential under applicable law. If you are not the intended recipient and have received this e-mail in error, please notify the sender by telephone to arrange for the return or destruction of this e-mail and all copies.*

---

**From:** Syrcle, Joy C. <jsyrcle@cassiday.com>
**Sent:** Monday, February 28, 2022 11:03 AM
**To:** Sean Sullivan <ssullivan@daleymohan.com>; Lisa Roccanova <lroccanova@daleymohan.com>; Keith B. Hill <KHill@heylroyster.com>; Barnett, Tara <Tara.Barnett@ilag.gov>
**Cc:** Viero Romero <VRomero@daleymohan.com>; Brenda Briscoe <briscoe@daleymohan.com>; Martha E. Ravenhill <MRavenhill@heylroyster.com>
**Subject:** RE: Miller v. Wexford, et al. [HRVA-HRVA.FID3065245] - Rule 37 Letter and Deposition Schedule

Counsel,
I wanted to let you know I intend to use the records from IDOC's production and JDM 43-48 as potential exhibits for today's deposition.

Thanks,
Joy