**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JIMMIE DALE MILLER,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 20-cv-446-NJR** |
| **WEXFORD HEALTH SOURCES, INC.,** *et al.*, | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

On July 27, 2022, the Court Ordered Plaintiff Jimmie Dale Miller to pay costs and attorneys' fees associated with defense counsels' participation in his deposition and in filing their motion for sanctions. The costs and fees were a sanction for Miller offering fabricated testimony at his deposition. Miller did not deny that he fabricated his testimony.

This matter is now before the Court on Miller's response to Defendants' fee notices and a request to modify in part the Court's Order on sanctions (Doc. 181). Miller only seeks to modify the part of the Court's Order which warned that his case would be dismissed if he failed to timely pay the sanction. He also seeks to limit defense counsels' fees and costs associated with their attendance at the deposition and in obtaining the transcript of his deposition.

### A. Response to Fee Notices

Defendants submitted their fee notices, seeking fees associated with attending the deposition and drafting the motion for sanctions, as well as costs associated with obtaining the transcript of Miller's deposition (*See* Docs. 177 and 182). As to the fees, Defendants seek 4.2 hours of fees for attorneys who attended Miller's deposition (*Id.*). Miller argues that the hours should be reduced by 75% because the false deposition testimony did not take up the entire deposition time. Miller argues that he only submitted false testimony at the beginning of the deposition, then corrected his false answers, and Defendants were able to conduct additional questioning and clarify his testimony. Miller submits that the false testimony only took up 25% of the deposition and, thus, Defendants should only be able to obtain 25% of their attorney's fees associated with the deposition.

Although Miller maintains that his false testimony only took up a small amount of his deposition testimony and should only constitute 25% of the fees associated with the deposition, the Court does not find that the false testimony was limited to 25% of the deposition. From the transcript, the parties were well into the deposition before Miller admitted that he was providing false testimony (Doc. 168, p. 107). Defense counsel then had to spend a substantial time clarifying his testimony. Although the Court agrees that Miller did not provide false testimony for the entirety of the deposition nor did defense counsel have to spend all four hours clarifying the false testimony, the Court does not find that the incident took up only 25% of the deposition. As such, the Court will award 50%, 2.1 hours, of the requested attorneys' fees for the deposition, which more adequately represents the time spent on the false testimony provided by Miller. Thus, both attorney's

fees for attending the deposition are reduced by 2.1 hours (*See* Doc. 117, p. 2; 178, p. 1). Defendants are **DIRECTED** to file updated Notices of Requested Fees with the Court, reflecting the updated total attorneys' fees and costs. Notices are due by **December 2, 2022**.

As to Miller's request to similarly reduce the deposition transcript costs, the Court **DENIES** the request. The parties were required to obtain the entire transcript for purposes of examining the testimony and preparing their motion. Thus, the Court finds the entire transcript cost appropriate.

### B.  Request to Modify Sanction Order

Miller also seeks to modify the portion of the Court's Order which stayed the case until the sanction was paid and threatened dismissal should Miller fail to pay the sanction (Doc. 176, pp. 11-12). Miller argues that the Court should consider his financial status before determining that dismissal is warranted.

Miller is correct that his financial status and ability to pay the sanction, and the merits of the case, must be considered prior to dismissing the case. *Gay v. Chandra*, 682 F.3d 590, 595 n. 2 (7th Cir. 2012); *Willams v. Adams*, 660 F.3d 263, 266 (7th Cir. 2011). Here, Miller has offered evidence that his financial situation is troublesome. His bank account is in the negative and his has a substantial credit card balance (Doc. 184-1, pp. 4-5). He also is not currently employed (*Id*. at 9). The evidence provided suggests that Miller is simply unable to pay the sanction at this time. *See Allen v. Chicago Trans. Auth.*, 317 F.3d 696, 702 (7th Cir. 2003) (dismiss for failure to pay sanction may not be reasonable when there is no determination as to the party's ability to pay). Further, his claim could have

merit, as demonstrated in his request to modify (Doc. 181, p. 4). *See also Williams*, 660 F.3d at 266 (plaintiff's claim had enough merit that he might have been able to obtain a judgment that would cover the sanction amount).

Thus, the Court finds that dismissal for failure to pay the filing fee is not warranted in this case due to Miller's current ability to pay the fee and merits of his claims. The Court **AMENDS** its Order to remove the portion directing dismissal for failure to pay. Instead, Miller is **ORDERED** to provide the Court with a status update on his financial situation within 60 days. His response is due **January 3, 2023**.

The **STAY** in this case is also **LIFTED**. The parties will continue with discovery. The parties are **DIRECTED** to submit a new proposed scheduling order to the Court for review by **December 16, 2022**.

**IT IS SO ORDERED.**

DATED:   November 4, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**