**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JIMMIE DALE MILLER,<br><br>Plaintiff,<br><br>vs.<br><br>WEXFORD HEALTH SOURCE, INC., et al.,<br><br>Defendants. | ) | No. 3:20-cv-00446-NJR |

**<u>DEFENDANT CUNNINGHAM'S ANSWER TO PLAINTIFF'S INTERROGATORIES</u>**

NOW COMES Defendant, LORIE CUNNINGHAM, by Kwame Raoul, Attorney General for the State of Illinois, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, and for her Answer to Plaintiff's Interrogatories, state:

**<u>INTERROGATORIES</u>**

1. State the name, employer and job title of the person or persons answering these interrogatories on behalf of Wexford Health Source, Inc. ("Wexford"), and each defendant identify all persons and sources of information consulted or reviewed by that defendant in the course of answering these interrogatories.

**<u>ANSWER</u>: Defendant states that she prepared these answers with counsel.**

2. State the names, employers, job titles and dates of service for all members of the Wexford Medical Advisory Committee (or similarly titled body) for the period from 2015 to 2020.

**<u>ANSWER</u>: Defendant is not employed by Wexford Health Source, Inc. ("Wexford") and therefore does not have adequate knowledge to respond to this interrogatory.**

EXHIBIT
A
exhibitsticker.com

Case 3:20-cv-00446-NJR Document 168-1 Filed 11/11/22 Page 24 of 48 Page ID #3202

3. Describe the functions, responsibilities and authority of the Wexford Medical Advisory Committee (or similarly titled body) and identify any and all written policies, procedures or materials that establish such functions, responsibilities and authority.

**ANSWER: Defendant is not employed by Wexford and therefore does not have adequate knowledge to respond to this interrogatory.**

4. State the names, employers, job titles and dates of service for all members of the Wexford Utilization Management Committee (or similarly titled body) for the period from 2015 to 2020.

**ANSWER: Defendant is not employed by Wexford and therefore does not have adequate knowledge to respond to this interrogatory.**

5. Describe the functions, responsibilities and authority of the Wexford Utilization Management Committee (or similarly titled body) and identify any and all written policies, procedures or materials that establish such functions, responsibilities and authority.

**ANSWER: Defendant is not employed by Wexford and therefore does not have adequate knowledge to respond to this interrogatory.**

6. Identify all committees, officers, employees or other bodies at Wexford that are responsible in whole or in part for establishing policies and procedures for the provision of medical care to IDOC inmates, and state the name, job title and dates of service of the members of each such committee or body for the period from 2015 to 2020.

**ANSWER: Defendant is not employed by Wexford and therefore does not have adequate knowledge to respond to this interrogatory.**

7. Identify all committees, officers, employees or other bodies at IDOC that are responsible in whole or in part for establishing guidelines, policies and procedures for the provision of medical care to IDOC inmates (including but not limited to the guidelines for care and treatment of Hepatitis C (the "HCV Guidelines")), and state the name, job title and dates of service of the members of each such committee or body for the period from 2015 to 2020.

**ANSWER: Defendant directs Plaintiff to Defendants' Objections to Plaintiff's Interrogatories. Subject to and without waiver of said objections, Defendant states that the Office of Health Services of IDOC, along with vendor staff, have roles in the promulgation of guidelines, policies, and procedures for the provision of medical care to IDOC offenders. Defendant further states that promulgation of guidelines, policies, and procedures for the provision of medical care to offenders is also prepared in consultation with the *Lippert* monitors and the University of Illinois Chicago.**

8. State the name and job title of the person or persons at Wexford responsible for determining and ensuring that the procedures and standards Wexford implements for medical care provided to IDOC inmates, including but not limited to procedures and standards set forth in IDOC guidelines, are consistent with current accepted medical standards and best practices.

**ANSWER: Defendant is not employed by Wexford and therefore does not have adequate knowledge to respond to this interrogatory.**

9. State the name and job title of the person or persons at IDOC responsible for determining and ensuring that the procedures and standards implemented by IDOC or its contract providers for medical care provided to IDOC inmates, including but not limited to procedures and standards set forth in IDOC guidelines, are consistent with current accepted medical standards and best practices.

