**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JIMMIE DALE MILLER, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:20-cv-00446-NJR |
| WEXFORD HEALTH SOURCE, INC., et al., | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIF'S**
**REQUEST FOR PRODUCTION OF DOCUMENTS**

NOW COME Defendants, LORIE CUNNINGHAM, ROB JEFFRIES and THOMAS WELSH, by Kwame Raoul, Attorney General for the State of Illinois, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, respond to Plaintiff's Request for Production of Documents, as follows:

**REQUESTS**

1. The contract between Wexford Health Source, Inc. ("Wexford") and the Illinois Department of Corrections ("IDOC") for Wexford's provision of health care providers or services at IDOC facilities or related to IDOC inmates.

**RESPONSE:** **Defendants defer to the Wexford Health Source, Inc. co-defendants to produce the contract between Wexford Health Source, Inc. and the Illinois Department of Corrections, as Defendants are aware they received the same request for production.**

2. All documents relating to any requests for proposal, contracts, bids or other agreements concerning the provision of medical services to IDOC.

**RESPONSE:** **Defendants object to this request as overbroad in time and scope, vague, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is for "any requests for proposal, contracts, bids, or other agreements concerning the provision of medical services to IDOC" is entirely overbroad and not**



EXHIBIT
B
exhibitsticker.com

**narrowly tailored to the issues in this case.**

3. A complete copy of the Wexford Medical Policies and Procedures Manualapplicable in the State of Illinois.

**RESPONSE:** **Defendants object to this request as overbroad in time and scope, vague, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. Defendants further object to this request as none of them are employed by Wexford Health Sources, Inc. and, as such, do not have access to the Wexford Medical Policies and Procedures Manual.**

4. A complete copy of the Wexford Utilization Management Policies and Procedures Manual applicable in the State of Illinois.

**RESPONSE:** **Defendants object to this request as overbroad in time and scope, vague, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. Defendants further object to this request as none of them are employed by Wexford Health Sources, Inc. and, as such, do not have access to the Wexford Utilization Management Policies and Procedures Manual.**

5. A complete copy of the IDOC guidelines for the diagnosis and treatment of inmates with Hepatitis C and/or diabetes.

**RESPONSE:** **Defendants object to this request as overbroad in time and scope, vague, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is overbroad and not limited to a specific, relevant time frame. Subject to and without wavier of said objections, Defendants direct Plaintiff to Administrative Directive 04.03.105, Chronic Illnesses, Bates stamped 000792 to 000794 and Hepatitis C Protocol, Bates stamped 000795 to 000807.**

6. All policies, procedures, or protocols regarding Wexford's provision of medical treatment to IDOC inmates, including but not limited to guidelines for referral to specialty clinics or services.

**RESPONSE:** **Defendants object to this request as overbroad in time and scope, vague, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is overbroad and not limited to a specific, relevant time frame. Subject to and without wavier of said objections, Defendants direct Plaintiff to Lawrence Institutional Directive 04.03.103, Offender Health Care Services, Bates stamped 000780 to 000786 and**

**Administrative Directive 04.03.103, Offender Health Care Services, Bates stamped 000787 to 000791.**

7. The IDOC institutional Directives and administrative Directives regarding the provision of medical care to inmates.

**<u>RESPONSE:</u>** **Defendants object to this request as overbroad in time and scope, vague, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is overbroad and not limited to a specific, relevant time frame. Subject to and without wavier of said objections, Defendants direct Plaintiff to Lawrence Institutional Directive 04.03.103, Offender Health Care Services, Bates stamped 000780 to 000786 and Administrative Directive 04.03.103, Offender Health Care Services, Bates stamped 000787 to 000791.**

8. All documents evidencing or relating to Plaintiff Jimmie Miller's medical condition, diagnosis, treatment plan or medical treatment.

