047272/21061/JNR/JCS

# UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| JIMMIE DALE MILLER,<br><br>Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC., DIRECTOR CENTRAL MANAGEMENT SERVICES, LAURA PITTMAN, DINA PAUL, LORIE CUNNINGHAM, MR. WELLS, JANE DOE #1, JANE DOE #2, JANE DOE #3, JANE DOE #4, JANE DOE #5, NURSE DEWEESE, NURSE FUSON, NURSE WARD, NURSE YANCY, NURSE SWINSON, NURSE FOSTER, C/O WILSON, ROB JEFFRIES, STEVE MEEKS, DR. JULIANA CHAN, AND UNIVERSITY OF ILLINOIS CHICAGO,<br><br>Defendants. | No. 20-cv-446<br><br>Nancy J. Rosenstengel |

**RESPONSE TO PLAINTIFF'S REQUEST TO PRODUCE**

NOW COMES the Defendant, DR. DINA PAUL, DR. LAURA PITTMAN, PAM WARD, STACI (ARBUCKLE) DEWEESE, YANCI SHROYER and WEXFORD HEALTH SOURCES, INC., by and through their attorneys, CASSIDAY SCHADE LLP, and for their Response to Plaintiff, JIMMIE DALE MILLER's Request to Produce, states as follows:

**1. The contract between Wexford Health Source, Inc. ("Wexford") and the Illinois Department of Corrections ("IDOC") for Wexford's provision of health care providers or services at IDOC facilities or related to IDOC inmates.**

RESPONSE: Defendants object that this request is vague, ambiguous and overly broad as to timeframe. Subject to and without waiving these objections, a copy of the contract between Wexford and the Illinois Department of Corrections for 2011 to 2016, and the successive

EXHIBIT
C

renewals in one-year intervals since, is produced herewith numbered MILLER 26CV446 WEXFORD BATES 1-332.

2. **All documents relating to any requests for proposal, contracts, bids or other agreements concerning the provision of medical services to IDOC.**

RESPONSE: Defendants object that this request is vague, ambiguous and overly broad. Defendants object that this request seeks information disproportionate to the needs of discovery in this case. Defendants object that this request seeks proprietary business information irrelevant to Plaintiff's claims. Defendants further object that this request fails to describe the information sought with reasonable specificity.

3. **A complete copy of the Wexford Medical Policies and Procedures Manual applicable in the State of Illinois.**

RESPONSE: Defendants object that this request is vague, ambiguous and overly broad as to timeframe. Defendants object that this request is overly broad and seeks information disproportionate to the needs of discovery in this case. Subject to and without waiving these objections, Defendants state no "Wexford Medical Policies and Procedures Manual" exists for the relevant time. A copy of the table of contents and relevant sections from the Wexford Medical Guidelines – Region: Illinois in place the relevant time period is produced herewith at MILLER 26CV446 WEXFORD BATES 333-393. Further, Wexford Health policies, procedures, and guidelines are superseded by the Illinois Department of Corrections' administrative and institutional directives.

4. **A complete copy of the Wexford Utilization Management Policies and Procedures Manual applicable in the State of Illinois.**

RESPONSE: Defendants object that this request is vague, ambiguous and overly broad as to timeframe. Defendants object that this request is overly broad and seeks information

disproportionate to the needs of discovery in this case. Subject to and without waiving these objections, Defendants state no "Wexford Utilization Management Policies and Procedures Manual" exists for the relevant time. Subject to and without waiving these objections, a copy of Wexford Utilization Management Guidelines – Region Illinois in place the relevant time period is produced herewith at MILLER 26CV446 WEXFORD BATES 394-430.

**5. A complete copy of the IDOC guidelines for the diagnosis and treatment of inmates with Hepatitis C and/or diabetes.**

RESPONSE: Defendants object that this request is vague, ambiguous and overly broad as to timeframe. Subject to and without waiving this objection, Defendants state any IDOC guideline would be in the possession and control of IDOC. Defendants further refer to documents produced by Defendant Chan, bates labeled MILLER000435-453.

**6. All policies, procedures, or protocols regarding Wexford's provision of medical treatment to IDOC inmates, including but not limited to guidelines for referral to specialty clinics or services.**

RESPONSE: Defendants object that this request is vague, ambiguous, overly broad, unduly burdensome and not proportionate to the needs of discovery in this case as it is not limited to the relevant timeframe, facility or the medical conditions at issues in this case. Subject to and without waiving these objections, treatment decisions are made by providers on a case-by-case basis. Further, see the portions of the Wexford Medical Guidelines – Region: Illinois for the relevant time period, produced herewith at MILLER 26CV446 WEXFORD BATES 333-393. Further, Wexford Health policies, procedures, and guidelines are superseded by the Illinois Department of Corrections' administrative and institutional directives.

