5442-339

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JIMMIE DALE MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 20-cv-00446-NJR |
| | ) | |
| | ) | |
| DINA PAUL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**INITIAL DISCLOSURES TO PLAINTIFF**

NOW COMES Defendant, JULIANA CHAN, by her attorneys, Keith B. Hill and Martha E. Ravenhill of HEYL, ROYSTER, VOELKER & ALLEN, P.C., and for her Responses and Objections to Plaintiff's Requests for Production, states as follows:

**Requests**

1. The contract between Wexford Health Source, Inc. ("Wexford") and the Illinois Department of Corrections ("IDOC") for Wexford's provision of health care providers or services at IDOC facilities or related to IDOC inmates.

**RESPONSE: Defendant Chan objects to this request because it seeks materials that are irrelevant and not likely to lead to the discovery of admissible evidence. Notwithstanding this objection and without waiving the same, Defendant Chan states that she has no responsive materials.**

2. All documents relating to any requests for proposal, contracts, bids or other agreements concerning the provision of medical services to IDOC.

**RESPONSE: Defendant Chan objects to this request because it is vague, ambiguous, overbroad, unduly burdensome, and does not describe the materials sought with reasonable specificity. Notwithstanding this objection and without waiving the same, Defendant Chan states that she has no responsive materials.**

3. A complete copy of the Wexford Medical Policies and Procedures Manual applicable in the State of Illinois.



EXHIBIT
D

exhibitsticker.com

**RESPONSE: Defendant Chan objects to this request because it seeks materials that are irrelevant and not likely to lead to the discovery of admissible evidence. Notwithstanding this objection and without waiving the same, Defendant Chan states that she has no such materials in her possession.**

4. A complete copy of the Wexford Utilization Management Policies and Procedures Manual applicable in the State of Illinois.

**RESPONSE: Defendant Chan objects to this request because it seeks materials that are irrelevant and not likely to lead to the discovery of admissible evidence. Notwithstanding this objection and without waiving the same, Defendant Chan states that she has no responsive materials.**

5. A complete copy of the IDOC guidelines for the diagnosis and treatment of inmates with Hepatitis C and/or diabetes.

**RESPONSE: Defendant Chan objects to this request because it seeks materials that are irrelevant and not likely to lead to the discovery of admissible evidence. Notwithstanding this objection and without waiving the same, Defendant Chan states that the only responsive materials in her possession are produced herewith and bates labeled MILLER000435-MILLER000453.**

6. All policies, procedures, or protocols regarding Wexford's provision of medical treatment to IDOC inmates, including but not limited to guidelines for referral to specialty clinics or services.

**RESPONSE: Defendant Chan objects to this request because it is vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in time or scope, and does not describe the materials sought with reasonable specificity. Defendant Chan objects to this request because it seeks materials that are irrelevant and not likely to lead to the discovery of admissible evidence. Notwithstanding this objection and without waiving the same, Defendant Chan states that she has no such materials in her possession.**

7. The IDOC institutional Directives and Administrative Directives regarding the provision of medical care to inmates.

**RESPONSE: Defendant Chan objects to this request because it is overbroad and seeks materials that are irrelevant and not likely to lead to the discovery of admissible evidence. Notwithstanding this objection and without waiving the same, Defendant Chan states that she has no such materials in her possession.**

8. All documents evidencing or relating to Plaintiff Jimmie Miller's medical condition, diagnosis, treatment plan or medical treatment.

**RESPONSE: Defendant Chan refers to the documents produced herewith and bates labeled MILLER000001-MILLER000464. Defendant Chan further refers to the medical and Department of Corrections records previously produced by the other parties in this lawsuit.**

9. All communications between Wexford or any other defendant and IDOC regarding Plaintiff Jimmie Miller.

**RESPONSE: Defendant Chan refers to the documents produced herewith and bates labeled MILLER000431-MILLER000464.**

10. All communications between Wexford or any other defendant and IDOC or any outside medical providers, specialists or consultants regarding Plaintiff Jimmie Miller's medical condition, diagnosis, treatment plan, or medical treatment.

**RESPONSE: Defendant Chan refers to the documents produced herewith and bates labeled MILLER000001-MILLER000464.**

11. All communications between or among employees of Wexford regarding Plaintiff Jimmie Miller's medical condition, diagnosis, treatment plan or medical treatment.

