February 16, 2022

Ms. Lisa Roccanova
Daley Mohan Groble
55 West Monroe, Suite 1600
Chicago, IL 60603
lroccanova@daleymohan.com

Re: Jimmie Dale Miller v. Wexford Health Sources, Inc., *et al.*
Case No. 20-cv-00446
Response to Plaintiff's February 11, 2022 Rule 37 Letter

Dear Counsel:

Please allow this letter to serve as a response to your Rule 37 letter. To clarify, Defendant Chan is not now, nor has she ever been, an employee of Wexford Health Sources, Inc. ("Wexford") or the Illinois Department of Corrections ("IDOC"). Therefore, she does not have in her possession, nor does she have access to, all Wexford or IDOC policies, procedures, or manuals. Additionally, Defendant Chan is not a medical doctor or provider who may make medical treatment or care decisions, but instead she has a doctorate in pharmacy. Therefore, she does not have the information or records you requested in the requests and interrogatories listed in your Rule 37 letter.

Requests for production number 3 and 4 specifically request copies of Wexford policies, procedures, and manuals. Defendant Chan objects to these broad requests because they seek materials that are irrelevant to the claims asserted. However, notwithstanding those objections, Defendant Chan plainly states that she does not have these materials.

Request for production number 6 requests, "[a]ll policies, procedures, or protocols regarding Wexford's provision of medical treatment to IDOC inmates, including but not limited to guidelines for referral to specialty clinics or services." This request is so broad that it is unclear what exactly is being sought. Also, because of the unlimited scope of this request, this request necessarily seeks materials that are irrelevant. However, presuming this request seeks materials specific to Wexford, Defendant Chan states again that she does not have any materials that she can identify as being related to Wexford's provision of medical treatment.

Request for production number 7 seeks the IDOC Institutional Directives and Administrative Directives regarding the provision of medical care to inmates. Defendant Chan objected to this request because such a request plainly seeks materials that are irrelevant to this lawsuit. However, again, Defendant Chan stated that she has no such materials in her possession. A simple Google search shows that at least some IDOC directives are publicly available online, but it is not Defendant Chan's responsibility to search out publicly available records that she does not keep in her possession and which are equally available to Plaintiff.

Request for production number 21 states as follows, "All documents evidencing or relating to development by Wexford or IDOC of treatment programs for IDOC inmates

EXHIBIT

E

exhibitsticker.com

HEYL ROYSTER

HEYL, ROYSTER, VOELKER & ALLEN, P.C. • PEORIA, IL • CHAMPAIGN, IL • CHICAGO, IL • EDWARDSVILLE, IL • ROCKFORD, IL • SPRINGFIELD, IL • ST. LOUIS, MO • JACKSON, MS

with Hepatitis C and/or diabetes, including but not limited to all national guidelines for disease/condition specific organizations or prison organizations consulted or followed in developing such programs." Defendant Chan objected to this request because it is entirely unclear what is being sought from Defendant Chan and there is no reasonable limit on the scope of this request.

Requests for production numbers 22, 27, and 28 request records relating to or evidencing medical care and medical decision for other inmates with hepatitis or diabetes. The requests are unlimited in scope or time and seek materials that are irrelevant to this lawsuit. More importantly, such requests are objectionable because they seek records protected from discovery under the attorney/client privilege and the Health Insurance Portability and Accountability Act of 1996 (HIPAA) (Pub. L. No. 104-191, 110 Stat. 1936), 21 C.F.R. § 20.63, 215 ILCS 97/1 et seq., and/or 735 ILCS 5/8-802. These requests provide no avenue for Defendant Chan to narrow the scope of her search, but even if she found any and all responsive materials, she cannot produce records evidencing the privileged and confidential healthcare of another person.

HEYL •••• ROYSTER

Interrogatory 13 requests Defendant Chan state the name, job title and employer of the person who determines whether a particular IDOC inmate is eligible for Hepatitis C treatment. Defendant Chan did not object and answered that she does not have any responsive information. This is a full, accurate, and complete response.

Please do not hesitate to contact me if you wish to discuss any of these requests further, clarify any of the ambiguous or overbroad requests, or propose reasonable limitations on the overly broad requests.

Sincerely,

*/s/ Martha Ravenhill*

Keith B. Hill
Martha E. Ravenhill
Heyl, Royster, Voelker, & Allen, P.C.
105 West Vandalia Street, Suite 100
Edwardsville, IL 62025
618.656.4646
khill@heylroyster.com
mravenhill@heylroyster.com
MER/mls

cc: Joseph Rupcich – jrupcich@cassiday.com, Joy Syrcle - jsyrcle@cassiday.com, Tara Barnett – tbarnett@atg.state.il.us, tara.barnett@illinois.gov