**DALEY MOHAN GROBLE**
*a professional corporation of attorneys*

Lisa Roccanova

Direct: 312-422-0785
lroccanova@daleymohan.com

February 11, 2022

**VIA Email**

Joseph N. Rupcich
Joy C. Syrcle
Cassiday Schade, LLP
jrupcich@cassiday.com
jsyrcle@cassiday.com
*Attorneys for Wexford Health Sources, Inc., Dr. Laura Pittman, Dr. Dina Paul*

Keith B. Hill
Martha E. Ravenhill
Heyl, Royster, Voelker & Allen, P.C.
khill@heylroyster.com
mravenhill@heylroyster.com
edwecf@heylroyster.com
*Attorneys for Dr. Juliana Chan*

Tara Barnett
Office of the Attorney General – Belleville
tbarnett@atg.state.il.us
tara.barnett@illinois.gov
*Attorneys for Lorie Cunningham, Michael Dempsey, Steve Meeks and Louis Shicker*

**Re: Jimmie Dale Miller v. Wexford Health Service, Inc., et al.**
**United States District Court for the Southern District of Illinois case no. 20-cv-00446**
**Rule 37 Letter**

Dear Counsel:

We are in receipt of each Defendants' respective answers to interrogatories and responses to requests to produce but were perplexed to see that each produced little probative material. The Defendants have allegedly embarked on a sophisticated, strategic plan to adequately handle inmates' chronic illnesses, with a special emphasis on detection and treatment of Hepatitis C. These efforts, particularly considering the financial scope and sophistication of the undertaking, would typically be manifested by extensive documents from within, between, and among the parties involved. Yet virtually no such documents were produced. Given that several of the Defendants are public entities, and have represented that the handling of these inmate medical concerns are adequate both in this and other litigation, we anticipated more thorough disclosures than might ordinarily be the case for solely private parties not involving such publicized concerns.

EXHIBIT
F
exhibitsticker.com

We do not believe the Defendants have satisfied their obligations under the applicable Federal Rules. The objective of the streamlined discovery process set forth by the Court is for the Defendants to answer the limited, highly relevant discovery robustly and fully. The Defendants' disclosures do not satisfy those goals and will cause a protracted discovery process whereby Plaintiff is forced to seek and enforce specific production from the Defendants. Accordingly, and in furtherance of the requirements of FRCP Rule 37, Plaintiff requests that the Defendants immediately supplement their responses with any and all documents that may have been withheld. This will not only expedite discovery in this matter, but also avoid the necessity of court involvement in obtaining complete discovery.

To specifically illustrate the concerns of Plaintiff, but without limiting the identification of the Defendants deficiencies, one need only look at the Responses to Request Number 3 wherein Wexford produced certain documents but answered that they were superseded by certain IDOC directives, which do not appear to have been produced. For its Response to Numbers 3 and 4, the IDOC claims to not have in its possession any of the Wexford material it is superseding. Most concerning would be the Defendants' Responses to Request 16, where Wexford and IDOC point the finger at each other for the promulgation of the standards upon which their respective defenses are premised. Responses to Request No. 22, 23, 25, 26, 27 and 28 further illustrate a failure to respond adequately given the availability of this information from prior litigation.

Dr. Chan had stated that she has neither any Wexford policies and procedures, nor any IDOC materials regarding national guidelines, including in responses 3, 4, 6 and 7, 21, 22, 27 and 28. This would mean Dr. Chan's decision to exclude Plaintiff from treatment came from her own medical judgment, if that is not the case and she was guided by documents from some larger entity, these documents would be responsive. In answer to interrogatory 13 despite the documents demonstrating that Dr. Chan was directly involved in the determination that Plaintiff would not be eligible for Hepatitis C treatment, she answers she has no information on making such a determination.

In their answers to Interrogatories 2-9 Defendants Cunningham and Chan deny having any information regarding any specific individual at Wexford and IDOC that were responsible for any policies or procedures for the provision of medical care to inmates. In their answers to interrogatories 10-11 and 14, they further deny having knowledge of anyone ensuring that the medical care rendered to inmates was consistent with accepted medical standards and best practices and further that they had any knowledge of procedures for remedying when an IDOC guideline would be in conflict with best medical judgment.

Finally, defendants have failed to produce any documents showing that Mr. Miller was allowed to take his supply of medications or received fillable prescriptions for all of his medication on release, as required to be documented under DOC Directive No. 04.03.103(II)(F)(8)(c).

Plaintiff will refine Request No. 2 to read: All documents relating to any requests for proposal, contracts, bids, or other agreements concerning the medical services to IDOC, for the IDOC

Stateville Correctional Center, IDOC Pinckneyville Correctional Center and the IDOC Lawrence Correctional Center from January 1, 2010 to June 22, 2020.

We would prefer to resolve this issue without court intervention. Therefore, please let us know your position on these issues within seven (7) days. Specifically, please advise whether Defendants will agree to produce these documents voluntarily to avoid formal resolution channels with respect to the documents requested. Thanks for your consideration of and attention to these matters.

Sincerely,

Lisa Roccanova