OFFICE OF THE ATTORNEY GENERAL
STATE OF ILLINOIS

KWAME RAOUL
ATTORNEY GENERAL

February 22, 2022

Lisa Rocconova
lroccanova@daleymohan.com

Re: Miller v. Wexford, et al.,
USDC-SD Case No. 20-446

Dear Ms. Roccanova:

I am in receipt of your Rule 37 Letter dated February 11, 2022. Please allow this letter to serve as the IDOC Defendants' response to same.

Defendants are not currently in possession of any documents that were withheld from their responses to Plaintiff's Request for Production and therefore, have no documents to supplement in that regard.

As to your concerns about specific discovery requests Defendants provide the following responses:

Requests for Production #3-#4 - these requests specifically requested a copy of the Wexford Policies and Procedure Manuals and Wexford Utilization Management Policies and Procedures Manual. These requests are clearly directed to Wexford documents and, as indicated, none of my clients are employed by Wexford and therefore are not the parties maintaining custody or control over Wexford documents.

Request for Production #16 – this request asks for any documents used by various Wexford officials for the diagnosis and treatment of offenders with Hepatitis C. Again, none of my clients are employed by Wexford and therefore do not maintain custody or control over any such documents.

Requests for Production #22, #23, #25, #26, and #27 – although Defendants lodged objections to these requests, they also provided various Administrative Directives related to



EXHIBIT
G
exhibitsticker.com

Chronic Care and the Hepatitis C Protocol. If Plaintiff believes there are documents missing that would be responsive to these requests, please provide further information related to same.

Request for Production #28 – Defendants stand on their objections that this request is overbroad, vague, irrelevant and not proportional to the needs of the case. This request is completely overbroad in that it has not been limited to any timeframe or facility and would therefore require review of every individual offender's medical records for an unlimited period of time. Defendants further stand on their objection that production of this material would require production of medical records of other offenders, in violation of their HIPAA rights.

Cunningham Responses to Interrogatories #2-#6, and #8 – each of these requests ask for names or job duties of Wexford employees. Although Defendant Cunningham was formerly employed by Wexford, she is no longer employed by Wexford and has not been for several years. She does not have adequate knowledge to respond to these interrogatories.

Cunningham Responses to Interrogatories #7 and #9 – Defendants believe that these interrogatories have been appropriately responded to. As indicated, the policies and procedures at issue are promulgated by various parties and, sometimes, at varying times. Naming every person who may have been involved in some way would not be possible.

Cunningham Interrogatory #10 and #14 – both of these requests are related to processes, policies, and procedures for Wexford professionals to follow. As previously indicated, Defendant is not employed by Wexford and therefore does not have adequate knowledge to respond to this request.

Cunningham Interrogatory #11 – Defendant clearly responded to this request with the indication that no such policy exists.

Finally, Defendants will attempt to obtain any documents related to prescriptions that were sent with Plaintiff when he was released from custody and will supplement if such documents exist.

Please feel free to contact me if you would like to discuss any of these requests further.

Sincerely,

*s/Tara M. Barnett*

Tara M. Barnett
Assistant Attorney General

CC: Joseph N. Rupcich
Joy C. Syrcle
Keith B. Hill
Martha E. Ravenhill