**From:** Lisa Roccanova
**Sent:** Thursday, March 3, 2022 10:32 AM
**To:** Syrcle, Joy C.; Barnett, Tara; Martha E. Ravenhill
**Cc:** Viero Romero; Brenda Briscoe; Sean Sullivan; Keith B. Hill; Marti L. Smith; Cherie.Starkweather@ilag.gov; spressler@cassiday.com
**Subject:** RE: Miller v. Wexford, et al. [HRVA-HRVA.FID3065245] - Rule 37 Letter and Deposition Schedule

Good morning Martha, Tara and Joy,

Thank you all for taking the time to discuss the Rule 37 issues with us this week. We wanted to set-forth the requests that we are pursuing and the clarifications and narrowing that we discussed in our respective calls. We understand that some of you have agreed to at least explore whether some of these categories of documents are in your clients' possession, but have not committed to any specific supplemental production. We are open to continuing any dialogue even once we file our motion to compel, so the matters the court has to decide are as narrow as possible.

First we would request that any defendant that does not have responsive documents for the below requests as discussed amend their responses to indicate that.

Request Number 5 seeking a "complete copy of the IDOC guidelines for the diagnosis and treatment of inmates with Hepatitis C." We have narrowed this request to eliminate the request for diabetes guidelines. As we discussed, we received IDOC Hep C guidelines for 2019 and 2021. It is our position that each iteration of this policy over it's lifetime constitutes relevant, discoverable information. Furthermore, that one defendant had a greater part in the development, use, or promulgation of the policy does not excuse any other defendant with a copy in its possession from producing it.

Request Number 17 seeking "all communication between Wexford, or any other defendant, and IDOC, or any outside medical providers, specialists or consultants in connection with policies, procedures, or protocols for the diagnosis and treatment of inmates with Hepatitis C." We anticipate this would cover any internal communication, communications between the parties, and communications between the parties and any third parties regarding treating inmates with Hepatitis C. Therefore we would request each individual defendant perform an email search, and the institutional/corporate defendants perform a firm-wide search regarding the following ESI terms: (1) "Hep C," (2) "Hepatitis C," (3) "HCV" AND Wexford, inmate, i/m, IDOC, Chan, Paul, Young, Juliana, Jeremy, Mahesh, Pittman, Deweese, Ward, Schroyer, A1C, diabetes, sugars. Meaning individually searching each of first three terms using the connector "AND" with each of the terms that follow. We also request that your clients search for any other non-communication documents or files related to the guidelines.

Request Number 20 seeking "all documents evidencing or relating to policies or procedures for identifying medically ill IDOC inmates for referral or enrollment in chronic care clinics, including but not limited to chronic care clinics for inmates with Hepatitis C or diabetes." We have narrowed this request to only Hep C care.
UIC policies involving inmates in the HCV chronic clinic. This request is for documents pertaining to the creation of the policy, the implementation, how they came to be who put them into place and how it was enforced. This would include any document that is relevant in your clients' possessions whether or not they created, enforced, or implemented the policy or whether they came to possesses it second-hand.

Request Number 21 seeking all documents related to the development of treatment programs for IDOC inmates with Hepatitis C, including but not limited to all national guidelines for disease/condition specific organizations or prison organizations consulted or followed in developing such programs. This request is narrowed to only cover Hep C treatment programs. As we discussed, it is highly relevant to the case regarding the development of these programs and any medical standard they are based on when for example, the A1C standards were changed from 7 to 10.5. This would



EXHIBIT
H

exhibitsticker.com

include the source materials for each year's guidelines and discussions and materials related to any revisions or review that were undertaken in formulating the guidelines or policies. Similarly, Request 23 requests how any new guidelines from recognized authorities were integrated into the protocols and which were used. Request 27 goes also to the source material and other deciding documents for a particular requirement related to A1C.

Finally, Request 28 seeks documents evidencing the treatment of other similarly-situated inmates in IDOC custody who were refused Hep C treatment based on diabetes or elevated A1C. As discussed this request is limited in time from 2016-2022. And we anticipate the 18 PHI identifiers will be redacted for HIPAA compliance.

Request Number 24, 25 and 26 as they pertain to IDOC and Wexford should be responded to, as we were told in discovery that Wexford guidelines "are superseded by the IDOC administrative and institutional directives." Yet neither disclosed the basis for this policy.

Request Number 16 for Wexford, is absolutely relevant for the reasons stated on our call, namely, that Mr. Miller's claim is that he was subject to illegal withholding of treatment premised on a condition lacking any medical basis. Therefore, Wexford's internal policies, discussions, documents and other materials related to its investigation and handling of the Hep C guidelines is highly relevant to our claim.

One other note, we have cancelled Dempsey's deposition next week until we can resolve these issues.

Please feel free to contact us should you need further clarification on any of these points.

Thank you,
Lisa

Lisa M. Roccanova | **Daley Mohan Groble P.C.**
**P** 312.422.0785 | **E** lroccanova@daleymohan.com
55 West Monroe St., Ste. 1600, Chicago, IL 60603
www.daleymohan.com

*Confidentiality Information*
*This e-mail contains information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, or confidential under applicable law. If you are not the intended recipient and have received this e-mail in error, please notify the sender by telephone to arrange for the return or destruction of this e-mail and all copies.*

---

**From:** Syrcle, Joy C. <jsyrcle@cassiday.com>
**Sent:** Monday, February 28, 2022 11:03 AM
**To:** Sean Sullivan <ssullivan@daleymohan.com>; Lisa Roccanova <lroccanova@daleymohan.com>; Keith B. Hill <KHill@heylroyster.com>; Barnett, Tara <Tara.Barnett@ilag.gov>
**Cc:** Viero Romero <VRomero@daleymohan.com>; Brenda Briscoe <briscoe@daleymohan.com>; Martha E. Ravenhill <MRavenhill@heylroyster.com>
**Subject:** RE: Miller v. Wexford, et al. [HRVA-HRVA.FID3065245] - Rule 37 Letter and Deposition Schedule

Counsel,
I wanted to let you know I intend to use the records from IDOC's production and JDM 43-48 as potential exhibits for today's deposition.

Thanks,
Joy