IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JIMMIE DALE MILLER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC.,<br>LAURA PITTMAN, DINA PAUL,<br>LORIE CUNNINGHAM, ROB<br>JEFFREYS, JULIANA CHAN, LOUIS<br>SHICKER, STEVE MEEKS, MICHAEL<br>DEMPSEY, and THOMAS WELSH,<br><br>　　　　Defendants. | Case No. 20-cv-446–NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

　　This matter is before the Court on Jimmie Dale Miller's Motion to Compel. (Doc. 187). Defendants Dina Paul, Lynn Pittman, Wexford Health Sources, Inc. (Doc. 188), Juliana Chan (Doc. 191), Lorie Cunningham, Michael Dempsey, Rob Jeffreys, Steve Meeks, Louis Shicker, and Thomas Welsh (Doc. 196) filed responses in opposition.

## BACKGROUND

　　Jimmie Dale Miller, a former inmate of the Illinois Department of Corrections ("IDOC"), brought this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. He alleges Eighth Amendment deliberate indifference claims regarding the treatment of his Hepatitis C and Type 2 Diabetes, as well as treatment for a dental injury, and the failure to provide him with proper medications upon his release. (Doc. 108). Miller argues that he was denied treatment for Hepatitis C based on his

average blood glucose levels ("A1C") which he argues is medically inappropriate. (*Id*. at p. 25). According to Miller, the decision not to treat comes from the IDOC Hepatitis C Treatment guidelines. (Doc. 187, p. 2). Miller seeks additional discovery on those guidelines, their creation, medical basis for their recommendations, and the various iterations of those guidelines.

## LEGAL STANDARD

This Court has broad discretion in discovery matters, including ruling on motions to compel. *See James v. Hyatt Regency Chi*., 707 F.3d 775, 784 (7th Cir. 2013). Generally, the parties are permitted to obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. FED. R. CIV. P. 26(b)(1). Considering relevancy, information need not be admissible at trial if discovery seems reasonably calculated to lead to discovery of admissible evidence. *Id.* Regarding discovery, "[p]arties are entitled to a reasonable opportunity to investigate the facts—and no more." *Vakharia v. Swedish Covenant Hosp*., 1994 WL 75055, at *2 (N.D. Ill. Mar. 9, 1994).

Parties seeking discovery may move for an order compelling documents if "a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." FED. R. CIV. P. 37(a)(3)(B)(iv). An evasive or incomplete disclosure, answer, or response is considered a failure to disclose, answer, or respond. FED. R. CIV. P. 37(a)(4).

**DISCUSSION**

I.  **Motion to Compel (Doc. 187)[1]**

  A. *Policies, Procedures, or Protocols for Diagnosis and Treatment of Hepatitis C - RFP 17*

RFP 17 seeks all communication between Wexford, or any other defendant, and IDOC, on any outside medical providers, specialists, or consultants in connection with policies, procedures, or protocols for the diagnosis and treatment of inmates with Hepatitis C. (Doc. 187, p. 6). Specifically, Miller seeks an ESI search and has provided potential search terms and individuals to search. (*Id.*) Defendants argue that the search terms are overbroad. (Doc. 188, p. 6; Doc. 191, pp. 6-7; Doc. 196, p. 3).

The Court agrees that the search terms are overbroad. Miller requests "each individual defendant perform an email search, and the institutional/corporate defendants perform a firm-wide search regarding the following ESI terms: (1) 'Hep C,' (2) 'Hepatitis C,' (3) 'HCV' AND Wexford, inmate, i/m, IDOC, Chan, Paul, Young, Juliana, Jeremy, Mahesh, Pittman, Deweese, Ward, Schroyer, A1C, diabetes, sugars." (Doc. 187, p. 6). Miller indicates that he seeks information as to which entity and the person responsible for making decisions regarding treatment of inmates with Hepatitis C, including information on how the Hepatitis C program is implemented and managed, as well as the basis for treatment decisions. The Court finds that this information is better sought through interrogatory requests. Miller is granted leave to submit up to five

---

[1] Regarding Miller's Motion to Compel as to RFP 5, the Court already ordered IDOC to produce all guidelines in their possession going back to either 2011 or the inception of the Hepatitis C guidelines. The IDOC defendants have until January 31, 2023 to produce the guidelines.

interrogatories to each Defendant requesting information regarding the Hepatitis C program. Accordingly, the Court denies as moot Miller's Motion to Compel as to RFP 17.

B. *Policies or Procedures for Identifying IDOC Inmates - RFP 20*

RFP 20 seeks "all documents evidencing or relating to policies or procedures for identifying medically ill IDOC inmates for referral or enrollment in chronic care clinics, including but not limited to chronic care clinics for inmates with Hepatitis C or diabetes." (Doc. 187, pp. 6-7). The request has since been narrowed to only the Hepatitis C clinic, but includes UIC policies. Miller seeks information about the creation of the policy, implementation, and how the policy was put into place and enforced.

Wexford argues that it is not limited in time and that it is an IDOC policy, thus it would be in IDOC's control. (Doc. 188, p. 7). Defendant Chan argues it is overbroad in time and scope because it seeks all records. (Doc. 191, p. 8). IDOC agrees that it is overbroad, and they have no further information. (Doc. 196, p. 3). The IDOC defendants further indicate that they directed Miller to IDOC's administrative directives and that they have no further documents which are relevant to this request. (*Id.*).

Defendant Chan's objections are sustained. Also, Wexford and IDOC have produced all documents related to the request. Accordingly, the Court denies Miller's Motion to Compel as to RFP 20.

