**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JIMMIE DALE MILLER,<br><br>Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCE, INC.; LOUIS SHICKER, former Medical Director of Illinois Department of Corrections, individually; STEVE MEEKS, Medical Director of Illinois Department of Corrections, individually; MICHAEL DEMPSEY, former Interim Medical Director of Illinois Department of Corrections, individually; DR. DINA PAUL, individually; DR. LAURA PITTMAN, individually; DR. JULIANA CHAN, individually; LORI CUNNINGHAM, individually; and CORRECTION OFFICER DOE, individually,<br><br>Defendants. | ) | No. 3:20-cv-00446-NJR |

**PLAINTIFF'S MOTION FOR LEAVE TO DISCLOSE DISCOVERY MATERIALS**

Plaintiff Jimmie Dale Miller, by and through his attorneys, Daley Mohan Groble, P.C., moves the Court for entry of an order: (i) allowing plaintiff to disclose to defendants in this case certain materials produced by various parties in the matter entitled *Miller v. Lashbrook, et al.*, No. 3:17-cv-00859 (the "Prior Litigation"), and which were provided to undersigned counsel by plaintiff; and (ii) establishing such restrictions on use or dissemination as the Court deems appropriate for any such materials that were designated as "confidential" in the Prior Litigation. Counsel for plaintiff has consulted with counsel for all defendants regarding agreed terms for the disclosure/production of such materials, but as of the filing of this motion, the parties are not in agreement. If the parties reach an agreement prior to defendants' responses or the Court's ruling, plaintiff will withdraw the motion. In further support of his motion, plaintiff states:

1. Plaintiff was represented by different court-appointed counsel in the Prior Litigation.

2. Magistrate Judge Mark A. Beatty entered a Protective Order in the Prior Litigation concerning "certain Wexford contracts, policies, procedures, guidelines, and other internal records" which "contain highly sensitive and proprietary business information that could be very valuable to Wexford's competitors if publicly released." (Ex. A, at 1). The Protective Order provided that such materials "shall be stamped with the phrase 'Confidential and Subject to Protective Order' . . . with confidential and proprietary information redacted, and shall be protected and given confidential treatment as described in this order." (*Id.*). The Protective Order then set forth specific restrictions on the use, dissemination and disclosure of those materials that were marked "confidential."

2. Upon plaintiff's motion, this Court entered a virtually identical protective order in this case. (ECF 162).

3. Upon being appointed by this Court to represent plaintiff, undersigned counsel obtained from plaintiff certain file materials from the Prior Litigation, including discovery materials.

4. In preparing for the deposition of defendant Dr. Chan (the first defendant deposition), plaintiff's counsel discovered a set of documents in the Prior Litigation discovery materials bates numbered "Miller, Jimmie- Dr Paul Recs- 0001" through "Miller, Jimmie- Dr Paul Recs- 0006." The documents consisted of: (i) a partially redacted two-page CV for Dr. Dina Paul which was marked "Confidential and Subject to Protective Order;" (ii) two pages of medical records pertaining to plaintiff which were not redacted or marked "confidential;" and (iii) a partially redacted two-page e-mail exchange dated December 12, 2019 between Dr. Chan and Nurse

Stacie DeWeese at the Lawrence Correctional Center, which was marked "Confidential and Subject to Protective Order." The e-mail exchange concerned whether Nurse DeWeese should refer two un-named "offenders" with "F3/F4 fibroscans" and "very high A1C" to Dr. Chan for possible HCV treatment. The e-mail was not produced by any defendant in this case.

5. Plaintiff's counsel e-mailed a copy of the above documents to all counsel in advance of Dr. Chan's deposition and: (i) advised that he intended to question Dr. Chan regarding the e-mail exchange; and (ii) inquired whether there were additional relevant e-mail communications that the defendants had not produced. (*See* Ex. B, 3/29/23 2:04 p.m. e-mail). No defense counsel responded to the above e-mail prior to Dr. Chan's deposition.

