# EXHIBIT B

**From:** Sean Sullivan
**To:** Syrcle, Joy C.; Keith B. Hill; Barnett, Tara; Martha E. Ravenhill
**Cc:** Lisa Altukhova; Lisa Roccanova; Frank Rocco; Rupcich, Joseph N.
**Subject:** Re: Miller v. Wexford, et al.
**Date:** Wednesday, April 5, 2023 8:02:06 PM
**Attachments:** image009.png
image011.png
image012.png
image013.png
image014.png

---

We will file a motion tomorrow for leave to produce them. All parties can respond however they see fit.

Get Outlook for Android

---

**From:** Syrcle, Joy C. <jsyrcle@cassiday.com>
**Sent:** Wednesday, April 5, 2023 7:37:40 PM
**To:** Sean Sullivan <ssullivan@daleymohan.com>; Keith B. Hill <KHill@heylroyster.com>; Barnett, Tara <Tara.Barnett@ilag.gov>; Martha E. Ravenhill <MRavenhill@heylroyster.com>
**Cc:** Lisa Altukhova <lisaa@daleymohan.com>; Lisa Roccanova <lroccanova@daleymohan.com>; Frank Rocco <frocco@daleymohan.com>; Rupcich, Joseph N. <jrupcich@cassiday.com>
**Subject:** RE: Miller v. Wexford, et al.

Sean,
The Protective Order from 17cv859 expressly states confidential documents shall not be used in any other litigation. While you may dispute the appropriateness of the designations as to some documents, the place to raise those objections was in that case. Making them subject to our Protective Order does not cure the fact that use in our case is itself a violation of the Court's Order. If a party may simply unilaterally decide certain provisions of a court's order shouldn't apply and may be disregarded, it renders the protective order process meaningless.

The Order at ECF 306 addresses whether certain documents would be sealed in the Court record, which is a separate analysis from what protections are afforded to the documents outside of the case in which they were produced. To the extent the documents you have and are intending to produce are limited to those addressed in that Order and were filed unsealed in the public record, I have no objection to you producing them in this case. However, I read your email to mean you have documents beyond those addressed in that Order.

I can't speak to the rest of the documents from 17cv859 without knowing specifically what was provided to you. I do not believe Wexford's confidential designation applied only to those with a "PO" bates number. As I mentioned, I was not counsel for Wexford in that matter and I would like to confer further with that attorney. She is trial this week, so I would appreciate if you would hold off making any production until I can speak with her.

**Joy Syrcle** | Partner
Cassiday Schade LLP | Phone: 217.993.5643 | Fax: 217.572.1613
3100 Montvale Dr, Springfield IL 62704 | www.cassiday.com
CASSIDAY SCHADE
Illinois | Indiana | Missouri | New Mexico | Wisconsin

**From:** Sean Sullivan <ssullivan@daleymohan.com>
**Sent:** Wednesday, April 5, 2023 4:01 PM
**To:** Keith B. Hill <KHill@heylroyster.com>; Syrcle, Joy C. <jsyrcle@cassiday.com>; Barnett, Tara <Tara.Barnett@ilag.gov>; Martha E. Ravenhill <MRavenhill@heylroyster.com>
**Cc:** Lisa Altukhova <lisaa@daleymohan.com>; Lisa Roccanova <lroccanova@daleymohan.com>; Frank Rocco <frocco@daleymohan.com>
**Subject:** RE: Miller v. Wexford, et al.

**EXTERNAL**

Good afternoon Counsel,

Following our exchange during Dr. Chan's deposition regarding Plaintiff's Exhibit 25 (ID numbers Miller, Jimmie- Dr Paul Recs-0001 to 0006) we reviewed all of the discovery materials we received from Mr. Miller's prior case (No. 3:17-cv-00859) for any that are marked or designated as "confidential" or subject to protective order. Almost all that have "confidential" markings are CVs of various medical witnesses or parties in the prior case (similar to the first 3 pages of Plaintiff's Exhibit 25). The only exception we found is a document with ID numbers Miller, Jimmie- Orientation and Training Records 0001 to 0027. That document appears to be orientation and training records for Wexford employee Rose Marie Loos.

We plan to bates number and produce to all parties in this case the discovery materials we have from the 17-cv-00859 case, so everyone has the same universe of documents in the event any of those are pertinent to our case. Per the attached order, Magistrate Judge Beatty ruled in 17-cv-00859 that CVs were not properly designated as confidential or subject to the protective order, which would eliminate any issue as to the CVs that we have. As to the Roos orientation records, which may have been mistakenly provided by Mr. Miller's counsel and which do not seem relevant to our case, we will agree that they are subject to the protective order in our case unless otherwise ordered on motion by any party. Alternatively, since we have no plan to use those documents in this case, we can withhold those pages from our production if everyone agrees to that.

