# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JIMMIE DALE MILLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:17-CV-859-MAB** |
| | ) | |
| **JOHN BALDWIN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

The matter is currently before the Court on the various motions that were spawned from the summary judgment briefing, including Plaintiff's motion to file exhibits under seal (Doc. 276), the Wexford Defendants' motion for sanctions (Docs. 277, 278, 279; *see also* Doc. 280; Doc. 290), the Wexford Defendants' motion to strike exhibits attached to Plaintiff's response brief (Doc. 288; *see also* Doc. 291, Doc. 292), Plaintiff's motion for leave to file supplemental authority in support of his response to the Wexford Defendants' motion for summary judgment (Doc. 297; *see also* Doc. 303); and the IDOC Defendants' motion to strike exhibits attached to Plaintiff's response brief (Doc. 300; *see also* Doc. 301).

## A. Wexford Defendants' Motion for Sanctions (Doc. 277)

Defendants claim that Plaintiff failed to disclose and withheld information regarding his participation in a potentially duplicative lawsuit, namely, an ongoing class action in the Central District of Illinois regarding inadequate medical treatment for hepatitis C. Defendants also claim that Plaintiff is pursuing frivolous claims without any

legal or factual support. Defendants ask the Court to impose sanctions pursuant to Rules 11, 26, and 37, and dismiss this action with prejudice, deem this case frivolous resulting in a strike against the Plaintiff, and to tax costs against Plaintiff.

With respect to the potentially duplicative litigation, defense counsel learned in February 2020 that Plaintiff was a named party in a class action in the Central District of Illinois against Wexford and the IDOC regarding hepatitis C treatment— *Michael Glover v. IDOC, et. al*, CDIL case no. 18-2270 (Doc. 277). Defendants claim that Plaintiff withheld this information in his interrogatory responses, which were served in April 2019, and at his deposition, which was taken in August 2019. They argue that because Plaintiff withheld this information, they were precluded from inquiring into and potentially briefing the issue of duplicative simultaneous cases. Defendants seek sanctions against Plaintiff for failing to disclose his involvement in a class action involving "the same allegations" regarding inadequate medical care for his hepatitis C.

In response, Plaintiff attested that he was unaware that he was a named party in the class action lawsuit (Doc. 280-2). Though Plaintiff concedes that he submitted things to the court in the class action lawsuit, he never received a response from the court or class counsel (Doc. 280-2). The lack of response led Plaintiff to believe that he was not an eligible class member in the class action lawsuit (Doc. 280-2). When defense counsel notified Plaintiff's counsel that he was a named party in the class action, Plaintiff supplemented his interrogatory responses to disclose the class action lawsuit (Doc. 280-3). Plaintiff's counsel also offered to re-open Plaintiff's deposition so that defense counsel could question him about the lawsuit (Doc. 280-1). Finally, Plaintiff filed a motion to sever

in the class action, which was granted and terminated his involvement in the class action (Docs. 280-4, 280-5).

The Court accepts that Plaintiff was initially unaware he was pursuing potentially duplicative lawsuits. When he became aware, he remedied the situation by ending his participation in the class action. Now he is pursuing his claims regarding inadequate medical care for hepatitis C only in this lawsuit. There is no indication that any violation of Rule 26 which may have occurred prejudiced Defendants in any way and the imposition of sanctions under Rule 37 is unwarranted. Fed. R. Civ. P. 37(c)(1) (failure to disclose information or supplement an earlier response is sanctionable "unless the failure was substantially justified or is harmless").

