# EXHIBIT D

043170/19344/TPD/JAK

U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS, EAST ST. LOUIS DIVISION

| | |
|---|---|
| JIMMIE DALE MILLER, #K79113,<br><br>Plaintiff,<br><br>v.<br><br>JACKIE LASHBROOK, KAREN JAIMET, LARUE LOVE, MR. THOMPSON, RONDA MCWILLIAMS, D. FLATT, WEXFORD HEALTH SOURCE, INC., LOUIS SHICKER, STEVE MEEKS, A. BUTALID, DR. RAO, MS. ROSE, MR. SMITH, LADONNA LONG, A. RECTOR, LARA LACRONE, and CHRISTINA BROWN,<br><br>Defendants. | Case Number 3:17-cv-00859-NJR-MAB<br><br>Judge Nancy J. Rosenstengel<br><br>Magistrate Judge Mark A. Beatty |

**DEFENDANT WEXFORD HEALTH SOURCES, INC.'S RESPONSE TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION**

COMES NOW Defendant WEXFORD HEALTH SOURCES, INC., by and through its attorneys, CASSIDAY SCHADE LLP, and for its Response to Plaintiff's Second Request for Production propounded by Plaintiff, JIMMIE DALE MILLER, #K79113, states as follows:

**DEFINITIONS**

A. "Documents" shall mean the original, all copies and drafts of writings of any kind, including, but not limited to, correspondence, memoranda, reports, minutes, pamphlets, notes, letters, telegrams, messages (including reports, notes and memoranda of telephone conversations and conferences), calendar and diary entries, contracts, research articles, treatises, records, data, and compilations. Designated documents shall include all attachments, enclosures and other documents that are attached to, relate to or refer to such designated documents.

B. "Identify" with respect to documents shall mean state the author, addressee, persons copied, date, subject matter and document character (e.g., letter, memorandum, invoice)

and shall refer to documents within the possession, custody and control of Plaintiff or any agent, employee or representative thereof.

C. "Identify" with respect to individuals means to give the name and last known residence address and telephone number of such individual and the name, address and telephone number of the last known place of business where such individual is or was employed.

D. "Person" refers to the plural as well as the singular and means any natural person, firm, association, partnership, corporation or other form of legal entity.

E. "You," "your," or "Defendant," refers to the named Defendant answering these Interrogatories, including any agent, employee or representative acting on the named Defendant's behalf.

F. "Plaintiff" refers to Plaintiff Jimmie Dale Miller and/or any agent, employee or representative acting on his behalf.

G. "Possess" or "possession" as used herein, means having custody or control of, having access to, or having knowledge of.

**SPECIAL INSTRUCTIONS**

In the event any or all documents identified herein or which are requested hereby are no longer in your possession because of destruction, loss or any other reason, identify:

(A) the document no longer in your possession;

(B) the person or persons who sent or received the original or any copy of the document;

(C) state in as much detail as possible the content of the document; and

(D) state the manner and date of disposition of the document.

If you contend that you are entitled to withhold information from this Request for Production, the identity of any document, or any other information requested herein, on the basis of the attorney work product privilege, attorney-client privilege, or any other ground, with respect to such documents or communications:

(A) describe the nature of the document or communication;

(B) state the date of the document or communication;

(C) identify the person or persons who sent the document and who received, or was supposed to receive the original document, or participated in the communication in any way;

(D) state the general subject matter of the document or communication insofar as you are able without revealing the privileged information, i.e. document concerning negotiation of contract term; and

(E) specifically state the basis upon which you contend you are entitled to withhold the document or communication from production.

If you know of any document, communication, event, fact or information but cannot give specific information or the full information called for by a particular Request, so state and give the best information which you have (i.e. approximate dates) and identify every person whom you believe has the required information.

Pursuant to the Rules of Civil Procedure, you are requested to amend or supplement your responses to this set of document requests, if you obtain information upon the basis of which (a) you know that a response was incorrect when made, or (b) you know that the response, though correct when made, is no longer correct.

The following document requests are deemed continuing so as to require you to serve timely supplemental answers if you obtain further information pertinent thereto between the time the answers are served and the time of trial.

**Defendant objects to the extent that Plaintiff's instructions and definitions attempt to improperly broaden the scope of discovery. FRCP 26; 34.**

**DOCUMENTS REQUESTED**

1. All written policies and procedures of Defendant Wexford Health Sources, Inc. for treating inmates with diabetes at the Pinckneyville Correctional Center from September 1, 2016 to the present.

**RESPONSE:**

**Defendant objects to this request as it is overbroad in time as Plaintiff is no longer incarcerated at Pinckneyville. FRCP 26; 34. Defendant also objects to the extent Plaintiff seeks IDOC Administrative Directives ("ADs") and Institutional Directives ("IDs") on the Chronic Clinics. Due to the nature of the case and potential security concerns, Plaintiff must seek these records from the IDOC. Subject to and without waiving the objections, see enclosed records from 2016-2018 produced subject to the Court's protective order and bates labeled Miller- Wexford Guidelines- PO- 0001-0062; however, these policies may be superseded by IDOC ADs and IDs.**

2. All written policies and procedures of Defendant Wexford Health Sources, Inc. for prescribing inmates with special diets at the Pinckneyville Correctional Center from September 1, 2016 to the present.

