**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JIMMIE DALE MILLER,<br><br>Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCE, INC.; LOUIS SHICKER, former Medical Director of Illinois Department of Corrections, individually; STEVE MEEKS, Medical Director of Illinois Department of Corrections, individually; MICHAEL DEMPSEY, former Interim Medical Director of Illinois Department of Corrections, individually; DR. DINA PAUL, individually; DR. LAURA PITTMAN, individually; DR. JULIANA CHAN, individually; LORI CUNNINGHAM, individually; and CORRECTION OFFICER DOE, individually,<br><br>Defendants. | ) | No. 3:20-cv-00446-NJR |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiff Jimmie Dale Miller, by and through his attorneys, Daley Mohan Groble, P.C., moves the Court for entry of an order granting him leave to file a Second Amended Complaint in the form attached hereto as Exhibit A. In support of his motion, plaintiff states:

1. The proposed Second Amended Complaint is based on information obtained during the partial written and deposition discovery completed to date, and contains the following additions/changes (**bolded** in Ex. A) to the First Amended Complaint (ECF 108): (i) corrects minor errors in the names of defendants; (ii) adds factual detail; (iii) adds as defendants Dr. Jeremy Young ("Dr. Young") and Dr. Mahesh Patel ("Dr. Patel") of the University of Illinois at Chicago ("UIC"); (iv) adds a claim for negligence/willful and wanton conduct/malpractice under Illinois common law; and (v) adds a prayer for an award of punitive damages.

***The Appointment of Counsel and Filing of the First Amended Complaint***

2. Plaintiff filed his *pro se* Complaint for injunctive relief and damages on May 14, 2020. (ECF 1). At the time he filed the *pro se* Complaint, plaintiff was incarcerated with the Illinois Department of Corrections ("IDOC"). Plaintiff was released from IDOC custody in June 2020. Plaintiff requested that the Court appoint counsel to assist him on May 14, 2020, which the Court denied on July 15, 2020. (ECF 3, 13).

3. Plaintiff renewed his request for appointment of counsel on August 5, 2020, which the Court granted on September 21, 2020. (ECF 15, 44). The Court thereafter assigned lawyers to assist Plaintiff six (6) times. Five of those lawyers were allowed to withdraw on the basis of a conflict of interest. (ECF 50, 73, 80, 83, 87). One of the lawyers refused the assignment and was stricken from the roll of the bar of this Court for two years. (ECF 61, 62, 64, 65). This Court assigned undersigned counsel to represent plaintiff on November 17, 2020, and counsel entered his appearance on November 30, 2020. (ECF 88, 91).

4. At plaintiff's request, the Court conducted a status conference on January 19, 2021. (ECF 93, 94, 95). By order entered on that date, the Court set a deadline of April 21, 2021, for plaintiff to file a motion for leave to amend the complaint (subsequently extended to May 5, 2021). (ECF 96, 103). The Court further ordered that "absolutely no discovery on the merits of any of Plaintiff's claims will take place until after the Court determines whether Plaintiff has exhausted his administrative remedies." (ECF 96).

5. Undersigned counsel reviewed the initial pleadings in the case, documents provided by the defendants as part of their initial disclosures and such other relevant materials as counsel was able to access without the use of discovery, including documents related to plaintiff's IDOC grievances and exhaustion of reasonably available administrative remedies. Based on the available

materials, plaintiff obtained leave and filed a First Amended Complaint on May 18, 2021. (ECF 104, 108). The First Amended Complaint arises under § 1 of the Civil Rights Act of 1871, as codified at 42 U.S.C. § 1983, to recover damages for injuries incurred as a result of policies, acts and omissions of the defendants which deprived plaintiff of adequate medical care while plaintiff was in the custody of the IDOC. Specifically, defendants unlawfully deprived and excluded plaintiff from adequate and necessary medical care for Hepatitis C, Type 2 Diabetes and dental injuries, and further deprived plaintiff of a reasonable and adequate supply of his prescribed medications upon his release from IDOC custody. In the First Amended Complaint, plaintiff seeks an award of monetary damages for injuries incurred as a result of the conduct alleged, and further seeks an award of his reasonable attorney's fees pursuant to 42 U.S.C. § 1988(b).

***The Course of Discovery to Date – Including Additional Periods of Stay***

6. The Court set July 17, 2021 as the deadline for any defendant to file a motion for summary judgment on exhaustion of administrative remedies, and thereafter extended the deadline to August 2, 2021. (ECF 107, 142). On July 27, 2021, plaintiff filed a motion to lift the discovery stay because no defendant had filed a motion for summary judgment or pursued a defense on exhaustion of administrative remedies. (ECF 148). The Court granted the motion and lifted the discovery stay on August 17, 2021. (ECF 153). Plaintiff was unable to conduct discovery on the merits of his claims from May 14, 2020 to August 17, 2021 – a period of fifteen (15) months.

7. Plaintiff served written discovery to defendants in October and November 2021, and defendants served their answers and objections between January 7, 2022 and January 27, 2022, with defendant Chan serving supplemental answers to interrogatories on February 22, 2022. Plaintiff also served subpoenas for records on UIC and IDOC on November 19, 2021, and a revised subpoena to UIC on December 16, 2021.

8. Plaintiff noticed the depositions of defendants Shicker, Meeks, Dempsey and Cunningham for dates in February and March 2022. Defendants noticed the deposition of plaintiff for February 28, 2022. Prior to the depositions, disputes arose regarding defendants' compliance with plaintiff's written discovery, in particular with respect to production of documents related to IDOC guidelines for treatment of Hepatitis C and implementation of those guidelines by defendants and UIC. The parties agreed to continue the depositions of defendants until those matters could be addressed to the Court. Plaintiff filed his motion to compel on March 22, 2022. (ECF 166).

