**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| JIMMIE DALE MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 20-cv-446-NJR |
| | ) | |
| WEXFORD HEALTH SOURCES, INC, et.al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

NOW COME the Defendants, LORIE CUNNINGHAM, MICHAEL DEMPSEY, LATOYA HUGHES[1], STEVE MEEKS, LOUIS SHICKER, and THOMAS WELSH, by and through their attorney, KWAME RAOUL, Attorney General for the State of Illinois, and respond to Plaintiff's Motion for Leave to File Second Amended Complaint (Court Doc. 216), stating as follows:

1. Plaintiff's original Complaint was filed *pro se* on May 14, 2020. (Court Doc. 1).

2. On May 4, 2021, Plaintiff, through counsel, filed a Motion for Leave to File First Amended Complaint, which was granted on May 18, 2021. (Court Docs. 104 & 107).

3. Pursuant to the Order granting Plaintiff's Motion for Leave to File First Amended Complaint, Plaintiff was permitted to proceed on three counts:

Count 1: Deliberate indifference related to Plaintiff's HCV and Type 2 Diabetes against Defendants Wexford, Shicker, Meeks, Dempsey, Paul, Pittman, Chan, and Cunningham;

Count 2: Deliberate indifference related to Plaintiff's dental injury against Defendants Pittman and Cunningham; and

[1] Latoya Hughes is the Acting Director of the Illinois Department of Corrections, and is substituted automatically pursuant to Federal Rule of Civil Procedure 25(d).

Count 3: Deliberate indifference related to Plaintiff's denial of prescribed medications upon release against Defendants Pittman, Cunningham and Welsh.

(Court Doc. 107).

4. On June 21, 2021, Defendants Cunningham and Jeffreys filed their Answer to Plaintiff's First Amended Complaint. (Court Doc. 134).

5. On July 19, 2021, Defendants Dempsey, Meeks, and Shicker filed their Answer to Plaintiff's First Amended Complaint. (Court Doc. 141).

6. On September 27, 2021, Defendant Welsh filed his Answer to Plaintiff's First Amended Complaint. (Court Doc. 158).

7. On August 17, 2021, the Court lifted the stay on merits discovery. (Court Doc. 153).

8. Discovery has been ongoing in this matter since October 2021, as more fully explained in Plaintiff's Motion for Leave to File Second Amended Complaint. (Court Doc. 216, p. 3-5).

9. Notably, Plaintiff was deposed by Defendants on February 28, 2022.

10. On June 6, 2023, Plaintiff filed his Motion for Leave to File Second Amended Complaint, wherein Plaintiff seeks to correct errors in the names of defendants, add factual details, name two additional defendants, add a claim for negligence/willful and wanton conduct/malpractice under Illinois common law against various Defendants (including Defendants Dempsey, Meeks, and Shicker), and add a prayer for an award of punitive damages. (Court Doc. 216).

11. Amended pleadings are permitted as a matter of course before a party is served with a responsive pleading, or, "21 days after serving it, or if the pleading is one to which a responsive

pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(1)(A)(B).

12. Leave to amend may be denied for "apparent or declared reasons" such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *J.D. Marshall Int'l, Inc. v. Redstart, Inc.*, 935 F.2d 815, 819 (7th Cir. 1991).

13. Defendants object to the filing of the proposed Second Amended Complaint as it is untimely, would prejudice defendants, and is futile.

**Untimely**

14. Plaintiff's request to amend his Complaint comes over three (3) years after his original Complaint was filed and over two (2) years after his First Amended Complaint was filed. Although Plaintiff attempts to portray this delay as no fault of his own, a significant portion of the delay is due to the fact that Plaintiff lied during his deposition.

15. Plaintiff cannot be held blameless for such delay and his request to amend is untimely.

**Prejudice to Defendants**

16. Additionally, the late request to amend Plaintiff's Complaint would significantly prejudice Defendants. As mentioned, Plaintiff and various Defendants and witnesses have already been deposed and significant discovery has been exchanged.

17. The late addition of additional Defendants and/or claims would prejudice the Defendants in this matter because Defendants deposition and discovery were based upon the previous amended complaint and left the additional matters were not addressed.

**Futile**

18. Finally, Plaintiff's request to add a claim of negligence/willful and wanton conduct/ malpractice against Defendants Shicker, Dempsey, and Meeks is futile as these claims are actually claims against the State and are barred by sovereign immunity.

19. The Illinois Constitution of 1970 abolished sovereign immunity unless authorized by the General Assembly. *See* Ill. Const.1970, art. XIII § 4. Accordingly, the General Assembly enacted the State Lawsuit Immunity Act, which provides that the State shall not be made a party in any court except as specifically laid out therein. *See* 745 ILCS 5/1.

20. In fact, the Court of Claims has exclusive jurisdiction to hear and determine any claim against the state "founded upon any law of the State of Illinois..." except in very limited circumstances. *See* 705 ILCS 505/8(a). When sovereign immunity applies, the circuit court lacks jurisdiction to hear the claim. *Walker v. Rogers*, 272 Ill.App.3d 86, 88 (1995).

