5442-339

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JIMMIE DALE MILLER, | ) | |
| Plaintiff, | ) | |
| v. | ) | No.: 20-cv-00446-NJR |
| DINA PAUL, et al., | ) | |
| Defendants. | ) | |

**RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

NOW COMES Defendant, JULIANA CHAN, by and through her attorney, Keith B. Hill of HEYL, ROYSTER, VOELKER & ALLEN, P.C., and submits her Response to Plaintiff's Motion for Leave to File Second Amended Complaint. (Doc. 216).

## I. INTRODUCTION

On May 15, 2020, Plaintiff filed his Complaint against Juliana Chan. (Doc. 1). The deadline for Plaintiff to move for leave to file an amended complaint was May 5, 2021. (Doc. 103). On May 18, 2021, Plaintiff filed his First Amended Complaint. (Doc. 108).

Over two years after the deadline to file an amended complaint, and within six months of the deadline to complete discovery, on June 6, 2023, Plaintiff filed his Motion for Leave to File Second Amended Complaint. (Doc. 216). Although the parties have already exchanged written discovery, and taken a number of party depositions, Plaintiff seeks, among other things, to add two new defendants, and add two new claims – negligence and willful and wanton conduct – against Chan. Plaintiff's motion should be denied because Plaintiff has long since had in his possession the necessary information to add the new claims against Chan, and the new defendants, and amending the complaint will unduly delay this litigation and increase its costs.

## II. ARGUMENT

Pursuant to Federal Rules of Civil Procedure 15(a)(1), "[a] party may amend its pleadings once as a matter of course" within 21 days after serving it or within 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). Here, the time for Plaintiff to have filed an amended complaint as a matter of course has past. Therefore, Plaintiff must seek to amend his Complaint pursuant to Rule 15(a)(2).

Rule 15(a)(2) allows a party to "amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) states that courts should "freely give leave when justice so requires." *Id.* "But when the deadline for amending the pleading has elapsed, the court should first consider whether 'good cause' for the amendment exists under Rule 16(b)(4) before considering whether justice requires leave to amend under Rule 15." *Clark v. Wexford Health Sources, Inc.*, 2019 WL 2493462, *2 (SDIL February 4, 2019). "In determining whether good cause exists, 'the primary consideration for district courts is the diligence of the party seeking amendment.'" *Id. citing Alioto v. Town of Lisbon*, 651 F.3d 715, 270 (7th Cir. 2011). "And, in determining whether justice requires leave, district courts should consider if undue delay, bad faith, or dilatory motive existed, if the plaintiff repeatedly failed to cure deficiencies in the complaint, if the opposing party would suffer undue prejudice, and whether the amendment would be futile." *Id.*

### A. New claims against Chan.

In this case, Plaintiff's motion for leave to amend should be denied because Plaintiff has failed to show good cause. The deadline for filing an amended complaint was May 5, 2021. (Doc. 103). Plaintiff had the necessary information to add the new theories of liability against Chan in his possession when he initiated this lawsuit. Plaintiff fails to offer any justification for

the undue delay in moving for leave to file his amended complaint. *See Bova v. Harrison*, 2012 WL 5818251 (SDIL November 15, 2012) (denying the plaintiffs' motion for leave to amend their complaint as untimely, where the plaintiffs sought to amend after the amendment deadline had elapsed).

**Plaintiff's Complaint (Doc. 1)**

In his Complaint (Doc. 1), Plaintiff alleged that on December 9, 2019, he saw Dr. Dina Paul, and Dr. Paul told him that "'they' will not approve me for treatment so long as my AIC is unmanageable. You have to reduce it by 7% in order for 'them' to approve you for treatment." (Doc. 1 ¶ 36). Plaintiff further alleged that on January 8, 2020, he gave a letter to Lori Cunningham regarding his concerns about his medical treatment. (Doc. 1 ¶ 42). Cunningham responded by sending him a copy of the progress note for his December 12, 2019 telemedicine visit with Dr. Paul, where he learned that "'they' was Juliana Chan of the UIC Liver Clinic, and that Chan "made the ultimate decision not to treat [him] due to [HCV Guidelines]." (Doc. 1 ¶ 42).

