047272/21061/JNR/JCS

# UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JIMMIE DALE MILLER,<br><br>Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC., DIRECTOR CENTRAL MANAGEMENT SERVICES, LAURA PITTMAN, DINA PAUL, LORIE CUNNINGHAM, MR. WELLS, JANE DOE #1, JANE DOE #2, JANE DOE #3, JANE DOE #4, JANE DOE #5, NURSE FUSON, NURSE SWINSON, NURSE FOSTER, C/O WILSON, ROB JEFFRIES, STEVE MEEKS, DR. JULIANA CHAN, AND UNIVERSITY OF ILLINOIS CHICAGO,<br><br>Defendants. | No. 20-cv-446<br><br>Nancy J. Rosenstengel |

## RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

NOW COME the Defendants, DR. DINA PAUL, DR. LYNN PITTMAN, and WEXFORD HEALTH SOURCES, INC., by and through their attorneys, CASSIDAY SCHADE LLP, and for their Response to Plaintiff, JIMMIE DALE MILLER's Plaintiff's Motion for Leave to File Second Amended Complaint, states as follows:

## BACKGROUND

On May 14, 2020, Plaintiff, then an inmate within the Illinois Department of Corrections (IDOC), filed his Complaint *pro se* under 42 U.S.C. §1983, alleging violations of his Eighth Amendment rights in relation to treatment for hepatitis C ("Hep C"). [Doc. 1]. Plaintiff's current counsel was appointed and entered an appearance on Plaintiff's behalf on November 30, 2020. [Doc. 91]. The Court set a deadline of April 21, 2021, more than two years ago, for

Plaintiff to file an amended complaint. [Doc. 101]. Plaintiff sought an extension, to May 5, 2021, citing the need for Plaintiff's counsel to review extensive discovery materials from two prior cases in which Plaintiff also brought claims related to treatment for Hep C. [Doc. 102]. Specifically, Plaintiff stated additional time was necessary to "confer with plaintiff regarding the claims and defendants that are warranted for an amended complaint" and analyze the "volume of materials . . . (including discovery materials from the cases entitled *Miller v. Lashbrook, et al,* No. 3:17-cv-00859-MAB, S.D. Ill and *Miller v. Aguinaldo, et al.,* No. 17-cv-5609, N.D. Ill.)" [Doc. 102, ¶3]. Plaintiff has since produced voluminous records from those prior cases, including deposition testimony, medical records and IDOC Hep C Guidelines.

Plaintiff subsequently filed his First Amended Complaint on May 18, 2021, alleging three counts: Count I – Deliberate indifference related to hepatitis C ("Hep C" or "HCV") and Type 2 diabetes; Count II – Deliberate indifference for failure to treat Plaintiff's dental injury; and Count III – Deliberate indifference for denial of prescribed medications on release. [Doc. 108]. Plaintiff's claims arise from his treatment while incarcerated at Lawrence Correctional Center ("Lawrence").

The primary issue on Plaintiff's First Amended Complaint are claims arising from the guidelines for treatment of IDOC inmates with Hep C. Specifically, Plaintiff alleges in the First Amended Complaint he was wrongfully denied treatment pursuant to an exclusionary provision in the IDOC Hep C Guidelines for individuals with an elevated A1C. [Doc. 108, ¶84]. Plaintiff alleges "the IDOC HCV Guidelines, if applied as directed by the IDOC, would wrongfully deprive Plaintiff of adequate medical treatment." [Doc. 108, ¶83].

Now, more than two years after Plaintiff's deadline for amendment of the complaint, after the Parties have engaged in extensive discovery, with the close of fact discovery just four

months away, Plaintiff seeks to file a Second Amended Complaint. [Doc. 216]. Plaintiff seeks to add parties and add claims against existing Defendants. Specifically, Plaintiff seeks to add Count IV – Negligence and Willful and Wanton Conduct (Medical Malpractice) and a request for punitive damages under Plaintiff's constitutional claims. [Doc. 216-1]. Both are claims Plaintiff could have alleged in May 2021. Further, Plaintiff seeks to change his theory of recovery as to Wexford to allege Wexford violated his constitutional rights not by any role in establishing the IDOC Hep C Guideline, but in not overriding it. [Doc. 216-1, ¶100]. As described below, allowing Plaintiff to amend to add parties and assert new or different claims at this late stage is untimely and prejudicial to Defendants.

## ARGUMENT

Federal Rule of Civil Procedure 15(a) provides: "[A] party may amend its pleading only with the opposing party's written consent or with the court's leave. The court should clearly give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend is not automatic and may be denied in the District Court's discretion for reasons including undue delay, the movant's bad faith, and prejudice to the opposing party. *Cresthill Land Development LLC v. City of Joliet*, 396 F.3d 801, 804 (2005).

