IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JIMMIE DALE MILLER,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCE, INC.,<br>LAURA PITTMAN, DINA PAUL,<br>LORIE CUNNINGHAM,<br>ROB JEFFREYS, JULIANA CHAN,<br>LOUIS SHICKER, STEVE MEEKS,<br>MICHAEL DEMPSEY, and<br>THOMAS WELSH,<br><br>　　　　　　Defendants. | Case No. 3:20-CV-00446-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a discovery dispute between Plaintiff Jimmie Miller and Defendant Wexford Health Source, Inc. ("Wexford") that was brought to the Court's attention during a status conference on October 26, 2023. (Doc. 237). Miller and Wexford submitted a joint statement on the nature of the discovery dispute prior to the status conference. The Court now rules as follows.

### BACKGROUND

Miller brought this action alleging that he was wrongfully denied treatment for Hepatitis C because of Illinois Department of Corrections ("IDOC") guidelines containing an absolute treatment exclusion for patients with an elevated A1C. (Doc. 108). On July 10, 2023, the Court granted Miller's request to serve supplemental requests for

discovery documents. (Doc. 230). The parties currently dispute the following two supplemental requests:

>   (1)   Wexford Global Medical Guidelines for Hepatitis C from 2014 to present; and
>
>   (2)   Agendas and minutes of the Wexford Medical Advisory Committee pertaining to the Wexford Global Hep C Guidelines for the period from 2014 to present.

Miller seeks copies of Wexford's global guidelines for HCV because he believes these guidelines are relevant to this case (or will lead to the discovery of admissible evidence). He argues that the guidelines are relevant because if Wexford had medical treatment guidelines that contradicted the IDOC guidelines, that is further evidence that Defendants knowingly and deliberately denied Miller necessary treatment due to improper criteria. Miller further argues that the guidelines could contain evidence that shows Wexford contractually agreed to ignore its own guidelines in favor of medically improper ones that required them to improperly refuse HCV treatment, which could show deliberate indifference to a serious medical need. Wexford argues that pursuant to the Court's order on January 20, 2023 (Doc. 1), the primary issue for discovery is determining which entity and persons are responsible for making the treatment decisions at issue in this case. Wexford further argues that the additional interrogatories granted by the Court in that order and all the other discovery conducted so far have shown that the HCV guidelines applicable in Illinois and governing the treatment at issue here were those established by the IDOC with the University of Illinois. It is Wexford's position is that this renders any other guidelines irrelevant.

As for the second disputed discovery request, Miller argues that Dr. Paul and Dr. Fisher are members of the Wexford Medical Advisory Committee, which reviews Wexford's medical guidelines. They point to Dr. Fisher's testimony indicating that Wexford maintains both agendas and minutes of the Medical Advisory Committee meetings. In response to this request, Wexford reiterates its argument that the requested documents exceed the scope of relevant discovery.

## LEGAL STANDARD

"District courts have broad discretion in discovery matters[.]" *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 646 (7th Cir. 2001). Under Federal Rule of Civil Procedure 26, discovery is permitted "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002). Strong public policy considerations favor the disclosure of relevant materials such that "[b]efore restricting discovery, the court should consider 'the totality of the circumstances, weighing the value of the material sought against the burden of providing it,' and taking into account society's interest in furthering 'the truthseeking function' in the particular case before the court." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002).

## ANALYSIS

The Court finds that the first discovery request is both reasonable and relevant. While the governing guidelines appear to be distinct from Wexford's, the Wexford Global Medical Guidelines for Hepatitis C are nonprivileged material that is relevant to the claim that Miller

was wrongfully denied treatment. The guidelines speak to the knowledge of the defendants, as well as Wexford's general practices. Thus, the guidelines are specifically related to the defendants and the issue at hand, relevant to the case, and thus discoverable.

As to the second request, the Court does not find that the Wexford Medical Advisory Committee agendas and minutes are discoverable at this time. Miller has not provided any independent arguments for why the agendas and meeting minutes are discoverable. The only argument made specifically in relation to the agendas and meeting minutes is that they were referenced in testimony by Dr. Fisher and that both Dr. Fisher and Dr. Paul are members of the committee. This merely points to the existence of the minutes and agendas, it does not indicate that they have any particular relevance to this case, nor does it indicate what Miller hopes to gain from obtaining these documents. Thus, the Court will not order Wexford to hand over these documents at this time.

## CONCLUSION

For the reasons set forth above, Wexford is **ORDERED** to produce all Wexford Global Medical Guidelines for Hepatitis C from 2014 to present within **14 days** of this order.

IT IS SO ORDERED.

DATED: February 9, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**