**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| JIMMIE DALE MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 20-cv-446-NJR |
| | ) | |
| WEXFORD HEALTH SOURCES, INC, et.al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AND MOTION FOR SANCTIONS**

NOW COME the Defendants, LORIE CUNNINGHAM, MICHAEL DEMPSEY, ROB JEFFREYS, STEVE MEEKS, LOUIS SHICKER, and THOMAS WELSH, by and through their attorney, KWAME RAOUL, Attorney General for the State of Illinois, and for their Motion to Enforce Settlement and Motion for Sanctions, state as follows:

1. On January 5, 2024, after lengthy settlement negotiation discussions between counsel, Defendants filed a Notice of Settlement with the Court, advising the Court that on December 28, 2023, the parties, through counsel, agreed to terms of settlement in this matter. (Doc. 248; Exhibit A, Email Settlement Negotiations[1], p. 19).

2. On January 10, 2024, the Court entered an Order for the parties to finalize settlement in this matter, indicating in part that all pending motions were denied as moot and all deadlines and hearings were vacated as it relates to these Defendants based on the Notice of Settlement. (Doc. 250).

[1] Exhibit A contains the settlement negotiations and subsequent conversations related to the settlement paperwork between counsel for the parties. Because settlement negotiations are presumptively confidential, Defendants are submitting Exhibit A to the Court's proposed document email address. The exact consideration for settlement, as well as Plaintiff's Social Security Number have been redacted.

3. On February 6, 2024, the undersigned sent prepared settlement documents to Plaintiff's Counsel via electronic mail. (Exhibit A, p. 15-16).

4. On February 15, 2024, Counsel for Plaintiff informed undersigned counsel that his client would not sign the proposed settlement documents. (Exhibit A, p. 15).

5. For the past two months, since February 15, 2024, the parties have been attempting to negotiate settlement language that would be agreeable to all parties. (Exhibit A).

6. As of the date of this filing, Plaintiff continues to refuse to sign the proposed settlement agreement prepared by Defendants and has indicated he would only sign settlement agreement with proposed changes to which the Defendants cannot agree. (Exhibit A).

7. This crux of the disagreement regarding settlement language seems to be related to language in paragraph 2 of Defendants' proposed settlement agreement, concerning the State Comptroller's ability to withhold funds Plaintiff may owe to other persons or state agencies.

8. However, undersigned counsel has informed Plaintiff's counsel that Defendants cannot agree to remove any such language as they are barred from doing so by statute, specifically 15 ILCS 405/10.05 and subsections (a)-(d), which outline the Comptroller's duty to withhold funds from settlement proceeds, if necessary. (Exhibit A, p. 14).

9. Plaintiff's counsel has now indicated that because Defendants cannot agree to change the language related to withholding by the Comptroller's Office, there has not been a meeting of the minds. Defendants disagree. (Exhibit A, p. 3)

10. The settlement agreement prepared by undersigned counsel, should be enforced as a matter of law as there was agreement supported by consideration.

11. State contract law governs settlement agreements. *Magallanes v. Ill. Bell Telephone Co.,* 535 F.3d 582, 584 (7th Cir.2008); *Leibowitz v. Trebels,* No. 12 C 1536, 2012 WL 5559554,

