**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JIMMIE DALE MILLER,<br><br>Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCE, INC.; LOUIS SHICKER, former Medical Director of Illinois Department of Corrections, individually; STEVE MEEKS, Medical Director of Illinois Department of Corrections, individually; MICHAEL DEMPSEY, former Interim Medical Director of Illinois Department of Corrections, individually; DR. DINA PAUL, individually; DR. LAURA PITTMAN, individually; DR. JULIANA CHAN, individually; LORI CUNNINGHAM, individually; and CORRECTION OFFICER DOE, individually,<br><br>Defendants. | ) | No. 3:20-cv-00446-NJR |

**PLAINTIFF'S SUPPLEMENTAL RESPONSE**
**TO IDOC DEFENDANTS' MOTION TO ENFORCE**

1. At the hearing on May 30, 2024, the Office of the Illinois Attorney General ("OAG") referenced for the first time a case in which Judge McGlynn ordered a *pro se* § 1983 plaintiff to sign a settlement agreement that included statutory withholding language pursuant to 15 ILCS 405/10.05 *et seq*. notwithstanding that the parties did not discuss the statute during their settlement conference. *See Buck v. Young, et al.*, No. 17-cv-00270-SPM, ECF 356, Ex. A).

2. Judge McGlynn directed the OAG to "inquire with the Office of the Illinois Comptroller to determine if Plaintiff owes any funds outstanding that would be withheld from his settlement payment, pursuant to 15 ILCS 405/10.05 *et seq*." *Bucks* ECF 354. The OAG filed a Notice of Compliance, *Bucks* ECF 355, from which Judge McGlynn concluded that "IDOC

Defendants have informed the Court that Buck does not owe any funds that would be withheld from the settlement payment by the Office of the Illinois Comptroller's Office." (*Buck* ECF 356, at 3, Ex. A).

3. The OAG filed the Notice of Compliance in *Bucks* under seal, and Plaintiff therefore does not know the statements on which Judge McGlynn relied in entering his order. Counsel for Plaintiff has asked the OAG for the substance of the confirmatory language provided to Judge McGlynn in *Bucks*, but as of the filing of this supplement the OAG has not responded.

4. The undersigned is mindful, and *keenly* aware, of the amount of time and other resources this litigation has consumed and continues to consume. Without waiting for an answer from the OAG, Plaintiff will sign a settlement agreement that contains whatever language the OAG provided to Judge McGlynn. Alternatively, Plaintiff will sign the agreement upon the OAG making the same confirmatory statement to this Court that it provided to Judge McGlynn in *Bucks*.

Respectfully submitted,

JIMMIE DALE MILLER

By: /s/ Sean M. Sullivan
Sean M. Sullivan

Sean M. Sullivan
MOHAN GROBLE SCOLARO, P.C.
55 West Monroe Street
Suite 1600
Chicago, IL 60603
Phone: (312) 422-9999
Fax: (312) 422-537
ssullivan@daleymohan.com

**CERTIFICATE OF SERVICE**

I, Sean M. Sullivan, an attorney, certify that I caused a true copy of the foregoing **Plaintiff's Supplemental Response to the IDOC Defendants' Motion to Enforce Settlement** to be served upon the attorneys of record via the Court's ECF filing system on May 31, 2024.

/s/ Sean M. Sullivan
Sean M. Sullivan