047272/21061/JNR/JCS

# UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JIMMIE DALE MILLER,<br><br>Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC., DIRECTOR CENTRAL MANAGEMENT SERVICES, LAURA PITTMAN, DINA PAUL, LORIE CUNNINGHAM, MR. WELLS, JANE DOE #1, JANE DOE #2, JANE DOE #3, JANE DOE #4, JANE DOE #5, NURSE FUSON, NURSE SWINSON, NURSE FOSTER, C/O WILSON, ROB JEFFRIES, STEVE MEEKS, DR. JULIANA CHAN, AND UNIVERSITY OF ILLINOIS CHICAGO,<br><br>Defendants. | No. 20-cv-446<br><br>Nancy J. Rosenstengel |

**RESPONSE TO PLAINTIFF'S MOTION TO AMEND PROTECTIVE ORDER**

NOW COME the Defendants, DR. DINA PAUL, and WEXFORD HEALTH SOURCES, INC., by and through their attorneys, CASSIDAY SCHADE LLP, and hereby submit their Response to Plaintiff's Motion to Amend Protective Order, stating as follows:

1. Before the Court is Plaintiff's Motion to Amend the Protective Order previously entered in this matter. [Doc. 311; Protective Order at Doc. 162]. Specifically, Plaintiff seeks to revise the portion that provides Plaintiff's counsel may discuss confidential documents with Plaintiff but may not provide him with copies. [Doc. 162, ¶2]. Plaintiff now seeks to modify the Protective Order to allow Plaintiff's counsel to provide him with all of the documents produced in this case. [Doc. 311].

2. Plaintiff's Motion should be denied for several reasons.

3. First, the Protective Order was entered at Plaintiff's motion, with language agreed to by all the Parties. [Doc. 159]. Defendants proceeded through discovery based on the terms of the Protective Order, as agreed. Had that language not been included, Defendants could have suggested alternative protections or sought additional, specific protection from the Court prior to producing confidential documents.

4. Over the course of discovery, Defendant Wexford produced approximately 300 pages of confidential, proprietary documents, including corporate medical guidelines and other associated documents. These documents were designated under the Protective Order. Documents related to Plaintiff personally were not designated under the Protective Order. Plaintiff can certainly be provided with copies of the documents not subject to the Protective Order, which include Plaintiff's own medical records. However, there is no need articulated for Plaintiff to have copies of Defendants' confidential documents.

5. Second, Plaintiff's request is premature when the Parties' Motions for Summary Judgment remain pending. [See Doc. 293, 294, 298, 299]. Plaintiff's Motion makes a passing reference to Plaintiff again proceeding *pro se* but provides no information as to the context in which that could occur. At this time, Plaintiff has counsel and has no reason to amend the Protective Order now. To the extent Plaintiff does proceed *pro se* at some time in the future, he can renew the motion at that time, and the request could be addressed in the context of any further proceeding.

6. Finally, Plaintiff's prior actions support maintaining heightened protection, including the prohibition against Plaintiff being provided copies of confidential documents. Specifically, as discussed in prior motions, Plaintiff had two earlier cases arising out of his time in IDOC and he violated Protective Orders in those cases by attempting to use documents from

those cases in this case. *See* Plaintiff's Motion for Leave to Disclose Discovery Materials [Doc. 207]; Defendants' Response [Doc. 210] and Text Order dated 6/26/23 (Ordering Plaintiff to follow his duties and responsibilities from the prior protective order). Moreover, Plaintiff has previously given the Court reason to question his trustworthiness as this Court previously sanctioned Plaintiff for perjury after fabricating testimony regarding dental care following his release from IDOC. See Memorandum and Order Doc. 176 (finding Plaintiff deliberately provided false testimony to bolster his claim). Plaintiff's history of violating the exact protections at issue and his lack of candor to this Court support maintaining the current terms of the Protective Order.

7. In light of all of the above, Plaintiff's Motion should be denied.

WHEREFORE, for the above reasons, Defendants, DR. DINA PAUL, and WEXFORD HEALTH SOURCES, INC., respectfully requests this Honorable Court deny Plaintiff's Motion to Amend Protective Order and grant such further relief as deemed appropriate.

Respectfully Submitted,

CASSIDAY SCHADE LLP

By: /s/ Joy C. Syrcle
One of the Attorneys for Defendants, DR. DINA PAUL, and WEXFORD HEALTH SOURCES, INC.

Joy C. Syrcle
6302066
CASSIDAY SCHADE LLP
2040 West Iles Avenue, Suite B
Springfield, IL 62704
(217) 572-1714
(217) 572-1613 (Fax)
jsyrcle@cassiday.com

**CERTIFICATE OF SERVICE**

I hereby certify that on December 23, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. The electronic case filing system sent a "Notice of E-Filing" to the following:

Keith B. Hill
Ryan Kemper
Heyl, Royster, Voelker & Allen, PC
105 West Vandalia
Suite 100
P.O. Box 467
Edwardsville, IL 62025
(618) 656-4646
(618) 656-7940 (Fax)
khill@heylroyster.com

Tara M. Barnett
Christine G. McClimans
Assistant Attorney General
201 West Pointe Dr. Suite 7
Swansea IL 62226
tara.barnett@ilag.gov

Sean M. Sullivan
Ah Hil Kim
Daley Mohan & Groble
55 W Monroe Suite 1600
Chicago IL 60603
(312) 422-5536
ssullivan@daleymohan.com

/s/ Joy C. Syrcle