**ANSWER: Defendant directs Plaintiff to Defendants' Objections to Plaintiff's Interrogatories. Subject to and without waiver of said objections, Defendant states that the Office of Health Services of IDOC, along with vendor staff, have roles in the promulgation of guidelines, policies, and procedures for the provision of medical care to IDOC offenders. Defendant further states that promulgation of guidelines,**

**policies, and procedures for the provision of medical care to offenders is also prepared in consultation with the *Lippert* monitors and the University of Illinois Chicago.**

10. Identify any and all policies or procedures at Wexford covering or addressing any scenario where a Wexford medical professional believes that IDOC guidelines or Wexford procedures involving medical care to IDOC inmates conflict with his or her best medical judgment.

**ANSWER: Defendant is not employed by Wexford and therefore does not have adequate knowledge to respond to this interrogatory.**

11. Identify any and all policies or procedures at IDOC covering or addressing any scenario where an IDOC or contractor medical professional believes that IDOC guidelines involving medical care to IDOC inmates conflict with his or her best medical judgment.

**ANSWER: Defendant denies that any such policy exists.**

13. State the name, job title and employer of the person who determines whether a particular IDOC inmate is eligible for Hepatitis- C treatment.

**ANSWER: Defendant states that an individual medical provider determines whether an offender is in need of Hepatitis C treatment, in accordance with the guidelines, policies, and procedures promulgated by the IDOC Office of Health Services, vendor staff, and the University of Illinois Chicago.**

14. Is there a process for a Wexford medical professional, based on his or her medical judgment, to appeal or override the HCV Guidelines or otherwise to provide Hepatitis C treatment to an IDOC inmate that is deemed to be ineligible for treatment under the HCV Guidelines.

**ANSWER: Defendant is not employed by Wexford and therefore does not have adequate knowledge to respond to this interrogatory.**

15. If the answer to Interrogatory No. 14 is "yes," describe the process, including the persons (or job functions) authorized to appeal or override such guidelines, and the persons (or job functions) that must approve such appeals

**ANSWER:** **Defendant is not employed by Wexford and therefore does not have adequate knowledge to respond to this interrogatory.**

Respectfully submitted,

LORIE CUNNINGHAM,

Defendant,

KWAME RAOUL, Attorney General,
State of Illinois,

Attorney for Defendant,

Tara M. Barnett, #6327008
Assistant Attorney General
201 West Pointe Dr. Suite 7
Swansea, IL 62226
(618) 236-8781
tara.barnett@ilag.gov

BY: s/ Tara M. Barnett
Tara M. Barnett, #6327008
Assistant Attorney General

**STATE OF ILLINOIS**

**COUNTY OF** Lawrence

**ATTESTATION**

I, Lorie Cunningham, state that I have read the foregoing Answers to Plaintiff's Interrogatories and that the responses contained therein are true and correct to the best of my information, knowledge, and belief.

Lorie Cunningham

Case 3:20-cv-00446-NJR Document 116-1 Filed 03/11/22 Page 7 of 7 Page ID #807

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| JIMMIE DALE MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 20-cv-446-NJR |
| | ) | |
| WEXFORD HEALTH SOURCES, INC, et.al., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on, December 16, 2021 the foregoing document, **Defendant Cunningham's Answer to Plaintiff's Interrogatories**, was served via electronic mail to the following:

| | |
|---|---|
| Sean Malone Sullivan | ssullivan@daleymohan.com |
| Joy C. Syrcle | jsyrcle@cassiday.com |
| Joseph N. Rupcich | jrupcich@cassiday.com |
| Keith B. Hill | khill@heylroyster.com |
| Martha Elizabeth Ravenhill | mravenhill@heylroyster.com |

and I hereby certify that on the same date, I caused a copy of the document to be mailed by United States Postal Service to the following:

NONE

s/Tara M. Barnett
Tara M. Barnett, #6327008
Assistant Attorney General
Metro East Office
201 West Pointe Dr., Ste. 7
Belleville, Illinois 62226
(618) 236-8781 Phone
(618) 236-8620 Fax
Email: tara.barnett@ilag.gov