**<u>RESPONSE:</u>** **Defendants object to this request as overbroad in time and scope, vague, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is overbroad and not limited to a specific, relevant time frame. Subject to and without waiver of said objection, Defendants direct Plaintiff to his previously produced medical records, Bates stamped 000001 to 000468.**

9. All communications between Wexford or any other defendant and IDOC regarding Plaintiff Jimmie Miller.

**<u>RESPONSE:</u>** **Defendants object to this request as overbroad in time and scope, vague, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is overbroad and not limited to a specific, relevant time frame. Additionally, the request is for "all communications," which is completely overbroad. Subject to and without waiver of said objection, Defendants direct Plaintiff to his previously produced medical records, Bates stamped 000001 to 000468.**

10. All communications between Wexford or any other defendant and IDOC or any outside medical providers, specialists or consultants retarding Plaintiff Jimmie Miller's medical condition, diagnosis, treatment plan, or medical treatment.

**RESPONSE:** **Defendants object to this request as overbroad in time and scope, vague, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is overbroad and not limited to a specific, relevant time frame. Additionally, the request is for "all communications," which is completely overbroad. Subject to and without waiver of said objection, Defendants direct Plaintiff to his previously produced medical records, Bates stamped 000001 to 000468.**

11. All communications between or among employees of Wexford regarding Plaintiff Jimmie Miller's medical condition, diagnosis, treatment plan or medical treatment.

**RESPONSE:** **Defendants object to this request as overbroad in time and scope, vague, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is overbroad and not limited to a specific, relevant time frame. Additionally, the request is for "all communications," which is completely overbroad. Defendants further object to this request as none of them are employed by Wexford.**

13. All documents evidencing or relating to any physician referrals for medical treatment, alternative treatment plans, testing, or consultations in connection with Plaintiff Jimmie Miller.

**RESPONSE:** **Defendants object to this request as overbroad in time and scope, vague, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is overbroad and not limited to a specific, relevant time frame. Additionally, the request is for "all documents," which is completely overbroad. Subject to and without waiver of said objection, Defendants direct Plaintiff to his previously produced medical records, Bates stamped 000001 to 000468.**

14. All documents evidencing or relating to any collegial review discussion of physician referrals for medical treatment, alternative treatment plans, testing, or consultations in connection with Plaintiff Jimmie Miller, including but not limited to collegial review reports and alternative treatment plans.

**RESPONSE:** **Defendants object to this request as overbroad in time and scope, vague, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is overbroad and not limited to a specific, relevant time frame. Additionally, the request is for "all documents," which is completely overbroad.**

**Furthermore, "collegial review" is conducted by employees of Wexford Health Sources, Inc., and none of the Defendants are employees of Wexford. Subject to and without waiver of said objection, Defendants direct Plaintiff to his previously produced medical records, Bates stamped 000001 to 000468.**

15. All documents evidencing or relating to any review conducted by the Wexford Medical Advisory Committee, Medical Director, Corporate Director for Utilization Management, Utilization Management Committee, Utilization Management department, or Corporate Physician in connection with policies, procedures or protocols for the diagnosis and treatment of inmates with Hepatitis C.

**RESPONSE:** **Defendants object to this request as overbroad in time and scope, vague, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is overbroad and not limited to a specific, relevant time frame. Additionally, the request is for "all documents," which is completely overbroad. Furthermore, "collegial review" is conducted by employees of Wexford Health Sources, Inc., and none of the Defendants are employees of Wexford.**

16. All documents evidencing or relating to any review conducted by the Wexford Medical Advisory Committee, Medical Director, Corporate Director for Utilization Management, Utilization Management Committee, Utilization Management department, or Corporate Physician in connection with policies, procedures or protocols for the diagnosis and treatment of inmates with Hepatitis C.

**RESPONSE:** **Defendants object to this request as overbroad in time and scope, vague, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is overbroad and not limited to a specific, relevant time frame. Additionally, the request is for "all documents," which is completely overbroad. Furthermore, "collegial review" is conducted by employees of Wexford Health Sources, Inc., and none of the Defendants are employees of Wexford.**

17. All communications between Wexford or any other defendant and IDOC or any outside medical providers, specialists or consultants in connection with policies, procedures or protocols for the diagnosis and treatment of inmates with Hepatitis C.