**7. The IDOC institutional Directives and Administrative Directives regarding the provision of medical care to inmates.**

RESPONSE: Defendants object that this request is vague, ambiguous and overly broad as to timeframe and seeks information not proportionate to the needs of discovery in this case. Subject to and without waiving this objection, Defendants state any IDOC guideline would be in the possession and control of IDOC.

**8. All documents evidencing or relating to Plaintiff Jimmie Miller's medical condition, diagnosis, treatment plan or medical treatment.**

RESPONSE: Defendants object that this request is vague, ambiguous, overly broad, unduly burdensome and not proportionate to the needs of discovery in this case as it is not limited to the relevant timeframe or the medical conditions at issues in this case. Subject to and without waiving this objection, Defendants state Plaintiff's medical records from Lawrence Correctional Center are in the possession and custody of IDOC. Defendants refer to records already produced by Plaintiff and by IDOC, bates labeled Miller v. Paul (20-446) IDOC Document Nos.: 1-468. Additionally, see documents produced herewith at MILLER 26CV446 WEXFORD BATES 445-681.

**9. All communications between Wexford or any other defendant and IDOC regarding Plaintiff Jimmie Miller.**

RESPONSE: Defendants object that this request is vague, ambiguous, overly broad, unduly burdensome and not proportionate to the needs of discovery in this case as it is not limited to the relevant timeframe or the medical conditions at issues in this case. Defendants further object that this request is vague and ambiguous as to "between Wexford and any other defendant and IDOC". Defendants refer to records already produced by Plaintiff and by IDOC. Additionally, see documents produced herewith at MILLER 26CV446 WEXFORD BATES 445-681.

Case 3:20-cv-00446-NJR Document 161-3 Filed 03/21/22 Page 2 of 12 Page ID #802

**10. All communications between Wexford or any other defendant and IDOC or any outside medical providers, specialists or consultants regarding Plaintiff Jimmie Miller's medical condition, diagnosis, treatment plan, or medical treatment.**

RESPONSE: Defendants object that this request is vague, ambiguous, overly broad, unduly burdensome and not proportionate to the needs of discovery in this case as it is not limited to the relevant timeframe or the medical conditions at issues in this case. Defendants refer to records already produced by Plaintiff and by IDOC. Additionally, see documents produced herewith at MILLER 26CV446 WEXFORD BATES 445-681.

**11. All communications between or among employees of Wexford regarding Plaintiff Jimmie Miller's medical condition, diagnosis, treatment plan or medical treatment.**

RESPONSE: Defendants object that this request is vague, ambiguous, overly broad, unduly burdensome and not proportionate to the needs of discovery in this case as it is not limited to the relevant timeframe or the medical conditions at issues in this case. Defendants further object to the extent this request calls for documents protected by the attorney-client, work product or insurer-insured privilege. Defendants refer to records already produced by Plaintiff and by IDOC. Additionally, see documents produced herewith at MILLER 26CV446 WEXFORD BATES 445-681

12. Plaintiff's request contained no request No. 12.

**13. All documents evidencing or relating to any physician referrals for medical treatment, alternative treatment plans, testing, or consultations in connection with Plaintiff Jimmie Miller.**

RESPONSE: Defendants object that this request is vague, ambiguous, overly broad, unduly burdensome and not proportionate to the needs of discovery in this case as it is not limited to the relevant timeframe or the medical conditions at issues in this case. Defendants refer to records

already produced by Plaintiff and by IDOC. Additionally, see documents produced herewith at MILLER 26CV446 WEXFORD BATES 445-681.

**14. All documents evidencing or relating to any collegial review discussion of physician referrals for medical treatment, alternative treatment plans, testing, or consultations in connection with Plaintiff Jimmie Miller, including but not limited to collegial review reports and alternative treatment plans.**

RESPONSE: Defendants object that this request is vague, ambiguous, overly broad, unduly burdensome and not proportionate to the needs of discovery in this case as it is not limited to the relevant timeframe or the medical conditions at issues in this case. Defendants refer to records already produced by Plaintiff and by IDOC. Additionally, see documents produced herewith at MILLER 26CV446 WEXFORD BATES 445-681.

**15. All documents evidencing or relating to any review conducted by the Wexford Medical Advisory Committee, Medical Director, Corporate Director for Utilization Management, Utilization Management Committee, Utilization Management department, or Corporate Physician in connection with medical treatment, alternative treatment plans, testing or consultations for Plaintiff Jimmie Miller.**

RESPONSE: Defendants object that this request is vague, ambiguous, overly broad, unduly burdensome and not proportionate to the needs of discovery in this case as it is not limited to the relevant timeframe or the medical conditions at issues in this case. Defendants refer to records already produced by Plaintiff and by IDOC. Additionally, see documents produced herewith at MILLER 26CV446 WEXFORD BATES 445-681.