**RESPONSE: Defendant Chan has no responsive materials.**

13. All documents evidencing or relating to any physician referrals for medical treatment, alternative treatment plans, testing, or consultations in connection with Plaintiff Jimmie Miller.

**RESPONSE: Defendant Chan has no responsive materials.**

14. All documents evidencing or relating to any collegial review discussion of physician referrals for medical treatment, alternative treatment plans, testing, or consultations in connection with Plaintiff Jimmie Miller, including but not limited to collegial review reports and alternative treatment plans.

**RESPONSE: Defendant Chan has no responsive materials.**

15. All documents evidencing or relating to any review conducted by the Wexford Medical Advisory Committee, Medical Director, Corporate Director for Utilization Management, Utilization Management Committee, Utilization Management department, or Corporate Physician

in connection with medical treatment, alternative treatment plans, testing or consultations for Plaintiff Jimmie Miller.

**<u>RESPONSE</u>: Defendant Chan objects to this request because it is vague, ambiguous, overbroad, unduly burdensome, and fails to describe the information sought with reasonable specificity. Notwithstanding these objections and without waiving the same, Defendant Chan states that she has no responsive materials other than what may be contained in the produced medical records.**

16. All documents evidencing or relating to any review conducted by the Wexford Medical Advisory Committee, Medical Director, Corporate Director for Utilization Management, Utilization Management Committee, Utilization Management department, or Corporate Physician in connection with policies, procedures or protocols for the diagnosis and treatment of inmates with Hepatitis C.

**<u>RESPONSE</u>: Defendant Chan objects to this request insofar as it seeks materials subject to the attorney-client privilege, insurer-insured privilege, the work product doctrine, and/or the Health Insurance Portability and Accountability Act of 1996 (HIPAA) (Pub. L. No. 104-191, 110 Stat. 1936), 21 C.F.R. § 20.63, 215 ILCS 97/1 *et seq.*, and/or 735 ILCS 5/8-802. Defendant Chan further objects to this request because it seeks information and materials that are irrelevant and not likely to lead to the discovery of admissible evidence. Defendant Chan further objects to this request because it is over broad, unduly burdensome, and fails to describe the information sought with reasonable specificity. Notwithstanding these objections and without waiving the same, Defendant Chan states that she has no responsive materials other than what may be contained in the produced medical records.**

17. All communications between Wexford or any other defendant and IDOC or any outside medical providers, specialists or consultants in connection with policies, procedures or protocols for the diagnosis and treatment of inmates with Hepatitis C.

**<u>RESPONSE</u>: Defendant Chan objects to this request insofar as it seeks materials subject to the attorney-client privilege, insurer-insured privilege, the work product doctrine, and/or the Health Insurance Portability and Accountability Act of 1996 (HIPAA) (Pub. L. No. 104-191, 110 Stat. 1936), 21 C.F.R. § 20.63, 215 ILCS 97/1 *et seq.*, and/or 735 ILCS 5/8-802. Defendant Chan further objects to this request because it seeks information and materials that are irrelevant and not likely to lead to the discovery of admissible evidence. Defendant Chan further objects to this request because it is over broad, unduly burdensome, and fails to describe the information sought with reasonable specificity. Notwithstanding these objections and without waiving the same, Defendant refers to the documents produced herewith and bates labeled MILLER000431-MILLER000464.**

18. All documents describing the duties and responsibilities of the Wexford treating physicians, Medical Advisory Committee, Medical Director, Corporate Director for Utilization Management, Utilization Management Committee, Utilization Management department, and Corporate Physician.

**RESPONSE: Defendant Chan objects to this request because it is vague, ambiguous, overbroad, unduly burdensome, and fails to describe the information sought with reasonable specificity. Notwithstanding these objections and without waiving the same, Defendant Chan states that she has no responsive materials.**

19. All documents evidencing or relating to any chronic care clinic or program operated in connection with IDOC inmates, including but not limited to chronic care clinics for inmates with Hepatitis C or diabetes.