C. *RFPs 21, 23, & 27*

Miller seeks documents related to the development of treatment programs for Hepatitis C inmates including all national guidelines for the disease or prison organizations consulted when developing the program (Request 21), documents

indicating how any new guidelines from recognized authorities were integrated into IDOC's own protocols (Request 23), and source material for IDOC's guidelines (Request 27). (Doc. 187, p. 7).

These requests seek the underlying basis for IDOC's guidelines. Wexford maintains it was not responsible for creating the guidelines, and only IDOC or UIC would have relevant documents. (Doc. 188, p. 8). Defendant Chan indicates the requests sought Wexford and IDOC documents not documents from Chan. (Doc. 191, pp. 8-9). Chan maintains that if Miller wants documents from her regarding her clinical knowledge those would include numerous unrelated documents. (*Id*. at pp. 8-11). IDOC claims they are not Hepatitis C experts and relied on other experts in creating the guidelines. (Doc. 196, p. 3). IDOC notes that they do not have any further information that Miller seeks. (*Id*.).

Defendants' objections are sustained. Accordingly, the Court denies Miller's Motion to Compel as to these requests.

  D. *RFPs 24, 25, & 26*

Directed to IDOC and Wexford, these requests relate to policies or procedures of Wexford or IDOC for eliminating barriers for inmates to receive care, documents related to whether Wexford physicians are required to follow IDOC guidelines in treating inmates, and documents evidencing how Wexford physicians should proceed in situations where IDOC guidelines conflict with medical judgment. (Doc. 187-2). Wexford maintains that it directed Miller to the provision in the contract which says they must follow all Administrative Directives as well as IDOC policies and procedures. (Doc. 188,

Case 3:20-cv-00446-NJR   Document 201   Filed 01/20/23   Page 6 of 8   Page ID #1182

p. 9). Because Wexford has produced every document in its possession, the Court denies Miller's Motion to Compel as to these requests as to Wexford.

IDOC respond that they "maintain their objections to these requests and again refer Plaintiff to the relevant Administrative Directives related to Chronic Illnesses and Hep C." (Doc. 196, p. 3).[2] At the same time, IDOC has provided documents, and Miller's counsel agreed that he can explore these topics in a deposition with the proper individuals. Accordingly, the Court denies Miller's Motion to Compel as to these requests directed to IDOC.

E. *Similarly Situated Inmates in IDOC Custody - RFP 28*

Miller seeks documents regarding the treatment of other inmates "who were refused Hep C treatment based on diabetes or elevated A1C." (Doc. 187, p. 7). The request is limited to 2016-2022. Wexford argues that this request, even in its limited form, would be a huge undertaking as they would have to review records of thousands of inmates. (Doc. 188, p. 9). IDOC similarly argues that it is a six-year period not limited to a certain facility which would require a huge review of medical records. (Doc. 196, p. 3).

---

[2] Notably, in each response, IDOC's response includes the following:

> Defendants object to this request as overbroad in time and scope, vague, irrelevant, and not proportional to the needs of the case. Fed. R. Civ. P. 26. This request is overbroad and not limited to a specific, relevant time frame.

(Doc. 187-2). "First of all, it has to be said that the objections 'vague, overly broad, and unduly burdensome' are the type of unacceptable 'boilerplate' objections that are tantamount to making no objections at all." *Alight Sols. v. Thomson*, 2021 WL 5038775, at *3 (N.D. Ill. Oct. 29, 2021) (citing FED. R. CIV. P. 33(b)(4) ("The grounds for objecting to an Interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.")).

Page 6 of 8

The Court agrees that complying with the request would require an extensive search of presumably files of those inmates who were refused Hepatitis C treatment. It is also not limited to a specific facility. Further, the Court fails to see why the documents related to treatment of other inmates is relevant. Thus, the Court denies Miller's Motion to Compel as to RFP 28.

F. *Wexford's Documents Related to Investigation and Handling of the Hepatitis C Guidelines - RFP 16*

RFP 16 seeks Wexford's internal policies, discussions, documents, and other materials related to its investigation and handling of the Hepatitis C guidelines. (Doc. 187, p. 8). Wexford argues that the request is vague and ambiguous as it is unclear what Miller means by "investigation and handling." (Doc. 188, pp. 5-6). Wexford notes that there are various aspects of the Hepatitis C Guidelines, but the request is not limited in any way to the specific guidelines associated with Miller's claims. At the hearing, counsel for Wexford indicated that officials involved in policymaking were asked to search for any discussions related to Wexford's participation in the development and handling of the specific provision of the Hepatitis C guidelines relevant to Miller's claims. Those officials indicated that there was no involvement by Wexford and no documents were found. Counsel indicated that, if she had not already submitted that update in writing to Miller's counsel, she would do so after the hearing. Wexford is **DIRECTED** to submit a formal response by **February 2, 2023**. Accordingly, the Court denies as moot Miller's Motion to Compel as to RFP 16.

II.     **Remaining Discovery**

The parties are **DIRECTED** to meet and confer regarding deadlines for remaining discovery—including depositions. The Court will set a status conference to discuss those deadlines by separate order. The parties are **DIRECTED** to submit a proposed scheduling order to the Court's proposed documents email seven days prior to the status conference. The proposed scheduling order must include a reasonable schedule for: (1) completion of deposition/fact discovery; (2) completion of expert discovery; and (3) briefing and disposition of *Daubert* and/or dispositive motions.

**IT IS SO ORDERED.**

**DATED:  January 20, 2023**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**