6. At Dr. Chan's deposition, Wexford's counsel objected when plaintiff's counsel began to question Dr. Chan about the e-mail, although Dr. Chan's counsel stated that Dr. Chan could search for the e-mail and provide a copy without the "confidential" marking. Dr. Chan's previous e-mail search had only been for materials with the plaintiff's name. Plaintiff's counsel proceeded to question Dr. Chan using the copy produced in the Prior Litigation.

7. Following Dr. Chan's deposition, plaintiff's counsel reviewed all discovery materials in his possession from the Prior Litigation for any others with a "confidential" designation, and located the following (in addition to the Dr. Paul materials described above):

(1) CV for Angel L. Rector, NP (Miller, Jimmie- Rector CV 01 to 02);

(2) CV for Michael D. Scott, MD (Miller, Jimmie- Dr Scott CV 01 to 05);

(3) CV for Alberto Y. Butalid, MD (Miller, Jimmie- Dr. Butalid CV 1);

(4) CV for Rao Vallabhaneni, MD) (Miller, Jimmie- Dr. V CV 01); and

(5) Orientation and Training Records for Wexford employees Scott, Loos and Rector (Miller, Jimmie- Orientation and Training Records 0001 to 0027).

8. Plaintiff's counsel also located a Memorandum and Order of Magistrate Judge Beatty in the Prior Litigation finding, among other things, that "it is not readily apparent that any of the information contained [in the CV of Dr. Scott] is confidential and warrants nondisclosure" and denying plaintiff's request to file that document under seal. (Ex. C, at 4-5).

9. Plaintiff's counsel located Wexford's written response to plaintiff's second request for production in the Prior Litigation, in which Wexford stated it was producing certain documents "subject to the Court's protective order and bates labeled Miller- Wexford Guidelines- PO- 0001-0062". (Ex. D, at 4). Plaintiff's counsel did not locate any documents with the above bates numbers, or any other documents with a similar "PO" bates number.

10. Plaintiff's counsel thereafter sought agreement among the parties in this case that plaintiff would produce all Prior Litigation discovery materials in his possession, including those marked "confidential" and that all such marked materials would be treated as confidential under the protective order in this case until and unless the Court ordered otherwise. (*See* Ex. B, 4/5/23 4:01 p.m. e-mail). Wexford's counsel did not agree, and stated she would need to confer with the attorney in her firm that represented Wexford in the Prior Litigation. (*Id*., 4/5/23 7:37 p.m. e-mail).

11. Plaintiff files this motion so as to avoid delay in the event that the parties do not reach agreement concerning the production and use of discovery materials from the Prior Litigation, necessitating the Court's ruling. If the parties reach agreement prior to the defendant's motion response date, or prior to the Court ruling, plaintiff will withdraw the motion.

WHEREFORE, plaintiff moves the Court for entry of an order: (i) allowing plaintiff to disclose to defendants in this case certain materials produced by various parties in the Prior Litigation; and (ii) establishing such restrictions on use or dissemination as the Court deems appropriate for any such materials that were designated as "confidential" in the Prior Litigation.

Respectfully submitted,

JIMMIE DALE MILLER

By: /s/ Sean M. Sullivan
Sean M. Sullivan

Sean M. Sullivan
Lisa M. Roccanova
DALEY MOHAN GROBLE, P.C.
55 West Monroe Street
Suite 1600
Chicago, IL 60603
Phone: (312) 422-9999
Fax: (312) 422-537
ssullivan@daleymohan.com
lroccanova@daleymohan.com

**CERTIFICATE OF SERVICE**

I, Sean M. Sullivan, an attorney, certify that I caused a true copy of the foregoing Plaintiff's Motion for Leave to Disclose Discovery Materials to be served upon the attorneys of record via the Court's ECF filing system on April 6, 2023.

/s/ Sean M. Sullivan
Sean M. Sullivan