As to other Wexford documents produced in 17-cv-00859, our understanding is that Wexford identified confidential materials with a "PO" (for protective order) bates number. We have no materials with a PO bates number, and in fact do not see anything that appears to be part of any Wexford production. We believe Mr. Miller's counsel withheld those according to his interpretation of the protective order.

We would appreciate it if everyone could respond with their position regarding the Loos orientation documents and in the meantime we will prepare the remaining materials for production.

Thank you.

Sean M. Sullivan | **Daley Mohan Groble, P.C.**

P 312-422-0315 | F 312-422-5370 | E ssullivan@daleymohan.com
55 West Monroe, Ste. 1600, Chicago, IL 60603
www.daleymohan.com

View my profile on LinkedIn

**From:** Sean Sullivan
**Sent:** Wednesday, March 29, 2023 2:04 PM
**To:** Keith B. Hill <KHill@heylroyster.com>; Syrcle, Joy C. <jsyrcle@cassiday.com>; Barnett, Tara <Tara.Barnett@ilag.gov>; Martha E. Ravenhill <MRavenhill@heylroyster.com>
**Cc:** Lisa Altukhova <lisaa@daleymohan.com>; Lisa Roccanova <lroccanova@daleymohan.com>; Frank Rocco <frocco@daleymohan.com>
**Subject:** RE: Miller v. Wexford, et al. [HRVA-HRVA.FID3065245]

Hello again all,

We are reaching out again about what appears to be gaps in document production. As you recall, the 12/12/19 Offender Outpatient Progress Note for Mr. Miller included, under "Education/Assessment:" the statement "Email correspondence from Dr. Juliana Chan sent today states that patients with HbA1c> 7.0% should not be referred to be seen by UIC Liver Clinic/Telemedicine." A copy of that note was attached to Mr. Miller's original complaint as Ex. 4, and it was also produced by Wexford in this case.

In searching for that correspondence (which we did not recall seeing) we discovered the attached documents that were apparently produced by Dr. Paul in a prior case (17-cv-00859). It includes an email exchange between Nurse Staci DeWeese and Dr. Chan on 12/12/19 (as referenced in the note). All other recipients are redacted, although presumably Dr. Paul was one of them as she seems to have produced it. It doesn't appear that this email was produced in this case by Dr. Paul, Dr. Chan, Wexford or IDOC. If anyone did produce it, please point us to the bates number.

We intend of course to question Dr. Chan about this communication tomorrow, but are concerned about other materials that don't seem to have been produced, such as the Wexford/UIC Health Services Agreement, the additional UIC Guidelines from 2019, as well as other unknown emails/communications among the parties. These depositions are going to be grueling enough as it is, without the added time of having to ask every witness about what they did to locate relevant documents and communications, let alone having to come back again to address later discovered materials.

Anyway, we just wanted to let you know that we intend to question regarding these materials produced by Dr. Paul in the other case.

Sean M. Sullivan | **Daley Mohan Groble, P.C.**
P 312-422-0315 | F 312-422-5370 | E ssullivan@daleymohan.com
55 West Monroe, Ste. 1600, Chicago, IL 60603
www.daleymohan.com

View my profile on LinkedIn

**From:** Keith B. Hill <KHill@heylroyster.com>
**Sent:** Wednesday, March 29, 2023 12:25 PM
**To:** Sean Sullivan <ssullivan@daleymohan.com>
**Subject:** RE: Miller v. Wexford, et al. [HRVA-HRVA.FID3065245]

Sean,

Will do.

**Keith B. Hill**
Partner
Phone: 618.650.7610
Web: heylroyster.com

**Heyl, Royster, Voelker & Allen, P.C.**

HEYL ROYSTER

**Office:**
105 West Vandalia Street Mark Twain Plaza III, Suite 100, Edwardsville, Illinois 62025

[illegible]

**From:** Sean Sullivan <ssullivan@daleymohan.com>
**Sent:** Wednesday, March 29, 2023 11:35 AM
**To:** Syrcle, Joy C. <jsyrcle@cassiday.com>; Keith B. Hill <KHill@heylroyster.com>; Martha E. Ravenhill <MRavenhill@heylroyster.com>; Barnett, Tara <Tara.Barnett@ilag.gov>
**Cc:** Lisa Altukhova <lisaa@daleymohan.com>; Lisa Roccanova <lroccanova@daleymohan.com>; Frank Rocco <frocco@daleymohan.com>
**Subject:** RE: Miller v. Wexford, et al.