Defendants also argue that Plaintiff should be sanctioned for pursuing frivolous claims that are unwarranted by existing law and/or without evidentiary support. Specifically, Defendants claim that "Plaintiff continues to pursue a claim against Dr. Scott for his treatment of Plaintiff's hepatitis C, despite the fact that Dr. Scott did not see Plaintiff for his hepatitis C; Plaintiff pursues a claim against Dr. Butalid for his treatment of Plaintiff's diabetes and hepatitis C on February 2017, despite the fact that Dr. Butalid did not work at the facility Plaintiff was housed in February 2017; and Plaintiff pursues a claim against Rose Loos for ignoring, intentionally losing, or wrongly denying his grievances, despite admitting that she was not involved in the grievance process and this claim is unsupported." (Doc. 265, p. 4).

Plaintiff did not directly respond to Defendants' argument about frivolous claims (*see* Doc. 280), but after reviewing the Ninth Amended Complaint (which is the operative

complaint in the matter) and the summary judgment briefing, it is obvious to the Court that no sanctions are warranted. Although the facts supporting the claims against Dr. Scott, Dr. Butalid, and Rose Loos as stated in the Ninth Amended Complaint appear to have been off-base, the factual underpinnings of Plaintiff's claims were clarified over the course of discovery (particularly at Plaintiff's deposition, *see* Doc. 265-1). Nothing about the claims as presented in the summary judgment briefing strikes the Court as legally frivolous. Consequently, no sanctions are warranted.

The Wexford Defendants' motion for sanctions is denied.

**B. PLAINTIFF'S MOTION TO FILE EXHIBITS UNDER SEAL** (Doc. 276)

Plaintiff asks to file exhibits 6, 7, 8, and 12 under seal (Doc. 276). "Secrecy in judicial proceedings is disfavored." *GEA Grp. AG v. Flex-N-Gate Corp.*, 740 F.3d 411, 419 (7th Cir. 2014). "Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010). *See also Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002) ("In civil litigation only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is entitled to be kept secret . . . .")

Exhibit 12 is the curriculum vitae ("CV") of Defendant Dr. Michael Scott (Doc. 283-4). It was marked "confidential" by Defendants pursuant to a protective order previously entered by the Court (Doc. 276; *see also* Doc. 210). The Court has reviewed the CV and it is not readily apparent that any of the information contained therein is confidential and

warrants nondisclosure. Defendants did not respond to Plaintiff's motion or otherwise provide the Court with a reason why the CV should be sealed. Consequently, the motion is denied as to Dr. Scott's CV and the Clerk of Court is directed to unseal Doc. 283-4.

Exhibit 6 contains Plaintiff's mental health records from June 2016 to January 2018 (Doc. 283-1). Exhibit 7 is a medical record from an appointment Plaintiff had regarding his hepatitis C in June 2015, prior to his incarceration (Doc. 283-2). And Exhibit 8 is a medical record from an appointment Plaintiff had with Dr. Dina Paul regarding his hepatitis C while he was incarcerated at Lawrence Correctional Center (Doc. 283-3). (The Wexford Defendants also filed this record as part of an exhibit that is unsealed (Doc. 265-6, p. 132)). Plaintiff states that these records are protected by a HIPAA Qualified Protective Order and contain "confidential and/or highly confidential information" (Doc. 276). Plaintiff did not provide any explanation beyond that or identify a particular reason why he wants these records to remain under seal (*see* Doc. 276). Furthermore, it is clear that these records are all relevant, if not central, to Plaintiff's claims against some of the defendants for deliberate indifference to his hepatitis C and mental health condition. Consequently, Plaintiff's motion is denied as to these records and the Clerk of Court is directed to unseal Doc. 283-1, 283-2, 283-3, and 283-4.

**C. WEXFORD DEFENDANTS' MOTION TO STRIKE** (Doc. 288)

The Wexford Defendants ask the Court to strike Plaintiff's Exhibits 3, 5, 10, and 11 that are attached to his response to his motion for summary judgment (Doc. 288; *see* Docs. 282-3, 282-5, 282-7, 282-8).