**RESPONSE:**

**Defendant objects that this request is not limited in scope to the allegations contained in the 9th Amended Complaint. Defendant also objects to this request as it is vague in its request for policies related to "special diets" as it does not identify with particularity what information Plaintiff seeks. FRCP 26; 34. Defendant further objects to the extent Plaintiff seeks IDOC ADs and IDs. Due to the nature of the case and potential security concerns, Plaintiff must seek these records from the IDOC. Subject to and without waiving the objection, see enclosed records from 2016-2018 produced subject to the Court's protective order and bates labeled Miller- Wexford Guidelines- PO- 0001-0062; however, these policies may be superseded by IDOC ADs and IDs.**

3. All written policies and procedures of Defendant Wexford Health Sources, Inc. for treating inmates with Hepatitis C at the Pinckneyville Correctional Center from September 1, 2016 to the present.

**RESPONSE:**

**Defendant objects to the extent Plaintiff seeks IDOC ADs and IDs on the Chronic Clinics. Due to the nature of the case and potential security concerns, Plaintiff must seek these records from the IDOC. Subject to and without waiving the objection, see enclosed records from 2016-2018 produced subject to the Court's protective order and bates labeled Miller- Wexford Guidelines- PO- 0001-0062; however, these policies may be superseded by IDOC ADs and IDs.**

4. All written policies and procedures of Defendant Wexford Health Sources, Inc. for administering vacations to inmates at the Pinckneyville Correctional Center from September 1, 2016 to the present.

**RESPONSE:**

**Defendant objects that this request is not limited in scope to the allegations contained in the 9th Amended Complaint and is overbroad and unduly burdensome. FRCP 26; 34. Defendant also objects to the extent Plaintiff seeks IDOC ADs and IDs. Due to the nature of the case and potential security concerns, Plaintiff must seek these records from the IDOC. Subject to and without waiving the objections, see enclosed records from 2016-2018 produced subject to the Court's protective order and bates labeled Miller- Wexford Guidelines- PO- 0001-0062; however, these policies may be superseded by IDOC ADs and IDs.**

5. All written policies and procedures of Defendant Wexford Health Sources, Inc. for treating inmates with poor vision at the Pinckneyville Correctional Center from September 1, 2016 to the present.

**RESPONSE**:

**Defendant objects that this request is not limited in scope to the allegations contained in the 9th Amended Complaint and is overbroad. Defendant also objects to this request as it is vague in its request for policies related to "poor vision" as it does not identify with particularity what information Plaintiff seeks. FRCP 26; 34. Defendant further objects to the extent Plaintiff seeks IDOC ADs and IDs. Due to the nature of the case and potential security concerns, Plaintiff must seek these records from the IDOC. Subject to and without waiving the objection, see enclosed records from 2016-2018 produced subject to the Court's protective order and bates labeled Miller- Wexford Guidelines- PO- 0001-0062; however, these policies may be superseded by IDOC ADs and IDs.**

6. All written policies and procedures of Defendant Wexford Health Sources, Inc. for providing low bunk permits to inmates at the Pinckneyville Correctional Center from September 1, 2016 to the present.

**RESPONSE:**

**Defendant also objects to the extent Plaintiff seeks IDOC ADs and IDs. Due to the nature of the case and potential security concerns, Plaintiff must seek these records from the IDOC. Subject to and without waiving the objection, see enclosed records from 2016-2018 produced subject to the Court's protective order and bates labeled Miller- Wexford Guidelines- PO- 0001-0062; however, these policies may be superseded by IDOC ADs and IDs.**

CASSIDAY SCHADE LLP

By: ______________________________
One of the Attorneys for Defendants ROSE LOOS, ANGEL RECTOR, ALBERTO BUTALID, M.D., WEXFORD HEALTH SOURCES, INC., DR. NAGESWARARAO VALLABHANENI and MICHAEL SCOTT, M.D.

Jaclyn A. Kinkade
MO Bar # 63935
CASSIDAY SCHADE LLP
100 North Broadway, Suite 1580
St. Louis, MO 63102
(314) 241-1377
(314) 241-1320 (Fax)
jkinkade@cassiday.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Response to Request for Production was served via regular mail to the following participants at the following addresses by depositing the same in the U.S. mail located in St. Louis, Missouri, with proper postage prepaid, before the hour of 5:00 p.m., on October 18, 2019. Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct:

Patrick E. Foppe, Esq.
Rodney Fourez, Esq.
Lashly & Baer, P.C.
714 Locust Street
St. Louis, MO 63101
(314) 621-2939
(314) 621-6844 (Fax)
AND
20 East Main Street
Belleville, IL 62220
(618) 233-5587
pfoppe@lashlybaer.com
rfourez@lashlybear.com

ATTORNEY FOR STEVEN MEEKS, JOHN BALDWIN, CHRISTINE BROWN, DEREK FLATT, KAREN JAIMET, JACQUELINE LASHBROOK, LARUE LOVE, LOUIS SHICKER, RHONDA MCWILLIAMS, and CHRISTOPHER SCOTT THOMPSON
Robert B. Shultz, Esq.
Illinois Attorney General's Office
201 West Pointe Drive
Suite 7
Belleville, IL 62226
rshultz@atg.state.il.us

______________________________

9276300 JKINKADE;DWALLACE