9. Plaintiff's deposition proceeded on February 28, 2022. At his deposition, plaintiff gave untrue answers to certain questions primarily regarding his treatment for relevant injuries after he was released from custody. Plaintiff corrected those untrue answers during the deposition. On March 29, 2022, defendants filed a joint motion for sanctions against plaintiff arising out of the untrue answers. Among other things, defendants sought dismissal of the First Amended Complaint with prejudice. (ECF 167, 168). Defendants filed their responses to plaintiff's motion to compel on April 5, 2022. (ECF 169, 170, 171). Depositions of defendants did not proceed during the time that plaintiff's motion to compel and defendants' motion for sanctions/dismissal were pending.

10. On July 27, 2022, the Court entered an order granting defendants' motion for sanctions, but did not dismiss the First Amended Complaint. The Court ordered plaintiff to pay fees and costs incurred by defendants related to his deposition; set a schedule for defendants to file notices of their costs and for plaintiff to file a response; directed that the First Amended Complaint would be dismissed with prejudice if plaintiff did not pay the sanctions amount within thirty days of the order approving the award; and *stayed the entire case* until plaintiff paid the as-yet

undetermined sanctions award. The Court further denied plaintiff's motion to compel without prejudice until plaintiff paid the sanctions award. (ECF 176).

11. On November 4, 2022, the Court amended its prior order to remove the portion directing dismissal for failure to pay, lifted the stay of the case, and directed the parties to submit a new proposed case management schedule. (ECF 181, 185). By virtue of the Court's formal stay order, as well as defendants' motion for sanctions/dismissal and plaintiff's unresolved motion to compel compliance with written discovery, plaintiff had been prevented from proceeding with depositions from February 28, 2022 to November 4, 2022 – a period of approximately eight months. Plaintiff re-filed his motion to compel on November 11, 2022, and the Court entered an order granting the motion in part and denying it in part on January 20, 2023. (ECF 187, 201).

12. Defendants served supplemental responses to plaintiff's written discovery and responses to plaintiff's supplemental discovery requests between January 23, 2023 and March 9, 2023. UIC also supplemented its response/production to plaintiff's subpoena for records on various dates, including February 1, 2023 and March 29, 2023.

13. Plaintiff thereafter completed the depositions of defendant Chan (March 30, 2023); defendant Meeks (April 26, 2023); defendant Shicker (April 28, 2023); defendant Wexford's employee Dr. Neil Fisher (May 15, 2023); and defendant Paul (May 17, 2023).

14. Plaintiff also served subpoenas for deposition upon Dr. Young and Dr. Patel for dates in March 2023. Plaintiff's counsel has made numerous requests to counsel for Dr. Young and Dr. Patel to confirm dates for their depositions, but they have yet to appear for deposition. The one date that counsel offered for Dr. Patel's deposition was a date on which at least one defense counsel was not available. Plaintiff intends to file a motion for rule to show cause as to Dr. Young,

Dr. Patel and UIC in the absence of full compliance with the outstanding subpoenas, including the setting of dates for depositions.

***Proposed Second Amended Complaint***

15. Facts discovered during discovery, and in particular recent supplemental document productions and testimony obtained in recent depositions, support the additional allegations, claims and parties proposed to be included in the Second Amended Complaint.

16. In particular as to Dr. Young and Dr. Patel, proposed to be added as defendants, testimony has identified them as being directly responsible (along with others) for creation, modification and implementation of the IDOC guidelines for Hepatitis C treatment that are at the core of plaintiff's claims.

17. As to claims for negligence/willful and wanton conduct and the prayer for punitive damages, the evidence establishes that all defendants acted with knowledge that their acts and omissions would deprive plaintiff of adequate medical care; that the denial of medical care was based on deficient guidelines that had no medical basis and contradicted the known standard of care, including in the corrections setting; and that all defendants acted with a conscious disregard of a known risk that plaintiff would sustain substantial physical harm as a result of defendants' acts and omissions.

18. The proposed amendment is timely in light of the existing case management schedule under which fact discovery remains open until October 6, 2023; in light of the extensive periods during which discovery was stayed; in light of the defendants' and proposed defendants' delay and obstruction of reasonable discovery; and in light of the recent discovery of facts establishing the matters alleged in the proposed Second Amended Complaint.

19. Counsel for plaintiff has conferred with counsel for defendants and has been informed that one or more defendants ***oppose*** this motion.

WHEREFORE, plaintiff moves the Court for entry of an order granting him leave to file a Second Amended Complaint in the form attached hereto as Exhibit A, with summons to issue to Dr. Jeremy Young and Dr. Mahesh Patel, and for such other relief as the Court deems appropriate.

Respectfully submitted,

JIMMIE DALE MILLER

By: /s/ Sean M. Sullivan
Sean M. Sullivan

Sean M. Sullivan
Lisa M. Roccanova
DALEY MOHAN GROBLE, P.C.
55 West Monroe Street
Suite 1600
Chicago, IL 60603
Phone: (312) 422-9999
Fax: (312) 422-537
ssullivan@daleymohan.com
lroccanova@daleymohan.com

**CERTIFICATE OF SERVICE**

I, Sean M. Sullivan, an attorney, certify that I caused a true copy of the foregoing **Plaintiff's Motion for Leave to File Second Amended Complaint** to be served upon the attorneys of record via the Court's ECF filing system on June 6, 2023.

/s/ Sean M. Sullivan
Sean M. Sullivan