21. Individual capacity claims are not necessarily exempt from the same sovereign immunity. The determination of whether an action is a suit against the State, and thus one that must be brought in the Court of Claims, turns upon an analysis of the issues involved and the relief sought, rather than the formal designation of the parties. *Walker*, 272 Ill.App.3d at 88. *See also Healy v. Vaupel*, 133 Ill.2d 295, 308 (1990), *citing Herget National Bank v. Kenney*, 105 Ill.2d 405, 408 (1985); *Hudgens v. Dean*, 75 Ill.2d 353, 355-56 (1979); *Sass v. Kramer*, 72 Ill.2d at 490-91; *Moline Tool Co. v. Department of Revenue*, 410 Ill. 35, 37 (1951); *Robb v. Sutton*, 147 Ill.App.3d 710, 713 (1986).

22. As such, sovereign immunity cannot be avoided "by making an action nominally one against the servants or agents of the State when the real claim is against the State of Illinois itself and when the State of Illinois is the party vitally interested." *Healy,* 133 Ill.2d at 308 (quoting *Sass v. Kramer,* 72 Ill.2d 485, 491 (1978) (internal quotation marks omitted)). Moreover, "[a]n action brought nominally against a State employee in his individual capacity will be found to be a claim against the State where the judgment for the plaintiff could operate to control the actions of the State or subject it to liability." *Currie v. Lao,* 133 Ill.2d 151, 309 (1992).

23. An action that is nominally against a State employee is in reality against the State when: (1) there are no allegations that the employee acted beyond the scope of his authority through wrongful acts; (2) the duty alleged to have been breached was not owed by the employee independent of his State employment; and (3) the complained-of actions involve matters ordinarily within the employee's normal and official functions. *Cartright v. Doyle*, 386 Ill. App. 3d 895, 899 (1st Dist. 2008) (citations omitted).

24. The Court must analyze the source of the duty the employee is charged with breaching in committing the allegedly tortious act. *Healy*, 133 Ill.2d at 308; *citing Currie*, 148 Ill. 2d 159. When applying the "source of duty" test, courts have found that an independent duty is a duty imposed by the employee's status as something other than an employee. *Brandon,* 368 Ill.App.3d at 505. For example, professionals employed by the State, such as public defenders and doctors at state hospitals, owe professional duties of care, which are shared by every member of those professions, and are independent of their State employment. *Id*. at 506. Similarly, the duty to drive safely is a duty one owes to others regardless of one's employment, because it arises from one's status as a person operating a vehicle on a state roadway. *Id*. Any breach of such independent duties are not protected by sovereign immunity. *Id.*

Here, even though Defendants Dempsey, Meeks, and Shicker are medical doctors, they provided no medical treatment to Plaintiff or any individuals in custody. They are alleged to be responsible for ensuring that IDOC healthcare policies, directives, and protocols are appropriate and properly implemented; updating and creating administrative directives, clinic, and health guidelines, including those that relate to care for the health and medical issues; directly participated in the formulation, review, revision, amendment and implementation of the policies, procedures and protocols and knew of the deficiencies of those policies, procedures and protocols would deprive IDOC individuals necessary treatment. (Court Doc. 216, pp 5-7).

25. As such, the duties allegedly breached by each Defendant was directly imposed by each Defendant's status as a State employee.

26. Since the duty is only imposed on Defendants due to their state employment and thus is, in essence, a suit against the State, Plaintiffs' claims are barred by sovereign immunity and should be dismissed.

WHEREFORE, Defendants respectfully request that this Honorable Court deny Plaintiff's Motion for Leave to File Second Amended Complaint and for other such relief as the Court deems just and equitable.

Respectfully submitted,

LORIE CUNNINGHAM, MICHAEL DEMPSEY, LATOYA HUGHES[1], STEVE MEEKS, LOUIS SHICKER, and THOMAS WELSH,

Defendants,

KWAME RAOUL, Attorney General of the State of Illinois,

Attorney for Defendants.

By: s/ *Tara Barnett*__________
Tara Barnett
Assistant Attorney General

Tara Barnett #6327008
Assistant Attorney General
201 West Pointe Dr. Suite 7
Swansea, IL 62226
(618) 236-8784 Phone
(618) 236-8620 Fax
Email: tara.barnett@ilag.gov
&: gls@ilag.gov

[1] Latoya Hughes is the Acting Director of the Illinois Department of Corrections, and is substituted automatically pursuant to Federal Rule of Civil Procedure 25(d).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| JIMMIE DALE MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 20-cv-446-NJR |
| | ) | |
| WEXFORD HEALTH SOURCES, INC, et.al., | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2023, the foregoing document, *Defendants' Response to Plaintiff's Motion for Leave to File Second Amended Complaint*, was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Sean Malone Sullivan | ssullivan@daleymohan.com |
| Ah Hil Kim | bkim@daleymohan.com |
| Lisa Roccanova | lroccanova@daleymohan.com |
| Joy C. Syrcle | jsyrcle@cassiday.com |
| Joseph N. Rupcich | jrupcich@cassiday.com |
| Keith B. Hill | khill@heylroyster.com |

and I hereby certify that on the same date, I caused a copy of the document to be mailed by United States Postal Service to the following non-registered participant:

None

Respectfully Submitted,

s/ Tara M. Barnett

Tara M. Barnett, #6327008
Assistant Attorney General
Metro East Office
201 West Pointe Dr., Ste. 7
Belleville, Illinois 62226
(618) 236-8784 Phone
(618) 236-8620 Fax
Email: tara.barnett@ilag.gov
& gls@ilag.gov