Plaintiff attached the December 12, 2019 progress note to his Complaint. (Doc. 1 at 66). That note states, in part:

> Per the January 25, 2019 IDOC/OHS HCV guidelines, patient's poor diabetic control … precludes his review for HCV antiviral therapy. Email correspondence from Dr. Juliana Chan sent today states that patients with HbA1c > 7.0% should not be referred to be seen by UIC Liver Linic/ Telemedicine. These guidelines require HbA1c t be less than 7.0% to be considered for HCV antiviral therapy.

(Doc. 1 at 66).

**Plaintiff's First Amended Complaint (Doc. 108)**

In his First Amended Complaint, Plaintiff brings an Eighth Amendment deliberate indifference claim against Chan. Plaintiff alleges that Chan "directed and/or participated in

drafting, revising, implementing and/or enforcing the IDOC HVC [sic] Guidelines," and that she *knew* that they "were not based on proper medical facts or analysis," "did not comport with accepted standards of care," and "would result in depriving inmates of reasonable and necessary care." (Doc. 108 ¶¶ 42, 51).

Plaintiff alleges that "on December 12, 2019, Defendant Paul consulted with Defendant Chan concerning referral of Plaintiff to Defendant Chan for HCV treatment. Defendant Paul documented in her notes on December 12, 2019 that:

> Per the January 25, 2019 IDOC/OHS HCV guidelines, patient's poor diabetic control … precludes his review for HCV antiviral therapy. Email correspondence from Dr. Juliana Chan sent today states that patients with HbA1c > 7.0% should not be referred to be seen by UIC Liver Clinic/ Telemedicine. These guidelines require HbA1c t be less than 7.0% to be considered for HCV antiviral therapy.

(Doc. 108 ¶ 64). Plaintiff further alleges that "[b]ased on the consultation with Defendant Chan, and on the IDOC HCV Guidelines, Defendant Paul refused to refer Plaintiff for HCV treatment." (Doc. 108 ¶ 65).

**Plaintiff's Proposed Second Amended Complaint (Doc. 216-1)**

In his proposed Second Amended Complaint, Plaintiff wants to add state law claims against Chan for negligence and willful and wanton conduct (medical malpractice). In his motion for leave to file his proposed Second Amended Complaint, Plaintiff argues that his motion should be granted because "[f]acts discovered during discovery, and in particular recent supplemental document production and testimony obtained in recent depositions, supports [adding the new claims]." (Doc. 216 ¶ 15). But, Plaintiff's proposed new claims against Chan are supported by the *same* facts that supported his deliberate indifference claim against Chan, and that were in his possession when he initiated this lawsuit. The time for Plaintiff to bring negligence or willful and wanton conduct claims against Chan was when he filed his original

complaint or when he filed his First Amended Complaint; not two years after the deadline to file an amended complaint, and less than six months before discovery closes.

Plaintiff's proposed Second Amended Complaint does not add any new substantive factual allegations against Chan that were not known by Plaintiff since he filed his lawsuit.

It corrects that Chan is a doctor of pharmacy; not a medical doctor. (Doc. 216-1 ¶ 16). It also corrects that on December 12, 2019, Paul did not consult with Chan concerning "referral of Plaintiff;" she consulted with Chan concerning "referral of IDOC patients with F3 and F4 fibroscan scores and high A1c." (Doc. 216-1 ¶ 73).[1]

It adds a claimed admission by Chan from her deposition that there is no medical reason for uncontrolled diabetes to be an exclusion criterion for HCV treatment. (Doc. 216-1 ¶ 50). It adds an allegation that UIC's own HCV guidelines do not include an exclusion for patients with uncontrolled diabetes because Chan knew there was no medical reason for such an exclusion. (Doc. 216-1 ¶ 54). And, it adds an allegation about Chan and Paul denying HCV treatment to another IDOC patient because the patient had an elevated A1c. (Doc. 216-1 ¶ 82). But these new allegations are *not* substantively different from the *existing* allegations of Plaintiff's First Amended Complaint, alleging that Chan *knew* the HCV Guidelines "were not based on proper medical facts or analysis," "did not comport with accepted standards of care," and "would result in depriving inmates of reasonable and necessary care." (Doc. 108 ¶ 51). At best, these new allegations are arguably supporting evidence of an already existing allegation.