Prejudice to the opposing party is the most important factor in determining whether to allow an amendment to a complaint. *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321 330-331 (1971). A motion for leave to amend will be denied when the timing of such amendment would cause "undue prejudice" to the opposing party. *Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1430 (7th Cir. 1993). Undue prejudice occurs when the amendment "brings entirely new and separate claims, adds new parties, or at least entails more than an alternative claim or a change in the allegations of the complaint" and when the additional

discovery is expensive and time-consuming. *A. Cherney Disposal Co. v. Chicago & Suburban Refuse Disposal Corp.*, 68 F.R.D. 383, 385 (N.D. Ill. 1975). To determine whether sufficient prejudice exists to justify denial of an amendment, the Court balances the respective interests of the parties. *American Broadcasting Co., Inc. v. Maljack Prod., Inc.*, 1998 U.S. Dist. LEXIS 9145 at *1 (N. D. Ill. June 9, 1998). This balancing "entails an inquiry into the hardship to the moving party if leave to amend is denied, the reasons for the moving party failing to include the material to be added in the original pleading, and the injustice resulting to the party opposing the motion should it be granted." CHARLES WRIGHT ET AL., *Federal Practice and Procedure* § 1487 at 621-623 (1990).

**1. <u>Plaintiff's Motion for Leave is Untimely</u>**

Plaintiff has had more than two years since the start of discovery in this case. By Plaintiff's own account, at the start of this case, he already had voluminous records regarding IDOC policies and the treatment at issue, obtained from Plaintiff's two prior cases both alleging inadequate treatment for his Hep C while in IDOC. [Doc. 102, ¶3]. Plaintiff had or had access to information sufficient to enable him to plead any appropriate claims since early 2021. Plaintiff's request to amend his claims after two-years of discovery is untimely and should be denied.

**2. <u>Prejudice to Defendants</u>**

In addition to the discovery from Plaintiff's two prior cases, since the filing of Plaintiff's First Amended Compliant, the Parties have engaged in significant discovery in the present case. Depositions have been completed of Plaintiff, Defendants Dr. Chan, Dr. Paul, Dr. Shicker, Dr. Meeks and non-party Wexford employee, Dr. Fisher. Adding new parties at this stage of discovery is highly prejudicial, as the new parties would be starting from square one and would

have the right to seek deposition testimony of these individuals, subjecting the existing Defendants to duplicative expenditures of time and money.

Moreover, Plaintiff's amended claims as to Wexford asserts a new theory and will likely result in Plaintiff seeking extensive additional written discovery. The Court addressed the primary issue for discovery as to Plaintiff's First Amended Complaint in its Order on Plaintiff's Motion to Compel, noting, "Miller indicates that he seeks information as to which entity and the person responsible for making decisions regarding treatment of inmates with Hepatitis C, including information on how the Hepatitis C program is implemented and managed, as well as the basis for treatment decisions." [Doc. 201, p. 3]. The Court granted Plaintiff leave to serve five additional interrogatories. [Doc. 201, p. 3]. In addition, Plaintiff has posed these questions in depositions of Defendants. The answers did not support a claim against Wexford. As a result, Plaintiff now contorts the facts in attempt to manufacture a new claim. Despite being fully aware of the express contractual provisions in Wexford's contract with IDOC for provision of Hep C treatment through UIC, Plaintiff alleges Defendant Wexford violated his constitutional rights by "requiring its employees to follow the medically-deficient IDOC Guidelines." [Doc. 216-1]. In the proposed Second Amended Complaint, Plaintiff essentially alleges Wexford and its employees violated Plaintiff's constitutional rights by not breaching Wexford's contract with IDOC. Plaintiff is attempting to salvage a claim where none properly exists. Allowing this type of amendment is highly prejudicial to Defendants, requiring them to defend against a moving target. *See Christopher v. Liu,* 861 F. App'x 675, 679 (7th Cir. 2021) (upholding denial of plaintiff's request to amend pleadings where he had previously amended, making the claim a 'moving target').

**CONCLUSION**

Plaintiff's Motion must be denied as untimely and unduly prejudicial to Defendant. This case is three years' old, and the Parties have already completed extensive discovery. Plaintiff now proposes to add parties, add claims, and change his theory of recovery, likely subjecting Defendants to substantial additional time and expense in discovery. The Court should deny Plaintiff's motion for leave to amend.

WHEREFORE Defendants respectfully request the Court deny Plaintiff's Motion for Leave to File Second Amended Complaint and grant such other further relief deemed appropriate.

Respectfully Submitted,

CASSIDAY SCHADE LLP

By: /s/ Joy C. Syrcle
One of the Attorneys for Defendants, DR. DINA PAUL, DR. LYNN PITTMAN, and WEXFORD HEALTH SOURCES, INC.

Joy C. Syrcle
6302066
CASSIDAY SCHADE LLP
3100 Montvale Drive
Springfield, IL 62704
(217) 572-1714
(217) 572-1613 (Fax)
jsyrcle@cassiday.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2023, I electronically filed the foregoing Response to Plaintiff's Motion for Leave to File Second Amended Complaint with the Clerk of the Court using the CM/ECF system. The electronic case filing system sent a "Notice of E-Filing" to the following:

Keith B. Hill, Esq.
Ryan Kemper, Esq.
Heyl, Royster, Voelker & Allen, PC
105 West Vandalia
Suite 100
P.O. Box 467
Edwardsville, IL 62025
(618) 656-4646
(618) 656-7940 (Fax)
khill@heylroyster.com

Tara M. Barnett
Christine G. McClimans
Assistant Attorney General
201 West Pointe Dr. Suite 7
Swansea IL 62226
tara.barnett@ilag.gov

Sean M. Sullivan
Ah Hil Kim
Daley Mohan & Groble
55 W Monroe Suite 1600
Chicago IL 60603
(312) 422-5536
ssullivan@daleymohan.com

/s/ Joy C. Syrcle