at *3 (N.D.Ill. Nov.14, 2012) (Lefkow, J.). Under Illinois law, an oral settlement agreement is valid and binding so long as there is an offer, acceptance, and a meeting of the minds on all material terms. *Dillard v. Starcon Int'l, Inc.,* 483 F.3d 502, 507 (7th Cir.2007); *Artuk, Inc. v. AKT Corporation,* No. 13 C 3911, 2014 WL 3895920, at *4 (N.D.Ill. Aug.7, 2014) (Holderman, J.) (citations omitted); *In re Estate of LeBloch,* 2013 Ill.App. 121093–U, 2013 WL 2643998, at *4 (Ill.App. 2nd Dist.2013). A meeting of the minds occurs "where there has been assent to the same things in the same sense on all essential terms and conditions." *IMI Norgren, Inc., v. D & D Tooling Mfg., Inc.,* 306 F.Supp.2d 796, 802 (N.D.Ill.2004); *see also Dynegy Marketing and Trade v. Multiut Corp.,* 648 F.3d 506, 515 (7th Cir.2011) (in order there to be a contract between parties, there must be a meeting of the minds or mutual assent as to the terms of the contract); *St. George Investments LLC v. QuamTel, Inc.,* No. 12 C 9186, 2014 WL 812157, at *7 (N.D.Ill. Mar.3, 2014) (Dow, J.) (citations omitted). "Absent mistake or fraud, a settlement agreement will not be disturbed or set aside lightly." *LaSalle Nat. Trust, N.A. v. Lamet,* 2014 Ill.App. 121730–U, 2014 WL 1047881, at *8 (Ill.App. 1st Dist.2014). *May v. Mitchell*, No. 12 C 5350, 2014 WL 4455032, at *1 (N.D. Ill. Sept. 10, 2014).

12. During settlement negotiations, the Plaintiff made an offer to Defendants, through counsel, to settle his case as it pertains to these Defendants. Defendants accepted this offer. A settlement agreement was established at this time, as there was an offer, acceptance, and a mutual meeting of the minds on all material elements. (Exhibit A, p. 19).

13. Plaintiff has provided no justification for setting aside the agreement. Plaintiff has not indicated any mistake or fraud occurred. The only allegation seems to be that there was not a meeting of the minds due to the Comptroller's obligation to withhold funds Plaintiff may owe to other persons or state agencies.

14. The Court and the Defendants relied on Plaintiff's agreement to settle this case. As a result of the settlement the Court canceled all settings and vacated all remaining deadlines and hearings in this case.

15. Alternatively, Plaintiff should be estopped from then reneging on the agreement under these circumstances. The settlement agreement should be enforced as a matter of equity, as Defendants would now be prejudiced by having to prepare this case for trial and try this case.

16. In the alternative, Plaintiff should be sanctioned for his refusal to effect settlement per the terms agreed to by the parties. Plaintiff's claims against these Defendants should be dismissed with prejudice and the Defendants should be awarded costs for the present motion.

WHEREFORE, Defendants respectfully request that the Court enter an Order Enforcing Settlement or, in the alternative, dismiss Plaintiff's case with prejudice and for other such relief as the Court deems just and equitable.

Respectfully submitted,

LORIE CUNNINGHAM, MICHAEL DEMPSEY, ROB JEFFREYS, STEVE MEEKS, LOUIS SHICKER, and THOMAS WELSH,

Defendants,

KWAME RAOUL, Attorney General,State of Illinois,

Attorney for Defendants,

Tara M. Barnett, #6327008
Assistant Attorney General
201 West Pointe Dr. Suite 7
Swansea, IL 62226
(618) 236-8784 Phone
(618) 236-8620 Fax
Email:Tara.barnett@ilag.gov
gls@ilag.gov

BY: s/ Tara M. Barnett
Tara M. Barnett, #6327008
Assistant Attorney General

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| JIMMIE DALE MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 20-cv-446-NJR |
| | ) | |
| WEXFORD HEALTH SOURCES, INC, et.al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2024, the foregoing document, Defendants' Motion to Enforce Settlement Agreement and for Sanctions, was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Sean Malone Sullivan | ssullivan@daleymohan.com |
| Joy C. Syrcle | jsyrcle@cassiday.com |
| Joseph N. Rupcich | jrupcich@cassiday.com |
| Keith B. Hill | khill@heylroyster.com |

Respectfully Submitted,

s/ Tara M. Barnett

Tara M. Barnett, #6327008
Assistant Attorney General
Metro East Office
201 West Pointe Dr., Ste. 7
Belleville, Illinois 62226
(618) 236-8784 Phone
(618) 236-8620 Fax
Email: tara.barnett@ilag.gov
gls@ilag.gov