**RESPONSE:** **Defendants object to this request as overbroad in time and scope, vague, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is overbroad and not limited to a specific, relevant time frame. Additionally, the request is for "all communications," which is completely overbroad. Subject to and without waiver of said objections, Defendants were not involved in implantation of any policies,**

**procedures, or protocols for the diagnosis and treatment of inmates with Hepatitis C.**

18. All documents describing the duties and responsibilities of the Wexford treating physicians, Medical Advisory Committee, Medical Director, Corporate Director for Utilization Management, Utilization Management Committee, Utilization Management department, and Corporate Physician.

**RESPONSE:** **Defendants object to this request as overbroad in time and scope, vague, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is overbroad and not limited to a specific, relevant time frame. Additionally, the request is for "all documents," which is completely overbroad. Defendants further object to this request as none of them are employed by Wexford.**

19. All documents evidencing or relating to any chronic care clinic or program operated in connection with IDOC inmates, including but not limited to chronic care clinics for inmates with Hepatitis C or diabetes.

**RESPONSE:** **Defendants object to this request as overbroad in time and scope, vague, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is overbroad and not limited to a specific, relevant time frame. Additionally, the request is for "all documents," which is completely overbroad. Subject to and without wavier of said objections, Defendants direct Plaintiff to Administrative Directive 04.03.105, Chronic Illnesses, Bates stamped 000792 to 000794.**

20. All documents evidencing or relating to policies or procedures for identifying medically ill IDOC inmates for referral or enrollment in chronic care clinics, including but not limited to chronic care clinics for inmates with Hepatitis C or diabetes.

**RESPONSE:** **Defendants object to this request as overbroad in time and scope, vague, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is overbroad and not limited to a specific, relevant time frame. Additionally, the request is for "all documents," which is completely overbroad. Subject to and without wavier of said objections, Defendants direct Plaintiff to Administrative Directive 04.03.105, Chronic Illnesses, Bates stamped 000792 to 000794 and Hepatitis C Protocol, Bates stamped 000795 to 000807.**

21. All documents evidencing or relating to development by Wexford or IDOC of treatment programs for IDOC inmates with Hepatitis C and/or diabetes, including but not limited to all national guidelines for disease/condition specific organizations or prison organizations consulted or followed in developing such programs.

**RESPONSE:** **Defendants object to this request as overbroad in time and scope, vague, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is overbroad and not limited to a specific, relevant time frame. Additionally, the request is for "all documents," which is completely overbroad and is compound by asking for documents "developed by Wexford or IDOC…" Subject to and without wavier of said objections, Defendants direct Plaintiff to Administrative Directive 04.03.105, Chronic Illnesses, Bates stamped 000792 to 000794 and Hepatitis C Protocol, Bates stamped 000795 to 000807.**

22. All documents relating to any chart reviews provided for IDOC inmates enrolled in chronic care clinics for Hepatitis C or diabetes.

**RESPONSE:** **Defendants object to this request as overbroad in time and scope, vague, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is overbroad and not limited to a specific, relevant time frame. Additionally, the request is for "all documents," which is completely overbroad. Subject to and without wavier of said objections, Defendants direct Plaintiff to Administrative Directive 04.03.105, Chronic Illnesses, Bates stamped 000792 to 000794 and Hepatitis C Protocol, Bates stamped 000795 to 000807.**

23. All documents evidencing or relating to policies or procedures of Wexford or IDOC for implementing or evaluating new treatment services or protocols for chronic diseases recommended by the Center for Disease Control and Preventing or other recognized authorities in treatment protocols.

**RESPONSE:** **Defendants object to this request as overbroad in time and scope, vague, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is overbroad and not limited to a specific, relevant time frame. Additionally, the request is for "all documents," which is completely overbroad and is compound by asking for documents "relating to policies or procedures of Wexford or IDOC…" Subject to and without wavier of said objections, Defendants direct Plaintiff to Administrative Directive 04.03.105, Chronic Illnesses, Bates stamped 000792 to 000794 and Hepatitis C Protocol, Bates stamped 000795 to 000807.**

24. All documents evidencing or relating to policies or procedures of Wexford or IDOC for avoiding or eliminating barriers to the ability of IDOC inmates to receive medical care for chronic diseases.