**16. All documents evidencing or relating to any review conducted by the Wexford Medical Advisory Committee, Medical Director, Corporate Director for Utilization Management, Utilization Management Committee, Utilization Management department, or Corporate Physician in connection with policies, procedures or protocols for the diagnosis and treatment of inmates with Hepatitis C.**

Case 3:20-cv-00446-NJR Document 116-17 Filed 03/21/22 Page 7 of 12 Page ID #854

RESPONSE: Defendants object that this request is vague, ambiguous, and overly broad as to timeframe. Defendants further object to the extent this request seeks documents containing protected health information of non-party inmates pursuant to the HIPAA. Subject to and without waiving these objections, Defendants state the guideline for diagnoses and treatment of inmates with Hepatitis C was established by the IDOC.

**17. All communications between Wexford or any other defendant and IDOC or any outside medical providers, specialists or consultants in connection with policies, procedures or protocols for the diagnosis and treatment of inmates with Hepatitis C.**

RESPONSE: Defendants object that this request is vague, ambiguous, overly broad, unduly burdensome and not proportionate to the needs of discovery in this case. Defendants further object to the extent this request seeks documents containing protected health information of non-party inmates pursuant to HIPAA. Subject to and without waiving these objections, Defendants state the guideline for diagnoses and treatment of inmates with Hepatitis C was established by the IDOC.

**18. All documents describing the duties and responsibilities of the Wexford treating physicians, Medical Advisory Committee, Medical Director, Corporate Director for Utilization Management, Utilization Management Committee, Utilization Management department, and Corporate Physician.**

RESPONSE: Defendants object that this request is vague, ambiguous, overly broad, and not proportionate to the needs of discovery in this case. Subject to and without waiving these objections, Defendants state job descriptions for the Corporate Utilization Management Medical Director and Site Medical Director are produced herewith, at MILLER 26CV446 WEXFORD BATES 431-444 Additionally, the Mission Statement of the Medical Advisory Committee is produced herewith, at MILLER 26CV446 WEXFORD BATES 341-342.

**19. All documents evidencing or relating to any chronic care clinic or program operated in connection with IDOC inmates, including but not limited to chronic care clinics for inmates with Hepatitis C or diabetes.**

RESPONSE: Defendants object that this request is vague, ambiguous, overly broad, and not proportionate to the needs of discovery in this case. Defendants further object that this request is overly broad in that it is not limited to the relevant time period, IDOC facility at issue in this case, or medical conditions. Defendants further object to the extent this request seeks documents containing protected health information of non-party inmates pursuant to HIPAA. Subject to and without waiving these objections, Defendants state the Chronic Care Clinics for IDOC inmates are determined by IDOC Office of Health Services.

**20. All documents evidencing or relating to policies or procedures for identifying medically ill IDOC inmates for referral or enrollment in chronic care clinics, including but not limited to chronic care clinics for inmates with Hepatitis C or diabetes.**

RESPONSE: Defendants object that this request is vague, ambiguous, overly broad, and not proportionate to the needs of discovery in this case. Defendants further object that this request is overly broad in that it is not limited to the relevant time period, IDOC facility at issue in this case, or medical conditions. Defendants further object to the extent this request seeks documents containing protected health information of non-party inmates pursuant to HIPAA. Subject to and without waiving these objections, decisions to enroll an inmate in a Chronic Care Clinic are made on a case-by-case basis by providers.

**21. All documents evidencing or relating to development by Wexford or IDOC of treatment programs for IDOC inmates with Hepatitis C and/or diabetes, including but not limited to all national guidelines for disease/condition specific organizations or prison organizations consulted or followed in developing such programs.**

RESPONSE: Defendants object that this request is vague, ambiguous, overly broad, and not proportionate to the needs of discovery in this case. Defendants further object that this request is

overly broad in that it is not limited to the relevant time period or IDOC facility at issue in this case. Defendants further object that this request fails to describe the information sought with reasonable specificity. Subject to and without waiving these objections, Defendants state the guideline for diagnoses and treatment of inmates with Hepatitis C was established by the IDOC.

**22. All documents relating to any chart reviews provided for IDOC inmates enrolled in chronic care clinics for Hepatitis C or diabetes.**

RESPONSE: Defendants object that this request is vague, ambiguous, overly broad, unduly burdensome and not proportionate to the needs of discovery in this case. Defendants further object to the extent this request seeks documents containing protected health information of non-party inmates pursuant to HIPAA. Defendants further object that this request is overly broad in that it is not limited to the relevant time period or IDOC facility at issue in this case. Defendants further object that this request fails to describe the information sought with reasonable specificity.