**RESPONSE: Defendant Chan objects to this request insofar as it seeks materials subject to the attorney-client privilege, insurer-insured privilege, the work product doctrine, and/or the Health Insurance Portability and Accountability Act of 1996 (HIPAA) (Pub. L. No. 104-191, 110 Stat. 1936), 21 C.F.R. § 20.63, 215 ILCS 97/1 *et seq.*, and/or 735 ILCS 5/8-802. Defendant Chan further objects to this request because it seeks information and materials that are irrelevant and not likely to lead to the discovery of admissible evidence. Defendant Chan further objects to this request because it is over broad, unduly burdensome, and fails to describe the information sought with reasonable specificity. Notwithstanding these objections and without waiving the same, Defendant refers to the documents produced herewith and bates labeled MILLER000431-MILLER000464.**

20. All documents evidencing or relating to policies or procedures for identifying medically ill IDOC inmates for referral or enrollment in chronic care clinics, including but not limited to chronic care clinics for inmates with Hepatitis C or diabetes.

**RESPONSE: Defendant Chan objects to this request insofar as it seeks materials subject to the attorney-client privilege, insurer-insured privilege, the work product doctrine, and/or the Health Insurance Portability and Accountability Act of 1996 (HIPAA) (Pub. L. No. 104-191, 110 Stat. 1936), 21 C.F.R. § 20.63, 215 ILCS 97/1 *et seq.*, and/or 735 ILCS 5/8-802. Defendant Chan further objects to this request because it seeks information and materials that are irrelevant and not likely to lead to the discovery of admissible evidence. Defendant Chan further objects to this request because it is over broad, unduly burdensome, and fails to describe the information sought with reasonable specificity. Notwithstanding these objections and without waiving the same, Defendant refers to the documents produced herewith and bates labeled MILLER000431-MILLER000464.**

21. All documents evidencing or relating to development by Wexford or IDOC of treatment programs for IDOC inmates with Hepatitis C and/or diabetes, including but not limited to all national guidelines for disease/condition specific organizations or prison organizations consulted or followed in developing such programs.

**RESPONSE: Defendant Chan objects to this request because it seeks materials that are irrelevant and not likely to lead to the discovery of admissible evidence. Defendant Chan further objects to this request because it is vague, ambiguous, over broad, unduly burdensome, and fails to describe the information sought with reasonable specificity.**

22. All documents relating to any chart reviews provided for IDOC inmates enrolled in chronic care clinics for Hepatitis C or diabetes.

**RESPONSE: Defendant Chan objects to this request insofar as it seeks materials subject to the attorney-client privilege, insurer-insured privilege, the work product doctrine, and/or the Health Insurance Portability and Accountability Act of 1996 (HIPAA) (Pub. L. No. 104-191, 110 Stat. 1936), 21 C.F.R. § 20.63, 215 ILCS 97/1 *et seq.*, and/or 735 ILCS 5/8-802. Defendant Chan further objects to this request because it seeks information and materials that are irrelevant and not likely to lead to the discovery of admissible evidence. Defendant Chan further objects to this request because it is over broad, unduly burdensome, and fails to describe the information sought with reasonable specificity.**

23. All documents evidencing or relating to policies or procedures of Wexford or IDOC for implementing or evaluating new treatment services or protocols for chronic diseases recommended by the Center for Disease Control and Prevention or other recognized authorities in treatment protocols.

**RESPONSE: Defendant Chan objects to this request insofar as it seeks materials subject to the attorney-client privilege, insurer-insured privilege, the work product doctrine, and/or the Health Insurance Portability and Accountability Act of 1996 (HIPAA) (Pub. L. No. 104-191, 110 Stat. 1936), 21 C.F.R. § 20.63, 215 ILCS 97/1 *et seq.*, and/or 735 ILCS 5/8-802. Defendant Chan further objects to this request because it seeks information and materials that are irrelevant and not likely to lead to the discovery of admissible evidence. Defendant Chan further objects to this request because it is over broad, unduly burdensome, and fails to describe the information sought with reasonable specificity. Notwithstanding these objections and without waiving the same, Defendant Chan states that the only responsive policies in her possession are produced herewith and bates labeled MILLER000435-MILLER000453.**

24. All documents evidencing or relating to policies or procedures of Wexford or IDOC for avoiding or eliminating barriers to the ability of IDOC inmates to receive medical care for chronic diseases.