Keith,

UIC produced two iterations of their HCV DOC Telemedicine Guidelines – November 2016 and May 2021. The November 2016 says "none" under "Rescission Date" but the May 2021 says "November 2016" and "February 2019" under "Rescission Date."

This suggests that there may have been an additional iteration between the two that we received. And since our client was (finally) put in the HCV process beginning in February 2019, that iteration would be particularly relevant.

Can you please ask Dr. Chan to provide the February 2019 Guidelines? It will be important for her deposition, obviously. We have made the same request to UIC's counsel and will advise everyone when we hear back from her.

Thank you.

**Sean M. Sullivan | Daley Mohan Groble, P.C.**
P 312-422-0315 | F 312-422-5370 | E ssullivan@daleymohan.com
55 West Monroe, Ste. 1600, Chicago, IL 60603
www.daleymohan.com

View my profile on LinkedIn

**From:** Sean Sullivan
**Sent:** Wednesday, March 29, 2023 9:32 AM
**To:** Syrcle, Joy C. <jsyrcle@cassiday.com>; Keith B. Hill <KHill@heylroyster.com>; Martha E. Ravenhill <MRavenhill@heylroyster.com>; Barnett, Tara <Tara.Barnett@ilag.gov>
**Cc:** Lisa Altukhova <lisaa@daleymohan.com>; Lisa Roccanova <lroccanova@daleymohan.com>; Frank Rocco <frocco@daleymohan.com>
**Subject:** RE: Miller v. Wexford, et al.

Good morning all,

Keith has asked a couple times about exhibits to be used at tomorrow's deposition. I will try to email out by end of today as many of them as I can, so at least you can view them direct instead of on screen share, even if you don't want to print them. I don't have them collected up and named yet, but they will definitely include what was in Dr. Chan's production, the UIC program guidelines, the IDOC guidelines for each of the years we have, some of Mr. Miller's medical records. I will also likely go over some medical literature (some authored by Dr. Chan and some not) at least at a high level to get sort of a primer on HCV.

Sorry not to have all of them lined up to send out, but will be working on it today.

Sean

**Sean M. Sullivan | Daley Mohan Groble, P.C.**
P 312-422-0315 | F 312-422-5370 | E ssullivan@daleymohan.com
55 West Monroe, Ste. 1600, Chicago, IL 60603
www.daleymohan.com

View my profile on LinkedIn

**From:** Sean Sullivan
**Sent:** Tuesday, March 28, 2023 4:35 PM
**To:** Syrcle, Joy C. <jsyrcle@cassiday.com>; Keith B. Hill <KHill@heylroyster.com>; Martha E. Ravenhill <MRavenhill@heylroyster.com>; Barnett, Tara <Tara.Barnett@ilag.gov>
**Cc:** Lisa Altukhova <lisaa@daleymohan.com>; Lisa Roccanova <lroccanova@daleymohan.com>; Frank Rocco <frocco@daleymohan.com>
**Subject:** Miller v. Wexford, et al.

All,

We are following up regarding a missing contract between UIC and Wexford. UIC produced in response to our subpoena an "Amendment No. 1" (dated in 2013) to a "Professional Healthcare Services Agreement" with Wexford dated 5/1/07. We produced that Amendment No. 1 to all of you as JDM 003033 – 003040. UIC did not produce the underlying 2007 Healthcare Services Agreement. We have requested several times that UIC's counsel supplement its production with that agreement but so far have not received it. We reiterated that request today while noting the upcoming deposition of a UIC employee defendant.

To the best of our knowledge, neither Wexford nor Dr. Chan produced that 2007 agreement or the amendment. We believe that agreement would be responsive to RFP No. 19, unless it is wholly unrelated to HCV or diabetes. In any event, we request that Wexford (and any other defendant also in possession) produce the 5/1/07 agreement as well as all exhibits, amendments, etc.

Thank you.

Sean M. Sullivan | **Daley Mohan Groble, P.C.**

P 312-422-0315 | F 312-422-5370 | E ssullivan@daleymohan.com
55 West Monroe, Ste. 1600, Chicago, IL 60603
www.daleymohan.com

View my profile on LinkedIn

**This attorney does not consent to electronic service of discovery documents or notices of deposition in federal court cases. Please serve all discovery and notices of deposition by United States mail to the address above.**

**CONFIDENTIALITY NOTICE:**This electronic message is intended to be viewed only by the individual or entity to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any dissemination, distribution or copying of this communication is strictly prohibited without our prior permission. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, or if you have received this communication in error, please notify us immediately by return e-mail and delete the original message and any copies of it from your computer system. For further information about Cassiday Schade LLP, please see our website at www.cassiday.com or refer to any of our offices. Thank you.