**1. Exhibit 3**

Exhibit 3 is the IDOC's Hepatitis Guidelines implemented in 2014 and 2017 (Doc. 282-3). It includes several emails, which contain signature blocks for Dr. Steven Meeks, Dr. Juliana Chan, and Dr. Dina Paul. Those signature blocks include work phone numbers, work addresses, and work email addresses. Defendants request that, for the privacy of these witnesses, Plaintiff file an amended redacted exhibit or the exhibit be placed under seal (Doc. 288).

Defendants produced these records unredacted and did not seek a Protective Order at any point (Doc. 291). Defendants did not cite to any Court Order, Local Rule, Federal Rule of Civil Procedure, or case law that requires professional contact information to be redacted or filed under seal (*see* Doc. 288). *See* SDIL-LR 5.1(d) (requiring parties to redact social security numbers, names of minor children, dates of birth, drivers' license numbers, financial account numbers, and home addresses). The Court also notes that Juliana Chan and Dina Paul's work contact information is readily available on the internet. For these reasons, this request is denied and Doc. 282-3 will remain unsealed.

**2. Exhibit 5**

Plaintiff's Exhibit 5 (Doc. 282-5) is the deposition transcript of Wexford's corporate representative Dr. Roderick Matticks. Defendants ask the Court to seal this document because Dr. Matticks testified about Wexford's policies and procedures, which Defendants claim is proprietary and confidential business information that is covered by the previously entered Protective Order (*see* Doc. 210).

The purpose of the provisions of Federal Rule of Civil Procedure 26 governing

protective orders is to facilitate discovery by shielding trade secrets and other confidential business information, thereby encouraging parties apprehensive about the disclosure of such information to cooperate in discovery. *See In re Krynicki*, 983 F.2d 74, 75 (7th Cir. 1992) ("Confidentiality while information is being gathered not only protects trade secrets but also promotes disclosure: parties having arguable grounds to resist discovery are more likely to turn over their information if they know that the audience is limited[.]"). But as the Protective Order explicitly states, it does not, by itself, authorize the filing of a document under seal simply because a party designates it as confidential during the discovery process (Doc. 210).

It is clear that the deposition transcript need not be sealed in its entirety. Defendants do not, however, specify which portions of the deposition they want to keep confidential (*see* Doc. 288). Defendants also did not explain how disclosure of those portions of the deposition testimony would cause any harm or why the predicted harm warrants secrecy, nor did they cite to any authority supporting their assertion that this testimony should remain under seal (*see* Doc. 288). *See Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002). Consequently, Defendants' overly broad and unsupported request is denied and Doc. 282-5 will remain unsealed.

**3. Exhibits 10 and 11**

Plaintiff's Exhibit 10 (Doc. 282-7) and Exhibit 11 (Doc. 282-8) are reports prepared by court-appointed experts as part of a class action in the Northern District of Illinois: *Lippert v. Godinez*, Case No. 10-cv-4603 (N.D. Ill.). They are general reports on the medical care provided to prisoners statewide in Illinois. Specific information regarding

medical care provided at Pinckneyville is scant. Plaintiff cites to these reports as proof of systemic deficiencies in the quality of care being provided by Wexford at chronic care clinics within the IDOC and argues that the care provided to Plaintiff is simply another example of substandard care given to an inmate with chronic conditions (Doc. 282, p. 15). Numerous litigants have tried to introduce these reports in their own cases for the same or similar reasons, and each time they have been excluded as inadmissible hearsay when offered for the truth of the matter asserted. *See, e.g., Wilson v. Wexford Health Sources, Inc.*, 932 F.3d 513, 522 (7th Cir. 2019) (affirming exclusion of the report and collecting cases). Plaintiff does not provide a sufficient reason why a different result should be reached here (*see* Doc. 291). Consequently, Defendants' request as to Plaintiff's Exhibits 10 and 11 is granted. These exhibits are stricken and will not be considered by the Court in deciding the motions for summary judgment.