Finally, given that in a deliberate indifference claim, the standard is higher than negligence and willful and wanton conduct, and comes close to an intentional act, it is difficult to imagine how Plaintiff, when he filed his First Amended Complaint, might have reasonably

[1] Technically, this is still not completely accurate to the extent that it suggests that Paul consulted directly with Chan. A nurse sent Chan an email, and Chan responded to the nurse's email.

believed he had sufficient facts to bring a deliberate indifference claim against Chan but not negligence or willful and wanton conduct claims.

**B. New parties.**

In his proposed Second Amended Complaint, Plaintiff also wants to add new defendants Dr. Jeremey Young and Dr. Mahesh Patel. At all times relevant to Plaintiff's Complaint, Drs. Young and Patel were employed in the UIC Liver Clinic with Chan.

The foundation of Plaintiff's claims against Drs. Young and Patel is Plaintiff's allegation that Drs. Young and Patel (and Chan) "directed and/or participated in drafting, revising, implementing and/or enforcing the IDOC HVC [sic] guidelines." (Doc. 216-1 ¶ 45). But Plaintiff has known of Drs Young and Patel's involvement with the IDOC HCV guidelines since February 22, 2022 at the latest. That is when Chan answered Plaintiff's interrogatory asking her to identify all employees responsible for establishing the IDOC HCV guidelines. Chan answered, in part, "[d]uring the time specified, Defendant Chan, Dr. Mahesh Patel, and Dr. Jeremy Young collectively updated the [HCV guidelines that were applicable to Plaintiff]." Plaintiff's motion to amend does not provide an explanation as to why he waited over 15 months to seek leave to amend to add Drs. Young and Patel. On February 22, 2022, when Chan answered his interrogatory, Plaintiff knew more about Drs. Young and Patel than he did on May 18, 2021 when he filed his First Amended Complaint.

**C. Prejudice to Chan.**

Granting Plaintiff's motion for leave to amend will unduly prejudice Chan by further delaying this lawsuit, and needlessly increasing its cost. The parties have already exchanged written discovery, and deposed Plaintiff and Defendants Chan, Shicker, Meeks, and Paul. The deadline for the close of discovery is just four months away. Adding new defendants will result

in duplication of discovery. Additionally, if Plaintiff is allowed to bring state law medical malpractice claims against Defendants, then the parties will have to retain, disclose, and depose medical experts, which will be expensive and time consuming.

## III. CONCLUSION

Based on the foregoing, Defendant, JULIANA CHAN, respectfully requests that this Court deny Plaintiff's Motion for Leave to File Second Amended Complaint.

JULIANA CHAN, Defendant,

BY: ____/s/ Keith B. Hill________
HEYL, ROYSTER, VOELKER & ALLEN, P.C.
Keith B. Hill, #6277660

HEYL, ROYSTER, VOELKER & ALLEN, P.C.
Suite 100, Mark Twain Plaza III
105 West Vandalia
Edwardsville, Illinois 62025 0467
Telephone 618.656.4646
Facsimile 309.420.0402
khill@heylroyster.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies on **June 20, 2023,** I caused the foregoing to be served via email transmittal to all counsel of record listed below:

**Updated per e-mail of 4-7-23**
Sean M. Sullivan
Lisa Roccanova
Ah Hil Kim
Lisa Altukhova
Frank Rocco
Daley Mohan Groble, P.C.
ssullivan@daleymohan.com
lroccanova@daleymohan.com
bkim@daleymohan.com
lisaa@daleymohan.com
frocco@daleymohan.com

Joseph N. Rupcich
Joy C. Syrcle
Cassiday Schade, LLP
jrupcich@cassiday.com
jsyrcle@cassiday.com

Tara Barnett
Office of the Attorney General – Belleville
Christine G. McClimans
Tara.barnett@ilag.gov

*/s/ Keith B. Hill*

KEITH B. HILL