**RESPONSE:** **Defendants object to this request as overbroad in time and scope, vague, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is overbroad and not limited to a specific, relevant time frame. Additionally, the request is for "all documents," which is completely overbroad and is compound by asking for documents "developed by Wexford or IDOC…" Defendants further object to this request as argumentative as it assumes there are barriers to the ability of offenders to obtain medical treatment.**

25. All documents evidencing or relating to whether Wexford treating physicians or administrators of chronic care clinics are required to follow IDOC guidelines in the diagnosis, testing or treatment of inmates.

**RESPONSE:** **Defendants object to this request as overbroad in time and scope, vague, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is overbroad and not limited to a specific, relevant time frame. Additionally, the request is for "all documents," which is completely overbroad. Subject to and without wavier of said objections, Defendants direct Plaintiff to Administrative Directive 04.03.105, Chronic Illnesses, Bates stamped 000792 to 000794 and Hepatitis C Protocol, Bates stamped 000795 to 000807.**

26. All documents evidencing or relating to how Wexford treating physicians or administrators of chronic care clinics should proceed in any situation where the IDOC guidelines conflict with the treating physician's or administrator's medical judgment regarding appropriate care.

**RESPONSE:** **Defendants object to this request as overbroad in time and scope, vague, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is overbroad and not limited to a specific, relevant time frame. Additionally, the request is for "all documents," which is completely overbroad. Subject to and without wavier of said objections, Defendants direct Plaintiff to Administrative Directive 04.03.105, Chronic Illnesses, Bates stamped 000792 to 000794 and Hepatitis C Protocol, Bates stamped 000795 to 000807.**

27. All documents evidencing or relating to any medical basis or justification for excluding inmates from treatment for Hepatitis C on the basis of diabetes or elevated A1c.

**RESPONSE:** **Defendants object to this request as overbroad in time and scope, vague, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is overbroad and not limited to a specific, relevant time frame. Additionally, the request is for "all documents," which is completely overbroad. Subject to and without wavier of said objections, Defendants direct Plaintiff to Administrative Directive 04.03.105, Chronic Illnesses, Bates stamped 000792 to 000794 and Hepatitis C Protocol, Bates stamped 000795 to 000807.**

28. All documents evidencing or relating to any IDOC inmate excluded from treatment for Hepatitis C on the basis of diabetes or elevated A1c.

**RESPONSE:** **Defendants object to this request as overbroad in time and scope, vague, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is overbroad and not limited to a specific, relevant time frame. Additionally, the request is for "all documents," which is completely overbroad. Defendants further object to this request as it would require the production of medical records of other offenders.**

Respectfully submitted,

LORIE CUNNINGHAM, ROB JEFFRIES and THOMAS WELSH,

Defendants,

KWAME RAOUL, Attorney General, State of Illinois,

Attorney for Defendants,

BY: s/ Tara M. Barnett
Tara M. Barnett, #6327008
Assistant Attorney General

Tara M. Barnett, #6327008
Assistant Attorney General
201 West Pointe Dr. Suite 7
Swansea, IL 62226
(618) 236-8781
tara.barnett@ilag.gov

Case 3:20-cv-00446-NJR Document 161-2 Filed 03/21/22 Page 10 of 10 Page ID #857

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| JIMMIE DALE MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 20-cv-446-NJR |
| | ) | |
| WEXFORD HEALTH SOURCES, INC, et.al., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on, December 3, 2021 the foregoing document, **Defendants' Response to Plaintiff's Request for Production of Documents**, **with Bates stamped documents 000780 to 000807,** was served via electronic mail to the following:

| | |
|---|---|
| Sean Malone Sullivan | ssullivan@daleymohan.com |
| Joy C. Syrcle | jsyrcle@cassiday.com |
| Joseph N. Rupcich | jrupcich@cassiday.com |
| Keith B. Hill | khill@heylroyster.com |
| Martha Elizabeth Ravenhill | mravenhill@heylroyster.com |

and I hereby certify that on the same date, I caused a copy of the document to be mailed by United States Postal Service to the following:

None

s/ Tara M. Barnett

Tara M. Barnett, #6327008
Assistant Attorney General
Metro East Office
201 West Pointe Dr., Ste. 7
Belleville, Illinois 62226
(618) 236-8781 Phone
(618) 236-8620 Fax
Email: tara.barnett@ilag.gov