**23. All documents evidencing or relating to policies or procedures of Wexford or IDOC for implementing or evaluating new treatment services or protocols for chronic diseases recommended by the Center for Disease Control and Prevention or other recognized authorities in treatment protocols.**

RESPONSE: Defendants object that this request is vague, ambiguous, overly broad, unduly burdensome and not proportionate to the needs of discovery in this case. Defendants further object that this request is not limited to the relevant medical conditions. Defendants further object that this request fails to describe the information sought with reasonable specificity.

**24. All documents evidencing or relating to policies or procedures of Wexford or IDOC for avoiding or eliminating barriers to the ability of IDOC inmates to receive medical care for chronic diseases.**

RESPONSE: Defendants object that this request is vague, ambiguous, overly broad, unduly burdensome and not proportionate to the needs of discovery in this case. Defendants further

object that this request is not limited to the relevant medical conditions. Defendants further object that this request fails to describe the information sought with reasonable specificity.

**25. All documents evidencing or relating to whether Wexford treating physicians or administrators of chronic care clinics are required to follow IDOC guidelines in the diagnosis, testing or treatment of inmates.**

RESPONSE: Defendants object that this request is vague, ambiguous, overly broad, unduly burdensome and not proportionate to the needs of discovery in this case. Defendants further object that this request is not limited to the relevant medical conditions. Defendants further object that this request fails to describe the information sought with reasonable specificity. Subject to and without waiving these objections, Defendants state the Chronic Care Clinics for IDOC inmates are determined by IDOC Office of Health Services.

**26. All documents evidencing or relating to how Wexford treating physicians or administrators of chronic care clinics should proceed in any situation where the IDOC guidelines conflict with the treating physician's or administrator's medical judgment regarding appropriate care.**

RESPONSE: Defendants object that this request is vague, ambiguous, overly broad, unduly burdensome and not proportionate to the needs of discovery in this case. Defendants further object that this request is not limited to the relevant medical conditions. Defendants further object that this request fails to describe the information sought with reasonable specificity.

**27. All documents evidencing or relating to any medical basis or justification for excluding inmates from treatment for Hepatitis C on the basis of diabetes or elevated A1c.**

RESPONSE: Defendants object that this request is vague, ambiguous, overly broad, unduly burdensome and not proportionate to the needs of discovery in this case. Defendants further object to the extent this request seeks documents containing protected health information of non-party inmates pursuant to HIPAA. Defendants further object that this request is overly broad in that it is not limited to the relevant time period or IDOC facility at issue in this case. Defendants

further object that this request fails to describe the information sought with reasonable specificity. Subject to and without waiving, see the IDOC Hepatitis C Guidelines previously produced by co-Defendants.

**28. All documents evidencing or relating to any IDOC inmate excluded from treatment for Hepatitis C on the basis of diabetes or elevated A1c.**

RESPONSE: Defendants object that this request is vague, ambiguous, overly broad, unduly burdensome and not proportionate to the needs of discovery in this case. Defendants further object to the extent this request seeks documents containing protected health information of non-party inmates pursuant to HIPAA. Defendants further object that this request is overly broad in that it is not limited to the relevant time period or IDOC facility at issue in this case. Defendants further object that this request fails to describe the information sought with reasonable specificity.

CASSIDAY SCHADE LLP

By: ______________________

Joy C. Syrcle, One of the Attorneys for Defendant, DR. DINA PAUL, DR. LAURA PITTMAN, PAM WARD, STACI (ARBUCKLE) DEWEESE, YANCI SHROYER and WEXFORD HEALTH SOURCES, INC.

Joy C. Syrcle
6302066
CASSIDAY SCHADE LLP
3100 Montvale Drive
Springfield, IL 62704
(217) 572-1714
(217) 572-1613 (Fax)
jsyrcle@cassiday.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing RESPONSE TO PLAINTIFF'S REQUEST TO PRODUCE was served via electronic mail to the following recipients on December 3, 2021. Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct:

Sean M. Sullivan
Ah Hil Kim
Daley Mohan & Groble
55 W Monroe Suite 1600
Chicago IL 60603

Keith B. Hill, Esq.
Heyl, Royster, Voelker & Allen, PC
105 West Vandalia, Suite 100
P.O. Box 467
Edwardsville, IL 62025

Tara M. Barnett
Assistant Attorney General
201 West Pointe Dr. Suite 7
Swansea IL 62226

Joy C. Syrcle

10007189 JSYRCLE:SPRESSLE