**RESPONSE: Defendant Chan objects to this request insofar as it seeks materials subject to the attorney-client privilege, insurer-insured privilege, the work product doctrine, and/or the Health Insurance Portability and Accountability Act of 1996 (HIPAA) (Pub. L. No. 104-191, 110 Stat. 1936), 21 C.F.R. § 20.63, 215 ILCS 97/1 *et seq.*, and/or 735 ILCS 5/8-802. Defendant Chan further objects to this request because it seeks information and materials that are irrelevant and not likely to lead to the discovery of admissible evidence. Defendant Chan further objects to this request because it is over broad, unduly burdensome, and fails to describe the information sought with reasonable specificity. Notwithstanding these objections and without waiving the same, Defendant Chan states that the only responsive policies in her possession are produced herewith and bates labeled MILLER000435-MILLER000453.**

25. All documents evidencing or relating to whether Wexford treating physicians or administrators of chronic care clinics are required to follow IDOC guidelines in the diagnosis, testing or treatment of inmates.

**RESPONSE: Defendant Chan objects to this request because it is vague, ambiguous, over broad, unduly burdensome, and fails to describe the information sought with reasonable specificity. Notwithstanding these objections and without waiving the same, Defendant Chan states that she has no responsive documents.**

26. All documents evidencing or relating to how Wexford treating physicians or administrators of chronic care clinics should proceed in any situation where the IDOC guidelines conflict with the treating physician's or administrator's medical judgment regarding appropriate care.

**RESPONSE: Defendant Chan objects to this request because it is vague, ambiguous, over broad, unduly burdensome, and fails to describe the information sought with reasonable specificity. Notwithstanding these objections and without waiving the same, Defendant Chan states that she has no responsive documents.**

27. All documents evidencing or relating to any medical basis or justification for excluding inmates from treatment for Hepatitis C on the basis of diabetes or elevated A1c.

**RESPONSE: Defendant Chan objects to this request because it is vague, ambiguous, over broad, unduly burdensome, and fails to describe the information sought with reasonable specificity. Defendant Chan further objects to this request insofar as it seeks materials subject to the Health Insurance Portability and Accountability Act of 1996 (HIPAA) (Pub. L. No. 104-191, 110 Stat. 1936), 21 C.F.R. § 20.63, 215 ILCS 97/1 *et seq.*, and/or 735 ILCS 5/8-802. Notwithstanding these objections and without waiving the same, Defendant Chan states that she has no responsive documents.**

28. All documents evidencing or relating to any IDOC inmate excluded from treatment for Hepatitis C on the basis of diabetes or elevated A1c

**<u>RESPONSE</u>: Defendant Chan objects to this request insofar as it seeks materials subject to the attorney-client privilege, insurer-insured privilege, the work product doctrine, and/or the Health Insurance Portability and Accountability Act of 1996 (HIPAA) (Pub. L. No. 104-191, 110 Stat. 1936), 21 C.F.R. § 20.63, 215 ILCS 97/1 *et seq.*, and/or 735 ILCS 5/8-802. Defendant Chan further objects to this request because it seeks information and materials that are irrelevant and not likely to lead to the discovery of admissible evidence. Defendant Chan further objects to this request because it is vague, ambiguous, over broad, unduly burdensome, and fails to describe the information sought with reasonable specificity.**

Case 3:20-cv-00446-NJR Document 168-4 Filed 03/22/22 Page 38 of 48 Page ID #1178
5442-339

Respectfully submitted by,

JULIANA CHAN, Defendant,

BY: */s/ Martha E. Ravenhill*

HEYL, ROYSTER, VOELKER & ALLEN, P.C.
Keith B. Hill, #6277660
Martha E. Ravenhill, ARDC #6306797

HEYL, ROYSTER, VOELKER & ALLEN, P.C.
Suite 100, Mark Twain Plaza III
105 West Vandalia
Edwardsville, Illinois 62025 0467
Telephone 618.656.4646
Facsimile 309.420.0402
khill@heylroyster.com
mravenhill@heylroyster.com
edwecf@heylroyster.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies on **November 12, 2021** I caused the foregoing to be served via email transmittal to all counsel of record listed below:

Sean M. Sullivan
Ah Hil Kim
Daley Mohan Groble, P.C.
ssullivan@daleymohan.com
bkim@daleymohan.com

Joseph N. Rupcich
Joy C. Syrcle
Cassiday Schade, LLP
jrupcich@cassiday.com
jsyrcle@cassiday.com

Tara Barnett
Office of the Attorney General – Belleville
tbarnett@atg.state.il.us
tara.barnett@illinois.gov

*/s/ Martha E. Ravenhill*

MARTHA E. RAVENHILL