**D. DEFENDANTS' MOTION TO STRIKE EXHIBIT** (Doc. 300)

Exhibit 1 to Plaintiff's response in opposition to the IDOC Defendants' motion for summary judgment is nine pages of tracking information for various parcels (Doc. 296-1). Plaintiff claims Exhibit 1 is the tracking information for his letter dated January 23, 2017 and proof that Defendants Louis Shicker and Wexford received the letter (Doc. 296, p. 4; Doc. 301). The IDOC Defendants and the Wexford Defendants ask the Court to strike Plaintiff's Exhibit 1 because it was not timely produced to them, it is unauthenticated hearsay, and it does not clearly provide the information that Plaintiff claims it does. (Doc. 300).

The Court agrees Exhibit 1 must be stricken. The timing of the disclosure aside,

the documents are unauthenticated and Plaintiff does not provide any explanation or information to verify that the documents are what he claims. The tracking information does not contain any identifying information, such as, what was sent, the sender's name, the intended recipient's name, or the intended recipient's street address (*see* Doc. 296-1). It simply gives the time and date of the deliveries and the city, state, and zip code where the deliveries were made (*see* Doc. 296-1). And for four of the deliveries, the tracking information also gives the initials and/or the last name of the person who signed for the deliveries (*see id.* at pp. 1, 5, 6, 7), but Plaintiff does not provide any explanation as to who these people are or how they are tied to the Defendants (*see* Doc. 301). None of the Defendants are mentioned by name in the documents (*see* Doc. 296-1). Furthermore, the tracking information indicates that all of the deliveries were made in mid-April 2017, which is approximately two and a half months after the letter was dated and presumably mailed. This makes the tracking information seems like a mismatch for the January letter and Plaintiff does not make any attempt to explain the discrepancy (*see* Doc. 301). Simply put, it is impossible to tell from the face of the tracking information that it is what Plaintiff claims or to definitively tie it to any of the Defendants.

For these reasons, Defendants' motion to strike is granted and Exhibit 1 to Plaintiff's response brief (Doc. 296-1) is stricken and will not be considered by the Court in deciding the motions for summary judgment.

**E. PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY** (Doc. 297)

Plaintiff seeks to file one page of the tracking information discussed in the previous section—the page that purportedly demonstrates Wexford received the January

23, 2017 letter—as a supplemental exhibit to his response in opposition to the Wexford Defendants' motion for summary judgment (Doc. 297). The motion is denied for the same reasons outlined in the previous section.

## CONCLUSION

Plaintiff's motion to file exhibits under seal (Doc. 276) is **DENIED.** The Clerk of Court is **DIRECTED** to **UNSEAL** the documents at docket entries 283-1, 283-2, 283-3, and 283-4.

The Wexford Defendants' motion for sanctions (Docs. 277) is **DENIED.**

The Wexford Defendants' Motion to Strike (Doc. 288) is **GRANTED in part and DENIED in part.** It is denied as to Plaintiff's Exhibit 3 (Doc. 282-3) and Exhibit 5 (Doc. 282-5) and granted as to Plaintiff's Exhibit 10 (Doc. 282-7) and Exhibit 11 (Doc. 282-8). Exhibit 3 (Doc. 282-3) and Exhibit 5 (Doc. 282-5) will remain unsealed and unstricken. Exhibit 10 (Doc. 282-7) and Exhibit 11 (Doc. 282-8) are **STRICKEN** and will not be considered by the Court in deciding the motions for summary judgment

Plaintiff's Motion for Leave to File Supplemental Authority (Doc. 297) is **DENIED**.

The IDOC Defendants' Motion to Strike Exhibits (Doc. 300) is **GRANTED** and Plaintiff's Exhibit 1 (Doc. 296-1) is **STRICKEN** and will not be considered by the Court in deciding the motions for summary judgment.

**IT IS SO ORDERED.**

**DATED: November 25, 2020**

**s/ Mark A. Beatty**
**MARK A. BEATTY**
**United States Magistrate Judge**